**ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.**
875 Third Avenue
New York, New York 10022
Fred B. Ringel
Clement Yee
*Proposed Attorneys for the Debtor and
Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:                                                          Chapter 11

**286 RIDER AVE ACQUISITION LLC,**                              Case No: 21-11298-lgb

                              Debtor.
---------------------------------------------------------X

**286 RIDER AVE ACQUISITION LLC'S**
***EX PARTE* MOTION FOR ENTRY OF AN ORDER
PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING DISCOVERY
EXAMINATIONS OF (i) TOBY MOSKOVITS AND (ii) MICHAEL LICHTENSTEIN**

TO THE HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE:

Debtor 286 Rider Ave Acquisition LLC ("**Movant**"), by its proposed counsel,

respectfully submits this *ex parte* motion ("**Motion**") for an order, under of Rule 2004

of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), substantially in

the attached form as **Exhibit "A"** ("**Proposed Order**"), authorizing Rule 2004 discovery

from (i) Toby Moskovits ("**Moskovits**") and (ii) Michael Lichtenstein ("**Lichtenstein**"

and, together with Moskovits, "**Witnesses**"). In support of this Motion, Movant

respectfully represents as follows:

{01110206.DOCX;4 }

1

## PRELIMINARY STATEMENT

1.      On April 27, 2021, Debtor's secured lender, Be-Aviv 286 Rider LLC ("**Lender**"), exercised, among other things, its rights under that certain Membership Interest Pledge Agreement dated as of September 19, 2019 to assign, transfer and register, as applicable, all membership and equity interest of the Borrower to and in the name of Lender as if Lender were the absolute owner. Despite Lender's requests, Debtor's former members failed to provide access to Debtor's accounts and books and records.

2.      On July 15, 2021, Debtor filed for relief under chapter 11 of title 11, United States Code. Debtor is required, under the Bankruptcy Code and Rules, to provide certain information and disclosures, including, for example, filing its statement of financial affairs and schedules of assets and liabilities. To comply with the Bankruptcy Code and Bankruptcy Rules, Debtor needs information from, and access to company accounts and books and records in the possession of, the Witnesses.

3.      Movant respectfully requests that this Court enter an *ex parte* Order under Bankruptcy Rule 2004 authorizing and directing the examination of the Witnesses and the production and turn over by the Witnesses of all documents called for in the schedules to the Proposed Order to determine and evaluate all claims against and of the estate and for the reasons more particularly set forth below and in

{01110206.DOCX;4 }

the Proposed Order and Subpoenas which are collectively annexed hereto as "**Exhibit A**."

## JURISDICTION AND VENUE

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## RELEVANT FACTUAL BACKGROUND

5.      On September 19, 2019, Debtor, as borrower (prepetition, "**Borrower**") entered into a mortgage loan ("**Loan**") in the original principal amount of $8,000,000.00 with Lender in its capacity as lender. Contemporaneously, Borrower granted Lender a mortgage and security interest in Borrower's interest in 286 Rider Avenue, Bronx, New York 10451 ("**Property**"), and pledged its one hundred percent (100%) of the membership interests in Borrower to Lender ("**Pledge**").

6.      By letter dated March 2, 2021, Lender advised Borrower that the Loan matured on March 1, 2021, demanded immediate payment of all amounts due under the Loan, and reserved all its rights.

7.      By letter dated April 27, 2021, Lender advised Borrower that Borrower's continued failure to pay the amounts due under the Loan constitutes an event of default under the Loan documents, allowing Lender to exercise its rights under the

{01110206.DOCX;4 }

3

Pledge. Accordingly, Lender assigned, transferred, and registered, as applicable, all membership and equity interest of Borrower to and in the name of Lender as if Lender were the absolute owner.

8.    By letter dated July 15, 2021, Lender confirmed its notification to the Debtor's former equity security holders that it had exercised its rights under the Pledge and made a second demand for all of the books and records of the Debtor.

