UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                Chapter 11

**286 RIDER AVE ACQUISITION LLC,**                    Case No: 21-11298-lgb

                                    Debtor.
-----------------------------------------------------------X

### ORDER GRANTING 286 RIDER AVE ACQUISITION LLC'S EX PARTE MOTION FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING DISCOVERY EXAMINATIONS OF (i) TOBY MOSKOVITS AND (ii) MICHAEL LICHTENSTEIN

Upon the ex parte motion ("**Motion**") of Debtor 286 Rider Ave Acquisition LLC ("**Movant**") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, for an order authorizing Movant to issue subpoenas for the examination of and production of documents from the Toby Moskovitz ("**Moskovits**") and Michael Lichtenstein ("**Lichtenstein**" and, together with Moskovits, "**Witnesses**"), as more fully set forth in the Motion, and the Court having jurisdiction to consider the Motion and the relief requested in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York; and consideration of the Motion and the relief requested being a core proceeding under 28 U.S.C. § 157(b); and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice of the Motion need be provided; and the Court having found and

determined that the relief sought in the Motion and granted herein is in the best interest of the Debtor, its respective estate and creditors, and all parties in interest; and the legal and factual bases set forth in the Motion having established just cause for the granted relief; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is granted to the extent set forth herein.

2.    No later than 20 days after the entry of this Order, Moskovits shall comply with the document requests attached hereto as "**Schedule I**" ("**Moskovits Requests**") by producing all documents and information in Moskovits's custody, possession, and control that are called for in the Moskovits Request to counsel for Movant: Robinson Brog Leinwand Greene Genovese & Gluck P.C., 875 Third Avenue, 9th Fl, New York, New York 10022, Attn:  Fred B. Ringel and Clement Yee, or to such other address as counsel for Movant may designate in writing.

3.    Moskovits shall produce himself for examination under oath by counsel for Movant and in accordance with Bankruptcy Rule 2004 on such date and time and at such location as may be designated in writing by counsel to Movant ("**Moskovits Deposition**").

4.    No later than 20 days after the entry of this Order, Lichtenstein shall comply with the document requests attached hereto as "**Schedule II**" ("**Lichtenstein Requests**") by producing all documents and information in Lichtenstein's custody, possession, and control that are called for in the Lichtenstein Request to counsel for

Movant: Robinson Brog Leinwand Greene Genovese & Gluck P.C., 875 Third Avenue, 9th Fl, New York, New York 10022, Attn: Fred B. Ringel and Clement Yee or to such other address as counsel for Movant may designate in writing.

5.    Lichtenstein shall produce himself for examination under oath by counsel for Movant and in accordance with Bankruptcy Rule 2004 on such date and time and at such location as may be designated in writing by counsel to Movant ("**Lichtenstein Deposition**").

6.    Movant is authorized, pursuant to Bankruptcy Rule 2004, to issue such subpoenas as may be necessary to compel the production of documents from, or the testimony of, Moskovits and Lichtenstein to accomplish the discovery authorized by this Order.

7.    To the extent necessary, Movant's rights are reserved to request additional examinations or documents under Bankruptcy Rule 2004 based on any information that may be revealed as a result of the discovery obtained pursuant to this Order.

8.    Within one business day after the entry of this Order, this Order shall be served upon (a) Moskovits and Lichtenstein, and any counsel filing a notice of appearance for either, (b) the United States Trustee, and (c) all parties requesting notice pursuant to Bankruptcy Rule 2002.

9.    This Court retains jurisdiction to resolve all matters arising under or related to this Order including any discovery disputes that may arise between or

among the parties and to interpret, implement, and enforce the provisions of this

Order.

Dated:        New York, New York
              July 16th, 2021

                              /s/ Lisa G. Beckerman
                              HONORABLE LISA G. BECKERMAN
                              UNITED STATES BANKRUPTCY JUDGE

SCHEDULE I

(Moskovits Requests)

## REQUESTED DOCUMENTS
### TO TOBY MOSKOVITS

### INSTRUCTIONS

In responding to this request, these instructions apply:

1.      You must produce all documents within your possession, custody, or control.

2.      Electronically stored data, including, but not limited to, email, computer files, and compact discs, must be produced as it is originally maintained or in a reasonably usable format.

3.      Documents produced pursuant to this request must be segregated according to the paragraphs of this request to which they are responsive.

4.      You must produce the original documents unless you are willing to stipulate to the authenticity of any copies produced and further stipulate that said copies can be used for any purpose, including at trial, as and in place of said originals.

5.      Any objection on privilege grounds must be accompanied by a privilege log which includes a description of the privileged documents. You are required to provide a specific description of each document in each category specified, the date of the document, the author and recipients, the nature of any privilege asserted and any other information sufficient to allow for a meaningful motion to compel if necessary..

6.      If you represent that you cannot comply with any particular demand for inspection or production, you must affirm that you have made a diligent search and a reasonably inquiry to comply with the particular demand.

7.      Whenever appropriate, the singular form of a word shall be interpreted to include the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses.

## DEFINITIONS

In accordance with Local Rule 7026–1 of the Bankruptcy Court for the Southern District of New York, all Uniform Definitions in Local Civil Rule 26.3 of the Rules of the District Court for the Southern District of New York apply to the requests below including the incorporation of Federal Rule of Civil Procedure 34(a)(1)(A). The Uniform Definitions are supplemented with the following additional definitions that also apply to this case and govern this Request for Production of Documents below:

1.    **"286 Rider Ave."** as used herein means the property located at 286 Rider Avenue, Bronx, New York 10451.

