ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.
875 Third Avenue
New York, New York 10022
Fred B. Ringel
Clement Yee
*Proposed Attorneys for the Debtor and
Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:                                                    Chapter 11

**286 RIDER AVE ACQUISITION LLC,**                        Case No: 21-11298-lgb

                                    Debtor.
---------------------------------------------------------X

## SUPPLEMENTAL DECLARATION OF FRED RINGEL

**Fred Ringel** declares, under penalty of perjury:

1.      I am a shareholder at Robinson Brog Leinwand Greene Genovese &

Gluck P.C. ("Robinson Brog"). Robinson Brog maintains an office and principal

place of business at 875 Third Avenue, New York, New York. I am admitted to

practice in the State of New York and New Jersey.

2.      I submit this supplemental declaration in support of the *Debtor's*

*Application for Authorization to Retain Counsel* ("Application")[ECF Doc No. 10] to

set forth the results of my firm's conflict check for this case and our conclusion that

we are disinterested persons and hold no adverse interest and thus are fully

qualified to be retained as counsel to the Debtor.

{01112707.DOC;1 }

3.      In my declaration submitted on July 22, 2021 [ECF Doc No 10-2] ("Declaration"), I outlined in detail my firm's conflict checking procedure in paragraphs 10-12 and our firm's policy, set forth in paragraph 13, for updating the firm's disclosures through supplemental declarations as may be required during the case.

4.      This supplemental declaration is submitted at the Court's request to set forth the status and results of my firm's conflict check.

5.      As the Court may recall, on July 16, 2021, this Court entered an order under Bankruptcy Rule 2004 ("Rule 2004 Order")[ECF Doc No. 5] granting the Debtor discovery from the former holders of the membership interests in the Debtor with custody of the Debtor's books and records to enable the Debtor to file a complete set of schedules and statement of financial affairs. The Debtor has served the Rule 2004 Order on the secretary of state and engaged a process server to serve the individuals to obtain custody of the book and records and compel the examinations needed to obtain and file a complete and accurate list of creditors and statement of financial affairs. Until the entity and individuals that are subject to the Rule 2004 Order and the subpoenas issued under it comply, Robinson Brog cannot file a complete conflict check.

6.      Based on the information available to me, to the best of my knowledge, as stated in my Declaration, neither I nor any other current shareholder or associate of Robinson Brog has represented or now represents any entity connected

with this case other than the Debtor.[1] Declaration at ¶9. However, a former

shareholder of the firm, Sheldon Eisenberger, who left Robinson Brog at the end of

August 2019, represented Toby Moskovits, one of the potentially interested parties

in two litigations, and Michael Lichtenstein, another potentially interested party, in

one litigation.[2] These matters were unrelated to 286 Rider Ave Acquisition LLC.

7.    The actions are (i) Toby Moskovits v. Spencer Equities II LLC and Joel

Gluck, Index No. 500511/2015, Supreme Court State of New York, Kings County,

which action was discontinued by stipulation of the parties on October 26, 2015, and

(ii) 564 St. Johns Mezz DE LLC, 564 St. John's Acquisition LLC, Toby Moskovits

and Yechiel Michael Lichtenstein v. Benefit Street Partners Realty Operating

Partnership  L.P., Index No. 510408/2018, Supreme Court State of New York, Kings

County, which action was discontinued by stipulation of the parties on August 22,

2018.

8.    Robinson Brog includes this information in the interests of complete

disclosure. It does not believe that these years old representations by a former

partner of Robinson Brog in two litigations having nothing to do with the Debtor

represent an impediment to Robinson Brog's retention as counsel to the Debtor. The

files Robinson Brog had maintained for these matters were returned to the former

client in September 2019.

---

[1]  Capitalized terms not defined here have the meaning ascribed to them in the Declaration.
[2]  As set forth in the application for the Rule 2004 Order, 286 Rider Ave Development LLC owns
100% of the membership interests in 286 River Ave Acquisition LLC. 286 Rider Ave Holdings LLC
owns 100% of the membership interests in 286 Rider Ave Development LLC. Heritage 286 Rider Ave
LLC owns 100% of the membership interests in 286 River Ave Holdings LLC. Toby Moskovits owns
40% and Michael Lichtenstein owns 50% of Heritage 286 Rider Avenue LLC.

{01112707.DOC;1 }

9.      Robinson Brog will file a supplemental conflicts disclosure once schedules have been filed in this case, as well as at any other point it believes that supplementation is necessary under the Bankruptcy Code, Bankruptcy Rule and the Local Bankruptcy Rules.

10.      I declare under penalty of perjury under the laws of the United States, under 28 USC § 1746, that the preceding is true and correct.

Dated:      New York, New York
            July 29, 2021


                                    /s/ Fred B. Ringel
                                        **Fred B. Ringel**