ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.
875 Third Avenue
New York, New York 10022
Fred B. Ringel
Clement Yee
*Proposed Attorneys for the Debtor and*
*Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                          Chapter 11

**286 RIDER AVE ACQUISITION LLC,**              Case No:  21-11298-lgb

                                    Debtor.
-----------------------------------------------------------X

<u>SECOND SUPPLEMENTAL DECLARATION OF FRED RINGEL</u>

**Fred Ringel** declares, under penalty of perjury:

1.      I am a shareholder at Robinson Brog Leinwand Greene Genovese &

Gluck P.C. ("<u>Robinson Brog</u>"). Robinson Brog maintains an office and principal

place of business at 875 Third Avenue, New York, New York. I am admitted to

practice in the State of New York and New Jersey.

2.      I submit this second supplemental declaration in support of the

*Debtor's Application for Authorization to Retain Counsel* ("<u>Application</u>") [ECF Doc

No. 10] and the Declaration I submitted in support of the Application ("<u>Decl.</u>")[ECF

Doc.10-2] as supplemented by the Supplemental Declaration I filed on July 29, 2021

[ECF Doc No. 11] (the "<u>Supp. Decl.</u>").  The Declaration submitted in support of my

firm's retention application sets forth in detail the conflict checking procedures

adopted by my firm [Decl. at ¶¶10-13] to allow it to make appropriate disclosures

and determine if Robinson Brog has any conflicts of other relationships that might

cause it to not be disinterested or to hold or represent an interest adverse to the

Debtor. As Robinson Brog explained in its Supp. Decl., it does not yet have

possession of the books and records of the Debtor and thus expects that it will have

to file additional declarations as further information becomes available to it. This

Second Supplemental Declaration (the "Sec. Supp. Decl.") sets forth the specific

disclosures that Robinson Brog can make based on currently available information.

3.      Specifically, Robinson Brog has obtained from documents currently

available to it and those obtained from the Debtor's mortgagee and publicly

available information, the names of individuals and entities that may be parties in

interest in these chapter 11 cases (the "Potential Parties in Interest") and such

parties are listed on **Schedule 1** hereto. Robinson Brog has searched on its electronic

database for its connections to the entities listed on **Schedule 1** hereto. In addition,

after Robinson Brog sends a weekly (or sometimes more frequent) report of new

matters firm wide. All Robinson Brog attorneys are responsible for reviewing the

daily report of new matters and raising any potential concerns with respect to new

representations. In addition, to the extent I have been able to ascertain, Robinson

Brog has been retained within the last three years to represent any of the Potential

Parties in Interest (or their affiliates, as the case may be) in matters unrelated to

these cases, such facts are disclosed on **Schedule 2** attached hereto.

4.      Robinson Brog and certain of its partners and associates may have in

the past represented, may currently represent, and likely in the future will

represent, entities that may be parties in interest in this chapter 11 case in

connection with matters unrelated (except as otherwise disclosed herein) to the

Debtor and this chapter 11 case. Robinson Brog has searched on its electronic

database for its connection to the entities listed on **Schedule 1** attached hereto. The

information listed on **Schedule 1** may have changed without during the pendency of

this chapter 11 case. Accordingly, Robinson Brog will update this Declaration as

necessary and when Robinson Brog becomes aware of additional material

information. The following is a list of the categories that Robinson Brog has

searched:[1]

| Schedule | Category |
|----------|----------|
| 1(a) | Debtor |
| 1(b) | Non-Debtor Affiliates |
| 1(c) | Former Member and Upstream Equity Holders |
| 1(d) | Bankruptcy Judge and Chambers personnel |
| 1(e) | Independent Manager |
| 1(f) | Lenders/Banks |
| 1(g) | Litigation Parties |
| 1(h) | Contract Counterparties |
| 1(i) | Insurance Carriers |
| 1(j) | Taxing Authorities |
| 1(k) | Top 20 Unsecured Creditors |
| 1(l) | U.S. Trustee Personnel |
| 1(m) | Utilities |

5.      To the best of my knowledge, (a) Robinson Brog is a "disinterested

person" within the meaning of section 101(14) of the Bankruptcy Code, as required

---

[1] Robinson Brog's inclusion of parties in the following Schedules is solely to illustrate Robinson
Brog's conflict search process and is not an admission that any party has a valid claim against the

by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest

adverse to the Debtor's estate and (b) Robinson Brog has no connection to the

Debtor, its creditors, or other parties in interest, except as may be disclosed in this

Sec. Supp. Decl.

