UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:                                                                    Chapter 11

**286 RIDER AVE ACQUISITION LLC,**                     Case No: 21-11298-lgb

                        Debtor.
------------------------------------------------------------X

ORDER AUTHORIZING RETENTION OF ROBINSON
BROG LEINWANDGREENE GENOVESE & GLUCK P.C.
AS ATTORNEYS FOR DEBTOR EFFECTIVE AS OF JULY 15, 2021

**UPON** the Application of the above-named Debtor seeking authority to employ and appoint ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C., ("Robinson Brog") as counsel to the Debtor; and upon the Declarations of Fred B. Ringel including the Supplemental Declaration and the Second Supplemental Declaration and the Declaration of Eyal Epstein; and it appearing that Robinson Brog represents no interests adverse to the Debtor or its estate, that Robinson Brog is disinterested pursuant to 11 U.S.C. §101(14), and that its employment is necessary and would be in the best interests of the estate; it is

**ORDERED**, that the Application is granted *to the extent provided herein*; and it is further

**ORDERED**, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

**ORDERED**, that the Debtor is authorized to employ and appoint **Robinson Brog,** effective as of July 15, 2021, as attorneys to represent the Debtor in the

within proceedings pursuant to Section 327(a)of the Bankruptcy Code to provide, but not limited to, the following services to the Debtor:

(a) advising the Debtor concerning its powers and duties as debtors in possession in the continued management and operation of their business and property;

(b) negotiating with creditors of the Debtor, preparing a plan of reorganization, and taking the necessary legal steps to consummate a plan, including, if necessary, negotiations concerning financing a plan;

(c) advising the Debtor regarding tax matters

(d) advising and consulting on the conduct of these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11 and preparing, on the Debtor's behalf , all necessary applications, motions, answers, replies, discovery requests, forms of orders, reports and other pleadings and legal documents;

(e) appearing before this Court to protect the interests of the Debtor and its estate, and representing the Debtor in all matters pending before this Court;

(f) taking all necessary actions to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor in negotiations concerning litigation in which the Debtor is involved, including objections to claims filed against the Debtor's estate performing all other legal services for the Debtor that may be necessary herein;

(g) representing the Debtor in connection with obtaining authority to continue using cash collateral and post-petition financing;

(h) advising the Debtor in connection with any potential sale of assets;

    (i)    appearing before the Court and any appellate courts to represent the interests of the Debtor's estate;

    (j)    taking any necessary action on behalf of the Debtor to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

    (k)    performing all other necessary legal services for the Debtor in connection with the prosecution of this chapter 11 case, including (i) analyzing the Debtor's leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtor; and (iii) advising the Debtor on corporate and litigation matters;

and it is further

**ORDERED**, that prior to any increases in Robinson Brog's rates for any individual employed or retained by Robinson Brog and providing services in this case, Robinson Brog shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code; and it is further

**ORDERED**, that Robinson Brog shall be compensated for fees and reimbursed for reasonable and necessary expenses and will file interim and final fee applications for allowance of its compensation and expenses in accordance with

sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013, and applicable law.

**DATED:**   New York, New York
August 4, 2021

>   /s/ Lisa G. Beckerman
>   **HONORABLE LISA G. BECKERMAN**
>   **UNITED STATES BANKRUPTCY JUDGE**