HEARING DATE AND TIME: AUGUST 26, 2021 AT 10:00 A.M. (ET)
OBJECTION DEADLINE DATE AND TIME: AUGUST 19, 2021 AT 4:00 P.M. (ET)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re:                                                    Chapter 11

286 RIDER AVE ACQUISITION LLC,                            Case No: 21-11298-LGB

                    Debtor.                               **RELATED DOC. NO. 5**
----------------------------------------------------------X

### NOTICE OF HEARING ON
### MOTION OF 286 RIDER AVE DEVELOPMENT LLC PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9023 AND FEDERAL RULE OF CIVIL PROCEDURE 60 FOR RELIEF FROM ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING DISCOVERY EXAMINATIONS OF (i) TOBY MOSKOVITS AND (ii) MICHAEL LICHTENSTEIN

**PLEASE TAKE NOTICE** that a telephonic hearing on the *Motion of 286 Rider Ave Development LLC Pursuant to Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 60 for Relief from Order Pursuant to Bankruptcy Rule 2004 Authorizing Discovery Examinations of (i) Toby Moskovits and (ii) Michael Lichtenstein* (the "**Motion**") will be held on **August 26, 2021 at 10:00 a.m. (ET)** before the Honorable Lisa G. Beckerman, United States Bankruptcy Judge, or as soon thereafter as counsel may be heard, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 601, New York, NY 10004.

**PLEASE TAKE FURTHER NOTICE** that pursuant to General Order M-543, dated March 20, 2020 (Morris, C.J.) ("**General Order M-543**"), the Hearing will be conducted telephonically.  Parties wishing to appear at, or attend, the Hearing must refer to and comply

with the Bankruptcy Court's guidelines for telephonic appearances[1] and make arrangements with Court Solutions LLC by telephone at (917) 746-7476.

**PLEASE TAKE FURTHER NOTICE** the Hearing may be continued or adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Hearing or at a later hearing.

**PLEASE TAKE FURTHER NOTICE** that any objections, or other responses shall be filed and served no later than **August 19, 2021 at 4:00 p.m. (ET),** must be made in writing, state with particularity the grounds therefore, shall conform to the United States Bankruptcy Rules and the Local Rules of the Bankruptcy Court, include in the upper right hand corner of the caption, the ECF docket number to which the filing relates, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (with a courtesy copy sent via e-mail to the Chambers of Lisa G. Beckerman at beckerman.chambers@nysb.uscourts.gov. Should a party be unable to email a document due to its size, such party should contact Chambers by email), and served via e-mail upon Akerman LLP, Attorney for 286 Rider Ave Development LLC to Mark S. Lichtenstein    mark.lichtenstein@akerman.com    and Joshua D. Bernstein joshua.bernstein@akerman.com together with proof of service thereof.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing **telephonically** so long as General Order M-543 is in effect or unless otherwise ordered by the Bankruptcy Court. Failure to appear may result in relief being granted as requested.

**PLEASE TAKE FURTHER NOTICE** that unless responses are received by that time, the relief may be granted as requested.

---

[1] The Bankruptcy Court's procedure for telephonic appearances is available at:
http://www.nysb.uscourts.gov/general-orders-and-guidance-created-covid-19

59442744;1

Dated: New York, New York
August 12, 2021

AKERMAN LLP

By: ___/s/Mark S. Lichtenstein____
Mark S. Lichtenstein
Joshua D. Bernstein
1251 Avenue of the Americas,
37th Floor
New York, New York 10020
Tel. No. (212) 880-3800
E-mail: mark.lichtenstein@akerman.com
E-mail: joshua.bernstein@akerman.com

*Counsel for 286 Rider Ave Development LLC*

59442744;1

**HEARING DATE AND TIME: AUGUST 26, 2021 AT 10:00 A.M. (ET)**
**OBJECTION DEADLINE DATE AND TIME: AUGUST 19, 2021 AT 4:00 P.M. (ET)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| 286 RIDER AVE ACQUISITION LLC, | Case No. 21-11298-LGB |
| Debtor. | **RELATED DOC. NO. 5** |

### MOTION OF 286 RIDER AVE DEVELOPMENT LLC PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9023 AND FEDERAL RULE OF CIVIL PROCEDURE 60 FOR RELIEF FROM ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING DISCOVERY EXAMINATIONS OF (i) TOBY MOSKOVITS AND (ii) MICHAEL LICHTENSTEIN

