# EXHIBIT D

## FIRST AMENDMENT TO PROMISSORY NOTE

THIS FIRST AMENDMENT TO PROMISSORY NOTE (this "Amendment") is effective as of September [ 18 ], 2020, between 286 RIDER AVE ACQUISITION LLC, having an address at 679 Driggs Avenue, Brooklyn, New York 11211 ("Borrower") and BE-AVIV 286 RIDER LLC, a Delaware limited liability company ("Lender"), having an office at 123 5th Avenue, 4th Floor, New York, New York 10003.

WITNESSETH:

WHEREAS, Lender made a certain mortgage loan in the original principal amount of $8,000,000.00 (the "Loan") pursuant to that certain Promissory Note, dated September 19, 2019, made by Borrower to the order of Lender (the "Note") which is secured by, among other things, that certain Mortgage and Security Agreement, dated September 19, 2019, made by and between Borrower and Lender, in the principal amount of the Loan and recorded with the Office of the City Register for the City of New York on September 30, 2019, under CRFN 2019000315617 (the "Mortgage") against the property located at and commonly known as 286 Rider Avenue, Bronx, New York (the "Property");

WHEREAS, Borrower has requested that Lender modify certain terms of the Note;

WHEREAS, Lender is willing to do so, only upon modification of certain terms and conditions set forth in this Amendment;

NOW, THEREFORE, in consideration of the premises and in order to induce Lender to amend the terms of the Note, Borrower hereby agrees with Lender as follows:

**Section 1. Definitions, Section Amendments and Modification Provisions**.

(a) Capitalized terms not otherwise defined in this Amendment and used herein and which are defined in the Note or in the other Loan Documents shall have the meanings herein as therein ascribed to them.

(b) The definition of Maturity Date set forth in the Note is hereby deleted in its entirety and the following shall be inserted in its place and stead:

"February 1, 2021 (the "Maturity Date")".

(c) Borrower shall have the option to further extend the Maturity Date to March 1, 2021 (the "Extended Maturity Date"), upon satisfaction of the following conditions:

(i) Borrower shall provide Lender with written notice of its election to further extend the Maturity Date on or before January 7, 2021;

65790536v.6

    (ii) Borrower shall fund the Interest Reserve in an amount sufficient to make the monthly payment due under the Note on March 1, 2021 on or before January 15, 2021; and

    (iii) Borrower shall provide Lender with proof of payment of all real estate taxes and assessments for the Property on or before the date such taxes are due, which proof of payment shall be (x) acceptable to Lender in its reasonable discretion, and (y) provided to Lender on or before January 15, 2021.

  (d) Borrower shall have the option to further extend the Maturity Date to April 1, 2021 (the "Second Extended Maturity Date"), upon satisfaction of the following conditions:

    (i) Borrower shall provide Lender with written notice of its election to further extend the Maturity Date on or before February 7, 2021;

    (ii) Borrower shall fund the Interest Reserve in an amount sufficient to make the monthly payment due under the Note on April 1, 2021 on or before February 15, 2021; and

    (iii) Borrower shall provide Lender with proof of payment of all real estate taxes and assessments for the Property on or before the date such taxes are due, which proof of payment shall be (x) acceptable to Lender in its reasonable discretion, and (y) provided to Lender on or before February 15, 2021.

  (e) Provided that Borrower complies with terms and conditions of this Amendment and no Default or Event of Default shall have occurred and is continuing, Lender shall defer its receipt of the regular monthly payments due under the Note on December 31, 2020 and January 31, 2021, respectively, until the Maturity Date, the Extended Maturity Date or the Second Extended Maturity Date, as applicable, provided that Borrower has properly exercised such options to further extend the Maturity Date.

