# EXHIBIT J

BE-AVIV 286 RIDER LLC
123 5th Avenue, 4th FL
NewYork, NY 10003

March 2, 2021

286 Rider Ave Acquisition LLC
c/o: Toby Moskovits
679 Driggs Avenue
Brooklyn, NY 11211

Re:    Mortgage loan in the original principal amount of $8,000,000.00 (the "Loan") pursuant to that certain Promissory Note, dated September 19, 2019, made by Borrower to Lender (the "Note"), as amended, which is secured by, among other things, that certain Mortgage and Security Agreement, dated September 19, 2019, made by and between Borrower and Lender, in the principal amount of the Loan and recorded with the Office of the City Register for the City of New York on September 30, 2019, under CRFN 2019000315617 (the "Mortgage") against the property located at 286 Rider Avenue, Bronx, New York (the "Property").

Dear Ms. Moskowitz:

As you know, pursuant to the terms of the First Amendment To Promissory Note (the "Amendment"), effective as of September 18, 2020, between 286 Rider Ave Acquisition LLC, as borrower ("Borrower"), and Be-Aviv 286 Rider LLC as lender ("Lender"), Borrower had the option to extended the Maturity Date of the Note from February 1, 2021 (the "Maturity Date") to March 1, 2021 (the "Extended Maturity Date"), provided Borrower complied with certain conditions of the Amendment. Additionally, Borrower had the option to further extend the Maturity Date to April 1, 2021 (the "Second Extended Maturity Date"), provided Borrower complied with certain additional conditions of the Amendment. By letter dated February 10, 2021, Lender notified Borrower that it would excuse Borrower's failure to comply with certain conditions of the Amendment and agree to extend the Maturity Date of the Note to the Second Extended Maturity Date provided that by February 15, 2021, Borrower complied with the Amendment by providing Lender with proof of payment of the full amount of the real estate taxes due for the Property and funded (by wire transfer) the Interest Reserve in an amount sufficient to make the monthly payment due under the Note on April 1, 2021, in the sum of $72,650.00. Borrower has failed to comply with these conditions, as required by the Amendment, and accordingly, the Loan matured on the Extended Maturity Date of March 1, 2021.

Accordingly, Lender hereby demands immediate payment of all amounts due under the Loan Documents by Borrower through March 1, 2021, as follows:

| Total Acquisition Loan Payoff | $8,000,000.00 |
|---|---|
| Legal Fees | $2,500.00 |
| Exit Fees | $80,000.00 |

68489260v.2

| | |
|---|---|
| December Accrued Interest | $72,650.22 |
| January Accrued Interest | $72,650.22 |
| Interest Reserve Fund | $20,119.79 |
| **Total Payoff Amount** | **$8,207,680.65** |
| | |
| Per Diem-Regular Amount | $2,381.13 |
| Per Diem-Default Amount | $3,740.59 |

Should you fail to make payment of all sums due to Lender on or before March 15, 2021, together with per diem interest at the regular rate of $2,381.13, Lender shall take such action as it deems necessary and appropriate to protect and enforce its rights (which may, without limitation, include the commencement of foreclosure proceedings). Please also note that if payment in full is not made on or before March 15, 2021, interest will accrue at the default rate as of March 2, 2021.

Furthermore, the acceptance of payments from Borrower and/or any failure by Lender to exercise any right, privilege or remedy as a result of Borrower's failure to have satisfied the Loan on the Extended Maturity Date (including, without limitation, the occurrence of an Event of Default in connection therewith) shall not directly or indirectly in any way whatsoever either (1) impair, prejudice or otherwise adversely affect the rights of Lender at any time to exercise any right, privilege or remedy in connection with the Loan Documents, (2) amend or alter any provision of the Loan Documents or any other contract or instrument, or (3) constitute any course of dealing or other basis for altering any obligation of Borrower and/or Yechial Michael Lichtenstein and you as guarantors under the Loan Documents and/or any rights, privileges or remedies of Lender under the Loan Documents.

Lender reserves all of its rights and remedies under the Note and Mortgage, at law, in equity and otherwise, including, but not limited to, its right to take any enforcement action with respect to any event of default under the Loan. All of Lender's rights are cumulative and may be pursued separately, successively or concurrently against Borrower and guarantors. No delay by Lender in insisting upon the Borrower or guarantors of any of the terms and provisions of the Loan shall be deemed to be a waiver of any of the terms and provisions of the Loan. All rights, remedies and recourses available to Lender are expressly reserved and preserved in their entirety and may be exercised or pursued at any time and from time to time in the sole and absolute discretion of Lender.

Nothing herein shall be deemed an election of remedies by Lender, nor shall the exercise by Lender of any of its rights and remedies be deemed a waiver of, or preclude the exercise of, any other rights or remedies that Lender may have at law, in equity, by agreement, or otherwise.

2

68489260v.2

          Very truly yours,

          BE-AVIV 286 Rider LLC

          By: _____
          Name: Ben Harlev
          Title: Authorized Signatory

cc:    Treff & Lowy PLLC
       481 Wythe Avenue, 2nd Floor
       Brooklyn, New York 11249
       Attention: Mark Schlanger, Esq.

       Yechial Michael Lichtenstein,
       324 Avenue I,
       Brooklyn, New York 11230

Yechial Michael Lichtenstein,
324 Avenue I,
Brooklyn, New York 11230