# EXHIBIT L

ASSIGNMENT AND ASSUMPTION AGREEMENT

THIS ASSIGNMENT AND ASSUMPTION AGREEMENT (this "**Assignment**"), dated effective as of June 14, 2021, is entered into by and between **BE-AVIV 286 RIDER LLC** ("**Assignor**"), and **286 RIDER AVE LENDER LLC** ("**Assignee**").

W I T N E S S E T H:

WHEREAS, Assignor is the sole member of 286 Rider Ave Acquisition LLC, a New York limited liability company (the "**Company**"), which Company is governed by that certain Limited Liability Company Agreement of Company, dated August 15, 2019 (the "**Company Agreement**");

WHEREAS, Assignor desires to convey to Assignee all of the limited liability company interests in the Company (the "**Interest**");

WHEREAS, Assignor desires to assign, transfer and convey to Assignee (a) all of Assignor's right, title and interest in the Interest and (b) all of Assignor's right, title and interest in, to and under the Company Agreement with respect to the Interest, including, without limitation, all of Assignor's right, title and interest in, to and under, with respect to the Interest, (i) distributions after the date hereof of profits and income of the Company, (ii) capital distributions after the date hereof from the Company, (iii) distributions after the date hereof of cash flow by the Company, (iv) assets of the Company to which Assignor now or in the future may be entitled, (v) other claims which Assignor now has or may in the future acquire against the Company and its assets, (vi) proceeds of any liquidation upon the dissolution of the Company and winding up of its affairs,(vii) repayments after the date hereof of any and all loans made by Assignor to the Company, whether pursuant to the terms of the Company Agreement or otherwise, (viii) general intangibles for money due or to become due from the Company, (ix) other rights of Assignor to receive any distributions or other payments of any kind whatsoever from or in respect of the Company or in any way derived from the assets of the Company or from the ownership or operation thereof, whether any of the above distributions consist of money or property, (x) all other rights of Assignor as a member in the Company including, without limitation, rights to reports, accounting, information and voting (together with the Interest, collectively, the "**Assigned Interest**" ).

WHEREAS, the Assignee desires to acquire the Assigned Interest.

NOW, THEREFORE, the undersigned, in consideration of the Assigned Interest, covenants and agreement contained herein, and for other good and valuable consideration, do hereby agree as follows:

1. <u>Assignment</u>. For value received, the receipt and sufficiency of which are hereby acknowledged, upon the execution of this Assignment by the parties hereto, Assignor does hereby assign, transfer and convey the Assigned Interest to Assignee, free and clear of all liens, claims, encumbrances, options and rights of any kind.

2. <u>Assumption</u>. Assignee hereby assumes and agrees to be bound by all of the covenants, obligations, liabilities, and burdens of Assignor with respect to the Assigned Interest and as a member of the Company.

3. <u>Representations and Warranties</u>. Assignor represents and warrants with respect to the Company, that as of the date hereof, Assignor owns one hundred percent (100%) of the Interest, free and clear of any liens, encumbrances, claims, demands, options, rights to purchase, security interests or liabilities of any kind or nature. Each of the parties hereto represents and warrants to the other party that all consents and acknowledgements required in connection with this Agreement under the Company Agreement and any other agreements, laws, regulations, rules or orders have been obtained.

4. <u>Further Assurances</u>. The parties hereto each covenant and agree to hereafter execute and acknowledge any and all agreements, contracts, verifications and other such other additional instruments and documents as may be reasonably requested by the other party hereto in furtherance of this Agreement or to carry out the intent hereof.

5. <u>Successors and Assigns; No Third-Party Beneficiaries</u>. The stipulations, terms, covenants and agreements contained in this Agreement shall inure to the benefit of, and shall be binding upon, the parties hereto and their respective permitted successors and assigns (including any successor entity after a public offering of stock, merger, consolidation, purchase or other similar transaction involving a party hereto) and nothing herein expressed or implied shall give or be construed to give to any person or entity, other than the parties hereto and such assigns, any legal or equitable rights hereunder.

6. <u>Binding Effect</u>. This Assignment shall be binding upon, and shall inure to the benefit of the parties hereto and their respective successors and assigns.

7. <u>Governing Law</u>. This Assignment shall be governed by and construed in accordance with the laws of the State of New York without giving effect to conflicts of law principles. Any dispute or litigation that may arise with respect to this Assignment shall be brought and prosecuted exclusively in any federal or state court located in New York County, City of New York, State of New York and each of the parties hereby submits to the exclusive jurisdiction of such courts; provided, that a final judgment in any such litigation shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law.

8. <u>Section Headings</u>. The captions and section headings in this Assignment are for convenience only and in no way define, limit, extend or describe the scope or intent of any of the provisions hereof, shall not be deemed a part of this Assignment and shall not be used in construing or interpreting this Agreement.

9. <u>Entire Agreement</u>. This Assignment constitutes the complete agreement among the parties hereto with respect to the subject matter hereof and may not be modified, altered or amended except by a written agreement signed by the parties hereto.

      10.    <u>Severability</u>. If any term or provision of this Assignment or the application thereof to any person or circumstances shall, to any extent, be invalid or unenforceable, the remainder of this Assignment or the application of such term or provision to persons or circumstances other than those as to which it is held invalid or unenforceable shall not be affected thereby, and each term and provision of this Assignment shall be valid and enforceable to the fullest extent permitted by law.

      11.    <u>Counterparts</u>. This Assignment may be executed in one or more counterparts, including transmission by facsimile or electronic (email) signature, each of which shall be deemed an original and all of which, taken together, shall be construed as a single instrument.

*[remainder of page intentionally left blank]*

#10474984 v1 \029220 \0001

IN WITNESS WHEREOF, the parties have caused this Assignment to be executed by their duly authorized representatives on the date set forth below.

**ASSIGNOR:**

**BE-AVIV 286 RIDER LLC**

By: _____
Name: Ben Harlev
Title: Authorized Signatory

**ASSIGNEE:**

**286 RIDER AVE LENDER LLC**

By: _____
Name: Eyal Epstein
Title: Authorized Signatory