UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Hearing Date: August 26, 2021
Hearing Time: 10:00 A.M. (ET)

-----------------------------------------------------------X

In re:                                          Chapter 11

**286 RIDER AVE ACQUISITION LLC,**             Case No:  21-11298 (LGB)

                                    Debtor.

-----------------------------------------------------------X

### DECLARATION OF LEE E. BUCHWALD IN SUPPORT OF DEBTOR'S RESPONSE TO MOTION OF 286 RIDER AVE DEVELOPMENT LLC TO (I) DISMISS BANKRUPTCY CASE PURSUANT TO 11 U.S.C. §§ 105, 305 AND 1112 AND (II) FOR TURNOVER OF CERTAIN MEMBERSHIP INTERESTS UNDER 11 U.S.C. § 543

**Lee E. Buchwald** declares under penalty of perjury that these statements are true and correct:

1.    I am the manager of 286 Rider Ave Acquisition LLC ("Debtor" or "286 Rider"). Except as otherwise indicated, all facts in this declaration are based on my personal knowledge, my review of relevant documents, or my opinion based on my experience and involvement in this bankruptcy case. As a result, I am thoroughly familiar with the facts set forth herein.

2.    I submit this declaration in support of the Debtor's Response to Motion of 286 Rider Ave Development LLC ("Development") to (I) Dismiss Bankruptcy Case Pursuant to 11 U.S.C. §§105, 305 and 1112 and (II) for Turnover of Certain Membership Interests Under 11 U.S.C. §543 (the "Response").

3.    On September 19, 2019, 286 Rider, as the borrower, entered into a mortgage loan ("Loan") in the original principal amount of $8,000,000.00 with Be-Aviv 286 Rider LLC ("Lender") in its capacity as the Lender. In connection with the Loan, 286 Rider

executed a promissory note (as amended, the "Note") and granted Lender a mortgage and security interest in its property located at 286 Rider Avenue, Bronx, New York 10451 ("Property"). To secure payment of the Note, 286 Rider's sole member Development pledged its one hundred percent (100%) of the membership interests in 286 Rider ("Membership Interests") to Lender under the Membership Interest Pledge Agreement, dated as of September 19, 2019 ("Pledge Agreement").

4.      On or about September 17, 2019, (i) the Debtor executed a Certificate For Limited Liability Company Interests in 286 Rider ("Certificate"), under which the Debtor certified that Development is the registered owner of 100% of the limited liability company interests in 286 Rider, and (ii) Development, by its authorized signatory Moskovits, signed an Assignment of Interest in blank, selling, assigning and transferring its Membership Interests in 286 Rider and irrevocably appointing the transferee of the Assignment of Interests (i.e., the Lender) to transfer the same on the books and records of 286 Rider. *See* Declaration of Ben Harlev, dated August 19, 2021 (hereinafter, "Lender Declaration") Exhibit G  thereto.

5.      By letter dated March 2, 2021 ("March 2nd Letter"), the Lender (i) notified 286 Rider that the Loan matured on March 1, 2021, (ii) demanded immediate payment of all amounts due under the Loan Documents by 286 Rider, through March 1, 2021, which totaled $8,207,680.65 as of that date, and (iii) advised 286 Rider that its failure to make payment of all sums due to Lender on or before March 15, 2021 (together with per diem interest) will result in the Lender taking such action as it considers necessary and appropriate to protect and enforce its rights, (iv) informed 286 Rider that if payment in

full is not made before March 15, 2021, interest will accrue at the default rate as of March 2, 2021, and (v) reserved its rights.  A copy of the March 2nd Letter is attached as Exhibit J to the Lender Declaration.

