| | |
|---|---|
| ROBINSON BROG LEINWAND GREENE<br>GENOVESE & GLUCK P.C.<br>875 Third Avenue<br>New York, New York 10022<br>Tel. No.: 212-603-6300<br>Fred B. Ringel<br>Clement Yee<br>*Attorneys for the Debtor and Debtor in Possession* | Hearing Date: August 26, 2021<br>Hearing Time: 10:00 A.M. (ET) |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

| | |
|---|---|
| In re:<br><br>**286 RIDER AVE ACQUISITION LLC,**<br><br>             Debtor. | Chapter 11<br><br>Case No:  21-11298 (LGB) |

----------------------------------------------------------X

### OBJECTION TO MOTION OF 286 RIDER AVE DEVELOPMENT LLC PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9023 AND FEDERAL RULE OF CIVIL PROCEDURE 60 FOR RELIEF FROM ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING DISCOVERY EXAMINATIONS OF <u>(i) TOBY MOSKOVITS AND (ii) MICHAEL LICHTENSTEIN</u>

Debtor 286 Rider Ave Acquisition LLC ("Debtor"), by its counsel, submits this objection ("Objection") to the Motion of 286 Rider Ave Development LLC ("Development") Pursuant to Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 60 for Relief From Order Pursuant to Bankruptcy Rue 2004 Authorizing Discovery Examinations of (i) Toby Moskovits and (ii) Michael Lichtenstein ("Motion").  In support of this Objection, the Debtor respectfully represents as follows:

{01114507.DOC;4 }

# OBJECTION[1]

1.  The Motion (i) is a regurgitation of the same facts relied on by Development in its Motion to Dismiss the Debtor's Chapter 11 Case ("Motion to Dismiss"), (ii) fails to establish the standard necessary to qualify for relief under Rule 60(b)(5) and (b)(6) of the Federal Rules of Civil Procedure (other than quoting the statute), (iii) presents no specific arguments about why those rules apply, and (iv) presents no evidence showing any extraordinary circumstances warranting relief under Rule 60(b) of the Federal Rules of Civil Procedure. In short, the Motion lacks any merit and should be denied.

2.  Development seeks relief from the Court's Order Granting 286 Rider Ave Acquisition LLC's Ex Parte Motion for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing Discovery Examination of (i) Toby Moskovits and (ii) Michael Lichtenstein, dated July 16, 2021 ("2004 Order") under the third clause of Rule 60(b)(5) and Rule 60(b)(6). Thus, it has the burden of proof to show exceptional circumstances to obtain relief under those provisions. *In re Brooks*, 2014 Bankr. LEXIS 4636 at *35 (Bankr. E.D.N.Y. Nov. 5, 2014) ("The party seeking relief from an order has the burden of proof and such relief is granted only upon a showing of exceptional circumstances.")

3.  Rule 60(b)(5) provides that a court may relieve a party from a final judgment, order, or proceeding where "applying it prospectively is no longer

---

[1] The facts and circumstances supporting this Objection are set forth in (i) the Declaration of Lee E. Buchwald in Support of Debtor's Response to Motion to Dismiss dated August 19, 2021 and (ii) Declaration of Ben Harley in Support of Be-Aviv 286 Rider LLC's ("Lender") Response to Motion to Dismiss dated August 19, 2021 and filed in support of the Lender's Response to the Motion to Dismiss and incorporated by reference herein.

equitable." Fed. R. Civ. P. 60(b)(5). In other words. "[a] party may move for relief pursuant to Rule 60(b)(5) 'if changed circumstances make it no longer equitable that the judgment should have prospective application.'" *Lutin Investments, Ltd v. Nigerian Nat'l Petro. Corp.*, 2016 U.S. Dist. LEXIS 25830 at * 4 (S.D.N.Y. Mar. 2, 2016). Moreover, Rule 60(b)(5) is directed towards long-running judgments that have been rendered inequitable by an intervening change of circumstance. *Id.* at *6, n. 54. That is not this case as there has been no intervening change of circumstance other than Development filing a motion.

4.     Under Rule 60(b)(6), a court may relieve a party from a final judgment, order or proceeding for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "In order to qualify for Rule 60(b)(6) relief, a plaintiff must also demonstrate either 'extraordinary circumstances or extreme hardship." *U.S. Bank Trust, N.A. v. Toney*, 2019 U.S. Dist. LEXIS 135483 at *4 (E.D.N.Y. Aug. 12, 2019). Such a showing must be supported by "highly convincing material." *Lee v. Marvel Enters., Inc.*, 764 F. Supp. 2d 440, 452 (S.D.N.Y. 2011).

