**OFFIT KURMAN, P.A.**
Jason A. Nagi
590 Madison Avenue, 6th Floor
New York, NY 10022
Tel (212) 545-1900
Email: Jason.nagi@offitkurman.com

*Attorneys for 286 Rider Ave Development LLC,*
*Toby Moskovits and Yechial Michael Lichtenstein*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

                                 Chapter 11

286 Rider Ave Acquisition LLC,

                                   Case No.  21-11298-lgb

                  Debtor.
-------------------------------------------------------X

        JASON A. NAGI, pursuant to 18 U.S.C. § 1746, makes this Declaration on personal

knowledge.

        1.      I am counsel to 286 Rider Ave Development LLC ("**Development**"), Toby

Moskovits and Yechial Michael Lichtenstein (collectively "**Movants**"), and make this

Declaration in support of Movant's Motion to Dismiss Bankruptcy Case Pursuant to 11 U.S.C. §

305 or § 1112 Based on New Evidence.

        2.      A true and correct copy of a letter from Toby Moskovits to Lender, dated October

11, 2021, requesting a payoff letter, is attached hereto as **Exhibit 1**.

        3.      A true and correct copy of an email from Toby Moskovits to Lender, dated

October 14, 2021, requesting a payoff letter, is attached hereto as **Exhibit 2**.

        4.      A true and correct copy of a letter from Jason Nagi to Mr. Joseph Moldovan,

counsel to the Lender, dated October 15, 2021, requesting a payoff, is attached hereto as **Exhibit

3**.

5.    A true and correct copy of the email chain between Mr. Moldovan and me,

concerning the request for a payoff letter is attached hereto as **Exhibit 4**.

6.    A true and correct copy of a letter dated October 20, 2021, from Latisha

Thompson, counsel to Lender, which refused to provide a payoff letter is attached hereto as

**Exhibit 5**.

I declare under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Executed on November 2, 2021

_____
JASON A. NAGI

4856-4574-3873, v. 2

2

# EXHIBIT 1

# 286 Rider Ave Development LLC

679 Driggs Avenue
Brooklyn NY 11211

October 11, 2021

**By Email**
Be-Aviv 286 Rider LLC
42 Wooster Street, 2ⁿᵈ Fl.
New York, NY 10013
Attn: Ben Harlev and Eyal Epstein

Re:    **Loan to 286 Rider Ave Acquisition LLC in the Original Principal Amount of $8,000,000.00**

Messrs. Ben Harlev and Eyal Epstein:

I write with respect to the loan made to 286 Rider Ave Acquisition LLC in the Original Principal Amount of $8,000,000, memorialized by that certain Promissory Note dated September 19, 2019, collateralized by real property with an address of 286 Rider Avenue, Bronx, New York (the "**Loan**"). Pursuant to the terms of the Loan, we hereby demand that you provide a payoff letter with respect to the indebtedness.

Sincerely,

*Michael Lichtenstein*

Michael Lichtenstein

cc:    Joe Moldovan, Esq.
Counsel for Be-Aviv 286 Rider LLC

# EXHIBIT 2

 **Gmail**

## 286 Rider Payoff Demand

**Toby Moskovits** <toby@heritage-equity.com>                    Thu, Oct 14, 2021 at 10:30 PM
To: Beverly Breier <beverly@be-aviv.com>, Eyal Epstein <eyal@arava-group.com>, Guy Peleg <guy@artlifeusa.com>, Ben Harlev <ben@arava-group.com>, Daphna Aviv <harlevd@avivcomp.co.il>
Cc: "nycdevmanager@gmail.com" <nycdevmanager@gmail.com>, Jason Nagi <jason.nagi@offitkurman.com>

Be-Aviv 286 Rider LLC
C/O Be-Aviv
123 5th Avenue, 4th Floor
New York, NY 10003

    **Re:**    **Loan to 286 Rider Ave Acquisition LLC in the Original Principal Amount of $8,000,000.00**

Beverley,

    I write with respect to the loan made to 286 Rider Ave Acquisition LLC ("**Borrower**") in the Original Principal Amount of $8,000,000, memorialized by that certain Promissory Note dated September 19, 2019, collateralized by real property with an address of 286 Rider Avenue, Bronx, New York  (the "**Loan**"), and pursuant to that certain Payment Guaranty, dated September 19, 2019 (the "**Guaranty**").
Pursuant to the terms of the Loan and Guaranty, as Guarantor, I hereby demand that you provide a payoff letter with respect to the Loan immediately. Failure to respond to this demand and prevent the payoff of this loan will result in the breach of your obligations under the law and further your liability.

Yours,
Toby Moskovits

CC: Ben Harlev
Daphna Aviv
Guy Peleg
Eyal Epstein

# EXHIBIT 3

**Offit** | **Kurman**®

Attorneys At Law

Trust. Knowledge. Confidence.

