**MORRISON COHEN LLP**
909 Third Avenue
New York, New York 10022
(212) 735-8600
Joseph T. Moldovan, Esq.
Terence K. McLaughlin, Esq.
David J. Kozlowski, Esq.

*Attorneys for Be-Aviv 286 Rider LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **286 RIDER AVE ACQUISITION LLC,** | Case No. 21-11298-LGB |
| Debtor. | |

**BE-AVIV 286 RIDER LLC'S RESPONSE TO MOTION OF 286 RIDER AVE DEVELOPMENT LLC, TOBY MOSKOVITS AND YECHIAL MICHAEL LICHTENSTEIN TO DISMISS BANKRUPTCY CASE PURSUANT TO 11 U.S.C. §305 OR §1112 BASED ON NEW EVIDENCE [1]**

Be-Aviv 286 Rider LLC ("**Lender**"), by its undersigned counsel, Morrison Cohen LLP, (a) files this response ("**Response**") to the Motion of 286 Rider Ave Development LLC ("**Development**"), Toby Moskovits ("**Moskovits**"), and Yechial Michael Lichtenstein ("**Lichtenstein**" and together with Moskovits and Development, "**Movants**") to Dismiss Bankruptcy Case Pursuant to 11 U.S.C. §305 or §1112 Based On New Evidence [Docket No. 111] ("**Motion**"), dated November 2,

---

[1] One or more of the Movants have brought three separate motions, all returnable for the same date of November 16, 2021, seeking (respectively) the appointment of a trustee, termination of the Debtors exclusivity period to propound a plan, and to dismiss the Debtor's case (collectively, the "**Three Motions**"). Rather than burdening the Court with duplicative responses to the Three Motions, this document shall serve as Lender's general response and will be incorporated by reference into each specific response Lender files to each of the Three Motions.

#10747250 v1 \029220 \0005

2021, and (b) joins in the response to the Motion filed by the Debtor. In support of this Response, Lender respectfully sets forth and represents as follows:

1. Lender's response will be brief and will ignore the baseless *ad hominem* statements in, *inter alia*, paragraphs 1, 22, 24, 26 and 29 of the Motion, except to direct the Court to the record of events in this case in noting that allegations that the Lender in any way instigated any activities leading to delays in this case are wholly, and simply, patently false.

2. Central to each argument made in each of its Three Motions is the repeated claim that the Lender does not have the rights clearly embedded in the Pledge[2] and that the Lender has chosen a course of action not authorized by law or the documents Development executed.

3. This Court has repeatedly held Lender does possess the rights it claims and repeatedly overruled Developments arguments:

> [Development] asserts that the lender's actions to exercise its pledge against the membership interest and the debtor owned by Development after the loan matured were unlawful and/or the lender's rights, with respect to the membership interest, are limited or should be limited to the economic proceeds as an owner of the debtor without being able to exercise voting and other rights. The Court disagrees.

Aug. 20, 2021 Hearing Transcript at p. 66:4–11;

> I understand your clients don't want to accept the reality of what happened which is that they decided to issue a pledge to the bank and the bank actually shockingly decided to exercise its rights under the pledge.

---

[2] "**Pledge**" herein refers to the *Membership Interest Pledge Agreement*, dated September 19, 2019, between 286 Rider Ave Development LLC and Be-Aviv 286 Rider LLC.

#10747250 v1 \029220 \0005

Oct. 5, 2021 Hearing Transcript at p. 64:9–12.

4.  Accordingly, and for all the reasons stated in the Debtor's papers in opposition to each of the Three Motions, which are incorporated as if fully set forth herein and to which Lender joins, no trustee should be appointed, exclusivity should not be terminated, and this case should not be dismissed.

5.  Lender also points out that Development has appealed this Court's October 5, 2021 Order denying Development's motion for of reconsideration of the Court's August 30, 2021 Order denying its initial motion to dismiss and submits that by doing so, Development has asked that the predicate and underlying issues and claims supporting Development's motion to appoint a trustee, its motion to terminate exclusivity, and its second motion to dismiss be resolved on that appeal.

6.  Specifically, in its statement of issues on appeal, Development asks the District Court:

> Whether the Bankruptcy Court erred in determining that the post-bankruptcy amendment of the Debtor's Operating Agreement to substitute an affiliate of the Lender as Debtor's managing member was not a violation of the automatic stay of 11 U.S.C. Section 362?
>
> Whether the Bankruptcy Court erred in finding that the post-bankruptcy amendment of the Debtor's Operating Agreement was not a violation of the automatic stay of the 11 U.S.C. Section 362 in the absence of any documentary or testimonial evidence on the record of the terms of, or circumstances surrounding, the amendment to the Debtor's Operating Agreement?
>
> Whether the Bankruptcy Court erred when it determined that New York General Obligations Law Section 5-334 did not render the Membership Interest Pledge Agreement between the Debtor/Pledgor

and Lender/Pledgee unenforceable and that the Bankruptcy Case was properly authorized and filed in good faith?

Whether the Bankruptcy Court erred when it determined that the exercise of the Membership Interest Pledge Agreement by the Lender/Pledgee and assignment of Debtor's member interests to Lender were in conformity with the Debtor's Operating Agreement and applicable New York law and the Bankruptcy Case was properly authorized and in good faith?

*Appellant 286 Rider Ave Development LLC's Statement of Issues to be Presented on Appeal and Designation of Items to be Included in Record on Appeal*, ¶¶ 1–4 [Docket No. 96].

7.      Lender submits that by virtue of its own appeal, Development has divested this Court of jurisdiction to consider any of the Three Motions. Lender's argument on this issue is set forth at length with all appropriate authorities in Debtor's response to Development's second motion to dismiss and is incorporated as if fully set forth herein.

