**ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**

**875 THIRD AVENUE**

**NEW YORK, NEW YORK 10022**

**(212) 603-6300**

**FAX (212) 956-2164**

January 20, 2022

Fred B. Ringel
(212) 603-6301
fbr@robinsonbrog.com

<u>**VIA ECF and email**</u>
Hon. Lisa G. Beckerman
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   <u>In re 286 Rider Ave Acquisition LLC: Case No 21-11298 (LGB)</u>

Dear Judge Beckerman,

     We represent the debtor, 286 Rider Ave Acquisition LLC ("Debtor"), in the above-referenced matter. I write in response to Mr. Jason Nagi's letter to the Court of January 19, 2022, in which Development seeks to continue its habit of seeking relief without a proper motion or citation to authority by requesting entry of "a further order directing the Debtor and Lender[1] to provide the Information[2]." Although the request to the Debtor for the Information refers to data within the purview of the Lender only, the Letter from Mr. Nagi does request "the Court's assistance in compliance with the scheduling order entered on January 12, 2022 (the "Scheduling Order") [Dkt # 259]" and to "(2) direct Debtor to provide information by January 24, 2022, about the status of payment of any fees to Mr. Buchwald and any estimated fees for Mr. Buchwald and Debtor's counsel to close out the case."

     As we advised Mr. Nagi when rather than engage in a discussion of what he might need to move forward, he started unilaterally making demands for

---

[1] This letter response is only on behalf of the Debtor and its counsel. We expect Mr. Moldovan will respond on behalf of the Lender directly.

[2] Capitalized terms not defined herein shall have the same meaning ascribed to them in Mr. Magi's January 19th Letter.

{01134680.DOCX;2 }

Information and setting arbitrary deadlines to provide information, any information provided would be immediately out of date because of Developments continued litigation with the Debtor. At the same time, Nagi made disingenuous statements in the email, including that (i) the lender has been paid in full, (ii) all creditors were being dealt with while providing no evidence that was true, (iii) stating that "[my firm] had attested on the record that [my firm] was engaged by Ben Harlev and Be-Aviv when Mr. Nagi is well aware of ECF Doc. 16, this Court's Order approving the Debtor's retention of Robinson Brog, an order he tried unsuccessfully to have vacated during this case, (iv) Nagi's contention that "the only work you should be doing at this point is wrapping up on your bills to date" when (a) he has no right to direct my activities in this case, (b) his client continues to litigate the appeal from the denial of the order of reconsideration of dismissal of the chapter 11, which has since been remanded to this court, and (c) development is also is pursuing the appeal of the bid procedures order, which required significant work and the filing of a counterstatement of the issues on appeal and designation of items to be included in the record on appeal on January 18th to avoid defaulting on the appeal. When asked if Mr. Nagi's client was discontinuing either of those appeals, a source of significant fees (over $90,000) during January 2022, he did not reply but forced the Debtor (and the Lender) to continue to work on these appeals to avoid defaulting on them and to continue to work on other pending bankruptcy litigation. Mr. Nagi's also has contended that "This case is effectively over now that Lender has been paid in full" when there has been no such determination, and the auction scheduled for February 16th belies the fact that the case is not over. The amount of misinformation that Development can put into the record in one letter is astounding.

There is no basis for the relief that Development has requested. As the Court stated at the Hearing held on January 12th and set forth in the January 12th Scheduling Order, it is up to Development to file a supplement to their payoff motion specifying any additional supplemental relief they want based on the present circumstances. Transcript, 1/12/22. 74:25;75:1:4.The Scheduling Order doesn't require the Debtor to do anything other than timely file a response to the supplement to the payoff motion. As stated at the January 12th Hearing, the burden is on Development:

….right now, what's reasonable, is …to ask Development to supplement their motion and seek the Court's determination under 364 and 105, as to whether the DIP has been terminated, has been paid in full, to ask the Lender to provide an accounting of the amount that's been paid. And then ask the Lender, to the extent there's anything that is owed that hasn't been determined, such as if there's legal fees in connection with the DIP, to provide evidence of that. That seems like part of the Supplement, that would be permissible under the Code, between 364, 105 and my prior order with respect to the payment.
Transcript 1/12/22 74 24:25; 75 1:10

  I think what would be required is that within a week, ten days, that there be a supplement filed to this motion, as to what is being sought by the parties, and that we schedule a hearing on whatever is being sought. In other words, we adjourn this motion, it has to be supplemented, parties are given rights to object and then we hear, have to hear that before the 30 days are out.

Transcript 1/12/22  77 19:25.

  After the Court carefully explained what Development could request in its supplement, which required nothing from the Lender or the Debtor, Mr. Spelfogel agreed to a schedule for the hearing dates and responses to the supplement and a date, February 8th, by which Development was required to deposit funds in escrow to secure payment in full of all unpaid administrative expenses (including professional fees not paid through the DIP advances) and the Court set other deadlines and adjourned hearing dates.

  Contrary to Mr. Nagi's assertions both in his letter to the Court and his emails to the undersigned, nothing in the transcript or the Scheduling Order requires the Debtor to provide any information on a schedule unilaterally set by Mr. Nagi in connection with the Supplement Development must file by January 26th and there is no basis for entry of a further order requested by Development as it pertains to the Debtor. Thus, Development's request should be denied. However, were the Court inclined to consider it at all, and it should not, Development should be directed to bring the request in accordance with a proper motion.

            Respectfully submitted,

            /s/ Fred B. Ringel

            Fred B. Ringel

Cc: Greg Zipes, Esq.
   Joseph Moldovan, Esq.
   Douglas Spelfogel, Esq.
   Jason Nagi, Esq.
   Lee E. Buchwald, Esq.

{01134680.DOCX;2 }