**Hearing Date: February 10, 2022 at 10:00 a.m. (ET)**

**MAYER BROWN LLP**
Douglas Spelfogel
Leah Eisenberg
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910

*Special Counsel to 286 Rider Ave Development LLC*

**OFFIT KURMAN, P.A.**
Jason A. Nagi
590 Madison Avenue, 6th Floor
New York, NY 10022
Telephone: (212) 545-1900

and

Joyce A. Kuhns, Esq. (Admitted *Pro Hac Vice*)
300 East Lombard Street, Suite 2010
Baltimore, Maryland 21202
Telephone: (410) 209-6463

*Attorneys for 286 Rider Ave Development LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **286 Rider Ave Acquisition LLC,** | **Case No. 21-11298 (LGB)** |
| **Debtor.** | |

### SUPPLEMENT TO DEVELOPMENT'S MOTION TO CONFIRM DISPUTED PAYOFF AMOUNTS, SATISFACTION OF DIP LOAN, AND FOR RELATED RELIEF

286 Rider Ave Development LLC ("Development"), by and through its undersigned counsel Mayer Brown LLP and Offit Kurman, P.A., hereby submits this Supplement (the "Supplement") in support of its *Motion Confirming Disputed Payoff Amounts, Satisfaction of DIP*

745803160

*Loan, and for Related Relief* [ECF No. 218] (the "Motion"),[1] pursuant to Sections 105(a), 364, 502, 503, and 506 of the Bankruptcy Code, and in support thereof states as follows:

## SUPPLEMENT

1.        This Supplement is provided further to the Court's direction, in light of Development's tender of payment in full to Lender, and Development reaching agreement with all other creditors for the payment of their claims and resolution of the bankruptcy case.

2.        In advance of the January 12, 2022 hearing (the "January 12 Hearing") on the Motion, based on the Payoff Notice [ECF No. 257] provided by the Lender pursuant to the Court's prior direction, Development wired $11,918,974.12 (the "Lender Payoff") to the Lender, redeeming the Debtor Equity in full and final satisfaction of both the Debtor's prepetition debt to the Lender and the DIP Facility.[2]

3.        As a result of, amongst other things, the foregoing, this Court entered an order postponing the Auction until February 16, 2022.  In addition, at the January 12 Hearing, the Court discussed a framework for concluding the within case, once and for all, and setting the groundwork for an orderly dismissal of this bankruptcy case, which provided in relevant part as follows:

    a.        First, Development was authorized, to amongst other things, to file this supplement under Sections 364 and 105 of the Bankruptcy Code with respect to the relief sought, including: that the DIP Facility has been paid in full and terminated; to determine the amount of the Lender's secured claim under Section 506 of the Bankruptcy Code; to determine the amount of claims against the Debtor' estate pursuant to Section 502 of the Bankruptcy Code; and to determine the amount of administrative expenses pursuant to Section 503 of the Bankruptcy Code.

---

[1] Capitalized terms used by not defined herein have the meanings given in the Motion.  Development reserves the right to update or correct any numbers listed herein, based upon further review of the information available.

[2] While payment was made in the full amount Lender provided in the Payoff Letter (which included a fee "cushion" of $100,000.000), Lender has asserted that the actual fees due through the Payoff Date is $115,000 above the $100,000 "cushion" for a total of $215,000.00.

b.  Second, to the extent that Development and any creditor agree to deferred payment with respect to any outstanding amounts, Development must provide this Court with a signed copy of each agreement memorializing such arrangement.[3]

c.  Third, to the extent there are any amounts due, then Development must deposit into an escrow account an amount sufficient to satisfy any remaining claims, and allowable administrative expenses no later than February 8, 2022, at 5:00 p.m. (ET) (the "Funding Deadline"), other than those claims deferred pursuant to the preceding paragraph.

4.      For the reasons set forth in additional detail below, Development respectfully requests that this Court enter an order pursuant to Sections 105, 364, 502, 503, and 506 of the Bankruptcy Code fixing claims against the Debtor, confirming that the DIP Facility has been terminated, and upon payment of the open allowed administrative claims, if any, dismissing the subject bankruptcy case pursuant to Section 1112 of the Bankruptcy Code.[4]

A.      **The Lender's DIP Claim**

5.      First, with respect to the Lender, Development requests that this Court enter an order pursuant to Sections 364 and 503 of the Bankruptcy Code fixing the unpaid amount of the Lender's DIP claims at zero dollars.  As this Court is aware, Development made the Lender Payoff in advance of the January 12 Hearing, which included payment of $750,000.00 against the total aggregate DIP Loan as authorized by the Court.  In addition, while the Lender indicated that the DIP Loan will be fully disbursed[5], given that the Lender Payoff indicated that only a portion of the DIP Loan had been funded, and has been resisting requests for an accounting of the use and application of the amounts advanced under the DIP Facility, as evidenced by the letter field by Development and the other Equity Parties on January 19, 2022 (the "Information Request") [ECF

---

[3] As noted below, all prepetition claimants have either been paid or have agreed to deferred payments to be made outside the bankruptcy case.

[4] Development intends to submit a revised proposed order with its forthcoming February 8 filing.

[5] By email of even date, Mr. Ringel advised that such was fully disbursed.  Development is reviewing such.

No. 268], Development seeks an order directing the Lender to account for all disbursements made under the DIP Loan, including providing back-up for any fees and expense asserted by Lender with respect to the DIP Loan, and applying such amounts against allowed and approved administrative expense claims pursuant to further order of the court upon notice (and refunding Development any amounts not disbursed).

6.       With respect to Lender's pre-petition claim, the underlying claim has been paid in full pursuant to Development's redemption of the Debtor Equity.  Lender has asserted certain additional claims for attorneys' fees that more than double the estimates provided for in the Payoff Letter – a whopping $215,000.00 in legal fees in the first 18 days of the month of January, notwithstanding that Development has already paid off the Lender and most of the issues involving the Lender, including the pending appeals, are moot.[6]  Based upon the foregoing,  and without waiver of its rights, Development is reaching out to Lender to attempt to confirm the basis and back-up for payment of any additional amounts outside the Payoff Letter.

7.       With respect to pending actions, the Florida litigation against the Lender's principals (as previously noted in open court) has already been dismissed, and stipulations of voluntary dismissal for the pending New York actions have been provided to Lender's attorney. As such, the stipulations merely need to be signed by the Lender's and nominal Debtor's attorneys, which Lender has refused to do.[7]  The pending appeals filed in this bankruptcy case will be conclusively mooted upon dismissal of the case, at which time (if not sooner) they can be dismissed

---

[6] Additionally, given the posture of the bankruptcy case, it appears as though a significant portion of the fees incurred by counsel represent fees incurred to assert their right to fees, both of which must be disallowed.  *See Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 135 (2015) (noting that only reasonable fees may be awarded and holding that fees incurred in defense of a fee application may not be awarded).

