MAYER BROWN LLP
Douglas Spelfogel
Leah Eisenberg
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Facsimile: (212) 506-1910

*Special Counsel to 286 Rider Ave Development LLC*

OFFIT KURMAN, P.A.
Jason A. Nagi
590 Madison Avenue, 6th Floor
New York, NY 10022
Tel (212) 545-1900

and

Joyce A. Kuhns, Esq. (Admitted *Pro Hac Vice*)
300 East Lombard Street, Suite 2010
Baltimore, Maryland 21202
Tel (410) 209-6463

*Attorneys for 286 Rider Ave Development LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re:* | **Chapter 11** |
| **286 Rider Ave Acquisition LLC** | **Case No. 21-11298 -(LGB)** |
| **Debtor.** | |

## AMENDED EXHIBIT E DRAFT OF PROPOSED ORDER

286 Rider Ave Development LLC has filed the attached **revised draft** of the Proposed Order as Exhibit E to the *Supplement to Development's Motion to Confirm Disputed Payoff Amounts, Satisfaction of Dip Loan, and for Related Relief* [ECF No. 272], which replaces and supersedes the Exhibit E.

745956838

| | |
|---|---|
| Dated:  January 28, 2022<br>        New York, New York | Respectfully submitted,<br><br>By:  */s/ Douglas Spelfogel*<br>Douglas Spelfogel<br>Leah Eisenberg<br>Mayer Brown LLP<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone:  (212) 506-2500<br>Facsimile:  (212) 506-1910<br>Email: dspelfogel@mayerbrown.com<br>            leisenberg@mayerbrown.com<br><br>*Special Counsel to 286 Rider Ave Development LLC*<br><br>**OFFIT KURMAN, P.A.**<br><br>Jason A. Nagi<br>590 Madison Avenue, 6th Floor<br>New York, NY 10022<br>Tel (212) 545-1900<br>Email: jason.nagi@offitkurman.com<br><br>and<br><br>Joyce A. Kuhns, Esq. (Admitted *Pro Hac Vice*)<br>300 East Lombard Street, Suite 2010<br>Baltimore, Maryland 21202<br>Tel (410) 209-6463<br>Email: jkuhns@offitkurman.com<br><br>*Attorneys for 286 Rider Ave Development LLC* |

## **AMENDED EXHIBIT E**

*[This Amended Exhibit E replaces and supersedes that filed with Docket No. 272]*

745956838

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**286 Rider Ave Acquisition LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 21-11298 (LGB) |

**ORDER PURSUANT TO SECTIONS 105(a), 364, 502, 503, 506, AND 1112(b) OF THE BANKRUPTCY CODE (I) RECOGNIZING WITHDRAWAL OF CLAIMS, (II) CONFIRMING SATISFACTION OF DIP FACILITY, (III) TERMINATING PENDING DEADLINES, (IV) ESTABLISHING ADMINISTRATIVE EXPENSE CLAIMS PROCEDURES, (V) SCHEDULING HEARING ON ADMINISTRATIVE EXPENSE APPLICATIONS, AND (VI) GRANTING RELATED RELIEF**

Upon the Motion, dated December 28, 2021 (the "Motion"), of Development, for an order pursuant to Sections 105(a) and 541 of title 11 of the United States Code (the "Bankruptcy Code") seeking confirmation of disputed payoff amounts, satisfaction of DIP Loan, and for related relief, all as more fully described in the Motion, and the Supplement to the Motion, dated January 26, 2022 (the "Supplement"),[1] supplementing the request for relief set forth in the Motion and seeking procedures for allowance of administrative expenses, dismissal of the above-captioned bankruptcy case, and for related relief; and the Court having jurisdiction to consider the Motion and the Supplement and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the Supplement and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and pursuant to Sections 105, 364, 502, 503, 506, and 1112 of the Bankruptcy Code, and due and proper notice of the Motion and the Supplement having been

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Supplement.

745950913

provided to all interested parties, including the Debtor, the Lender, the Creditor Parties, and the United States Trustee (the "Notice Parties"); and it appearing that no other or further notice need be provided; and, if necessary, a hearing having been held to consider the relief requested in the Motion and the Supplement (the "Hearing"); and due and proper notice of the Hearing having been provided; and the appearances of all interested parties having been noted in the record of the Hearing; and upon the record of the Hearing, if any, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion and the Supplement is in the best interests of the Debtor, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion and the Supplement establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion, as supplemented by the Supplement is granted to the extent set forth herein.

