| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date:   February 10, 2022<br>Hearing Time: 10:00 a.m. |

------------------------------------------------------- x
:     Case No. 21-11298 (LGB)
In re                                                              :
:
286 RIDER AVE ACQUISITION LLC,            :     Chapter 11
:
Debtor.        :
:
------------------------------------------------------- x

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE MOTION OF 286 RIDER AVE DEVELOPMENT LLC FOR AN ORDER CONFIRMING THE DISPUTED PAYOFF AMOUNTS, SATISFYING DIP LOAN, AND FOR RELATED RELIEF**

TO:   THE HONORABLE LISA G. BECKERMAN,
         UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, United States Trustee for Region 2 (the "**United States Trustee**"), by and through his undersigned counsel, hereby submits his objection to the *Motion for Entry of An Order Pursuant to Sections 105(a) and 541 of the Bankruptcy Code Confirming Disputed Payoff Amounts, Satisfaction of DIP Loan and for Related Relief* (**"Payoff Motion"**), Dkt. No. 218, of 286 Rider Ave Development LLC ("**Development**").

## INTRODUCTION

Development asks for an assortment of relief in the context of its Payoff Motion, including most problematically, a structured dismissal (already denied by the Court). The steps necessary to resolve the case have not significantly changed in the past two months since Development previously unsuccessfully asked for nearly identical relief. Development steadfastly refuses to consider viable and legally cognizable alternatives, whether suggested by the Court or found within the confines of the Bankruptcy Code. Therefore, for the reasons set forth in the United States Trustee's previous objection (incorporated herein) and for the reasons set forth below, the United States Trustee objects to the Payoff Motion.

# FACTS

## A. General Background

1. On July 15, 2021, the Debtor commenced this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code. Dkt. No. 1.

2. On September 19, 2019, Debtor, as a prepetition borrower, entered into a mortgage loan in the original principal amount of $8,000,000.00 with Be-Aviv 286 Rider LLC ("**Lender**"). Contemporaneously, Borrower granted the Lender a mortgage and security interest in Borrower's interest in 286 Rider Avenue, Bronx, New York 10451, and pledged its one hundred percent (100%) of the membership interests in Borrower to Lender.

3. On April 27, 2021, according to the Lender, the Lender exercised, among other things, its rights under that certain Membership Interest Pledge Agreement dated as of September 19, 2019 to assign, transfer and register, as applicable, all membership and equity interest of the Borrower to and in the name of Lender as if Lender were the absolute owner.[1]

4. The U.S. Trustee did not appoint an Official Committee of Unsecured Creditors.

## B. The First Development Motion That Was Denied by the Court

5. On November 23, 2021, 286 Rider Development LLC filed *a Motion for Entry of An Order Pursuant to Sections 105(a), 363, 364, 305(a), 349(b), and 1112(b) of the Bankruptcy Code Authorizing Payoff of Lender Through Exit Refinancing, Claims Procedures, Subsequent Dismissal of This Bankruptcy Case, and Related Relief* (the "**First Motion**"). Dkt. No. 171.

6. In the First Motion, Development sought the authority to obtain external financing,

---

[1] The Debtor's perspective of the prepetition history is set out in various documents filed early in the case, including the *ex parte* motion for entry of an order pursuant to Bankruptcy Rule 2004 authorizing discovery examinations of: (i) Toby Moskovits and (ii) Michael Lichtenstein (Dkt. No. 4), ¶¶ 1-5.

use such financing to pay all claims in full, including among others, the Lender's secured claim and DIP loan, and dismiss the bankruptcy case. Dkt. No. 171.

7. The U.S. Trustee filed his objection to the First Motion, arguing, *inter alia*, Development does not have authority to obtain external financing under sections 363 and 364, and the structured dismissal violates the Bankruptcy Code and was premature at that juncture (the "**First Motion Objection**"). Dkt. No. 184.

8. At the hearing on December 9, 2021, the Court denied the First Motion. Dkt. No. 199.

**C. The Current Motion**

9. On December 29, 2021, Development filed the Payoff Motion. Development claims that the Payoff Motion "seeks much narrower and more straightforward relief than the [First Motion], as reflected in the proposed order." Payoff Motion ¶ 4.

10. The Court held a hearing on January 12, 2022 and during that hearing, the Court directed Development to file a supplement to the Payoff Motion. On January 26, 2022, Development filed the Supplement to the Payoff Motion **("Supplement").** Dkt. No. 272.

11. The Supplement and its Amended Proposed Order request, in sum and substance, that the Court fix the claims against the Debtor, confirm DIP Facility has been terminated, find the Stipulations between Development and Creditor Parties[2], which provides payment outside of bankruptcy, to be in good form, deem the Creditor Parties' claims withdrawn upon dismissal, and dismiss the bankruptcy case upon payment of the allowed administrative claims. *See* Dkt. Nos. 272, 276.

