**ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**

**875 THIRD AVENUE**

**NEW YORK, NEW YORK 10022**

**(212) 603-6300**

**FAX (212) 956-2164**

February 14, 2022

Fred B. Ringel
(212) 603-6301
fbr@robinsonbrog.com

<u>VIA ECF and email</u>
Hon. Lisa G. Beckerman
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   <u>In re 286 Rider Ave Acquisition LLC: Case No 21-11298 (LGB)</u>

Dear Judge Beckerman,

     Enclosed with this letter is a proposed order terminating the Purchase and Sale Agreement between 286 Rider Ave Acquisition LLC ("Debtor") as seller and Vaja Group ("Vaja") as buyer. The proposed order also authorizes Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("Robinson Brog") to release from its escrow the $1,050,000 deposit previously submitted by Vaja.

     Because of the delays in proceeding with the sale of the Debtor's real property, Vaja has requested that Robinson Brog release from escrow Vaja's deposit. Because of the continued uncertainty with respect to the sale of the property, the Debtor agrees with Vaja that it would be inequitable to continue holding onto the $1,050,000 deposit and wishes to return the deposit to Vaja.

     Unless Your Honor has any questions regarding the proposed order, we would respectfully request that the order be entered.

Respectfully submitted,

/s/ Fred B. Ringel

Fred B. Ringel

{01138129.DOCX;1 }

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                                  Chapter 11

**286 RIDER AVE ACQUISITION LLC,**        Case No: 21-11298 (LGB)

                     Debtor.
-------------------------------------------------------X

## ORDER AUTHORIZING RELEASE OF DEPOSIT

       **WHEREAS**, on December 13, 2021, the Court entered the Order (A) Approving Bid Procedures in Connection With the Sale of the Debtor's Real Property, (B) Approving Form and Manner of Notice of Sale, and (C) Scheduling Auction (ECF Doc. 200) ("Bid Procedures Order") which set forth the bidding procedures in connection with the sale of 286 Rider Ave Acquisition LLC's ("Debtor") real property located at 286 Rider Avenue, Bronx, New York ("Property");

       **WHEREAS**, pursuant to the Bid Procedures Order, Vaja Group LLC ("Vaja") entered into a Purchase and Sale Agreement dated January 2022 ("Contract") for the purchase of the Property and remitted $1,050,000 ("Deposit) as a good faith deposit to Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("Escrow Agent");

       **WHEREAS**, on January 10, 2022, the Debtor filed a Stalking Horse Notice (ECF Doc. 255) seeking to approve Vaja as the stalking horse under the Bid Procedures Order;

       **WHEREAS**, on February 11, 2022, the Court entered the Order Regarding Development's Motion to Confirm Disputed Payoff Amounts, Satisfaction of DIP

{01138068.DOC;1 }

Loan, and for Related Relief and Supplement to Same (ECF Doc. 293) which adjourned the designation Vaja as the stalking horse bidder to April 12, 2022 and adjourned the auction for the Property to April 13, 2022;

**WHEREAS**, on February 11, 2022, counsel to Vaja delivered a letter to the Debtor, which is attached to this Order as **Exhibit A**, requesting Escrow Agent release the Deposit on the basis that the auction for the Property has been adjourned from January 14, 2022 to April 13, 2022, and because of the delay, Vaja will no longer be able to qualify for the 421-A tax exemption intended under the sale of the Property; and

**WHEREAS**, the Purchase and Sale Agreement provides that in the event the sale does not occur withing three months from the date of the contract, the Buyer would have the right to terminate the Purchase and Sale Agreement and receive a refund of the Deposit; and

**WHEREAS**, because of the delays in holding the auction, it would no longer be equitable for Escrow Agent to continue holding the Deposit;

IT IS HEREBY ORDERED THAT

    1.    The Purchase and Sale Agreement is hereby terminated.

    2.    Escrow Agent is hereby authorized to return the Deposit to Vaja upon entry of this Order.

    3.    Escrow Agent is authorized to take all action necessary to effectuate the relief granted in this Order.

{01138068.DOC;1 }     2

4. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: New York, New York
        February __, 2022

_____
HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT A

# ROSENBERG & STEINMETZ PC

181 SOUTH FRANKLIN AVENUE
STE 604
VALLEY STREAM, NY 11581

295 MADISON AVENUE, 12TH FL
NEW YORK, NY 10017

212 743-9904
*facsimile* 212 743-9916

WWW.RSPCLAWYERS.COM



February 11, 2022

**Via Federal Express**
286 Rider Ave Acquisition LLC
c/o Buchwald Capital Advisors LLC
200 Park Avenue, Suite 170
New York, New York 10166-00005
e-mail: lbuchwald@buchwaldcapital.com

Robinson Brog Leinwand Greene Genovese & Gluck, P.C.
875 Third Avenue, 9th Floor
New York, New York 10022
Attn: Fred Ringel, Esq.
e-mail: fbr@robinsonbrog.com

Re: Purchase and Sale Agreement ("Contract") dated January 2022, between 286 Rider Ave Acquisition LLC ("Seller") and Vaja Group LLC ("Buyer") regarding the property known as 286 Rider Avenue, Bronx, New York ("Property")

Mr. Buchwald and Mr. Ringel,

As you know, this firm represents the Buyer in connection with the Contract to purchase the Property.

Under the Contract, the Buyer has remitted an amount of $1,050,000.00 ("Deposit") to Robinson Brog Leinwand Greene Genovese & Gluck, P.C. ("Escrow Agent") as a good faith deposit to be held in escrow by the Escrow Agent. As you know, the Bid Procedures Order provided, and the Buyer's intent was, for the Bankruptcy Court ("Court") to approve the Buyer as the "stalking horse" bidder and promptly thereafter conduct an auction sale on January 14th 2022 so that the successful bidder would be chosen. The Debtor would execute a contract with the successful bidder, followed by a closing of the purchase of the Property 15 days of entry of the order by the Court confirming the Debtor's Plan of Reorganization.

The Court has already twice adjourned approval of my client as the "stalking horse" bidder as well as the auction sale itself, with no guarantee these hearings will not be also adjourned in April 2022. Upon making its qualified bid, agreeing to be the "stalking horse," entering into the Contract, and making a $1,050,000 good faith deposit, the Buyer never contemplated the substantial delays now being experienced. It is inequitable and damaging to the Buyer to have the

Deposit held by Escrow Agent indefinitely with no commitment that an auction will ever take place.

When entering into this sale process, the Buyer's intent was, if the Court approved the sale to it, to close on the purchase of the Property, obtain appropriate permits, and begin its project before the June 15, 2022 deadline to qualify for the 421-A tax exemption. At this point, given the Feb 10th further adjournment by the Court, it is no longer feasible for the Buyer to execute on its intended plan for the Property.

Thus, the Buyer calls upon the Debtor to immediately return the Deposit to it, consider our bid withdrawn effective immediately, and the Contract terminated.

Very truly yours,

Elliot Steinmetz

2