9.    At all times until the exercise of the Pledge, the sole member of the Debtor was 286 Rider Ave Development LLC. *See* **Exhibit B**, Organizational Chart. Upon information and belief, the sole individuals involved in the operation and management of the Debtor are the Witnesses. *See* **Exhibit C**, Excerpt from Operating Agreement of 286 Rider Ave Development LLC. As the only individuals involved with the operations of the Debtor, Moskovits and Lichtenstein have knowledge of, or are in possession of or have custody and control of the Debtor's books and records and other financial information relevant to completion of the petition and schedules as well as its statement of financial affairs. Despite requests by the Lender prior to the commencement of this case, the Witnesses have failed to provide copies of or access to Borrower's books and records.

10.    On June 14, 2021 Lender appointed 286 Rider Ave Lender LLC as managing member of Borrower. Borrower became a Debtor and Debtor-in-Possession in this Court upon filing its Petition for chapter 11 relief on July 15, 2021.

{01110206.DOCX;4 }

4

11.     It is impossible without discovery under Rule 2004 and an examination of the Witnesses to determine the nature and makeup of the creditors and parties in interest in this case, nor any other requisite disclosure information.

12.     Examining the Witnesses is necessary to enable Movant to comply with its obligations in this Chapter 11 case.

## GROUNDS FOR THE RELIEF REQUESTED

13.     Federal Rule of Bankruptcy Procedure 2004 provides that "[o]n motion of any party in interest, the Court may order the examination of any entity" about the "acts, conduct, or property or to the liabilities and financial condition of the debtors, or to any matter which may affect the administration of the debtors' estate . . . ." Fed. R. Bankr. P. 2004.

14.     Rule 2004 examinations are expressly designed to analyze and determine: "any other matter relevant to the case or to the formulation of a plan." *Id.*

15.     A party "may use Rule 2004 to determine the nature and extent of a bankruptcy estate and to ascertain whether wrongdoing occurred." *In re Hilsen*, 2008 WL 2945996, at *4 (Bankr. S.D.N.Y. July 25, 2008) (Peck, J.) (citations omitted); *see also, In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004) ("The purpose of a rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred."); *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991) ("The purpose of a Rule 2004 examination is 'to show

the condition of the estate and to enable the Court to discover its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved.'") (citing *Cameron v. United States*, 231 U.S. 710, 714 (1914)).

16.     The granting of a motion under Bankruptcy Rule 2004 is within the discretion of the Court. *See In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) ("As the permissive language of the rule suggests, the Court has the discretion to grant a request for a 2004 examination . . .") (citations omitted). In that regard, Rule 2004 "allows considerable leeway for all manner of co-called fishing expeditions provided that there is a reasonable nexus to the debtor and the administration of the debtor's case." *In re Hilsen*, 2008 WL 2945996, at *1.

17.     "Any third party who has a relationship with a debtor may be made subject to a Rule 2004 investigation." *In re Recoton Corp.*, 307 B.R. at 755 (citing *Air Line Pilots Ass'n., Int'l v. Am. Nat'l Bank & Tr. Co. of Chi. (In re Ionosphere Clubs, Inc.)*, 318 B.R. 263, 268 (S.D.N.Y. 2004) (holding that Rule 2004 may be employed by debtors who seek to compel discovery of information maintained by creditors or third parties where such information relates to the effective reorganization and administration of the estate).

18.     Here, examination and document production under Rule 2004 is necessary for the Debtor to comply with applicable law and meet its obligations as a debtor and debtor-in-possession.

19.    Although this Motion is made *ex parte*, as permitted by the Rules of this Court, any concerns about notice or due process are addressed because both Witnesses, as persons the Rule 2004 Discovery is directed to, will receive a copy of the Proposed Order and may contest the scope or issuance of the requests set forth in the Schedules to the Proposed Order through a written application to this Court. Courts in this Circuit have recognized that a Bankruptcy Rule 2004 examination may be commenced by an *ex parte* motion. *See, e.g.*, *In re Kramer*, 492 B.R. 366, 372 (Bankr. E.D.N.Y. 2013) (noting "[t]he Rule 2004 Application could have been made ex parte"), *In re Toft*, 453 B.R. 186, 198 (Bankr. S.D.N.Y. 2011) ("an examination under Bankruptcy Rule 2004 may be commenced by an *ex parte* motion").