2.    **"Acquisition LLC"** as used herein means 286 Rider Ave Acquisition LLC.

3.    **"You" or "your"** as used herein means and refers to you, Tony Moskovits, or any person or entity acting on your behalf.

## DOCUMENT REQUESTS

1.    All documents and communications concerning the finances of Acquisition LLC.

2.    All documents and communications concerning the company books and records of Acquisition LLC.

3.    All documents and communications concerning the operations of Acquisition LLC.

4.    All agreements, contracts, leases, and other binding documents or communications concerning 286 Rider Ave.

5.      All agreements, contracts, leases, and other binding documents or communications involving Acquisition LLC.

6.      All passcodes, passwords, and related access codes concerning any accounts of or for the benefit of Acquisition LLC.

7.      To the extent not captured by the prior requests, all documents and communications concerning 286 Rider Ave.

8.      To the extent not captured by the prior requests, all documents and communications concerning Acquisition LLC.

9.      All documents concerning any payments made by Acquisition LLC or any transfer, sale, pledge, alienation, or other disposition of assets of Acquisition LLC (collectively a "**Disposition**") within six years prior to July 15, 2021 to You, Your spouse, and/or or any Person related by blood to you or that you manage, control, or in which you own more than a twenty-five percent (25%) ownership interest (each a "**Moskovits Transferee**").

10.     All documents concerning any Disposition or payment by Acquisition LLC within six years of July 15, 2021 for which Acquisition LLC did not receive fair and/or reasonably equivalent value, was left with inadequate capital to meet its obligations as they came due, or was insolvent at the time of the Disposition or payment or was rendered insolvent as a result of it.

11.     All documents concerning the forgiveness of any indebtedness, liability, or other financial obligation owed to Acquisition LLC by You, Your spouse, or any Moskovits Transferee.

{01111056.DOCX;2 }

SCHEDULE II

(Lichtenstein Requests)

## REQUESTED DOCUMENTS
## TO MICHAEL LICHTENSTEIN

### INSTRUCTIONS

In responding to this request, these instructions apply:

1.     You must produce all documents within your possession, custody, or control.

2.     Electronically stored data, including, but not limited to, email, computer files, and compact discs, must be produced as it is originally maintained or in a reasonably usable format.

3.     Documents produced pursuant to this request must be segregated according to the paragraphs of this request to which they are responsive.

4.     You must produce the original documents unless you are willing to stipulate to the authenticity of any copies produced and further stipulate that said copies can be used for any purpose, including at trial, as and in place of said originals.

5.     Any objection on privilege grounds must be accompanied by a privilege log which includes a description of the privileged documents. You are required to provide a specific description of each document in each category specified, the date of the document, the author and recipients, the nature of any privilege asserted and any other information sufficient to allow for a meaningful motion to compel if necessary..

6.     If you represent that you cannot comply with any particular demand for inspection or production, you must affirm that you have made a diligent search and a reasonably inquiry to comply with the particular demand.

7.     Whenever appropriate, the singular form of a word shall be interpreted to include the plural and vice versa; verb tenses shall be interpreted to include past, present, and future tenses.

{01111056.DOCX;2 }

## DEFINITIONS

In accordance with Local Rule 7026-1 of the Bankruptcy Court for the Southern District of New York, all Uniform Definitions in Local Civil Rule 26.3 of the Rules of the District Court for the Southern District of New York apply to the requests below including the incorporation of Federal Rule of Civil Procedure 34(a)(1)(A). The Uniform Definitions are supplemented with the following additional definitions that also apply to this case and govern this Request for Production of Documents below: these definitions shall govern this Request for Production of Documents:

1.      **"286 Rider Ave."** as used herein means the property located at 286 Rider Avenue, Bronx, New York 10451.

2.      **"Acquisition LLC"** as used herein means 286 Rider Ave Acquisition LLC.

3.       **"You" or "your"** as used herein means and refers to you, Michael Lichtenstein, or any person or entity acting on your behalf.

## DOCUMENT REQUESTS

1.      All documents and communications concerning the finances of Acquisition LLC.

2.      All documents and communications concerning the company books and records of Acquisition LLC.

3.      All documents and communications concerning the operations of Acquisition LLC.

4.      All agreements, contracts, leases, and other binding documents or communications concerning 286 Rider Ave.

5.      All agreements, contracts, leases, and other binding documents or communications involving Acquisition LLC.

6.      All passcodes, passwords, and related access codes concerning any accounts of or for the benefit of Acquisition LLC.

7.      To the extent not captured by the prior requests, all documents and communications concerning 286 Rider Ave.

8.      To the extent not captured by the prior requests, all documents and communications concerning Acquisition LLC.

9.      All documents concerning any payments made by Acquisition LLC or any transfer, sale, pledge, alienation, or other disposition of assets of Acquisition LLC (collectively a "**Disposition**") within six years prior to July 15, 2021 to You, Your spouse, and/or or any Person related by blood to you or that you manage, control, or in which you own more than a twenty-five percent (25%) ownership interest (each a "**Lichtenstein Transferee**").

10.     All documents concerning any Disposition or payment by Acquisition LLC within six years of July 15, 2021 for which Acquisition LLC did not receive fair and/or reasonably equivalent value, was left with inadequate capital to meet its obligations as they came due, or was insolvent at the time of the Disposition or payment or was rendered insolvent as a result of it.

11.     All documents concerning the forgiveness of any indebtedness, liability, or other financial obligation owed to Acquisition LLC by You, Your spouse, or any Lichtenstein Transferee.