6.      Listed on **Schedule 2** to this Declaration are the results of Robinson

Brog's conflicts searches of the above-listed entities.  For the avoidance of doubt,

Robinson Brog will not commence a cause of action in these chapter 11 cases

against the entities listed on **Schedule 2** that are current clients of Robinson Brog

(including entities listed below under the "Specific Disclosures" section of this Sec.

Supp. Decl. that are current clients) unless Robinson Brog has an applicable waiver

on file or first receives a waiver from such entity allowing Robinson Brog to

commence such an action. To the extent that a waiver does not exist or is not

obtained from such entity and it is necessary for the Debtors to commence an action

against that entity, the Debtor will be represented in such particular matter by

conflicts counsel.[2]

7.      Based on the conflicts search conducted to date and described herein,

to the best of my knowledge, neither I, Robinson Brog, nor any partner or associate

thereof, insofar as I have been able to ascertain, have any connection with the

Debtor, its creditors, or any other parties in interest their respective attorneys and

accountants, the United States Trustee for the Southern District of New York (the

---

Debtor or that any party properly belongs in the schedules or has a claim or legal relationship to the
Debtor of the nature described in the schedules.

[2] The Debtor has not yet sought to retain conflict counsel but will do so should the need arise in the
future.

"U.S. Trustee"), any person employed by the U.S. Trustee, or any Bankruptcy Judge

currently serving on the United States Bankruptcy Court for the Southern District

of New York, except as disclosed or otherwise described herein.

8.      Robinson Brog will review its files periodically during the pendency of

these chapter 11  case to ensure that no conflicts or other disqualifying

circumstances exist or arise. If any new relevant facts or relationships are

discovered or arise, Robinson Brog will use reasonable efforts to identify such

further developments and will promptly file a supplemental declaration, as required

by Bankruptcy Rule 2014(a).

9.      Generally, it is Robinson Brog's policy to disclose entities in the

capacity that they first appear in a conflicts search. For example, if an entity

already has been disclosed in this Sec. Supp. Decl.in one capacity (*e.g.*, a customer),

and the entity appears in subsequent conflicts search in a different capacity (*e.g.*, a

vendor), Robinson Brog does not disclose the same entity again in subsequent

supplemental declaration, unless the circumstances are such in the latter capacity

that additional disclosure is required.

## Specific Disclosures

10.      Robinson Brog  does not, as far as can be ascertained as of the date of

this declaration, represent any of the Debtor's creditors, equity security holders, or

other entities that may be parties in interest in ongoing matters unrelated to the

Debtor and this chapter 11 case.

11.     As disclosed on **Schedule 2** attached hereto and as set forth in the Lar Dan affidavit submitted with Robinson Brog's retention Application, 286 Rider Ave Lender LLC is the Managing Member and 100% equity interest holder in the Debtor. 286 Rider Ave Lender paid Robinson Brog an advance payment retainer as disclosed in the Lar Dan declaration executed by Eyal Epstein on of 286 Rider Ave Lender's authorized representatives.

12.     Robinson Brog does not currently represent, nor has it represented in the past, 286 Rider Ave Lender LLC or Eyal Epstein. 286 Rider Ave Lender has retained separate and independent counsel in connection with this case. 286 Rider Ave Lender is aware that Robinson Brog has a fiduciary duty to the Debtor and not to 286 Rider Ave Lender.