286 Rider Ave Development LLC ("Development"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 60(b), made applicable hereto by Federal Rule of Bankruptcy Procedure 9023, respectfully moves the Court for relief from Court's Order (the "2004 Order") [ECF No. 5] Granting the *Ex Parte* Motion (the "*Ex Parte* Motion") [ECF No. 4] of 286 Rider Ave Acquisition LLC ("Debtor") for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Discovery Examinations of (i) Toby Moskovits ("Ms. Moskovits") and (ii) Michael Lichtenstein ("Mr. Lichtenstein"). In support of this Motion, Development says:

#### Preliminary Statement

As more fully delineated in Development's motion to dismiss the bankruptcy case (the "MTD") [ECF No. 17] filed on August 5, 2021, Be-Aviv 286 Rider LLC ("Lender") has gone so far over the line in its tactics and manipulation of the chapter 11 process that this bankruptcy case should be immediately dismissed. Thus, Development respectfully submits that the 2004 Order, granted on an *ex parte* basis, should be held in abeyance pending the Court's ruling on the

MTD.[1] As shown in the MTD, requiring Development to comply with discovery demands at this time, in the context of a bad faith and improper filing, would give inappropriate legitimacy to the case. Further, it would be inimical to notions of judicial and estate economy and fundamental fairness to permit discovery to go forward under the extant circumstances. Indeed, there is no urgency to the discovery which is targeted to the Lender obtaining sufficient information to file schedules of assets and liabilities and a statement of financial affairs. If the Court does not grant the MTD, Development will, of course, comply with the 2004 Order expeditiously.   Conversely, if the Court grants the MTD, requiring discovery of the alleged Debtor's principals prior to the MTD being adjudicated will have proved wasteful and premature.

To provide the Court with some background and, as more fully set forth in the MTD, Lender is using the bankruptcy process improperly as a collection device in a two-party contested dispute without even attempting to exhaust its state law remedies while pre-petition litigation is pending regarding the debt.  By effectively forcing a bankruptcy involuntarily and an expedited sale of the real property therein, Lender is running roughshod over the borrower's equity of redemption and due process rights and diverging from typical and appropriate creditor enforcement schemes and contractual and legal requirements.[2]  If Lender's bad faith and improper use of the bankruptcy process is countenanced, this precedent could be a public policy disaster. What will stop any lender that desires to avoid having to engage in contested litigation

---

[1] Prior to filing this Motion, Development's counsel contacted counsel to the purported "debtor" and requested that the 2004 Order be held in abeyance pending this Court's ruling on the MTD.  Purported "debtor's" counsel did not agree citing pressure from the Office of the United States Trustee to file Schedules and a Statement of Financial Affairs.

[2] Subsequent to the petition date, the Lender commenced an action to recover sums from the guarantors.  Under New York's election or remedy rules know commonly as the "single action",  a lender must elect to either commence a foreclosure action or sue on a note or guaranty—not to pursue foreclosure and monetary damages contemporaneously.  Here, by manipulating the bankruptcy process to constitute an expedited collection device, the Lender is seeking to effect a foreclosure sale under the aegis of section 363 without having to obtain a foreclosure judgment and, adding insult to injury, is proceeding with separate state court litigation against the guarantors without having to comply with the election of remedies statute.

with a borrower over a default, or to avoid having to conduct a UCC Article 9 sale or a judicial foreclosure action, from merely exercising a pledge of the equity interests, providing notice of such transfer, commencing a bankruptcy case, and establishing a sale process of the real estate? In that paradigm, the UCC and the RPAPL are rendered meaningless in the presence of a pledge of equity and section 363 of the Bankruptcy Code. Under these circumstances, the Pledgee need not have any creditors other than the secured creditor who would have succeeded in weaponizing its pledge to effect a single asset real estate bankruptcy case for the benefit of the secured party without the typical balancing influence of a secured creditor attacking the case as a bad faith filing since, in this matter, the secured creditor is the sponsor of the case.

What makes Lender's end run around conventional practice even more egregious is that Lender has sought to execute its rogue collection efforts during the pendency of a state court litigation commenced by the mezzanine loan borrower to determine that Lender is in default under the loan documents. To make matters even worse, in that case the Lender has defaulted in its obligation to answer or otherwise move with respect to the Complaint.

In addition to the threshold issue above, this bad faith, improper bankruptcy case should also be dismissed on multiple other grounds, including that:

A.      The Pledge itself is defective, as it is not signed by the proper party with authority to bind the purported Pledgor.