**Section 2. Conditions Precedent to This Amendment**. The effectiveness of this Amendment shall be expressly subject to receipt by the Lender of the following items:

  (a) a fully executed Amendment;

  (b) the sum of $60,000.00 from Borrower, in immediately available funds, which funds shall be applied by Lender to replenish the Interest Reserve and in payment of real estate taxes for the second half of 2020; and

  (c) payment of all reasonable fees and expenses of counsel to Lender due in connection with the preparation, negotiation and execution of this Agreement, in an amount not to exceed [$10,000.00].

**Section 3. Representations True; No Default**. Borrower hereby represents and warrants, as applicable, that:

(a) Except as otherwise expressly disclosed to Lender in writing by Borrower, any and all of the representations, warranties and covenants contained in the Note or any of the other Loan Documents with respect to Borrower are true and correct in all material respects on and as of the date hereof as though made on and as of such date, except for any representations, warranties and/or covenants which, by their nature, can only be true as of a particular date.

(b) Except as otherwise expressly disclosed to Lender in writing by Borrower, to Borrower's knowledge no event has occurred and is continuing which constitutes a Default or an Event of Default under the Note or under any of the other Loan Documents or which upon the giving of notice or the lapse of time or both would constitute such Default or Event of Default.

(c) As of the effective date hereof, Borrower is legally, validly and enforceably indebted to the Lender under the Note in the principal amount of $8,000,000.00 which is due without offset, claim, defense, counterclaim or right of recoupment.

(d) There is no pending or threatened (in writing) action or proceeding affecting the Borrower before any court, governmental agency or arbiter, which may materially and adversely affect the financial condition or operations or prospects of the Borrower or which purports to affect the legality, validity or enforceability of this Amendment or the Note, as amended hereby.

**Section 4.  Ratification**.  The Note, as hereby amended, and all rights and powers created thereby or thereunder and under the other Loan Documents are in all respects ratified and confirmed.  Borrower hereby acknowledges and affirms, as applicable: (i) all of the terms, conditions and obligations contained in the Note and the other Loan Documents are and shall remain in full force and effect, except as hereby amended; (ii) that the Note and the other Loan Documents are the legal, valid and binding obligations of Borrower, and the obligations and liabilities thereunder shall not be diminished by the execution of this Amendment (except to the extent such obligations or liabilities are amended by this Amendment) or by any of the terms, provisions or conditions of the this Amendment (except to the extent such obligations or liabilities are amended by this Amendment); (iii) all appropriate company authorizations have been obtained for this execution of the Amendment, and (iv) that this Amendment is executed by Borrower as an inducement to Lender to enter into this Amendment, and with the knowledge that Lender shall rely on the statements made herein when executing this Amendment.

**Section 5.  Guarantor Ratification.** Guarantor, by its signature below, hereby consents to and acknowledges the terms and conditions of this Amendment and its Guaranty of Recourse Carevouts, Payment Guaranty and Guaranty of Carrying Costs are each ratified and confirmed in all respects and shall continue, in full force and effect, without defense, counterclaim, or offset.

**Section 6. Definitions and References**.  The term "Note" as used in the Loan Documents or any other instrument, document or writing furnished to Lender by Borrower shall mean the

Note as hereby amended.

**Section 7.** **Expenses.** Borrower shall pay to Lender all reasonable expenses incurred in connection with the preparation, negotiation and execution of this Amendment, in an amount not to exceed [$10,00.00].

**Section 8.** **Notices.** All notices and other communications provided for hereunder shall be delivered in accordance with the terms of the Loan Documents.

**Section 9.** **No Novation; No Refinance; No Adverse Effect on Liens.** It is not intended that (a) a novation of the Note shall be created or effected because of the modifications described herein, (b) this Amendment and the transactions as described herein, shall: (i) constitute a refinance of the Note or (ii) affect the validity or priority of any of the liens or security interests imposed by or granted in the Mortgage or the enforceability of the Note or Mortgage.