6.    I have been advised that 286 Rider did not respond to the March 2nd Letter.

7.    By letter dated April 27, 2021 ("April 27th Pledge Exercise Letter"), Lender's counsel advised 286 Rider and Development that (i) 286 Rider was previously notified that the loan matured on March 1, 2021, (ii) 286 Rider's continuing failure to pay the outstanding amount due under the loan owed constituted an Event of Default under the loan documents ("Loan Documents"), and (iii) because of the Event of Default, Lender is entitled, in its sole discretion, to exercise rights and remedies under the Loan Documents. Lender's counsel advised Development that according to Section 5(a) of the Pledge Agreement, it was exercising its right to assign, transfer, and request, as applicable, all membership and equity interests in 286 Rider to Lender and in the name of Lender as if Lender were the absolute owner. Lender instructed 286 Rider to register Lender as the record owner, update corporate record books, and notify Lender upon completion.  On that date, Lender exercised its rights under the Pledge Agreement and assigned, transferred, and registered, as applicable, all Membership Interests of Development in 286 Rider to and in the name of Lender as if Lender were the absolute owner. This letter also demanded the immediate turnover of all books and records of the Debtor.  A copy of the April 27th Pledge Exercise Letter is attached as Exhibit K  to the  Lender Declaration.

8.    On June 14, 2021, Lender appointed 286 Rider Ave Lender LLC as managing member of Debtor by entering into an assignment and assumption agreement between

Debtor and Lender ("Assignment"). The Assignment is attached to the Lender Declaration as Exhibit L.

9.      I have been advised that neither Development nor 286 Rider responded to the April 27th Pledge Exercise Letter.

10.      Effective July 1, 2021, 286 Rider Lender retained me as manager of 286 Rider to file a Chapter 11 petition for the Debtor, manage the Debtor during the bankruptcy case, and oversee the bankruptcy case as the Debtor's sole authorized representative.

11.      As 286 Rider was unable to satisfy its current financial obligations to creditors and having received, considered, and had discussions with counsel, and in my business judgment as manager, I believed it was in the best interest of the 286 Rider and its creditors for it to file for relief under Chapter 11 of Title11 of the United States Code ("Bankruptcy Code").

12.      By letter dated July 14, 2021 ("July 14th Letter"), Lender's counsel advised 286 Rider and Development that (i) 286 Rider was previously notified in the March 2nd Letter that the Loan matured on the extended maturity date of March 1, 2021, (ii) by the April 27th Pledge Exercise Letter, 286 Rider was notified that its failure to pay all sums due under the Loan constituted an Event of Default under the Loan Documents, (iii) because of the Event of Default, Lender executed its right under the Pledge Agreement to assign, transfer and register the Membership Interests in and to the name of the Lender as if the Lender was the absolute owner thereof.  The July 14th Letter confirmed again that the Lender had exercised its rights under the Pledge Agreement and made a second

{01114545.DOC;3 }

-4-

demand for all the books and records of the Debtor.  A copy of the July 14th Letter is attached as Exhibit M  to the Lender Declaration.

13.    On July 15, 2021, as the manager of 286 Rider, I duly authorized the Debtor's filing of its Chapter 11 bankruptcy case.  Resolutions were adopted that 286 Rider should (i) file for bankruptcy protection, (ii) obtain Debtor in possession financing (subject to court approval) from the Lender or such other Lender offering better terms, (iii) retain Robinson Brog Leinwand Greene Genovese & Gluck P.C. as bankruptcy counsel, and (iv) retain Rosewood Realty Group, as real estate broker, to sell the Property.  A copy of the resolutions is attached hereto as Exhibit A.

14.    On July 15, 2021, 286 Rider filed for voluntary relief under Chapter 11 of the Bankruptcy Code.

15.    As a result of (i) the membership change brought on by 286 Rider's default under the Loan and the Lender's exercise of its rights under the Pledge Agreement, and (ii) transferring the Membership Interests in 286 Rider to 286 Rider Lender, the Debtor is currently not in possession of its books and records and could not file, among other things, its list of 20 largest unsecured creditors, schedules and statement of financial affairs.

16.    As the new owners of the Debtor lacked access to the Debtor's books and records to prepare its schedules and statement of financial affairs, on July 15, 2021, the Debtor applied ("Rule 2004 Application") under Bankruptcy Rule 2004 to subpoena the Debtor's books and records and examine Toby Moskovitz ("Moskovitz") and Michael Lichtenstein ("Lichtenstein") to obtain the information needed to prepare and file a complete set of schedules and statement of financial affairs.