5.     "The Second Circuit has held that '[s]ince 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *U.S. v. Int'l Brotherhood of Teamsters*, 51 F. Supp 2d 314, 317 (S.D.N.Y. 1999) (citing *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *see U.S. Bank Trust, N.A.*, 2019 U.S. Dist. LEXIS 135483 at *4 ("Rule 60(b) is a 'mechanism for extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'").

6.      Development neither alleges nor provides evidence of any exceptional circumstances or extreme hardship that warrant the requested relief. Rather than demonstrate cause for relief under Rule 60(b), Development contends that extending the deadline to respond to the subpoenas for a modest period constitutes cause to grant Rule 60(b) relief. See Motion at ¶21 ("There is cause to grant Development relief from the 2004 Order by either extending the deadlines therein for a very modest period or deeming the Order moot, depending upon the Court's ruling on the MTD.") Specifically, Development asserts that the Rule 2004 Order should be held in abeyance pending its Motion to Dismiss because (i) complying with the discovery demands at this time would give an "inappropriate imprimatur to the case that is not deserved" and (ii) it would be inimical to the notions of "judicial and estate economy and fundamental fairness." Motion at ¶23. Besides failing to satisfy the requisite standard, Development has submitted no evidence to support these contentions.

7.      Nor does the Motion provide any "highly convincing material" that would constitute "extraordinary circumstances" or "extreme hardship." The Motion should be denied because (i) Development cites no case law and presents no evidence supporting its argument that a request to extend deadlines in court-ordered discovery or its Motion to Dismiss is an extraordinary circumstance that excuses compliance with the 2004 Order, (ii) Development has not alleged or demonstrated that the compliance with the deadlines in the 2004 Order was a hardship (and there were no offers by Development to make a partial production on

a timely basis so the Debtor's schedules could be timely filed), and (ii) there have been no changed circumstances since the Court entered the 2004 Order on July 16, 2021. Thus, Development has not established any exceptional circumstances to obtain relief under Rule 60(b). *See Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (Court upheld denial of requested Rule 60(b) relief where movant did not recite any exceptional circumstances, such as an inability to comply with discovery deadlines based on circumstances out of their control).

8. Development did not establish any basis for Rule 60(b) relief. Instead, it was Development's purposeful actions that delayed and prejudiced the Debtor's progress in its chapter 11 case. Among other things, Development's continued failure to comply with the Court's 2004 Order, has prevented the Debtor from compiling and filing a complete list of creditors. As a result, the United States Trustee has been unable to schedule section 341 meeting, and the Debtor cannot ask the Court to fix a bar date.

9. Furthermore, one of the grounds for dismissal in the Motion to Dismiss is Development's allegation that the Debtor's bankruptcy is a two-party dispute. But by refusing to turn over the Debtors' books and records, the Debtor's ability to contest this accusation has been constrained so that it can only respond based on information in the public domain.

10. By choosing not to comply with the 2004 Order, Development made a calculated decision that the Motion to Dismiss might be granted and thus possibly

moot the 2004 Order. Yet Development acted at its own peril, because if the Motion to Dismiss is not granted, the Debtor would expect immediate compliance with the 2004 Order, or Development may be subject to contempt, for its noncompliance. Rather than meet and confer with the Debtor to discuss the scope of discovery before the subpoenas due date, Development has chosen the opposite tactic of asking the Court to stay the order and subpoenas after performance is due, with no justification. Indeed, in Development's initial objection to the 2004 Order {ECF Doc. No. 13], it stated that "[i]f the Court does not grant the [Motion to Dismiss], Development will, of course, comply with the 2004 Order immediately." Development should not now be permitted to backtrack on its previous commitment and request that all deadlines in the 2004 Order and the subpoenas be extended — <u>after defaulting</u> — for ten days, should the Motion to Dismiss be denied.

11. The Debtor has already been in bankruptcy for four weeks. The task of turning over the Debtor's books and records should not be delayed any further, especially given the simplicity of the task and disproportionate and prejudicial impact of Development's unjustified failure to comply on the administration of its case.

**WHEREFORE,** the Debtor requests that the Court deny the Motion and compel compliance with the 2004 Order and (a) have Development turnover the Debtor's books and records within three business days from entry of an order denying the Motion and (b) permit the Debtor to schedule an examination of Toby

{01114507.DOC;4 }                                6

Moskovits and Michael Lichtenstein as provided for in the 2004 Motion but not more than ten days from the turnover of the Debtor's books and records.

Dated: New York, New York
August 19, 2021

                                                **Robinson Brog Leinwand Greene Genovese & Gluck P.C.**
*Counsel to the Debtor*
875 Third Avenue, 9th Floor
New York, New York 10022
Tel: No.: 212-603-6300

By: /s/ Fred B. Ringel
      **Fred B. Ringel**