**Jason A. Nagi**
Principal
212.380.4108
jason.nagi@offitkurman.com

October 15, 2021

**By Email**

Joseph Moldovan, Esq.
Morrison & Cohen LLP
909 Third Avenue
New York, NY 10022

   **Re:**  **Loan to 286 Rider Ave Acquisition LLC, in the original principal amount of**
     **$8,000,000.00**

Dear Joe:

   This firm is counsel to 286 Rider Ave Development LLC ("**Development**"). As you are aware, the attached demand for a payoff was sent to your client, Be-Aviv 286 Rider, LLC ("**Lender**") on or about October 11, 2021. Four business days have elapsed since the request was made, yet Lender has refused to provide a payoff as it must, under New York law. Rather, it is my understanding that your client has refused to provide a payoff letter, in contravention of its legal duties. Lender's refusal to produce a payoff is a breach of its obligations under the loan documents and a breach of the covenant of good faith and fair dealing. This is particularly the case as Lender's apparent position with respect to the Loan is that Lender has exercised its control over Acquisition by, first, amending Acquisition's operating agreement, *ex-ante*, removing Acquisition's manager, and installing Lender's own manager. By functioning in this joint role of both Lender and purported sole member through a puppet-manager, Lender is irreversibly conflicted in dual roles as lender and manager of the borrower, as evidenced by its bad-faith refusal to provide a payoff.

   Development's members, Toby Moskovits and Michael Lichtenstein have an indisputable right to obtain a payoff letter with respect to the Loan. We strongly urge Lender to reconsider its indefensible refusal to comply with the payoff demand to avoid further litigation.

       Sincerely

       *Jason A. Nagi*

       Jason A. Nagi

**Offit | Kurman**®

Attorneys At Law

Trust. Knowledge. Confidence.

cc: All counsel (by ECF)

4846-5047-9103

# 286 Rider Ave Development LLC

679 Driggs Avenue
Brooklyn NY 11211

October 11, 2021

**By Email**
Be-Aviv 286 Rider LLC
42 Wooster Street, 2nd Fl.
New York, NY 10013
Attn: Ben Harlev and Eyal Epstein

Re:    **Loan to 286 Rider Ave Acquisition LLC in the Original Principal Amount of $8,000,000.00**

Messrs. Ben Harlev and Eyal Epstein:

I write with respect to the loan made to 286 Rider Ave Acquisition LLC in the Original Principal Amount of $8,000,000, memorialized by that certain Promissory Note dated September 19, 2019, collateralized by real property with an address of 286 Rider Avenue, Bronx, New York (the "**Loan**"). Pursuant to the terms of the Loan, we hereby demand that you provide a payoff letter with respect to the indebtedness.

Sincerely,

*Michael Lichtenstein*

Michael Lichtenstein

cc:    Joe Moldovan, Esq.
       Counsel for Be-Aviv 286 Rider LLC

# EXHIBIT 4

## Nagi, Jason

| | |
|---|---|
| **From:** | Nagi, Jason |
| **Sent:** | Friday, October 22, 2021 4:43 PM |
| **To:** | Moldovan, Joseph T. |
| **Cc:** | Kuhns, Joyce; dspelfogel@mayerbrown.com |
| **Subject:** | RE: 286 Rider |

Joe- I am following up on my client's communication regarding a payoff letter, sent on October 11, 2021--nearly two weeks ago--and on my follow up letter to you, sent 10/15.  It is now October 22nd; I have not received a substantive response to my inquiry, and my client has not received a payoff letter from Lender.  A lender cannot simultaneously maintain that it needs to be paid interest and also refuse to issue a payoff letter.  As I'm sure you know, refusal to issue a payoff letter will only serve to prevent the accumulation of interest based on this inequitable conduct, and increase liability for the Lender.

As a result, I must ask, again, to avoid this side-show and request that Lender issue a payoff letter that is reasonable, so we can put this saga behind us.

Best,



**Jason A. Nagi**

Chair - Distressed Real Estate
Head of FinTech
D 212.380.4108
M 646.251.3259
Jason.Nagi@offitkurman.com

590 Madison Ave
6th Floor
New York, NY 10022
T 212.545.1900
F 212.545.1656
offitkurman.com





---

**From:** Nagi, Jason <Jason.Nagi@offitkurman.com>
**Sent:** Monday, October 18, 2021 10:30 PM
**To:** Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>
**Cc:** Kuhns, Joyce <jkuhns@offitkurman.com>; dspelfogel@mayerbrown.com
**Subject:** RE: 286 Rider

Joe- Quite frankly, what matters is if, and when, your client will provide a payoff. We could have a conversation, but I do note that your client has yet to provide a payoff since the initial request, made October 11, 2021, and, that despite your email response to my emails from Friday, we have no payoff and no substantive response (i.e., I don't count this email exchange as a substantive response).

Best,



**Jason A. Nagi**

Chair - Distressed Real Estate
Head of FinTech
D 212.380.4108
M 646.251.3259
Jason.Nagi@offitkurman.com

590 Madison Ave
6th Floor
New York, NY 10022
T 212.545.1900
F 212.545.1656
offitkurman.com





---

**From:** Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>
**Sent:** Monday, October 18, 2021 5:22 PM
**To:** Nagi, Jason <Jason.Nagi@offitkurman.com>
**Cc:** Kuhns, Joyce <jkuhns@offitkurman.com>; dspelfogel@mayerbrown.com
**Subject:** RE: 286 Rider

Hi Jason – Shortly after I received Mr. Lichtenstein's letter, I received a call from Douglas Spelfogel of Mayer Brown, who is copied on this email. Mr. Spelfogel also asked for a payoff amount. I informed Mr. Spelfogel that I needed to understand who I need to be dealing with respect to the payoff request and asked if I was correct that at least with respect to discussing a financial resolution to this case and responding to the Lichtenstein letter, I only had to speak with Mr. Spelfogel. He responded "yes," I only had to speak with him.