8.      Development also repeats the argument that by exercising the rights under the Pledge, the Lender has "foreclosed" on the Pledge. This has led Moskovits and Lichtenstein to submit a letter to the State Court in connection with the Lender's separate suit against them as limited guarantors of Loan requesting that judgment not be entered against them, arguing that their obligations under the guaranty have been satisfied because the Lender "by foreclosing on the pledge" has satisfied the debt represented by the guaranty. A true and correct copy of that letter is annexed hereto as **Exhibit 1**.

#10747250 v1 \029220 \0005

9. This argument does not appear to have carried any weight with the State Court, which shortly after it was submitted to the State Court, entered judgment against the guarantors in the full amount of the limited guaranty in the amount of $2,000,0000, plus statutory interest at 9% in the amount of $122,301.37, and attorneys' fees in the amount of $28,848.42. A true and correct copy of the judgment is annexed hereto as **Exhibit 2**.

10. Development's strict foreclosure claim also fails for a very simple reason: the remedy of strict foreclosure under UCC Article 9 that allows a secured party to accept collateral either in full or partial satisfaction of a debtor's obligation, without an auction or judicial proceeding, requires under §9-620 the affirmative consent of both the debtor and creditor to the foreclosure and the acceptance of the collateral by the foreclosing creditor in full or partial satisfaction of the debt. That simply never happened here.

11. The Lender never sought to foreclose and the Borrower was never asked to nor did it voluntarily consent to a strict foreclosure. Development seems to think that this can occur by magic. It cannot. If it had happened, then the interesting result would be that Development would no longer be an equity holder and would have no basis to be heard on any aspect of this bankruptcy case, because it would no longer be a party in interest under 11 U.S.C. § 1109(b). But again, it never happened.

12. Finally, Development seems to be trying to make some point to the Court that because the Lender has not responded to its and its counsel's repeated

demands for the Lender to provide it with a Loan payoff letter that the Lender has acted inappropriately.

13. Lender has no idea what this is doing in the Motion or why various emails relating to the "pay off" are attached to the Declaration offered in support of the Motion. Lender was, is, and remains perplexed by these demands for a payoff. Surely Development's counsel knows that since the Borrower is in bankruptcy, the only way to "pay off" the Loan is in the bankruptcy case, which means that Development or its counsel will need to deal with Mr. Buchwald and Mr. Ringel who, as this Court has made clear several times, actually represent the Borrower.

14. The Debtor's property is now property of the estate under Section 541 of the Bankruptcy Code. The Lender cannot simply send the Debtor a payoff demand because that would be a stay violation—and that would certainly be inappropriate— and even if it could send such a letter and assuming the Debtor had the funds, which is does not, the Debtor could not simply make the payment to the Lender and then just keep the property and end the case; there are other creditors who have to get paid and the property must be sold to assure that those creditors get paid.

15. Assuming that Development is serious about wanting to resolve this case, it needs to do what this Court has already told it to do— show that it has the money. As this Court has stated to Development's counsel:

> … if your client really is talking about wanting a lot more time than what's likely to happen in a plan or a sale process, even if I -- even if we end up having an alternative of a plan bid, that's going to be something where there has to really be funds available. And money has to be

#10747250 v1 \029220 \0005

6

> shown. And the lender has to not be getting in a worse position for more time if there's more time here. …
>
> So I feel like there's been six months. Your client hasn't found the money so far. I don't mean that negatively, but if it had, we wouldn't be here. So it's just my saying to you that if this is how we move forward, and if that's how this goes, then you're going to have to -- you're going to have to -- your client's going to have to really put their money where their mouth is. That's really my phrase to you.

Aug. 30, 2021 Hearing Transcript at p. 53:13–19; 54: 3-9 (*emphasis added*).

16.    While the Lender very much would like to be paid what it is owed under the terms of the Loan, with the Borrower in a Chapter 11 proceeding, that can only occur in the bankruptcy case in accordance with the provisions of the Bankruptcy Code.

17.    The Debtor has filed a motion to retain a broker who will be retained to sell the Property in order to satisfy all allowed claims in this case, which include the claims of the Lender, all creditor claims, and the administrative costs of this chapter 11 case. If Development has the funds to do this, it should engage in discussions with Mr. Buchwald and it should stop wasting everyone's time and causing the estate to incur unnecessary administrative costs. It also bears noting that under the terms of the Loan, as is standard in secured loans, all attorney's fees and costs incurred by the Lender in connection with its collection efforts and this case increase the principal amount of the Loan on a dollar for dollar basis, which will leave fewer proceeds, if any, from the sale of the Property to unsecured creditors.

**JOINDER AND INCORPORATION BY REFERENCE**

18. Lender respectfully joins in, adopts as its own, and incorporates by reference as if fully set forth herein the entire contents of the Debtor's responsive papers in opposition to the Three Motions.

**CONCLUSION**

19. For all of the reasons stated above and for all of the reasons ably articulated by the Debtor in its responsive papers in opposition to each of the Three Motions, all of Development's motions—including this Motion—must be denied.

Dated: New York, New York
     November 9, 2021

                      MORRISON COHEN LLP

                      By: /s/ Joseph T. Moldovan
                          Joseph T. Moldovan, Esq.
                          Terence K. McLaughlin, Esq.
                          David J. Kozlowski, Esq.
                          909 Third Avenue
                          New York, New York 10022
                          (212) 735-8600

                      *Attorneys for Be-Aviv 286 Rider LLC*

#10747250 v1 \029220 \0005