[7] The Lender is insisting upon obtaining dismissals with prejudice and releases of claims, which this Court already said it would not require.

consensually without added cost.  Pending such time, and provided the parties are prepared to proceed in good faith, Development too is agreeable to adjourning any briefing schedules to facilitate the process set forth herein to pay off the remaining claims and resolve this bankruptcy case.  Finally, Development is not seeking an order from this Court confirming that the Debtor Equity has been redeemed.[8]

## B.    Other Claims Against The Estate

8.    Next, with respect to the claims filed in the case, only five proofs of claim were filed in advance of the December 14 general claims bar date and the January 11 government claims bar date.  Development has reached agreement with the four claims other than the Lender's for payment outside of the bankruptcy case and the fifth has already been paid.

9.    Pursuant to the terms of the agreements (collectively, the "Stipulations"), copies of which are attached hereto as **Exhibit B**,[9] Development reached agreements executed with each such creditors, whereby the creditors and Development expressly agree to payment on account of their respective claims outside of the bankruptcy case.  Further, the Creditor Parties (defined below) waive any requirement for escrowing such funds and request dismissal of the chapter 11 case.  In addition, based upon discussions with the Debtor, U.S. Trustee, and Lender, Development is in the process of obtaining additional agreements with the Creditor Parties to confirm that upon the dismissal of the subject case the Creditors Parties will withdraw their respective claims against the Debtor (and will be paid by Development outside the bankruptcy case).  The Stipulations entered are with Development and the creditors as follows (collectively, the "Creditor Parties"):

---

[8] Any additional issues with respect to the redemption of the Debtor Equity are outside this Court's jurisdiction, as previously acknowledged by Lender.

[9] Based on feedback from the United States Trustee, the parties are working on presenting revised stipulations  which also would include withdrawal of the Creditor Parties' claims, which the U.S. Trustee indicated would be necessary before dismissal of the subject case.   Such will be filed with Development's February 8 reply.

    a.   286 Rider Associates LLC;

    b.   Fischer & Makooi Architect;

    c.   Titan Engineering PC; and

    d.   Environmental Business Consultants.

10.    The Creditor Parties also transmitted ballots rejecting the nominal Debtor's plan of reorganization which renders the nominal Debtor's plan non confirmable and moot.  True and correct copies of these ballots are attached hereto as **Exhibit C**.

11.    Additionally, the claim of the New York City Department of Finance has been fully paid, and a copy of the payment receipt is attached hereto as **Exhibit D**.

## C.    Administrative Expense Claims

12.    Robinson Brog circulated an email on January 24, 2022 (at 11:59 p.m.) asserting administrative claims outstanding through January 23, 2022.[10]  While Development hopes to work with the Debtor to address questions raised by same, the submission appears to purposely and unreasonably inflate the amounts due for such claims.  For example, listed in the requests, is a claim for $472,500.00 purportedly due to Rosewood Realty Group for commission on a sale of the property.  However, no sale has been consummated (the plan has been rejected by all general creditors and is consequently mooted), and the conditions precedent to a broker fee being due have not been satisfied [ECF 163].

---

[10] Buchwald Capital:  $74,426.00
   Robinson Brog: $575,189.92
      o   $575,189.92 in purported accrued fees and expenses
      o   While not stated, if there remains an unapplied retainer, the net balance would be reduced to $546,031.92 (with credit for $29,158.00 in unapplied retainer)
      o   After application of payments purported to have been made today, the net due to RB is $217,420.
   Rosewood Realty Group: $12,500.00 Consulting Fees
   Rosewood Realty Group:   $472,500.00 commissions

13.     In addition, Robinson Brog lists some $575,189.92 in alleged fees on top of the approximately $242,181.60 in fees and expenses advanced from DIP per November 18, 2021 order [ECF No. 161], plus an additional $85,000 in estimated fees - -simply to file fee applications – for a staggering total of over $900K.

14.     Development submits that such estimates are overstated, and that the fees are unreasonable and excessive.  In addition, without any back-up and/or fee application, Development should not be required to post a deposit to cover the overstated amounts.  Here, after application of the funds advanced under the DIP Loan (an additional approximately $409,485.00 was represented to have been drawn today as noted above, including $328,611.27 paid to Robinson Brog and $80,873.73 (the "Fee Escrow") deposited in a professional fee escrow), Robinson Brog is current with payments due under the monthly fee order entered in this case.  The Fee Escrow is available to fund additional professional fees, if any, as may be allowed by the Court.  Further, Development is posting an additional escrow discussed below, above the Fee Escrow, which would be available to cover additional fees and expenses that may ultimately be approved, all of which aggregates approximately 80% of the additional amount asserted -- tracking the standard holdback applied in this chapter 11 case, and which together with the prior payments aggregates $642,181.60.  Payment with respect to the holdback balance is discussed below.

15.     Buchwald Capital lists amounts due of $74,426.00 in the RB email.  However Development has not been provided with any support substantiating that additional fees are due given prior payments from the DIP Loan.  Development is reaching out to Robinson Brog to obtain clarification regarding such.  In the meantime, Development submits that the Fee Escrow, together with the miscellaneous additional escrow to be posted by Development more than cover any such amounts.

16.    Rosewood Realty Corp, is listed with a consulting fee due of $12,500, which is covered by the additional escrow. No other amounts are due to Rosewood.

17.    In addition, as noted above, Robinson Brog asserts estimated future fees of $85,000.00 for itself, plus $26,500.00 for Mr. Buchwald. Given that all creditors have agreed to payment outside the bankruptcy case and dismissal, and that there is nothing else remaining to do in the case other than file final fee applications, Development submits that these estimates are not supportable. Development is seeking an updated estimate in light of the foregoing, either by agreement of the parties, or upon order of the Court.

18.    Accordingly, Exhibit A will be supplemented following the nominal Debtor's February 4 filing deadline to reflect whatever additional information the nominal Debtor and the Lender and its counsel are willing to provide with verification. In the interim, Development agrees to set up an escrow with an initial funding of $118,000.00, which in addition to Fee Escrow (together such amounts of both escrows aggregate approximately $200,000).[11] Any additional amounts required, if any, will be addressed through a supplemental funding of the escrow, upon submission of back-up documentation and verification of such, and entry of an order by the Court substantially in form annexed hereto approving the framework for resolution of the case.

19.    In this regard, consistent with this Court's January 12 order, on or before February 8, 2022, Development will have established an escrow account (the "Escrow Account") at a bank appearing on the Office of the United States Trustee's list of approved depository institutions.[12]

---

[11] $750,000 DIP Loan availability, less approximately $242,182 in fees and expenses advanced to Robinson Brog (out of a total of $342,181.60 in DIP advances) in accordance with the two monthly operating reports filed [ECF 212 and 266]. Today, per notice, Robinson Brog reported that the remainder of the DIP Loan was funded, including additional payments to Robinson Brog of $328,611.27. As noted above, Development is reviewing the foregoing.

[12] While Development has begun the process to open the Escrow Account, to extent that KYC or other issues remain pending, Development will escrow such funds with counsel pending the account's opening.