2. The Stipulations with the Creditor Parties appear to be in good form and the claims filed by the Creditor Parties are and shall be deemed withdrawn upon the dismissal of the instant case, without the need for any further filing; *provided*, *however*, that such withdrawal is without prejudice to the Creditor Parties' ability to collect on their claims outside of this bankruptcy case as set forth in the Stipulations.

3. Claim No. 1 of the New York City Department of Finance has been satisfied and is therefore disallowed and expunged.

4. Accordingly, there are no claims against the Debtor allowable under to Section 502 of the Bankruptcy Code.

5. Based upon the Lender Payoff and the deposit of any necessary additional amount in the Escrow Account, the DIP Facility is and shall be deemed to be terminated in all respects and the remaining allowed amount of the Lender's unsatisfied post-petition DIP Claim is zero dollars, other than the application for and payment of any unreimbursed fees and expenses as set forth below.

6. All parties seeking allowance and payment of administrative expenses pursuant to Section 503 of the Bankruptcy Code shall file applications therefor or, in the case of the Lender, a statement of accrued unpaid legal fees in substantially similar form as an administrative expense application (collectively, the "Administrative Expense Applications") no later than _____, 2022 at 4:00 p.m., prevailing Eastern time.

7. Parties wishing to object to the Administrative Expense Applications shall file their objections no later than _____, 2022 at 4:00 p.m., prevailing Eastern time.

8. A hearing shall be held via videoconference on the Administrative Expense Applications, if any, and on Development's request to dismiss this bankruptcy case on _____, 2022 at _____, prevailing Eastern time.

9. Contemporaneously with payment of allowed administrative fees and expenses, a further Order shall be entered dismissing this bankruptcy case and providing under section 349 of the Bankruptcy Code for, among other things, that all orders entered in the bankruptcy case shall remain in full force and effect unless otherwise expressly provided in such Order. An additional notice requesting dismissal will be provided at the time the final fee applications are noticed, which may be provided for on an expedited basis to be heard together with the hearing on approval of the final fee applications.

10. The Stalking Horse Hearing, currently scheduled for February 15, 2022 at 5:00 p.m., is hereby adjourned indefinitely.

11. The Auction, currently scheduled for February 16, 2022, is hereby adjourned indefinitely.

12. The hearing on confirmation of the Debtor's proposed Amended Plan of Reorganization [ECF No. 250] (the "Plan") is hereby adjourned indefinitely.

13. All other dates and deadlines relating to the Stalking Horse Hearing, the Auction, and the Plan are hereby suspended, tolled, and adjourned indefinitely.

14. This Order shall be effective immediately upon entry.

15. This Order shall be binding on the Debtor, the Lender, Development, the Creditor Parties, any other parties-in-interest, any affiliates or insiders of any of the forgoing, and any of their successors and assigns.

16. The Debtor and Development are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order and any other order of this Court entered in this chapter 11 case.

Dated: _____, 2022
      New York, New York

                                         Hon. Lisa G. Beckerman
                                         United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>286 Rider Ave Acquisition LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-11298 (LGB) |

ORDER PURSUANT TO SECTIONS 105(a), 364, 502, 503, 506, AND 1112(b) OF THE BANKRUPTCY CODE (I) RECOGNIZING WITHDRAWAL OF CLAIMS, (II) CONFIRMING SATISFACTION OF DIP FACILITY, (III) TERMINATING PENDING DEADLINES, (IV) ESTABLISHING ADMINISTRATIVE EXPENSE CLAIMS PROCEDURES, (V) SCHEDULING HEARING ON ADMINISTRATIVE EXPENSE APPLICATIONS, AND (VI) GRANTING RELATED RELIEF

Upon the Motion, dated December 28, 2021 (the "Motion"), of Development, for an order pursuant to Sections 105(a) and 541 of title 11 of the United States Code (the "Bankruptcy Code") seeking confirmation of disputed payoff amounts, satisfaction of DIP Loan, and for related relief, all as more fully described in the Motion, and the Supplement to the Motion, dated January 26, 2022 (the "Supplement"),[1] supplementing the request for relief set forth in the Motion and seeking procedures for allowance of administrative expenses, dismissal of the above-captioned bankruptcy case, and for related relief; and the Court having jurisdiction to consider the Motion and the Supplement and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the Supplement and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and pursuant to Sections 105, 364, 502, 503, 506, and 1112 of the Bankruptcy Code, and due and proper notice of the Motion and the Supplement having been provided to all interested parties, including the Debtor, the Lender, the Creditor Parties, and the United States Trustee (the "Notice Parties"); and it

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Supplement.