---

[2] 286 Rider Associates LLC; Fischer & Makooi Architect; Titan Engineering PC; and Environmental Business Consultants. Dkt. No. 272 ¶ 9.

12.     On February 1, 2022, the Court held a status hearing where the parties discussed the potential avenues ending the case. At the end of the hearing, the Court suggested the parties work on a consensual plan of reorganization. Absent some agreement, the Court also directed responses to the Supplement by February 4, 2022.

## ARGUMENT

The arguments raised by Development in connection with its Payoff Motion are identical to the arguments previously raised – and rejected by this Court – as part of Development's First Motion. The United States Trustee previously filed a fulsome objection to the First Motion and incorporates those arguments herein. For the reasons stated in the First Motion Objection, the Payoff Motion should be denied.

As stated more fully in the First Motion Objection, in a Chapter 11 bankruptcy such as this one, the debtor remains in possession and distributes estate assets through a "plan" that assigns to "classes" the various allowed claims and specifies the treatment each class of claims shall receive. 11 U.S.C. §§ 1122, 1123, 1141. Chapter 11 of the Bankruptcy Code includes many protections for creditors. Primary among those protections is the right of creditors to vote for or against the proposed plan, along with the prohibition against soliciting acceptances or rejections of a proposed plan prior to transmitting a court-approved disclosure statement. 11 U.S.C. § 1125(a). In addition, Chapter 11 contains numerous other protections to ensure that the plan is fair and equitable. *See e.g.* 11 U.S.C. §§ 1123 (contents of a plan); 1124 (placing similarly-situated claims in the same class and other classification requirements);1126 (right to vote on a plan); 1129 (confirmation requirements, including that plan be proposed in good faith and be fair and equitable to any rejecting class).

In fact, the Court encouraged the parties to attempt to draft a consensual plan, a commonsense approach that is consistent with the Bankruptcy Code. Development utterly rejected that approach, and rather, has revived many of the same or similar arguments raised by it in the First Motion – which arguments have been rejected by this Court. At bottom, Development proposes complex procedures and approvals for resolving the case in lieu of proposing a feasible plan of reorganization.

In the Supplement and the Amended Proposed Order, Development requests that the Court fix the claims against the Debtor, confirm that DIP Facility has been terminated, find the Stipulations between Development and Creditor Parties to be in good form, deem the Creditor Parties' claims withdrawn upon dismissal, and dismiss the bankruptcy case upon payment of the allowed administrative claims. *See* Dkt. Nos. 272, 276.

The Bankruptcy Code does not support the entry of a dismissal order that replaces a plan of reorganization. The facts have not significantly changed since the First Motion was filed. Development again asks for extensive relief, including the approval of stipulations and the subsequent filing of fee applications. *Compare In re KG Winddown, LLC*, 628 B.R. 739, 746 (Bankr. S.D.N.Y. 2021) (concluding that since the debtors have sold substantially all assets, had no further operations insufficient resources to fund a plan, and were administratively insolvent, other alternatives including conversion and appointment of chapter 7 trustee or examiner are not in the best interests of the estates and creditors); *In re Petersburg Regency LLC*, 540 B.R. 508, 532-33 (Bankr. D.N.J. 2015) (finding there was no possibility of a reorganization or a conversion to chapter 7 or other legitimate bankruptcy purpose and no possibility for a distribution to unsecured creditors without the proposed settlement which led to structural dismissal).

The Court should not reward Development by now approving a procedure that it already rejected after a full hearing in the context of the First Motion. At that prior hearing, the Court considered all arguments, including the United States Trustee's Objection.

Development's proposed procedure for resolving this Chapter 11 case should be rejected particularly here when a logical path, fully consistent with the Bankruptcy Code exists: *to wit*, a possible consensual plan. But even if Development does not want to proceed in the most logical manner, the Court should not countenance the procedures set forth in the Payoff Motion. Development's "plan" is inconsistent with the plan process contemplated under the Bankruptcy Code, and the Court should deny the motion in full.

## **CONCLUSION**

WHEREFORE, the United States Trustee respectfully requests that the Court deny the Payoff Motion.

Dated: New York, New York
February 4, 2022

                                                    WILLIAM K. HARRINGTON
                                                  UNITED STATES TRUSTEE

                                **By:**    */s/ Greg M. Zipes*
                                          Greg M. Zipes
                                          Tara Tiantian
                                          Trial Attorneys
                                          201 Varick Street, Suite 1006
                                          New York, New York 10014
                                          Tel. (212) 510-0500
                                          Fax (212) 668-2255