## NOTICE

20.    Movant seeks entry of the Proposed Order on an *ex parte* basis. Once entered, Movant will serve a copy of the Proposed Order on (a) Moskovits and Lichtenstein, and any counsel filing a notice of appearance for either, (b) the United States Trustee, and (c) all parties requesting notice under Bankruptcy Rule 2002. Movant submits that no other or further notice need be provided.

## NO PRIOR REQUESTS

21.    No previous request for this relief has been made by Movant to this or any other court.

{01110206.DOCX;4 }

**WHEREFORE**, Movant respectfully requests authority to direct the examination of the Witnesses and the production of documents under Bankruptcy Rule 2004 as set forth herein and consistent with the Proposed Order and that Movant be granted such other and further relief as this Court deems just and proper.

Dated:    New York, New York
          July 15, 2021

                    **ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**
                    **Proposed Attorneys for Debtor**
                    875 Third Avenue, 9th Floor
                    New York, New York 10022
                    Tel. No.:  212-603-6300
                    By: /s/ Fred B. Ringel
                            **Fred B. Ringel**
                            **Clement Yee**

Exhibit A

(Proposed Order)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                    Chapter 11

**286 RIDER AVE ACQUISITION LLC,**                        Case No: 21-11298-lgb

                                        Debtor.
-----------------------------------------------------------X

## ORDER GRANTING 286 RIDER AVE ACQUISITION LLC'S EX PARTE MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING DISCOVERY EXAMINATIONS OF (i) TOBY MOSKOVITS AND (ii) MICHAEL LICHTENSTEIN

Upon the ex parte motion ("**Motion**") of Debtor 286 Rider Ave Acquisition LLC ("**Movant**") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, for an order authorizing Movant to issue subpoenas for the examination of and production of documents from the Toby Moskovitz ("**Moskovits**") and Michael Lichtenstein ("**Lichtenstein**" and, together with Moskovits, "**Witnesses**"), as more fully set forth in the Motion, and the Court having jurisdiction to consider the Motion and the relief requested in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York; and consideration of the Motion and the relief requested being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Motion need be provided; and the Court having found and

{01110206.DOCX;4 } {01110206.DOCX;2

determined that the relief sought in the Motion and granted herein is in the best interest of the Debtor, its respective estate and creditors, and all parties in interest; and the legal and factual bases set forth in the Motion having established just cause for the granted relief; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted to the extent set forth herein.

2.      No later than 20 days after the entry of this Order, Moskovits shall comply with the document requests attached hereto as "**Schedule I**" ("**Moskovits Requests**") by producing all documents and information in Moskovits's custody, possession, and control that are called for in the Moskovits Request to counsel for Movant: Robinson Brog Leinwand Greene Genovese & Gluck P.C., 875 Third Avenue, 9th Fl, New York, New York 10022, Attn:  Fred B. Ringel and Clement Yee, or to such other address as counsel for Movant may designate in writing.

3.      Moskovits shall produce himself for examination under oath by counsel for Movant and in accordance with Bankruptcy Rule 2004 on such date and time and at such location as may be designated in writing by counsel to Movant ("**Moskovits Deposition**").

4.      No later than 20 days after the entry of this Order, Lichtenstein shall comply with the document requests attached hereto as "**Schedule II**" ("**Lichtenstein Requests**") by producing all documents and information in Lichtenstein's custody, possession, and control that are called for in the Lichtenstein Request to counsel for

Movant: Robinson Brog Leinwand Greene Genovese & Gluck P.C., 875 Third Avenue, 9th Fl, New York, New York 10022, Attn: Fred B. Ringel and Clement Yee or to such other address as counsel for Movant may designate in writing.