13.     As set forth in the Supp. Decl. filed on July 29, 2021, Sheldon Eisenberg, an attorney who left Robinson Brog in August 2019 represented Toby Moskovits and Michael Lichtenstein, two potentially interested parties in two matters unrelated to this chapter 11 case.  The first matter, *Toby Moskovits v. Spencer Equities II LLC and Joel Gluck* was discontinued by stipulation of the parties on October 26, 2015 and the other matter, *564 St. Johns Mezz DE LLC, 564 St. John's Acquisition LLC, Toby Moskovits and Yechiel Michael Lichtenstein v. Benefit Street Partners Realty Operating Partnership  L.P.*, was discontinued by stipulation of the parties on August 22, 2018. The files Robinson Brog had maintained for these matters were returned to the former client in September 2019.

## Affirmative Statement of Disinterestedness

14.    Based on the conflicts search conducted to date and described herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) Robinson Brog is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estate and (b) Robinson Brog has no connection to the Debtor, its creditors, or other parties in interest, except as may be disclosed herein.

I declare under penalty of perjury under the laws of the United States, under 28 USC § 1746, that the preceding is true and correct.

Dated:    New York, New York
          August 3, 2021

                                        /s/ Fred B. Ringel
                                        Fred B. Ringel

Schedules

### Schedule 1(a) – Debtor

286 Rider Ave Acquisition LLC

### Schedule 1(b)- Non-Debtor Affiliates

286 Rider Ave Lender LLC

### Schedule 1(c) -Former Member and Upstream Equity Holders

286 Rider Ave Development LLC
Toby Moskovits
Northside Partners LLC
Yechial Michael Lichtenstein
Heritage 286 Rider Ave LLC
286 Rider Ave Holdings LLC

### Schedule 1(d) - Bankruptcy Judges and Judge Beckerman Chambers personnel

Hon. Lisa G. Beckerman
Chantel Barrett
Shirin Mahkamova
Jennifer Schein
Cecelia Morris
Shelly Chapman
Robert Drain
James L. Garrity, Jr.
Martin Glenn
David Jones
Sean Lane
Michael Wiles

### Schedule 1(e) - Independent Manager

Lee Buchwald
Buchwald Capital Advisors LLC

### Schedule 1(f) - Lenders/Banks

Be-Aviv 286 Rider LLC

### Schedule 1(g) - Litigation Parties

Toby Moskovits
Yechial Michael Lichtenstein
Heritage 286 Rider Ave LLC
286 Rider Ave Holdings LLC
Heritage 875 4th Avenue LLC
Heritage 286 Rider Ave LLC
875 4th Avenue Acquisition LLC
Aviv Arava Management, LLC
Be-Aviv 4th Avenue Mortgage Lender, LLC
Be-Aviv 286 Rider LLC
Be-Aviv 4th Avenue Lender LLC
Ben Harlev
Eyal Epstein
286 Rider Associates LLC

### Schedule 1(h) - Contract Counterparties

Awaiting Schedules

### Schedule 1(i) - Insurance Carriers

Awaiting Schedules

### Schedule 1(j) - Taxing Authorities

Internal Revenue Service
New York State Department of Taxation and Finance
City of New York Department of Finance

### Schedule 1(k) - Top 20 Unsecured Creditors

Awaiting Schedules

### Schedule 1(l) - U.S. Trustee Personnel

Linda A. Riffkin
Victor Abriano
Susan Arbeit
Mark Bruh
Maria Catapano
Shara Cornell
Benjamin J. Higgins

Nadkarni Joseph
Brian S. Masumoto
Ercilia A. Mendoza
Mary V. Moroney
Richard C. Morrissey
Alaba Ogunleye
Ilusion Rodriguez
Andrea B. Schwartz
Paul K. Schwartzberg
Shannon Scott
Sylvester Sharp
Andy Velez-Rivera
Madeleine Vescovacci
Annie Wells
Greg M. Zipes

## Schedule 1(m) - Utilities

Awaiting Schedules

Schedule 2

| Name of Entity Searched | Name of Entity and/or Affiliate of Entity, that is a RB Client | Status |
|---|---|---|
| Toby Moskovits | Toby Moskovits | Client of partner no longer with firm; file closed in 2019 |
| Yechial Michael Lichtenstein | Yechial Michael Lichtenstein | Client of partner no longer with firm; file closed in 2019 |