B.      This bankruptcy case is the inverse of the archetypal bad faith single asset real estate filings but should be analyzed under the same rubric. The purported Debtor has few other creditors and there is a pending state court litigation which Lender (pretending to be a debtor) has sought to stymie. This is simply a two-party collection dispute and there is no proper purpose for a bankruptcy case and the case should be dismissed under Section 1112 of the Bankruptcy Code.

C.      Rather than acting in an appropriate and required fashion as a secured creditor by commencing a public UCC sale, Lender has weaponized its defective pledge to commence a bankruptcy case in which it seeks to sell its real estate collateral. This would allow Lender to avoid the consequences of its bad faith pre-petition

conduct (and its default in the state court action) as set forth in the pledgor/borrower's state court action and the time, expense, and delay and attendant due process in a state law foreclosure action.

D.      In addition to failing to obtain an effective and legally binding pledge of the membership interests, Lender also has acted improperly by clogging the pledgor/borrower's equity of redemption. It is axiomatic that where a lender holds dual collateral with respect to the same real estate project—a pledge of membership interests in the borrower and a mortgage on the borrower's land— that even in the context of a UCC article 9 sale, the attenuated time frames of such UCC sale process can improperly deprive a borrower from its equity of redemption in a real estate foreclosure context.  Here, the facts are egregious: the Lender is oversecured and there is substantial value to redeem. Lender disregarded the UCC article 9 sale step and went directly to an expedited 363 sale, thereby clogging the equity of redemption profoundly.

E.      Lender's rogue tactics should be seen for what they are—a disguised involuntary proceeding where the debt is in *bona fide* dispute. Like most bad faith involuntary proceedings filed by a single creditor where the creditor is using the bankruptcy forum as a collection device without exhausting its state law remedies, the Court should summarily dismiss or abstain from hearing this case pursuant to sections 303 and/or 305 of the Bankruptcy Code.

As set forth in the objection to the 2004 Order filed on August 3, 2021 [ECF No. 13], which was not procedurally correct, given the threshold question presented in the MTD concerning whether the case should be dismissed, rather than give legitimacy to the case by providing discovery to the Lender (as control party of the alleged debtor) and allowing schedules to be filed, the 2004 Order should be amended to reflect that it should be held in abeyance until the Court's ruling on the MTD.  If the Court grants the MTD, the 2004 Order will be void *ab initio* and of no force and effect and if the Court grants the denial, the MTD, Development will comply with the 2004 Order expeditiously.

## **Background**

1.      Development owns 100% of the membership interests of Debtor (the "Membership Interests"). On or about September 19, 2019, Debtor received a loan in the principal amount of $8,000,000.00 (the "Loan") from Lender. The Loan is evidenced by a

Promissory Note dated September 19, 2019 given by Debtor to Lender and a Mortgage and Security Agreement of even date pursuant to which Debtor granted Lender a mortgage on that certain real property located at 286 Rider Avenue, Bronx, New York (collectively, the "<u>Loan Documents</u>").

2.      As additional collateral for the Loan, Development executed and delivered to Lender a pledge of the Membership Interests in the Debtor pursuant to a Membership Interest Pledge Agreement (the "<u>Pledge Agreement</u>") and a corresponding Assignment of those Membership Interests, both dated September 19, 2019.

3.      Be Aviv also agreed to make and fund a "Phase 2" $52,000,000.00 construction loan (the "Phase 2 Loan") for 875 4th Avenue, Brooklyn, New York to Heritage. Be Aviv further agreed to make and fund a "Phase 3" construction loan $34,000,000.00 (the "Phase 3 Loan") for 286 Rider to Heritage.

4.      Be Aviv, through Mr. Epstein and Mr. Harlev, induced Heritage to enter into the Land Loan for 286 Rider on terms less favorable than Heritage would otherwise agree to, because Be Aviv represented it would fund the subsequent Phase 2 and Phase 3 Loans. In determining to accept the terms of the Land Loan, Heritage relied upon Be Aviv's promises that it would fund all three loans.

5.      Be Aviv funded the Land Loan for 286 Rider. Be Aviv executed all loan documents and closed on the Phase 2 Loan, but failed to actually fund the Phase 2 Loan. Further, Be-Aviv failed to fund Phase 3 Loan.

6.      Be Aviv's refusal to fund the Phase 2 Loan resulted in, among other problems for Heritage, a two-year delay in construction of the project, caused Heritage to make an additional two years of interest payments, and caused Heritage to lose two years of rental income.

7.      As to Development, Be Aviv's failure to fund the Phase 3 Loan further damaged Heritage because Heritage has been unable to find a new lender to fund Development's project, 286 Rider. Prior to the COVID-19 pandemic, Heritage would have been able to find a new lender.