**Section 10. Release**. Borrower hereby shall forever release, discharge and acquit Lender, its past, present and future successors, assigns, predecessors, administrators and affiliates, and each of their respective officers, directors, employees, agents, affiliates, representatives, parents, divisions, subsidiaries and attorneys (each, a "Lender Party" and collectively the "Lender Parties") from and against any and all claims, demands, causes of action, suits, debts, obligations, promises, costs, expenses, damages and liabilities, and irrevocably waive and relinquish any and all rights of setoff, counterclaims and defenses, whether known or unknown, contingent or absolute, liquidated or unliquidated or otherwise, arising from or related to any act or omission of any Lender Party with respect to or in connection with the Note or obligations evidenced by the Note and any notices, conversations, negotiations, disputes or litigation regarding any of the foregoing occurring prior to the date of this Amendment.

**Section 11. Intentionally Omitted.**

**Section 12.** **Counterpart Signature; Electronic Signature and/or Delivery; Representation of Authority to Sign**. This Amendment may be executed in two or more counterparts, each of which shall be an original, but all of which shall constitute together but one and the same agreement. Further, each person executing this Amendment agrees that the electronic signatures, whether pdf, scanned, digital, encrypted, captured or otherwise attached or imposed hereto, are intended to authenticate this agreement and to have the same force and effect as manual signatures and further agrees to provide the original of such electronically signed agreement as directed by Lender. By signing below, each person, in their individual capacity, executing this Amendment represents and warrants to and covenants to Lender that said signer is executing this agreement on behalf of Borrower or Guarantor and is duly authorized and empowered to do so and to bind the obligor to the terms hereof.

**Section 13. Reservation of Rights and Remedies**. By granting this accommodation, Lender does not waive and hereby reserves all rights and remedies available to it under the

Note, Mortgage, other Loan Documents, applicable law or otherwise, upon occurrence of a Default or Event of Default, including, without limitation, all rights of setoff and acceleration indebtedness.

**Section 14.** **Miscellaneous**.  This Amendment (a) shall be binding upon and inure to the benefit of Borrower and Lender and their respective successors, assigns, receivers and trustees (provided, however, that Borrower shall not assign its rights and obligations hereunder without the prior written consent of Lender, except as permitted pursuant to the terms of the Note or the other Loan Documents, as the case may be); (b) can be modified or amended only by a writing signed by each party; (c) shall be governed by and construed in accordance with the laws of the State of New York (without regard to its conflict of law principles) and the United States of America; and (d) together with the other Loan Documents, embodies the entire agreement and understanding between the parties with respect to the subject matter hereof and supersedes all prior agreements, consents and understandings relating to such subject matter.  The headings herein shall be accorded no significance in interpreting this Amendment.

[Signature page to follow. No further text on this page.]

IN WITNESS WHEREOF, the parties hereto have each caused this Amendment to be executed by their respective officers or partners thereunto duly authorized, and it is effective as of the date first above written.

**LENDER**:

BE-AVIV 286 RIDER LLC

By: _____
Name: Ben Harlev
Title:

**BORROWER**:

286 RIDER AVE ACQUISITION LLC

By: _____
Name:
Title:

CONSENTED AND AGREED TO
BY THE UNDERSIGNED GUARANTORS:

_____
TOBY MOSKOVITS

_____
YECHIAL MICHAEL LICHTENSTEIN

65790536v.6

IN WITNESS WHEREOF, the parties hereto have each caused this Amendment to be executed by their respective officers or partners thereunto duly authorized, and it is effective as of the date first above written.

**LENDER**:

BE-AVIV 286 RIDER LLC

By: _____
Name: Ben Harlev
Title:

**BORROWER**:

286 RIDER AVE ACQUISITION LLC

By: _____
Name: Marj*h* *ambit*
Title: *Toby Moskovits*

CONSENTED AND AGREED TO
BY THE UNDERSIGNED GUARANTORS:

_____
TOBY MOSKOVITS

_____
YECHIAL MICHAEL LICHTENSTEIN

65790536v.6