{01114545.DOC;3 }

17.    On July 15, 2021, the Debtor also moved to extend its deadline to files its schedules and statement of financial affairs so that upon receipt of its books and records and other financial information, the Debtor will have sufficient time to review all information and complete its schedules and statement of financial affairs.

18.    By Order dated July 16, 2021 ("Rule 2004 Order"), this Court granted the 2004 Application.  As a result, the Debtor, through counsel, issued subpoenas for Rule 2004 examinations seeking documents from (i) Development, Moskovitz, and Lichtenstein by August 5, 2021 (collectively, the "Document Requests") and the examinations of Lichtenstein on August 9, 2021, and Moskovitz on August 12, 2021.  No documents have been produced, and thus both Lichtenstein and Moskovitz have not been examined.

19.    By Order dated July 21, 2021, this Court extended the Debtor's deadline to file its Statement of Financial Affairs and Schedule of Assets and Liabilities ('Schedules") and other documents, to and including August 26, 2021.

20.    On August 3, 2021, Development objected to Order Granting 286 Rider Ave Acquisition LLC's Ex-Parte Motion For Entry Of An Order Pursuant To Bankruptcy Rule 2004 Authorizing Discovery Examinations Of  (I) Moskovitz And (II) Lichtenstein  ("Rule 2004 Objection").  Thereafter, on August 12, 2021, Development filed a motion under Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 60(b) for relief from Order pursuant to Bankruptcy Rule 2004 authorizing discovery examinations of (i) Toby Moskovits and (ii) Michael Lichtenstein.

21.    As Moskovits and Lichtenstein refused to timely turn over the Debtor's books and records, on August 12, 2021, the Debtor filed a second motion to extend the deadline

to file its Statement of Financial Affairs and Schedules. The hearing on the motion is scheduled for August 26, 2021.

22.     On August 5, 2021, Development moved to dismiss the Debtor's bankruptcy case asserting that the case should be dismissed for the following reasons:

(i)     the Pledge Agreement was defective because it was not signed by the proper party with authority to bind pledgor Development;

(ii)    the case is a mere two-party collection dispute for which there is no proper purpose for a bankruptcy case;

(iii)   Lender has "weaponized" its defective pledge to commence a bankruptcy case to sell its real estate collateral, allowing Lender to avoid (a) the consequences of its purported bad faith prepetition conduct, (b) its purported default in the state court litigation filed by Heritage 875 4th Avenue LLC, Heritage 286 Rider Ave LLC, 875 4th Avenue Acquisition LLC, 286 Rider Avenue Acquisition LLC, Toby Moskovitz and Michael Lichtenstein (collectively, the "State Court Plaintiffs") against Aviv Arava Management, LLC, Be-Aviv 4th Avenue Mortgage Lender LLC, Be-Aviv 286 Rider LLC, Be-Aviv 4th Avenue Lender LLC, Ben Harlev and Eyal Epstein (collectively, the State Court Defendants") in the Supreme Court of the State of New York, County of Kings (the "State Court Action"), and (c) due process inherent in a state law foreclosure action or UCC sale;

(iv)    Lender's improper actions clogged the borrower's equity of redemption; and

(v)     bankruptcy case is a disguised involuntary proceeding where the debt is in bona fide dispute.

23.     Development's motion also seeks an order requiring the Lender to turn over the Membership Interests in 286 Rider to it.

24.     In analyzing whether this case is a two-party dispute, movant Development is neither a creditor of the Debtor nor a party in the State Court Action. Instead, it is a disgruntled former owner of the Debtor with no claim other than its motion to turnover the Membership Interests, which fails for the reasons outlined in the Response.

{01114545.DOC;3 }

25.    By refusing to respond to the Court's 2004 Order, which Development is now in default of, or make discovery under the subpoenas served under the 2004 Order, I am advised by my counsel that Moskovits and Lichtenstein have also both defaulted and that their failure to comply with the Rule 2004 subpoenas before the date for their compliance is at their peril.  More significantly, it is improper for Development to withhold the books and records from me and prevent me from determining the full extent of the creditor body while asserting this case is a mere "two-party" dispute.