I am indifferent as to who I or others on my team need to interact with on this matter, but I think it makes sense for us to respond to one lawyer from one firm on the payoff issue. Perhaps after you discuss this internally, you guys can let me know.

Thanks,

Joe

**Joseph T. Moldovan**
*Chair, Business Solutions, Restructuring & Governance Practice*
*Mediator, Complex Disputes*
T: 212.735.8603 |C: 917.693.9682 |F: 917.522.3103
jmoldovan@morrisoncohen.com
vCard | Bio | LinkedIn

**Morrison Cohen LLP**
909 Third Avenue
27th Floor
New York, NY 10022
www.morrisoncohen.com

**From:** Nagi, Jason <Jason.Nagi@offitkurman.com>
**Sent:** Monday, October 18, 2021 10:18 AM
**To:** Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>
**Cc:** Kuhns, Joyce <jkuhns@offitkurman.com>
**Subject:** RE: 286 Rider

**CAUTION:** External sender. Verify before continuing.

Joe- The attachment referenced in my letter from 10/15/21 is attached to this email.

Best,

 

**Jason A. Nagi**

Chair - Distressed Real Estate
Head of FinTech
D  212.380.4108
M  646.251.3259
Jason.Nagi@offitkurman.com

590 Madison Ave
6th Floor
New York, NY 10022
T  212.545.1900
F  212.545.1656
offitkurman.com





---

**From:** Nagi, Jason
**Sent:** Friday, October 15, 2021 5:32 PM
**To:** Moldovan, Joseph T. <jmoldovan@morrisoncohen.com>
**Cc:** Kuhns, Joyce <jkuhns@offitkurman.com>
**Subject:** 286 Rider

Joe- Please see attached letter.

Best,

 

**Jason A. Nagi**

Chair - Distressed Real Estate
Head of FinTech

590 Madison Ave
6th Floor
New York, NY 10022

D 212.380.4108
M 646.251.3259
Jason.Nagi@offitkurman.com

T 212.545.1900
F 212.545.1656
offitkurman.com






**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
Information contained in this transmission is attorney-client privileged and confidential.  It is solely intended for use by the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and delete this communication.

This transmittal and/or attachment (s) may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmittal and/or attachment(s) in error, please notify us immediately by reply or by telephone (call us collect at 212-735-8600) and immediately delete this message and all of its attachments. Thank you. We take steps to remove metadata in attachments sent by email, and any remaining metadata should be presumed inadvertent and should not be viewed or used without our express permission. If you receive an attachment containing metadata, please notify the sender immediately and a replacement will be provided.

This email has been scanned for email related threats and delivered safely by Mimecast.
For more information please visit http://www.mimecast.com

# EXHIBIT 5

# MorrisonCohen LLP

Latisha V. Thompson
Partner
(212) 735-8886
lthompson@morrisoncohen.com

October 20, 2021

**VIA ELECTRONIC MAIL** (ig@grlawpllc.com)
Israel Goldberg
Goldberg Law Group PLLC
14 Wall Street, Suite 2064
New York, New York 10005

Re:    Demand for Payoff Letter

Dear Israel:

As you know, we are counsel to Be-Aviv 286 Rider, LLC ("Lender"). We write in response to an October 14, 2021 e-mail from your client, Toby Moskovits, to the Lender, in which Ms. Moskovits demands a payoff letter with respect to the $8,000,000 Loan that Lender provided to 286 Rider Ave Acquisition LLC ("Borrower"). In her email, Ms. Moskovits asserts that as a guarantor, she is entitled to the payoff letter "[p]ursuant to the terms of the Loan and Guaranty." Ms. Moskovits is wrong. She has neither a contractual right nor a right at law to a payoff letter.

Ms. Moskovits executed an absolute and unconditional guaranty, pursuant to which she along with her co-guarantor waived "any defenses given to guarantors at law or in equity other than actual payment and performance of the Indebtedness." I can confirm that no part of the $8,000,000 Loan principal has been repaid to the Lender. Accordingly, and as determined by the court in *Be-Aviv 286 Rider, LLC v. Toby Moskovits and Yechial Michael Lichtenstein*, Index No. 654711/2021, the Guarantors remain liable for their full portion of liability under the Guaranty ($2,000,000) as well as legal fees (of $28,848.42) plus interest, to be determined by the court in that action.

To the extent you would like to discuss the foregoing, feel free to reach out to me. Please also note that all future correspondence with respect to this matter should be directed to my attention.

This letter is without waiver of any of the Lender's rights, which are all expressly reserved.

Respectfully,

*/s/ Latisha V. Thompson*

Latisha v. Thompson