In addition, given the withdrawal of the State Court Actions, and the payment to Lender in the amount of nearly $12 million, once the estimated fees are paid through the January 12, 2022 payoff, no other amounts are due to Lender. Even, assuming, *arguendo*, that Lender contends otherwise, this is an issue that only affects the redemption of the Debtor Equity, and will be addressed, if necessary, by agreement or outside of the bankruptcy, as such rights has nothing to do with bankruptcy.

20.     Likewise, while Development does not have access to the information necessary to compute the final statutory United States Trustee quarterly fees that are due and owing (and Development has reached out to the U.S. Trustee to confirm such), according to the most recent information publicly available and/or provided by the U.S. Trustee, the Debtor is current with U.S. Trustee fees through the 3rd Quarter of 2021. This would leave the 4th Quarter 2021 and 1st Quarter 2022 in amounts that would become due for UST fees. Based upon the operating reports, the only disbursements in 4th Quarter 2021 were payments to Robison Brog for professional fees in the amount of $242,181.60, resulting in a quarterly fee in the amount of $968.74. Estimated disbursements for 1st Quarter 2022 are limited to the open fees noted above, which aggregate (assuming approved) $[672,140], resulting in a quarterly fee in the amount of $[2,688.56]. Accordingly, that amount to cover necessary quarterly fees will be escrowed and incorporated into Exhibit A. The Parties, including the U.S. Trustee, Debtor, Lender, and Development met by phone to discuss resolution of the instant case.

21.     As per above, the creditors' claims have been resolved, leaving the only outstanding issue concerning the opaque claims asserted by counsel for the Debtor and Lender. Development is hopeful to narrow and/or resolve the issues relating to such in advance of the upcoming hearing. Irrespective, Development submits that in light of agreements reached with all creditors, and the

payoff of the Lender, and given that the remaining issues are solely respecting payment of outstanding legal fees, these should be addressed promptly and the case should thereafter be dismissed.

22.    Accordingly, on or before February 8, 2022, Development will fund the Escrow Account with an amount of $118,000.00, including estimated amounts due for UST fees, plus together with the Fee Escrow, available cash will approximate $200,000.00, as set forth on **Exhibit A** hereto.  It should be noted, that Development expressly reserves its right to object to any professional fees and expenses, and that posting the escrow shall not be  construed as a waiver of the obligations for Debtor's professionals to file applications for approval of compensation, Lender's duty to account, and Development's right to object to such.

**D.**    **Case Management**

23.    In light of the foregoing, Development respectfully requests that following the February 8 deadline to fund the Escrow Account and the February 10 hearing on the Motion and this Supplement, this Court enter an order pursuant to Section 105(a) of the Bankruptcy Code cancelling the Auction (or otherwise tolling and suspending the auction without date) pending dismissal of the case.  In addition, upon allowance of the open administrative claims and payment from the Escrow Account, Development submits that there will be no creditors remaining, and no reason to continue the Chapter 11 case, and accordingly, the case should be dismissed under Section 1112 of the Bankruptcy Code.

24.    Development also requests an order scheduling final fee applications as provide for in the annexed proposed order.  Development additionally requests that, in advance of the February 10 hearing, this Court enter an order adjourning the hearing on confirmation of the Debtor's proposed plan of liquidation, if not continued already, which is currently scheduled for February 9, 2022 at 10:00 a.m. (ET).

**CONCLUSION**

25.     As Development has promised all along, it put up sufficient money to take out the Lender so that the Debtor can escape from this bankruptcy case intact without harming any of its creditors, equity holders, or other interested parties.  As set forth above, Development fully intends to ensure that all allowed creditors are paid in full, whether up front through funds placed in the Escrow Account, or pursuant to the agreement of those creditors who are requesting that the bankruptcy case be dismissed. While the outstanding issue is additional information required to confirm the final numbers with respect to amounts due for legal bills, Development fully intends to supplement the escrow once additional documentation is provided to confirm any additional amounts due, and subject to entry of an order substantially in form attached.  Accordingly, this Court should approve of the claims payment procedures requested by this Court and set forth in this Supplement, and terminate further proceedings with respect to the Auction and the nominal Debtor's proposed liquidation plan, and dismiss the instant case.

WHEREFORE Development respectfully requests that the Court grant the relief requested in the Motion and this Supplement and such other and further relief as it deems just and proper.

Dated:  January 26, 2022
         New York, New York

Respectfully submitted,

By:  _/s/ Douglas Spelfogel_
Douglas Spelfogel
Leah Eisenberg
Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910
Email: dspelfogel@mayerbrown.com
          leisenberg@mayerbrown.com

*Special Counsel to 286 Rider Ave Development LLC*

**OFFIT KURMAN, P.A.**

Jason A. Nagi
590 Madison Avenue, 6th Floor
New York, NY 10022
Telephone: (212) 545-1900
Email: jason.nagi@offitkurman.com

and

Joyce A. Kuhns, Esq. (Admitted *Pro Hac Vice*)
300 East Lombard Street, Suite 2010
Baltimore, Maryland 21202
Telephone: (410) 209-6463
Email: jkuhns@offitkurman.com

*Attorneys for 286 Rider Ave Development LLC*

**Exhibit A**

**Escrow Schedule**

| Claimant / Payee | Escrowed Amount | Description |
|---|---|---|
| New York City Department of Finance | N/A | Claim No. 1 for $55,664 (See Exhibit D) |
| Environmental Business Consultants | N/A | Claim No. 2 for $9,985.00 (See Exhibit B) |
| 286 Rider Associates LLC | N/A | Claim No. 3 for $1,178,725 (See Exhibit B) |
| Titan Engineers PC | N/A | Claim No. 4 for $50,000 (See Exhibit B) |
| Fischer & Makooi Architects | N/A | Claim No. 5 for $60,000 (See Exhibit B) |
| Buchwald Capital | [to be determined] | Budgeted expenses for Debtor's manager |
| Robinson Brog Lienwand Green Genovese & Gluck P.C. | [to be determined] | Accrued unpaid attorneys' fees for Debtor's counsel |
| Morrison Cohen LLP | [to be determined] | Outstanding and estimated attorneys' fees reimbursable under DIP Facility. |
| United States Trustee Fees | [$3,657.30+] | Estimated |
| Additional Miscellaneous Potential Expenses | $25,000.00 | Provided solely to ensure an adequate cushion. |
| **Total** | | |

**<u>Exhibit B</u>**

**Creditor Stipulations**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

      286 Rider Ave Acquisition LLC,

                     Debtor.