745950913

appearing that no other or further notice need be provided; and, if necessary, a hearing having been held to consider the relief requested in the Motion and the Supplement (the "Hearing"); and due and proper notice of the Hearing having been provided; and the appearances of all interested parties having been noted in the record of the Hearing; and upon the record of the Hearing, if any, and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion and the Supplement is in the best interests of the Debtor, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion and the Supplement establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED** that:

1. The Motion, as supplemented by the Supplement is granted to the extent set forth herein.

2. The Stipulations with the Creditor Parties appear to be in good form and the claims filed by the Creditor Parties are and shall be deemed withdrawn upon the dismissal of the instant case, without the need for any further filing; *provided*, *however*, that such withdrawal is without prejudice to the Creditor Parties' ability to collect on their claims outside of this bankruptcy case as set forth in the Stipulations.

3. Claim No. 1 of the New York City Department of Finance has been satisfied and is therefore disallowed and expunged.

4. Accordingly, there are no claims against the Debtor allowable under to Section 502 of the Bankruptcy Code.

5. Based upon the Lender Payoff and the deposit of any necessary additional amount in the Escrow Account, the DIP Facility is and shall be deemed to be terminated in all respects and the remaining allowed amount of the Lender's unsatisfied post-petition DIP Claim is zero

dollars, other than the application for and payment of any unreimbursed fees and expenses as set forth below.

6. All parties seeking allowance and payment of administrative expenses pursuant to Section 503 of the Bankruptcy Code shall file applications therefor or, in the case of the Lender, a statement of accrued unpaid legal fees in substantially similar form as an administrative expense application (collectively, the "Administrative Expense Applications") no later than _____, 2022 at 4:00 p.m., prevailing Eastern time.

7. Parties wishing to object to the Administrative Expense Applications shall file their objections no later than _____, 2022 at 4:00 p.m., prevailing Eastern time.

8. A hearing shall be held via videoconference on the Administrative Expense Applications, if any, and on Development's request to dismiss this bankruptcy case on _____, 2022 at _____, prevailing Eastern time.

9. Contemporaneously with payment of allowed administrative fees and expenses, a further Order shall be entered dismissing this bankruptcy case and providing under section 349 of the Bankruptcy Code for, among other things, that all orders entered in the bankruptcy case shall remain in full force and effect unless otherwise expressly provided in such Order. An additional notice requesting dismissal will be provided at the time the final fee applications are noticed, which may be provided for on an expedited basis to be heard together with the hearing on approval of the final fee applications.

10. ~~9.~~ The Stalking Horse Hearing, currently scheduled for February 15, 2022 at 5:00 p.m., is hereby adjourned indefinitely.

11. ~~10.~~ The Auction, currently scheduled for February 16, 2022, is hereby adjourned indefinitely.

3

12. ~~11.~~ The hearing on confirmation of the Debtor's proposed Amended Plan of Reorganization [ECF No. 250] (the "<u>Plan</u>") is hereby adjourned indefinitely.

13. ~~12.~~ All other dates and deadlines relating to the Stalking Horse Hearing, the Auction, and the Plan are hereby suspended, tolled, and adjourned indefinitely.

14. ~~13.~~ This Order shall be effective immediately upon entry.

15. ~~14.~~ This Order shall be binding on the Debtor, the Lender, Development, the Creditor Parties, any other parties-in-interest, any affiliates or insiders of any of the forgoing, and any of their successors and assigns.

16. ~~15.~~ The Debtor and Development are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

17. ~~16.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order and any other order of this Court entered in this chapter 11 case.

Dated: _____, 2022
      New York, New York

                                       _____
                                       Hon. Lisa G. Beckerman
                                       United States Bankruptcy Judge

Document comparison by Workshare 9.5 on Friday, January 28, 2022 3:04:28 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://AMEDMS/AMECURRENT/745950913/1 |
| Description | #745950913v1<AMECURRENT> - Development - Supplement Order to Payoff Motion [Final] |
| Document 2 ID | interwovenSite://AMEDMS/AMECURRENT/745950913/2 |
| Description | #745950913v2<AMECURRENT> - Development - Supplement Order to Payoff Motion [Final] |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
|  | Count |
| Insertions | 10 |
| Deletions | 8 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 18 |