5.    Lichtenstein shall produce himself for examination under oath by counsel for Movant and in accordance with Bankruptcy Rule 2004 on such date and time and at such location as may be designated in writing by counsel to Movant ("**Lichtenstein Deposition**").

6.    Movant is authorized, pursuant to Bankruptcy Rule 2004, to issue such subpoenas as may be necessary to compel the production of documents from, or the testimony of, Moskovits and Lichtenstein to accomplish the discovery authorized by this Order.

7.    To the extent necessary, Movant's rights are reserved to request additional examinations or documents under Bankruptcy Rule 2004 based on any information that may be revealed as a result of the discovery obtained pursuant to this Order.

8.    Within one business day after the entry of this Order, this Order shall be served upon (a) Moskovits and Lichtenstein, and any counsel filing a notice of appearance for either, (b) the United States Trustee, and (c) all parties requesting notice pursuant to Bankruptcy Rule 2002.

9.    This Court retains jurisdiction to resolve all matters arising under or related to this Order including any discovery disputes that may arise between or

among the parties and to interpret, implement, and enforce the provisions of this

Order.

Dated:        New York, New York
              July ___, 2021


                                        _____
                                        HONORABLE LISA G. BECKERMAN
                                        UNITED STATES BANKRUPTCY JUDGE

SCHEDULE I

(Moskovits Requests)

## REQUESTED DOCUMENTS
## TO TOBY MOSKOVITS

## INSTRUCTIONS

In responding to this request, these instructions apply:

1.    You must produce all documents within your possession, custody, or control.

2.    Electronically stored data, including, but not limited to, email, computer files, and compact discs, must be produced as it is originally maintained or in a reasonably usable format.

3.    Documents produced pursuant to this request must be segregated according to the paragraphs of this request to which they are responsive.

4.    You must produce the original documents unless you are willing to stipulate to the authenticity of any copies produced and further stipulate that said copies can be used for any purpose, including at trial, as and in place of said originals.

5.    Any objection on privilege grounds must be accompanied by a privilege log which includes a description of the privileged documents. You are required to provide a specific description of each document in each category specified, the date of the document, the author and recipients, the nature of any privilege asserted and any other information sufficient to allow for a meaningful motion to compel if necessary..

6.    If you represent that you cannot comply with any particular demand for inspection or production, you must affirm that you have made a diligent search and a reasonably inquiry to comply with the particular demand.

7.    Whenever appropriate, the singular form of a word shall be interpreted to include the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses.

## DEFINITIONS

In accordance with Local Rule 7026–1 of the Bankruptcy Court for the Southern District of New York, all Uniform Definitions in Local Civil Rule 26.3 of the Rules of the District Court for the Southern District of New York apply to the requests below including the incorporation of Federal Rule of Civil Procedure 34(a)(1)(A). The Uniform Definitions are supplemented with the following additional definitions that also apply to this case and govern this Request for Production of Documents below:

1.   **"286 Rider Ave."** as used herein means the property located at 286 Rider Avenue, Bronx, New York 10451.

2.   **"Acquisition LLC"** as used herein means 286 Rider Ave Acquisition LLC.

3.   **"You" or "your"** as used herein means and refers to you, Tony Moskovits, or any person or entity acting on your behalf.

## DOCUMENT REQUESTS

1.   All documents and communications concerning the finances of Acquisition LLC.

2.   All documents and communications concerning the company books and records of Acquisition LLC.

3.   All documents and communications concerning the operations of Acquisition LLC.

4.   All agreements, contracts, leases, and other binding documents or communications concerning 286 Rider Ave.

5.      All agreements, contracts, leases, and other binding documents or communications involving Acquisition LLC.

6.      All passcodes, passwords, and related access codes concerning any accounts of or for the benefit of Acquisition LLC.