8.      By letter dated March 2, 2021, Lender notified Debtor of a purported default under the Loan Documents and demanded immediate payment of all amounts then due (the "First Default Notice").

9.      Following Development's receipt of the First Default Notice, Development filed a complaint against Lender and others in the Supreme Court of the State of New York, Kings County, for, among other things, Lender's failure to advance funds as required by the Loan Documents and certain other bad acts giving rise to lender liability claims (the "State Court Proceeding").

10.     By letter dated April 27, 2021, Lender notified Debtor that it was in (purported) continuing default of the Loan Documents and Lender then transferred the Membership Interests to Lender's own name as if Lender was the absolute owner thereof (the "Transfer of Membership Interests"). Shortly thereafter, on July 15, 2021, the Debtor filed this unauthorized and bad faith Bankruptcy Case to advance its interests in what is essentially a two party dispute in a pending litigation in which the lender had defaulted, to effect an expedited bankruptcy sale of the Property in clear violation of New York law regarding the improper clogging of the equity of redemption where a lender holds dual collateral (a pledge of equity and a mortgage), an unlawful exercise of a Pledge, and numerous other defects and improper actions. The myriad fatal defects of this bankruptcy are detailed in Development's MTD.

11.     To date, no defendant in the State Court Proceeding has answered the Complaint.

12.     No agreement has been reached, or was ever reached, granting any defendant in the State Court Proceeding an extension of time to answer the Complaint.

13.     Heritage declined to grant any defendant in the State Court Proceeding any extension of time to respond to the Complaint.

14.     On April 29, 2021, Heritage moved for default judgment against the Family Office and Lender in the State Court Proceeding.

15.     On May 10, 2021, Be Aviv filed a special proceeding in State Court to transfer venue of the State Court Proceeding from Kings County to New York County. On June 14, 2021, the State Court granted Be Aviv's petition to transfer venue to New York County. On June 30, 2021, Heritage filed a motion to vacate and reargue the State Court's decision to transfer venue. The State Court has not ruled on that motion.

16.     On May 18, 2021, Be Aviv filed a motion for an order to show cause to extend its time to respond to the Complaint and sought sanctions against Heritage's counsel. That motion is also under consideration by the State Court.

17.     On July 15, 2021, Lender, on behalf of the Debtor, improperly caused the Debtor to file this bankruptcy case (the "Bankruptcy Case") and, shortly thereafter, began taking steps to retain a broker to sell the property through a section 363 sale.

### Relief Requested

18.     By this Motion, and pursuant to Federal Rule of Civil Procedure 60(b), made applicable hereto by Federal Rule of Bankruptcy Procedure 9024, Development respectfully moves the Court for relief from the 2004 Order. Specifically, Development requests the 2004 Order be amended to (i) provide that all deadlines in the 2004 Order be extended for ten (10)

days after the date the Court enters an order denying the MTD, or, alternatively, (ii) provide that the 2004 Order is moot and of no force and effect if the Court enters an order granting the MTD.

19.    Federal Rule of Bankruptcy Procedure 9024 provides, in relevant part, that Federal Rule of Civil Procedure 60 applies in cases under the Bankruptcy Code. *See* Fed. R. Bank. P. 9024.

20.    Federal Rule of Civil Procedure 60(b) provides, in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> …

> (5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[3]; or

> (6)    any other reason that justifies relief.

*See* Fed. R. Civ. P. 60(b).

### Basis for Relief Requested

21.    There is cause to grant Development relief from the 2004 Order by either extending the deadlines therein for a very modest period, or deeming the Order moot, depending upon the Court's ruling on the MTD.

22.    Lender caused the purported "debtor" to file this Bankruptcy Case in bad faith, to avoid liability for Lender's own bad acts which are the subject of the State Court Proceeding while using chapter 11 as a collection proceeding. Lender's transfer of the Membership Interests of the Debtor to itself, to the extent effective, are subject to turnover to Development. As such, Development filed the MTD pursuant to, *inter alia*, 11 U.S.C. §§ 105, 305, 543, and 1112(b)(1) for those and other reasons.

---

[3] Development only seeks relief under the third clause of Rule 60(b)(5) and the catch-all of section (6) for the limited, both in time and scope, amendment of the 2004 Order.