26.    Although the Debtor cannot review its books and records because Moskovits and Lichtenstein have not produced them in violation of the Court's Rule 2004 Order and the subpoenas that were issued in connection with it, the Debtor has been able to determine the existence of these creditors from public records and its knowledge of the case:

(i)    a Judgment by Confession in favor of 286 Rider Associates, LLC in the amount of $1,178,725, entered on December 17, 2020, a copy of which is attached to the Lender Declaration as Exhibit O;

(ii)    outstanding real estate taxes owed as of June 5, 2021, in the amount of $54,421.82, as evidenced by the N.Y.C. Department of Finance Property Tax Bill Quarterly Statement, a copy of which is attached as Exhibit B;

(iii)    anticipated[1] liabilities for attorneys' fees incurred in the State Court Action by the Debtor to their attorneys — Goldberg & Markus PLLC and Jonathan Schwartz Law LLC in an unknown amount;

(iv)    The Lender is owed more than $8,000,000 based on the Loan and the Loan Documents plus interest, default interest, protective advances,

---

[1] The Debtor uses the word "anticipated" because Mr. Buchwald has been unable to access the Debtor's books and records because Development, Moskowitz and Lichtenstein have all defaulted in responding to the Rule 2004 Order and the subpoenas issued to them.  The pending Rule 60(b) motion was made after the date for compliance had expired.

legal fees and other charges due under the loan in the approximate amount of not less than $8,207,680.65 as of March 1, 2021;

(v)     There may be claims by (i) an insurance company for coverage on the warehouse structure located on the premises at 286 Rider Avenue and Property and (ii) one or more utility companies if utilities were used but remain unpaid.

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 19th day of August, 2021.

286 RIDER AVE ACQUISITION LLC

By: /s/ Lee E. Buchwald
LEE E. BUCHWALD
MANAGER

## EXHIBIT A

## RESOLUTION TO FILE CHAPTER 11 REORGANIZATION

## BY THE MANAGER OF

## 286 RIDER AVE ACQUISITION LLC

The undersigned manager ("**Manager**") of 286 RIDER AVE ACQUISITION

LLC, a New York limited liability company ("**Company**"), acting pursuant to New

York Limited Liability Company Law and the Operating Agreement of the Company

hereby adopts the following resolutions:

**WHEREAS**, the Company is unable to satisfy its current financial obligations to its creditors and Manager having received, considered, and had discussions with counsel and other professionals; and

**WHEREAS**, it appearing in the business judgment of the Manager that it is in the best interest of the Company and its creditors to file a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code ("**Bankruptcy Code**"); it is hereby

**RESOLVED**, that the Company initiate a case ("**Case**") under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court Southern District of New York; and it is further

**RESOLVED**, that, subject to Bankruptcy Court approval, the Company is hereby authorized to obtain debtor-in-possession financing from Be-Aviv 286 Rider LLC or such other lender offering better terms for debtor-in-possession financing; and it is further

**RESOLVED**, that, the actions of the Manager shall always be in accordance with the Operating Agreement of the Company and any amendments thereto; and it is further

**RESOLVED**, that the Company shall employ and retain the following professionals to assist it in the bankruptcy process: Robinson Brog Leinwand Greene Genovese & Gluck, P.C., as bankruptcy counsel for the Company; and Rosewood Realty Group, as real estate sale broker.

IN WITNESS WHEREOF, the undersigned Manager has executed this

consent as of July 15, 2021.

286 RIDER AVE ACQUISITION LLC

Lee E. Buchwald
Manager

## **EXHIBIT B**



**Department of Finance**

# Property Tax Bill
# Quarterly Statement
### Activity through June 5, 2021

**Owner name:** 286 RIDER AVE ACQUISITION LLC
**Property address:** 286 RIDER AVE.
**Borough, block & lot:** BRONX (2), 02333, 0033

**Mailing address:**
C/O:. HERITAGE EQUITY PARTNERS
286 RIDER AVE. ACQUISITION LLC
679 DRIGGS AVE.
BROOKLYN NY 11211-4023

| | |
|---|---|
| Outstanding Charges | $21,505.68 |
| New Charges | $32,916.14 |
| **Amount Due** | **$54,421.82** |