Chapter 11

Case No.  21-11298-lgb

## STIPULATION BETWEEN 286 RIDER DEVELOPMENT LLC
## AND ENVIRONMENTAL BUSINESS CONSULTANTS
## CONCERNING TREATMENT OF CLAIM

WHEREAS, on July 15, 2021, 286 Rider Acquisition LLC ("**Debtor**") filed a Chapter 11 petition for reorganization (the "**Bankruptcy Case**");

WHEREAS, on August 5, 2021 286 Rider Ave Development LLC ("**Development**") filed a motion to dismiss the Bankruptcy Case [Dkt # 17];

WHEREAS, on November 19, 2021 Environmental Business Consultants ("**Claimant**") filed a proof of claim in the amount of $9,985.00 (the "**Claim**");

WHEREAS, on January 18, 2022 Claimant filed the attached Ballot for Accepting or Rejecting Amended Plan of Reorganization of 286 Rider Ave Acquisition LLC for Class 4 General Unsecured Claims ("**Claimant's Ballot**") *rejecting* the Amended Plan of Reorganization of 286 Rider Ave Acquisition LLC, and delivered Claimant's Ballot to counsel for the Debtor by regular mail and email;

WHEREAS, on January 19, 2022,  Development filed the attached Ballot for Accepting or Rejecting Amended Plan of Reorganization of 286 Rider Ave Acquisition LLC for Class 5 Existing Equity Interests *rejecting* the Amended Plan of Reorganization of 286 Rider Ave Acquisition LLC, and delivered Development's Ballot to counsel for the Debtor by regular mail

and email;

IT IS HEREBY STIPULATED AND AGREED THAT:

1.    The above clauses are fully incorporated into this Stipulation and Order;

2.    Claimant and Development have consented to the following treatment, with payment to be made directly to Claimant, outside of the Bankruptcy Case, in full and final satisfaction of the Claim:

    a.    Development shall pay $6,500.00 to Claimant after the dismissal of the Bankruptcy Case, and payment shall be made outside of the Bankruptcy Case;

    b.    Development does not need to escrow any funds it has agreed to pay Claimant.

3.    Claimant supports the dismissal of the Bankruptcy Case, and Claimant does not wish for any further proceedings to take place in the Bankruptcy Case in front of Judge Bekerman, other than the full and complete dismissal of the Bankruptcy case;

4.    This stipulation may be signed in counterparts, and electronic, facsimile and .PDF copies of signatures shall be treated as originals for all intents and purposes.

Dated: New York, New York
      January 19, 2022

**286 RIDER AVE DEVELOPMENT LLC**

By: _____
Its: Managing Member

**ENVIRONMENTAL BUSINESS CONSULTANTS**

By: _____    1/21/2022
Its: Authorized Signatory

*KEVIN BRUSSEE*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

    286 Rider Ave Acquisition LLC,

                    Debtor.

Chapter 11

Case No. 21-11298-lgb

## STIPULATION BETWEEN 286 RIDER DEVELOPMENT LLC AND 286 RIDER ASSOCIATES LLC CONCERNING TREATMENT OF CLAIM

WHEREAS, on July 15, 2021, 286 Rider Acquisition LLC ("**Debtor**") filed a Chapter 11 petition for reorganization (the "**Bankruptcy Case**");

WHEREAS, on August 5, 2021 286 Rider Ave Development LLC ("**Development**") filed a motion to dismiss the Bankruptcy Case [Dkt # 17];

WHEREAS, on August 30, 2021 286 Rider Associates LLC ("**Claimant**") joined in Development's motion to dismiss [Dkt# 38];

WHEREAS, on December 14, 2021, Claimant filed a proof of claim in the amount of $1,117,825 (the "**Claim**")

WHEREAS, on January 20, 2022 Claimant filed the attached Ballot for Accepting or Rejecting Amended Plan of Reorganization of 286 Rider Ave Acquisition LLC for Class 3 Other Secured Claims ("**Claimant's Ballot**") *rejecting* the Amended Plan of Reorganization of 286 Rider Ave Acquisition LLC, and delivered Claimant's Ballot to counsel for the Debtor by regular mail and email;

WHEREAS, on January 19, 2022 286 Rider Ave Development LLC ("**Development**") filed the attached Ballot for Accepting or Rejecting Amended Plan of Reorganization of 286 Rider



Ave Acquisition LLC for Class 5 Existing Equity Interests *rejecting* the Amended Plan of

Reorganization of 286 Rider Ave Acquisition LLC, and delivered Development's Ballot to counsel

for the Debtor by regular mail and email;

IT IS HEREBY STIPULATED AND AGREED THAT:

    1.    The above clauses are fully incorporated into this Stipulation and Order

    2.    Claimant and Development have consented to the following treatment, with

payment to be made directly to Claimant, outside of the Bankruptcy Case, in full and final

satisfaction of the Claim:

    a.    Development shall pay, outside of the Bankruptcy Case, the following amount of

        $1,327,865 in agreed upon payments per a separate agreement.

    b.    Development does not need to escrow any funds it has agreed to pay Claimant;

    3.    Claimant supports the dismissal of the Bankruptcy Case, and Claimant does not

wish for any further proceedings to take place in the Bankruptcy Case in front of Judge Bekerman,

other than the full and complete dismissal of the Bankruptcy case.

    4.    This stipulation may be signed in counterparts, and electronic, facsimile and .PDF

copies of signatures shall be treated as originals for all intents and purposes.

Dated: New York, New York
      January __, 2022

**286 RIDER AVE DEVELOPMENT LLC**    **286 RIDER ASSOCIATES LLC**

By: _____    By: _____
Its: Managing Member        Its: Authorized Signatory

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

     286 Rider Ave Acquisition LLC,

                  Debtor.

Chapter 11

Case No.  21-11298-lgb

**STIPULATION BETWEEN 286 RIDER DEVELOPMENT LLC
AND TITAN ENGINEERS PC
<u>CONCERNING TREATMENT OF CLAIM</u>**

WHEREAS, on July 15, 2021, 286 Rider Acquisition LLC ("**Debtor**") filed a Chapter 11 petition for reorganization (the "**Bankruptcy Case**");

WHEREAS, on August 5, 2021 286 Rider Ave Development LLC ("**Development**") filed a motion to dismiss the Bankruptcy Case [Dkt # 17];

WHEREAS, on August 30, 2021 Titan Engineers PC ("**Claimant**") joined in Development's motion to dismiss [Dkt# 38];

WHEREAS, on December 14, 2021, Claimant filed a proof of claim in the amount of $50,000.00 (the "**Claim**");

WHEREAS, on 19, 2022, Claimant filed the attached Ballot for Accepting or Rejecting Amended Plan of Reorganization of 286 Rider Ave Acquisition LLC for Class 4 General Unsecured Claims ("**Claimant's Ballot**") *rejecting* the Amended Plan of Reorganization of 286 Rider Ave Acquisition LLC, and delivered Claimant's Ballot to counsel for the Debtor by regular mail and email;

WHEREAS, on January 19, 2022 Development filed the attached Ballot for Accepting or Rejecting Amended Plan of Reorganization of 286 Rider Ave Acquisition LLC for Class 5

Existing Equity Interests *rejecting* the Amended Plan of Reorganization of 286 Rider Ave Acquisition LLC, and delivered Development's Ballot to counsel for the Debtor by regular mail and email;

IT IS HEREBY STIPULATED AND AGREED THAT:

    1.    The above clauses are fully incorporated into this Stipulation and Order;

    2.    Claimant and Development have consented to the following treatment to be made directly to Claimant, outside of the Bankruptcy Case, in full and final satisfaction of the Claim:

        a.   Development shall pay $50,000 to Claimant after the dismissal of the Bankruptcy Case, and payment shall be made outside of the Bankruptcy Case;

        b.   Development does not need to escrow any funds it has agreed to pay Claimant.