7.      To the extent not captured by the prior requests, all documents and communications concerning 286 Rider Ave.

8.      To the extent not captured by the prior requests, all documents and communications concerning Acquisition LLC.

9.      All documents concerning any payments made by Acquisition LLC or any transfer, sale, pledge, alienation, or other disposition of assets of Acquisition LLC (collectively a "**Disposition**") within six years prior to July 15, 2021 to You, Your spouse, and/or or any Person related by blood to you or that you manage, control, or in which you own more than a twenty-five percent (25%) ownership interest (each a "**Moskovits Transferee**").

10.      All documents concerning any Disposition or payment by Acquisition LLC within six years of July 15, 2021 for which Acquisition LLC did not receive fair and/or reasonably equivalent value, was left with inadequate capital to meet its obligations as they came due, or was insolvent at the time of the Disposition or payment or was rendered insolvent as a result of it.

11.      All documents concerning the forgiveness of any indebtedness, liability, or other financial obligation owed to Acquisition LLC by You, Your spouse, or any Moskovits Transferee.

SCHEDULE II

(Lichtenstein Requests)

## REQUESTED DOCUMENTS
## TO MICHAEL LICHTENSTEIN

### INSTRUCTIONS

In responding to this request, these instructions apply:

1.      You must produce all documents within your possession, custody, or control.

2.      Electronically stored data, including, but not limited to, email, computer files, and compact discs, must be produced as it is originally maintained or in a reasonably usable format.

3.      Documents produced pursuant to this request must be segregated according to the paragraphs of this request to which they are responsive.

4.      You must produce the original documents unless you are willing to stipulate to the authenticity of any copies produced and further stipulate that said copies can be used for any purpose, including at trial, as and in place of said originals.

5.      Any objection on privilege grounds must be accompanied by a privilege log which includes a description of the privileged documents. You are required to provide a specific description of each document in each category specified, the date of the document, the author and recipients, the nature of any privilege asserted and any other information sufficient to allow for a meaningful motion to compel if necessary..

6.      If you represent that you cannot comply with any particular demand for inspection or production, you must affirm that you have made a diligent search and a reasonably inquiry to comply with the particular demand.

7.      Whenever appropriate, the singular form of a word shall be interpreted to include the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses.

{01110206.DOCX;4 }

## DEFINITIONS

In accordance with Local Rule 7026-1 of the Bankruptcy Court for the Southern District of New York, all Uniform Definitions in Local Civil Rule 26.3 of the Rules of the District Court for the Southern District of New York apply to the requests below including the incorporation of Federal Rule of Civil Procedure 34(a)(1)(A). The Uniform Definitions are supplemented with the following additional definitions that also apply to this case and govern this Request for Production of Documents below: these definitions shall govern this Request for Production of Documents:

1.      **"286 Rider Ave."** as used herein means the property located at 286 Rider Avenue, Bronx, New York 10451.

2.      **"Acquisition LLC"** as used herein means 286 Rider Ave Acquisition LLC.

3.       **"You" or "your"** as used herein means and refers to you, Michael Lichtenstein, or any person or entity acting on your behalf.

## DOCUMENT REQUESTS

1.      All documents and communications concerning the finances of Acquisition LLC.

2.      All documents and communications concerning the company books and records of Acquisition LLC.

3.      All documents and communications concerning the operations of Acquisition LLC.

{01110206.DOCX;4 }

4.      All agreements, contracts, leases, and other binding documents or communications concerning 286 Rider Ave.

5.      All agreements, contracts, leases, and other binding documents or communications involving Acquisition LLC.

6.      All passcodes, passwords, and related access codes concerning any accounts of or for the benefit of Acquisition LLC.

7.      To the extent not captured by the prior requests, all documents and communications concerning 286 Rider Ave.

8.      To the extent not captured by the prior requests, all documents and communications concerning Acquisition LLC.

9.      All documents concerning any payments made by Acquisition LLC or any transfer, sale, pledge, alienation, or other disposition of assets of Acquisition LLC (collectively a "**Disposition**") within six years prior to July 15, 2021 to You, Your spouse, and/or or any Person related by blood to you or that you manage, control, or in which you own more than a twenty-five percent (25%) ownership interest (each a "**Moskovits Transferee**").