59413200;2

23.     As detailed above, Development respectfully submits that the 2004 Order, granted on an *ex parte* basis, should be held in abeyance pending the Court's ruling on the MTD. Requiring Development to comply with discovery demands at this time, in the context of a bad faith and improper filing, would give inappropriate imprimatur to the case that is not deserved. Further, it would be inimical to notions of judicial and estate economy and fundamental fairness to permit discovery to go forward under the extant circumstances.  As the hearing on the MTD is scheduled for August 26, 2021, holding the obligations under the 2004 Order in abeyance would be equitable under the current circumstances.  The limited and equitable relief sought with respect to the 2004 Order does not implicate the substantive determination of the Court or the relief granted.  Rather, the relief sought herein merely seeks a short period of relief from the 2004 Order based on the equities of the case, judicial economy, and the pending MTD.

24.     The 2004 Order directs Ms. Moskovits and Mr. Lichtenstein each to produce documents responsive to eleven broad and largely duplicative categories of requests, many of which are irrelevant to even a good faith chapter 11 filing (which this is not). At a minimum, if the Court denies the MTD. the Court should require Lender to confer with Development's counsel in good faith prior to narrow the scope of the requests prior to requiring Development to engage in any production.

## No Prior Request

25.     No previous motion for the relief sought herein has been made to this or any other Court.

## Conclusion

26.     For the foregoing reasons and those contained in the MTD, Development moves the Court for relief from the 2004 Order and respectfully requests the 2004 Order be amended to

(i) provide that all deadlines in the 2004 Order are extended to ten (10) days after the date the

Court enters an order denying the MTD, and (ii) provide that the 2004 Order is moot and of no

force and effect if the Court enters an order granting the MTD. Development reserves the right,

pursuant to Local Rule 7007-1, to seek Court intervention to resolve discovery disputes whether

by conference or motion.

Dated: New York, New York
      August 12, 2021

**AKERMAN LLP**

By:   */s/Mark S. Lichtenstein*
     Mark S. Lichtenstein
     Joshua D. Bernstein
     1251 Avenue of the Americas, 37th Floor
     New York, New York 10020
     Tel. (212) 880-3800
     E-mail: mark.lichtenstein@akerman.com
     E-mail: joshua.bernstein@akerman.com

     *Counsel for 286 Rider Ave Development LLC*

# ATTACHMENT

# PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                    Chapter 11

286 RIDER AVE ACQUISITION LLC,                            Case No: 21-11298-LGB

                    Debtor.
-----------------------------------------------------------X

**ORDER ON MOTION OF 286 RIDER AVE DEVELOPMENT LLC PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 9023 AND FEDERAL RULE
OF CIVIL PROCEDURE 60 FOR RELIEF FROM ORDER PURSUANT TO
BANKRUPTCY RULE 2004 AUTHORIZING DISCOVERY EXAMINATIONS OF
(i) TOBY MOSKOVITS AND (ii) MICHAEL LICHTENSTEIN**

Upon the *Motion of 286 Rider Ave Development LLC Pursuant to Federal Rule of
Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 60 for Relief from Order
Pursuant to Bankruptcy Rule 2004 Authorizing Discovery Examinations of (i) Toby Moskovits
and (ii) Michael Lichtenstein* **[ECF No.  __]** (the "Motion")[1], for entry of an order, pursuant to
Rule 60(b) of the Federal Rule of Civil Procedure, made applicable by Rule 9023 of the Federal
Rule of Bankruptcy Procedure, seeking relief from the 2004 Order; and the Court having
reviewed the Motion and the relief requested therein; and no objections having been filed to the
Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief;
and it appearing that venue of this case and this Motion is proper; and it appearing that this is a
core proceeding pursuant to Section 157(b) of the United States Code; and notice of the Motion
having been provided to all interested parties and that no further notice need be given; and upon
the record at the hearing on the Motion held on August 26, 2021; and the legal and factual basis
set forth in the Motion having established just cause for the granted relief; and after due
deliberation and sufficient cause appearing therefor, it is hereby

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

59446501;2

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The 2004 Order is hereby amended to provide that: (i) all deadlines in the 2004 Order are extended for ten (10) days after the date the Court enters an order denying the MTD, or alternatively, (ii) the 2004 Order is hereby moot and of no force and effect if the Court enters an order granting the MTD.

3.      The terms and conditions of this order shall be immediately effective and enforceable upon entry of this Order.

4.      The Court retains jurisdiction with respect to all matters arising from or relating to the interpretation, implementation and/or enforcement of this Order.

Dated: New York, New York
        August __, 2021

**PROPOSED**

_____

**HONORABLE LISA G. BECKERMAN**
**UNITED STATES BANKRUPTCY JUDGE**

59446501;2