*Please pay by July 1, 2021*

TS - LD
400.01
0 - 0 - 4
574

---



**Department of Finance**

**PLEASE INCLUDE THIS COUPON IF YOU PAY BY MAIL OR IN PERSON  2-02333-0033**

| | |
|---|---|
| **Total amount due by July 1, 2021** | $54,421.82 |
| **If you want to pay everything you owe by July 1, 2021 please pay** | $87,008.80 |

**Amount enclosed:**

#840160421060501#

C/O:. HERITAGE EQUITY PARTNERS
286 RIDER AVE. ACQUISITION LLC
679 DRIGGS AVE.
BROOKLYN NY 11211-4023

**Make checks payable & mail payment to:**
NYC Department of Finance
P.O. Box 680
Newark NJ 07101-0680

8401604210605 01 2023330033 0000005442182 0000008700880 210701112022000    6


**Department of Finance**

| Billing Summary | Activity Date | Due Date | Amount |
|---|---|---|---|
| Outstanding charges including interest and payments | | | $21,505.68 |
| Finance-Property Tax | | 07/01/2021 | $32,916.14 |
| **Total amount due** | | | **$54,421.82** |

| Tax Year Charges Remaining | Activity Date | Due Date | Amount |
|---|---|---|---|
| Finance-Property Tax | | 01/01/2022 | $32,916.14 |
| **Total tax year charges remaining** | | | **$32,916.14** |
| **If you want to pay everything you owe by July 1, 2021 please pay** | | | **$87,008.80** |
| If you pay everything you owe by July 1, 2021, you would save: | | | $329.16 |

| Overpayments/Credits | Activity Date | Due Date | Amount |
|---|---|---|---|
| Credit Balance | | 01/25/2021 | $-9,500.00 |
| Credit Applied | 01/26/2021 | | $9,500.00 |
| Credit Balance | | 04/01/2021 | $-9,500.00 |
| Credit Applied | 02/23/2021 | | $9,500.00 |
| | | Total credit applied | $19,000.00 |
| **Total overpayments/credits remaining on account** | | | **$0.00** |

### Annual Property Tax Detail

Tax class   4 -  Commercial Or Industrial

| | Overall Tax Rate | |
|---|---|---|
| Current tax rate | 10.6940% | |

**Estimated Market Value   $1,368,000**

| | | Taxes |
|---|---|---|
| **Billable Assessed Value** | **$615,600** | |
| **Taxable Value** | $615,600 x 10.6940% | |
| **Tax Before Abatements and STAR** | $65,832.28 | **$65,832.28** |
| **Annual property tax** | | **$65,832.28** |

### Home banking payment instructions:

1. **Log** into your bank or online bill pay website.
2. **Add** the new payee:  NYC DOF Property Tax.  Enter your account number, which is your boro, block and lot, as it appears here: 2-02333-0033 .  You may also need to enter the address for the Department of Finance.  The address is P.O. Box 680, Newark NJ 07101-0680.
3. **Schedule** your online payment using your checking or savings account.

### Did Your Mailing Address Change?
If so, please visit us at **nyc.gov/changemailingaddress** or call **311**.

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.



June 5, 2021
286 Rider Ave Acquisition LLC
286 Rider Ave.
2-02333-0033
Page  3

Please note that property tax bills due in July and October of 2021 are calculated using the 2021 tax rates. Property tax bills due in January and April of 2022 will be calculated using the 2022 tax rates.

Please pay your bill on time and in full to avoid being charged interest. For information about the interest rate charged on late payments, visit nyc.gov/latepropertypayments.

Please call 311 to speak to a representative to make a property tax payment by telephone.

**Register to receive your property tax payment receipts by email!** Visit nyc.gov/contactdof to sign up.

The NYC Health Department would like to remind property owners that they must remove standing water, as mosquitos can breed in warm weather. For more information, please visit nyc.gov/health or call 311.

If you would like a payment agreement for your outstanding property taxes, we now offer a monthly payment agreement as well as the semi-annual and quarterly agreements.