    3.    Claimant supports the dismissal of the Bankruptcy Case, and Claimant does not wish for any further proceedings to take place in the Bankruptcy Case in front of Judge Bekerman, other than the full and complete dismissal of the Bankruptcy case.

    4.    This stipulation may be signed in counterparts, and electronic, facsimile and .PDF copies of signatures shall be treated as originals for all intents and purposes.

Dated: New York, New York
       January __, 2022

**286 RIDER AVE DEVELOPMENT LLC**    **TITAN ENGINEERS PC**

By: _____    By: _____
   Its: Managing Member          Its: Authorized Signatory

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

    286 Rider Ave Acquisition LLC,                    Chapter 11

                                                       Case No.  21-11298-lgb
                Debtor.

## STIPULATION BETWEEN 286 RIDER DEVELOPMENT LLC
## AND FISCHER & MAKOOI ARCHITECTS
## CONCERNING TREATMENT OF CLAIM

WHEREAS, on July 15, 2021, 286 Rider Acquisition LLC ("**Debtor**") filed a Chapter 11

petition for reorganization (the "**Bankruptcy Case**");

WHEREAS, on August 5, 2021 286 Rider Ave Development LLC ("**Development**")

filed a motion to dismiss the Bankruptcy Case [Dkt # 17];

WHEREAS, on August 30, 2021 Fischer & Makooi Architects ("**Claimant**") joined in

Development's motion to dismiss [Dkt# 38];

WHEREAS, on December 14, 202, Claimant filed a proof of claim in the amount of

$60,000.00 (the "**Claim**");

WHEREAS, on January 19, 2022 Claimant filed the attached Ballot for Accepting or

Rejecting Amended Plan of Reorganization of 286 Rider Ave Acquisition LLC for Class 4

General Unsecured Claims ("**Claimant's Ballot**") *rejecting* the Amended Plan of Reorganization

of 286 Rider Ave Acquisition LLC, and delivered Claimant's Ballot to counsel for the Debtor by

regular mail and email;

WHEREAS, on January 19, 2022 286 Rider Ave Development LLC ("**Development**")

filed the attached Ballot for Accepting or Rejecting Amended Plan of Reorganization of 286

Rider Ave Acquisition LLC for Class 5 Existing Equity Interests *rejecting* the Amended Plan of

Reorganization of 286 Rider Ave Acquisition LLC, and delivered Development's Ballot to

counsel for the Debtor by regular mail and email;

IT IS HEREBY STIPULATED AND AGREED THAT:

1.      The above clauses are fully incorporated into this Stipulation and Order

2.      Claimant and Development have consented to the following treatment, with

payment to be made directly to Claimant, outside of the Bankruptcy Case, in full and final

satisfaction of the Claim:

   a.  Development shall pay $60,000 to Claimant after the dismissal of the Bankruptcy

       Case, outside of the Bankruptcy Case;

   b.  Development does not need to escrow any funds it has agreed to pay Claimant.

3.      Claimant supports the dismissal of the Bankruptcy Case, and Claimant does not

wish for any further proceedings to take place in the Bankruptcy Case in front of Judge

Bekerman, other than the full and complete dismissal of the Bankruptcy case

4.      This stipulation may be signed in counterparts, and electronic, facsimile and .PDF

copies of signatures shall be treated as originals for all intents and purposes.

Dated: New York, New York
      January 20, 2022

**286 RIDER AVE DEVELOPMENT LLC**          **FISCHER & MAKOOI ARCHITECTS**

By: _____                 By: _____
   Its: Managing Member                        Its: Authorized Signatory

**<u>Exhibit C</u>**

**Creditor Ballots**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

In re:

**286 RIDER AVE ACQUISITION LLC,**

Debtors.

-------------------------------------------------------X

Chapter 11

Case No.: 21-11298-lgb

## BALLOT FOR ACCEPTING OR REJECTING
## AMENDED PLAN OF REORGANIZATION OF 286 RIDER AVE
## ACQUISITION LLC FOR CLASS 4 GENERAL UNSECURED CLAIMS

286 Rider Ave Acquisition LLC (the "Debtor"), filed the *Amended Plan of Reorganization of 286 Rider Ave Acquisition LLC*, dated January 5, 2022 (the "Plan"). The Bankruptcy Court has preliminarily approved the *Amended Disclosure Statement for Plan of Reorganization of 286 Rider Ave Acquisition LLC* (the "Disclosure Statement"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You should review the Disclosure Statement and Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class 4 under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the holders of (i) at least two-thirds in amount and more than one-half in number of allowed claims in each class voting on the Plan and (ii) at least two-thirds in amount of allowed equity security interests in each class voting on the Plan. To have your vote count, you must complete and return this Ballot.

TO BE COUNTED, YOUR COMPLETED BALLOT MUST BE RECEIVED BY 4:00 P.M. EASTERN TIME, ON FEBRUARY 4, 2022, BY ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C., 875 THIRD AVENUE, NEW YORK, NEW YORK 10022, ATTN: FRED B. RINGEL, TELEPHONE: (212) 603-6301

**ITEM I.**        **INDICATE DOLLAR AMOUNT OF YOUR CLAIM:** $ _6,500.00 *_

**ITEM II.**        **INDICATE YOUR VOTE TO ACCEPT OR REJECT THE PLAN BY MARKING THE APPROPRIATE BOX:**

☐ Accept the Plan        ☒ Reject the Plan

**ITEM III.**        By signing this Ballot, the undersigned certifies that he or she has been provided with a copy of the Disclosure Statement and the Plan.

**ITEM IV.**        By signing this Ballot, the undersigned hereby certifies that he or she has full power and authority to vote to accept or reject the Plan.

* Claimant is voting the amount of its proof of claim. Claimant has reached a settlement with 286 Rider Ave Development LLC to accept a lower payment directly from Development in full and final satisfaction of its claim.

{01129307.DOC;1 }        1

**ITEM V.**    **PROVIDE YOUR NAME AND ADDRESS** (Please print or type):

Kevin Brussee

_____
(Name)

EBC (Environmental Business Consultants)
_____
(Title - if applicable)

_____
(Company - if applicable)

1808 Middle Country Rd
_____
(Address)

Ridge, New York                                    11961
_____
(City)        (State)                              (Zip Code)

**ITEM VI.**    **SIGN AND DATE YOUR VOTE:**

_____          1/19/2022
Signature                                  Date

Title (if applicable)

VICE PRESIDENT

{01129307.DOC;1 }                    2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X

In re:

**286 RIDER AVE ACQUISITION LLC,**

Debtors.