10.      All documents concerning any Disposition or payment by Acquisition LLC within six years of July 15, 2021 for which Acquisition LLC did not receive fair and/or reasonably equivalent value, was left with inadequate capital to meet its obligations as they came due, or was insolvent at the time of the Disposition or payment or was rendered insolvent as a result of it.

{01110206.DOCX;4 }

11.    All documents concerning the forgiveness of any indebtedness, liability, or other financial obligation owed to Acquisition LLC by You, Your spouse, or any Moskovits Transferee.

{01110206.DOCX;4 }

## Exhibit B

## (Organizational Chart)

{01110206.DOCX;4 }



**Organizational Chart**
**(as of August, 2019)**

1704094.1

{0TTT0200.DOCX;4;}

## Exhibit C

(286 Rider Ave Development LLC
Operating Agreement Excerpt

{01110206.DOCX;4 }

*Execution Version*

---

# OPERATING AGREEMENT

## of

## 286 RIDER AVE DEVELOPMENT LLC

**Dated as of August 15, 2019**

---

# OPERATING AGREEMENT
## OF
## 286 RIDER AVE DEVELOPMENT LLC

This OPERATING AGREEMENT (including <u>Annex A</u> and all Schedules hereto, this "<u>Agreement</u>") of 286 RIDER AVE DEVELOPMENT LLC, a New York limited liability company (the "<u>Company</u>"), is entered into and shall be effective as of August 15, 2019 by and among THOSE PERSONS SET FORTH ON SCHEDULE 1 ATTACHED HERETO (each, a "<u>Member</u>" and collectively, the "<u>Members</u>").

WHEREAS, the Company was formed pursuant to (i) a Certificate of Formation, dated as of August 15, 2019 (as the same may be amended, supplemented or modified from time to time, the "<u>Certificate</u>"), and filed with the New York Secretary of State on August 15, 2019.

WHEREAS, the parties hereto desire to set forth the rights and obligations of the Members in connection with their Membership Interests in the Company.

NOW, THEREFORE, in consideration of the premises and the mutual agreements contained herein and other good and valuable consideration, the parties hereto set forth their agreement as follows:

## ARTICLE I

## CERTAIN DEFINITIONS

1.01    <u>Certain Definitions</u>.  For purposes of this Agreement, the following terms shall have the following meanings:

(a)  "<u>Act</u>" means the New York Limited Liability Company Act, as amended from time to time.

(b)  <u>Intentionally Omitted</u>.

(c)  "<u>Adjusted Capital Contribution</u>" means, with respect to any Member, the aggregate of such Member's Initial Capital Contribution and any Additional Capital Contribution contributed by such Member pursuant to the terms of this Agreement.

(d)  "<u>Affiliate</u>" means, with reference to a Person, any other Person that, directly or indirectly through one or more intermediaries or otherwise, controls, is controlled by or is under common control with the first Person.  The term "control" shall mean the power to direct the affairs of such Person by reason of ownership of voting stock or other equity interests, by contract or otherwise.

(e)  "<u>Associate</u>" when used to indicate a relationship with any Person, means (i) a corporation, association, partnership (general or limited), joint venture, limited liability company, limited liability partnership or other legal entity of which such Person is an officer, director,

IN WITNESS WHEREOF, the parties hereto hereby execute this Agreement of the Company as of the day and year first above written.

MANAGER

286 RYDER AVE HOLDINGS, LLC

By: _____
Name: Toby Moskovits
Title: Manager/Member

By: _____
Name: Yechial Michael Lichtenstein
Title: Manager/Member

COMMON MEMBER(S):

286 RYDER AVE HOLDINGS, LLC

By: _____
Name: Toby Moskovits
Title: Manager/Member

By: _____
Name: Yechial Michael Lichtenstein
Title: Manager/Member