------------------------------------------------------X

Chapter 11

Case No.: 21-11298-lgb

### BALLOT FOR ACCEPTING OR REJECTING
### AMENDED PLAN OF REORGANIZATION OF 286 RIDER AVE
### ACQUISITION LLC FOR CLASS 4 GENERAL UNSECURED CLAIMS

286 Rider Ave Acquisition LLC (the "Debtor"), filed the *Amended Plan of Reorganization of 286 Rider Ave Acquisition LLC*, dated January 5, 2022 (the "Plan"). The Bankruptcy Court has preliminarily approved the *Amended Disclosure Statement for Plan of Reorganization of 286 Rider Ave Acquisition LLC* (the "Disclosure Statement"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You should review the Disclosure Statement and Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class 4 under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the holders of (i) at least two-thirds in amount and more than one-half in number of allowed claims in each class voting on the Plan and (ii) at least two-thirds in amount of allowed equity security interests in each class voting on the Plan. To have your vote count, you must complete and return this Ballot.

TO BE COUNTED, YOUR COMPLETED BALLOT MUST BE RECEIVED BY 4:00 P.M. EASTERN TIME, ON FEBRUARY 4, 2022, BY ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C., 875 THIRD AVENUE, NEW YORK, NEW YORK 10022, ATTN: FRED B. RINGEL, TELEPHONE: (212) 603-6301

| | |
|---|---|
| ITEM I. | INDICATE DOLLAR AMOUNT OF YOUR CLAIM: $ 9985.00* |
| ITEM II. | INDICATE YOUR VOTE TO ACCEPT OR REJECT THE PLAN BY MARKING THE APPROPRIATE BOX: |

☐ Accept the Plan      ☒ Reject the Plan

| | |
|---|---|
| ITEM III. | By signing this Ballot, the undersigned certifies that he or she has been provided with a copy of the Disclosure Statement and the Plan. |
| ITEM IV. | By signing this Ballot, the undersigned hereby certifies that he or she has full power and authority to vote to accept or reject the Plan. |

* Claimant is voting the amount of its proof of claim. Claimant has reached a settlement with 286 Rider Ave Development LLC to accept a lower payment directly from Development in full and satisfaction of its claim.

{01129307.DOC;1 }                                        1

ITEM V.    PROVIDE YOUR NAME AND ADDRESS (Please print or type):

Kevin Brussee

_(Name)_

_(Title - if applicable)_

EBC (Environmental Business Consultants)

_(Company - if applicable)_

1808 Middle Country Rd

_(Address)_

Ridge, New York                                    11961

_(City)        (State)_                              _(Zip Code)_

ITEM VI.    SIGN AND DATE YOUR VOTE:

_Signature_                                          1/19/2022

                                                     _Date_

_Title (if applicable)_

VICE PRESIDENT

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

In re:                                                Chapter 11

286 RIDER AVE ACQUISITION LLC,                        Case No.: 21-11298-lgb

                        Debtors.

------------------------------------------------------X

## BALLOT FOR ACCEPTING OR REJECTING
## AMENDED  PLAN OF REORGANIZATION OF 286 RIDER AVE
## ACQUISITION LLC FOR CLASS 3 OTHER SECURED CLAIMS

       286 Rider Ave Acquisition LLC (the "Debtor"), filed the *Amended Plan of Reorganization of 286 Rider Ave Acquisition LLC,* dated January 5, 2022 (the "Plan"). The Bankruptcy Court has preliminarily approved the *Amended Disclosure Statement for Plan of Reorganization of 286 Rider Ave Acquisition LLC* (the "Disclosure Statement"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

       You should review the Disclosure Statement and Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class 3 under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

       The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the holders of (i) at least two-thirds in amount and more than one-half in number of allowed claims in each class voting on the Plan and (ii) at least two-thirds in amount of allowed equity security interests in each class voting on the Plan. To have your vote count, you must complete and return this Ballot.

       TO BE COUNTED, YOUR COMPLETED BALLOT MUST BE RECEIVED BY 4:00 P.M. EASTERN TIME, ON FEBRUARY 4, 2022, BY ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C., 875 THIRD AVENUE, NEW YORK, NEW YORK 10022, ATTN: FRED B. RINGEL, TELEPHONE: (212) 603-6301

ITEM I.      INDICATE DOLLAR AMOUNT OF YOUR CLAIM: $ <u>1,327,865.51</u>

ITEM II.     INDICATE YOUR VOTE TO ACCEPT OR REJECT THE PLAN BY MARKING THE APPROPRIATE BOX:

                  ☐ Accept the Plan     ☒ Reject the Plan

ITEM III.    By signing this Ballot, the undersigned certifies that he or she has been provided with a copy of the Disclosure Statement and the Plan.

ITEM IV.    By signing this Ballot, the undersigned hereby certifies that he or she has full power and authority to vote to accept or reject the Plan.

ITEM V.    PROVIDE YOUR NAME AND ADDRESS (Please print or type):

(Name) ROBERT NEWBLATT

(Title - if applicable) MANAGER

(Company - if applicable) 206 RIDER ASSOCS, LLC

(Address) 213 VIA EMILIA, PALM BEACH GARDENS    33418

(City)    (State)    (Zip Code)    FL

ITEM VI.    SIGN AND DATE YOUR VOTE:

Signature

1/19/22

Date

Title (if applicable)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

|  |  |
|---|---|
| In re: | Chapter 11 |
| 286 RIDER AVE ACQUISITION LLC, | Case No.: 21-11298-lgb |
| Debtors. |  |

--------------------------------------------------------X

## BALLOT FOR ACCEPTING OR REJECTING
## AMENDED PLAN OF REORGANIZATION OF 286 RIDER AVE
## ACQUISITION LLC FOR CLASS 4 GENERAL UNSECURED CLAIMS

286 Rider Ave Acquisition LLC (the "Debtor"), filed the *Amended Plan of Reorganization of 286 Rider Ave Acquisition LLC*, dated January 5, 2022 (the "Plan"). The Bankruptcy Court has preliminarily approved the *Amended Disclosure Statement for Plan of Reorganization of 286 Rider Ave Acquisition LLC* (the "Disclosure Statement"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You should review the Disclosure Statement and Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class 4 under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the holders of (i) at least two-thirds in amount and more than one-half in number of allowed claims in each class voting on the Plan and (ii) at least two-thirds in amount of allowed equity security interests in each class voting on the Plan. To have your vote count, you must complete and return this Ballot.

TO BE COUNTED, YOUR COMPLETED BALLOT MUST BE RECEIVED BY 4:00 P.M. EASTERN TIME, ON FEBRUARY 4, 2022, BY ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C., 875 THIRD AVENUE, NEW YORK, NEW YORK 10022, ATTN: FRED B. RINGEL, TELEPHONE: (212) 603-6301

ITEM I.          INDICATE DOLLAR AMOUNT OF YOUR CLAIM: $ 1,327,865.51

ITEM II.         INDICATE YOUR VOTE TO ACCEPT OR REJECT THE PLAN BY MARKING THE APPROPRIATE BOX:

☐ Accept the Plan          ☒ Reject the Plan

ITEM III.        By signing this Ballot, the undersigned certifies that he or she has been provided with a copy of the Disclosure Statement and the Plan.

ITEM IV.        By signing this Ballot, the undersigned hereby certifies that he or she has full power and authority to vote to accept or reject the Plan.

**ITEM V.**     **PROVIDE YOUR NAME AND ADDRESS** (Please print or type):

(Name) ROBERT NEWBLATT

(Title - if applicable) MANAGER

(Company - if applicable) 206 RYDER ASSOCS, LLC

(Address) 213 VIA EMILIA, PALM BEACH GARDENS 33418

(City)      (State)                                      (Zip Code)  FL

**ITEM VI.**     SIGN AND DATE YOUR VOTE:

Signature

1/19/22
Date

Title (if applicable)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

In re:                                          Chapter 11

**286 RIDER AVE ACQUISITION LLC,**              Case No.: 21-11298-lgb

                          Debtors.
----------------------------------------------------------X

## BALLOT FOR ACCEPTING OR REJECTING
## AMENDED PLAN OF REORGANIZATION OF 286 RIDER AVE
## ACQUISITION LLC FOR CLASS 4 GENERAL UNSECURED CLAIMS

      286 Rider Ave Acquisition LLC (the "Debtor"), filed the *Amended Plan of Reorganization of 286 Rider Ave Acquisition LLC,* dated January 5, 2022 (the "Plan"). The Bankruptcy Court has preliminarily approved the *Amended Disclosure Statement for Plan of Reorganization of 286 Rider Ave Acquisition LLC* (the "Disclosure Statement"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

      You should review the Disclosure Statement and Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class 4 under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

      The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the holders of (i) at least two-thirds in amount and more than one-half in number of allowed claims in each class voting on the Plan and (ii) at least two-thirds in amount of allowed equity security interests in each class voting on the Plan. To have your vote count, you must complete and return this Ballot.

      TO BE COUNTED, YOUR COMPLETED BALLOT MUST BE RECEIVED BY 4:00 P.M. EASTERN TIME, ON FEBRUARY 4, 2022, BY ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C., 875 THIRD AVENUE, NEW YORK, NEW YORK 10022, ATTN: FRED B. RINGEL, TELEPHONE: (212) 603-6301

**ITEM I.**      INDICATE DOLLAR AMOUNT OF YOUR CLAIM: $ *40,984.66*

**ITEM II.**      INDICATE YOUR VOTE TO ACCEPT OR REJECT THE PLAN BY MARKING THE APPROPRIATE BOX:

          ☐ Accept the Plan       ☒ Reject the Plan

**ITEM III.**      By signing this Ballot, the undersigned certifies that he or she has been provided with a copy of the Disclosure Statement and the Plan.

**ITEM IV.**      By signing this Ballot, the undersigned hereby certifies that he or she has full power and authority to vote to accept or reject the Plan.

ITEM V.    **PROVIDE YOUR NAME AND ADDRESS** (Please print or type):

YIUBUN AUYEUNG
(Name)

SENIOR VP
(Title - if applicable)

TITAN ENGINEERS PC
(Company - if applicable)

1331 STUYVESANT AVE
(Address)

UNION          NJ                                    07083
(City)          (State)                              (Zip Code)

ITEM VI.    **SIGN AND DATE YOUR VOTE:**

_____
Signature

_____
Title (if applicable)

1/18/22
Date

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
                                              Chapter 11

In re:

**286 RIDER AVE ACQUISITION LLC,**              Case No.: 21-11298-lgb

                                  Debtors.
-------------------------------------------------------X

## BALLOT FOR ACCEPTING OR REJECTING
## AMENDED PLAN OF REORGANIZATION OF 286 RIDER AVE
## ACQUISITION LLC FOR CLASS 4 GENERAL UNSECURED CLAIMS

286 Rider Ave Acquisition LLC (the "Debtor"), filed the *Amended Plan of Reorganization of 286 Rider Ave Acquisition LLC,* dated January 5, 2022 (the "Plan"). The Bankruptcy Court has preliminarily approved the *Amended Disclosure Statement for Plan of Reorganization of 286 Rider Ave Acquisition LLC* (the "Disclosure Statement"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

You should review the Disclosure Statement and Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in class 4 under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the holders of (i) at least two-thirds in amount and more than one-half in number of allowed claims in each class voting on the Plan and (ii) at least two-thirds in amount of allowed equity security interests in each class voting on the Plan. To have your vote count, you must complete and return this Ballot.

TO BE COUNTED, YOUR COMPLETED BALLOT MUST BE RECEIVED BY 4:00 P.M. EASTERN TIME, ON FEBRUARY 4, 2022, BY ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C., 875 THIRD AVENUE, NEW YORK, NEW YORK 10022, ATTN: FRED B. RINGEL, TELEPHONE: (212) 603-6301

ITEM I.      INDICATE DOLLAR AMOUNT OF YOUR CLAIM: $ __60,000.00__

ITEM II.     INDICATE YOUR VOTE TO ACCEPT OR REJECT THE PLAN BY MARKING THE APPROPRIATE BOX:

                 ☐ Accept the Plan        ☒ Reject the Plan

ITEM III.    By signing this Ballot, the undersigned certifies that he or she has been provided with a copy of the Disclosure Statement and the Plan.

ITEM IV.     By signing this Ballot, the undersigned hereby certifies that he or she has full power and authority to vote to accept or reject the Plan.

{01129307.DOC;1 }                        1

ITEM V.        **PROVIDE YOUR NAME AND ADDRESS** (Please print or type):

Fariba Makooi, RA
(Name)

Principal
(Title - if applicable)

Fischer+Makooi Architects, PLLC
(Company - if applicable)

242 W 30th st Suite 1102
(Address)

New York, NY                                                    10001
(City)          (State)                                         (Zip Code)

ITEM VI.       **SIGN AND DATE YOUR VOTE:**

Signature                                                      01/18/22
                                                               Date

Title (if applicable)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

In re:                                                                    Chapter 11

**286 RIDER AVE ACQUISITION LLC,**                  Case No.: 21-11298-lgb

                                        Debtors.

------------------------------------------------------------X

## BALLOT FOR ACCEPTING OR REJECTING
## AMENDED PLAN OF REORGANIZATION OF 286 RIDER AVE
## <u>ACQUISITION LLC FOR CLASS 5 EXISTING EQUITY INTERESTS</u>

       286 Rider Ave Acquisition LLC (the "Debtor"), filed the *Amended Plan of Reorganization of 286 Rider Ave Acquisition LLC,* dated January 5, 2022 (the "Plan"). The Bankruptcy Court has preliminarily approved the *Amended Disclosure Statement for Plan of Reorganization of 286 Rider Ave Acquisition LLC* (the "Disclosure Statement"). Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.

       You should review the Disclosure Statement and Plan before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. Your interests have been placed in class 5 under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.

       The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the holders of (i) at least two-thirds in amount and more than one-half in number of allowed claims in each class voting on the Plan and (ii) at least two-thirds in amount of allowed equity security interests in each class voting on the Plan. To have your vote count, you must complete and return this Ballot.

       TO BE COUNTED, YOUR COMPLETED BALLOT MUST BE RECEIVED BY 4:00 P.M. EASTERN TIME, ON FEBRUARY 4, 2022, BY ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C., 875 THIRD AVENUE, NEW YORK, NEW YORK 10022, ATTN: FRED B. RINGEL, TELEPHONE: (212) 603-6301

ITEM I.        INDICATE PERCENTAGE EQUITY OWNERSHIP: __100__ %

ITEM II.      INDICATE YOUR VOTE TO ACCEPT OR REJECT THE PLAN BY MARKING THE APPROPRIATE BOX:

              ☐ Accept the Plan    ☒ Reject the Plan

ITEM III.    By signing this Ballot, the undersigned certifies that he or she has been provided with a copy of the Disclosure Statement and the Plan.

ITEM IV.    By signing this Ballot, the undersigned hereby certifies that he or she has full power and authority to vote to accept or reject the Plan.

{01129309.DOC;1 }          1

ITEM V.     **PROVIDE YOUR NAME AND ADDRESS** (Please print or type):
            Toby Moskovits
            (Name)
            Managing Member
            (Title - if applicable)
            286 Rider Ave Development LLC
            (Company - if applicable)
            679 Driggs Avenue
            (Address)
            Brooklyn, New York                                    11211
            (City)        (State)                                 (Zip Code)

ITEM VI.    **SIGN AND DATE YOUR VOTE:**

            [signature]                                           1/17/2022
            Signature                                            Date
            Managing Member
            Title (if applicable)

**<u>Exhibit D</u>**

**New York City Department of Finance Payment Receipt**

 CityPay

---

# Thank you for your payment

We have received your payment. You will receive an email version of this receipt shortly.

| | |
|---|---|
| Payment Amount: | $56,294.45 |
| Receipt Number: | CPY012004763 |
| Transaction Date: | 01/13/2022 09:02 PM |
| Payment Type: | eCheck *****8975 |

You will receive an email confirmation of your payment from noreply@finance.nyc.gov. We recommend that you check your email's SPAM folder for the payment confirmation email if you do not see it.

You will provisionally receive credit for making your payment on the date that you click the Process Payment button on this website. However, it may take up to two or more business days for your payment to be reflected on this website. Your payment will not be considered final until it is deemed settled by your financial institution. This means that if, for example, there is not enough money in your bank account or if your payment fails to settle, you will not receive credit for making your payment. Your bill will be reinstated, and you may be charged interest and penalties.

PRINT      RETURN TO CITYPAY HOME

Payment Amount:                                                                                      $56,294.45

---

Tax Type: Payment Agreement Total
Account ID: N/A
Period Begin: N/A
BBLE: 2-02333-0033

$56,294.45

**<u>Exhibit E</u>**

**Tentative Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **286 Rider Ave Acquisition LLC,** | **Case No. 21-11298 (LGB)** |
| **Debtor.** | |

### ORDER PURSUANT TO SECTIONS 105(a), 364, 502, 503, 506, AND 1112(b) OF THE BANKRUPTCY CODE (I) RECOGNIZING WITHDRAWAL OF CLAIMS, (II) CONFIRMING SATISFACTION OF DIP FACILITY, (III) TERMINATING PENDING DEADLINES, (IV) ESTABLISHING ADMINISTRATIVE EXPENSE CLAIMS PROCEDURES, (V) SCHEDULING HEARING ON ADMINISTRATIVE EXPENSE APPLICATIONS, AND (VI) GRANTING RELATED RELIEF

Upon the Motion, dated December 28, 2021 (the "Motion"), of Development, for an order pursuant to Sections 105(a) and 541 of title 11 of the United States Code (the "Bankruptcy Code") seeking confirmation of disputed payoff amounts, satisfaction of DIP Loan, and for related relief, all as more fully described in the Motion, and the Supplement to the Motion, dated January 26, 2022 (the "Supplement"),[1] supplementing the request for relief set forth in the Motion and seeking procedures for allowance of administrative expenses, dismissal of the above-captioned bankruptcy case, and for related relief; and the Court having jurisdiction to consider the Motion and the Supplement and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the Supplement and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and pursuant to Sections 105, 364, 502, 503, 506, and 1112 of the Bankruptcy Code, and due and proper notice of the Motion and the Supplement having been

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Supplement.

provided to all interested parties, including the Debtor, the Lender, the Creditor Parties, and the United States Trustee (the "Notice Parties"); and it appearing that no other or further notice need be provided; and, if necessary, a hearing having been held to consider the relief requested in the Motion and the Supplement (the "Hearing"); and due and proper notice of the Hearing having been provided; and the appearances of all interested parties having been noted in the record of the Hearing; and upon the record of the Hearing, if any, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion and the Supplement is in the best interests of the Debtor, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion and the Supplement establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1.        The Motion, as supplemented by the Supplement is granted to the extent set forth herein.

2.        The Stipulations with the Creditor Parties appear to be in good form and the claims filed by the Creditor Parties are and shall be deemed withdrawn upon the dismissal of the instant case, without the need for any further filing; *provided*, *however*, that such withdrawal is without prejudice to the Creditor Parties' ability to collect on their claims outside of this bankruptcy case as set forth in the Stipulations.

3.        Claim No. 1 of the New York City Department of Finance has been satisfied and is therefore disallowed and expunged.

4.        Accordingly, there are no claims against the Debtor allowable under to Section 502 of the Bankruptcy Code.

5.      Based upon the Lender Payoff and the deposit of any necessary additional amount in the Escrow Account, the DIP Facility is and shall be deemed to be terminated in all respects and the remaining allowed amount of the Lender's unsatisfied post-petition DIP Claim is zero dollars, other than the application for and payment of any unreimbursed fees and expenses as set forth below.

6.      All parties seeking allowance and payment of administrative expenses pursuant to Section 503 of the Bankruptcy Code shall file applications therefor or, in the case of the Lender, a statement of accrued unpaid legal fees in substantially similar form as an administrative expense application (collectively, the "Administrative Expense Applications") no later than _____, 2022 at 4:00 p.m., prevailing Eastern time.

7.      Parties wishing to object to the Administrative Expense Applications shall file their objections no later than _____, 2022 at 4:00 p.m., prevailing Eastern time.

8.      A hearing shall be held via videoconference on the Administrative Expense Applications, if any, and on Development's request to dismiss this bankruptcy case on _____, 2022 at _____, prevailing Eastern time.

9.      The Stalking Horse Hearing, currently scheduled for February 15, 2022 at 5:00 p.m., is hereby adjourned indefinitely.

10.     The Auction, currently scheduled for February 16, 2022, is hereby adjourned indefinitely.

11.     The hearing on confirmation of the Debtor's proposed Amended Plan of Reorganization [ECF No. 250] (the "Plan") is hereby adjourned indefinitely.

12.     All other dates and deadlines relating to the Stalking Horse Hearing, the Auction, and the Plan are hereby suspended, tolled, and adjourned indefinitely.

3

13.     This Order shall be effective immediately upon entry.

14.     This Order shall be binding on the Debtor, the Lender, Development, the Creditor Parties, any other parties-in-interest, any affiliates or insiders of any of the forgoing, and any of their successors and assigns.

15.     The Debtor and Development are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

16.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order and any other order of this Court entered in this chapter 11 case.

Dated: _____, 2022
        New York, New York

_____
Hon. Lisa G. Beckerman
United States Bankruptcy Judge