**OFFIT KURMAN, P.A.**
Jason A. Nagi, Esq.
590 Madison Avenue, 6th Floor
New York, NY 10022
Tel (212) 545-1900
Email: Jason.nagi@offitkurman.com
    and
Joyce A. Kuhns, Esq. (admitted pro hac vice)
300 East Lombard Street, Suite 2010
Baltimore, Maryland 21202
Tel (410) 209-6463
Email: Jkuhns@offitkurman.com

*Attorneys for Movants 286 Rider Ave Development LLC,*
*Toby Moskovits and Yechial Michael Lichtenstein*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                                       Chapter 11

286 Rider Ave Acquisition LLC,

                                                       Case No.  21-11298-lgb

                 Debtor.
-----------------------------------------------------------X

## MOTION TO DISCHARGE ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C. AS DEBTOR'S COUNSEL PURSUANT TO 11 U.S.C. §§ 101(14), 105, AND 327

286 Rider Ave Development LLC ("**Development**"), as 100% owner of the membership interests of the Debtor, 286 Rider Ave Acquisition LLC (the "**Debtor**"), Toby Moskovits and Yechial Michael Lichtenstein, as indirect owners of the Debtor (collectively, "**Movants**"), by undersigned counsel, hereby file this Motion to Discharge Robinson Brog Leinwand Greene Genovese & Gluck P.C. as Debtor's Counsel Pursuant to 11 U.S.C. §§ 101(14), 105, and 327 (the "**Motion**") with proposed form of Order granting the Motion attached hereto as **Exhibit** ("**Ex.**") **"A,"** and, in support, state:

1

1.      This bankruptcy case (the "**Bankruptcy Case**") was commenced on July 15, 2021 (the "**Petition Date**") with the filing of a bankruptcy petition unauthorized under the Debtor's operating agreement and New York law.

2.      On July 22, 2021, Debtor's Application to Retain Counsel was filed by the purported manager, Lee Buchwald [Dkt. No. 10] to retain the law firm of Robinson Brog Leinwand Greene Genovese & Gluck P.C. as counsel to the Debtor (the "**Robinson Brog Application**"). The Declaration of Eyal Epstein was filed in support of the Robinson Brog Application in which Mr. Epstein swore under penalties of perjury that he was the authorized signatory on behalf of 286 Rider Ave Lender LLC and that 286 Rider Ave Lender LLC was the managing member and 100% equity interest holder in the Debtor and as such was seeking the retention of Robinson Brog (the "**Epstein Declaration**"). *See* Dkt. Nos. 10-1 ¶¶ 1, 3 and 4. In apparent reliance on the representations in the Robinson Brog Application and Epstein Declaration, the Court entered an Order Authorizing the Retention of Robinson Brog Leinwand Greene Genovese & Gluck P.C. as Attorneys for the Debtor effective as of July 15, 2021 [Dkt No. 16].

3.      On October 25, 2021, the Debtor filed a Statement of Financial Affairs ("**SOFA**") listing 286 Rider Ave Lender LLC as 100% equity holder in the Debtor [Dkt. No. 97].

4.      On November 5, 2021, the Debtor filed an amended SOFA stating that Development was the 100% equity holder as of the Petition Date (the "**Replacement SOFA**") [Dkt. No. 116, part 28].

5. Thus, in direct contradiction of the Epstein Declaration that supported the Robinson Brog Application, Development has been the undisputed holder since the Petition Date of 100% of the equity interest in the Debtor as admitted by the Debtor in the Replacement SOFA. It is uncontroverted and undisputable that Development never authorized the filing of the Petition nor the retention of Robinson Brog.

6. Instead, the authority for the bankruptcy filing and the Robinson Brog retention were improperly orchestrated and misrepresented to the Court by an affiliate of the Lender through its common principal, Mr. Epstein. Further, actions not approved by Development or discussed with general creditors have been undertaken in this case at considerable and questionable benefit to the estate by Debtor's lender-appointed counsel, Robinson Brog.

7. On January 11, 2022, Development wired $11,918,974.12 (including a cushion of $100,000 based on the Lender Payoff Notice at Dkt. No. 236) to Lender, thus redeeming Development's equity (including disputed management rights) in full and final satisfaction of Debtor's prepetition debt and amounts owed Lender under the DIP Financing (the "**Payoff Amount**").

8. On January 26, 2022, Development filed its Supplement [Dkt. No. 272] to its Payoff Motion [Dkt. No. 218] which included ballots from the judgment lien creditor and all remaining general creditors rejecting the Debtor's pending Plan of Reorganization along with stipulations of settlement signed by each such creditor providing for full and final satisfaction of their respective claims to be paid by Development outside of this Bankruptcy Case.

9. On February 10, 2022, Development filed First Amended Stipulations which clarified that each creditor agreed its claim would be deemed satisfied and withdrawn on entry of an order dismissing the case and that its stipulated settlement was conditioned on entry of such an order [Dkt. No. 291].

10. The only claimants remaining in this case are the very professionals, Robinson Brog and Morrison Cohen LLP, Lender counsel, who orchestrated what Development has maintained since the Petition Date was an unauthorized filing under the Debtor's controlling operating agreement and the New York Limited Liability Act. The sole purpose of the unauthorized filing, as evidenced by the forced auction scenario and lender-rich Plans filed to date by the Debtor and Robinson Brog, was to benefit the Lender and to manufacture fees for Robinson Brog, and strip equity of a multi-million dollar property with tremendous development potential with no benefit assured any creditor, other than to the Lender.

11. Upon the wiring of the Payoff Amount and signing of the Stipulations with remaining creditors, Development as equity became the fulcrum class in this case without whose consent no good faith Plan or disposition under chapter 11 became possible. The playing field in effect should have been leveled and all future actions taken to advance dismissal.

12. Nonetheless, Debtor's counsel continued to file pleadings and incur fees solely to advance its own interests and in disregard of the express started preferences of general creditors and equity. *See, e.g.*, Debtor's Response to 286 Rider's Supplement to its Motion to Confirm Disputed Payoff Amounts and for Related Relief [Dkt. No. 283] (accusing Development of interfering with Debtor's Plan and attaching a Second Amended Plan it had only apparently negotiated with the Lender and, as has been its practice throughout, failed to discuss or share with any other creditor or equity, the sole purpose of which on its face is to get

administrative professionals paid on Development's dime for fees the very same professionals orchestrated and incurred for a case Development has opposed since its inception).

13. Development as equity has the undisputed right to discharge Robinson Brog under New York law because it has acted consistently in its own interests and at the direction of the Lender. *See* Rules of Professional Conduct [22 NYCRR 1200.0], rule 1.7(a)(2) (prohibiting representation where lawyer's professional judgment is adversely affected by lawyer's own financial or other personal interests); rule 5.8, cmt. 2 (imposing traditional limitations prohibiting a third party from directing the professional judgment of a lawyer in rendering services to another).

14. Professionals may only be retained under 11 U.S.C. § 327 who are disinterested within the meaning of 11 U.S.C. § 101(14) and owe their duty to the estate. Debtor's counsel and Lender's counsel have pursued a course designed for their exclusive benefit as the end game of this case now reveals. Robinson Brog's retention order should be terminated as it does not qualify to serve as Debtor's counsel.

15. Equity should not have to support the retention of counsel and incurrence of fees and continued incurrence of fees for the exclusive benefit of those who improperly filed this case and continue to pursue a course in their exclusive interest. In fact, Congress has spoken on the consequences of what, as here, is the equivalent of an improperly filed involuntary bankruptcy case, by shifting fees and costs incurred back to the filer. *See* 11 U.S.C. § 303(i). Such should be the result here consistent with Congressional intent.

16. Development, as the sole equity holder of the Debtor, a non-income producing and non-operational entity, is the true client here. It is incomprehensible that Robinson Brog should be allowed to continue to collude with a Lender, who has been in paid in full, in running a

bankruptcy case, as a purported fiduciary, when its only objective is to continue running up fees and protect itself and its continuous manufacturing of fees, with no benefit to the Debtor, or to any parties other than Robinson Brog. This miscarriage of equity and justice should not be permitted to continue to the extreme prejudice of equity and the remaining creditors.

    WHEREFORE, Movants respectfully request that the Court enter an Order substantially in the form attached hereto as Exhibit A granting their Motion to Discharge Robinson Brog Leinwand Greene Genovese & Gluck P.C. as Debtor's Counsel and granting such other relief as may be just.

Dated: New York, New York  
       February 21, 2022

OFFIT KURMAN, P.A.

By: /s/ Jason A. Nagi
Jason A. Nagi, Esq.
590 Madison Avenue
New York, New York 10022
(212) 545-1900

and

Joyce A. Kuhns, Esq. (admitted pro hac vice)
300 East Lombard Street, Suite 2010
Baltimore, Maryland 21202
(410) 209-6463

*Attorneys for Movants 286 Rider Ave Development LLC, Toby Moskovits and Yechial Michael Lichtenstein*

**OFFIT KURMAN, P.A.**
Jason A. Nagi, Esq.
590 Madison Avenue, 6th Floor
New York, NY 10022
Tel (212) 545-1900
Email: Jason.nagi@offitkurman.com
     and
Joyce A. Kuhns, Esq. (admitted pro hac vice)
300 East Lombard Street, Suite 2010
Baltimore, Maryland 21202
Tel (410) 209-6463
Email: Jkuhns@offitkurman.com

*Attorneys for Movants 286 Rider Ave Development LLC,*
*Toby Moskovits and Yechial Michael Lichtenstein*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                      Chapter 11

286 Rider Ave Acquisition LLC,

                                      Case No.  21-11298-lgb

                 Debtor.
-----------------------------------------------------------X

**CERTIFICATE OF SERVICE**

       A copy of the Motion to Discharge Robinson Brog Leinwand Greene Genovese & Gluck P.C. as Debtor's Counsel Pursuant to 11 U.S.C. §§ 101(14), 105, and 327 and attached Proposed Order were served on February 21, 2022 via (i) Electronic Notice and E-Mail upon the parties listed on the attached service list as denoted with a "*"; (ii) E-mail upon the parties listed on the attached service list as denoted with a "**"; and (iii) U.S. Mail postage pre-paid upon the parties listed on the attached service list as denoted with a "***".

**SERVICE LIST**

**VIA ELECTRONIC NOTICE AND E-MAIL (*)**

Joseph Thomas Moldovan - bankruptcy@morrisoncohen.com

Fred B. Ringel - fbr@robinsonbrog.com

United States Trustee - USTPRegion02.NYECF@USDOJ.GOV

**VIA E-MAIL (\*\*)**

Greg Zipes - greg.zipes@usdoj.gov

**VIA U.S. MAIL (\*\*\*)**

| | |
|---|---|
| NYS Dept. Taxation & Finance<br>Bankruptcy/Special Procedures Section<br>P.O. Box 5300<br>Albany, NY 12205-0300 | United States Attorney's Office SDNY<br>Attention: Tax & Bankruptcy Unit<br>86 Chambers Street, Third Floor<br>New York, NY 10007 |
| NYC Dept. of Finance<br>Office of Legal Affairs<br>375 Pearl Street, 30th Floor<br>New York, NY 10038 | U.S. Securities and Exchange Commission<br>New York Regional Office<br>Brookfield Place<br>200 Vesey Street, Suite 400<br>New York, NY 10281-1022 |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Titan Engineers PC<br>1331 Stuyvesant Ave.<br>Union, NJ 07083 |
| Fischer Makooi Architects<br>242 West 30th Street, Ste. 1102<br>New York, NY 1001 | Robert Newblatt<br>286 Rider Ave Realty LLC<br>286 Rider Avenue<br>Bronx, NY 10451 |
| Wayne M. Greenwald, Esq.<br>JACOBS, P.C.<br>667 Madison Avenue - 5th Floor<br>New York, NY 10065 | Mark S. Lichtenstein and Joshua D. Bernstein<br>Akerman LLP<br>1251 Avenue of the Americas, 37th Floor<br>New York, New York 10020 |
| BEAM Architects D.P.C.<br>141 Flushing Avenue, Suite 1201<br>Brooklyn, NY 11205 | EBC<br>1808 Middle Country Road<br>Ridge, NY 11961 |
| Metropolitan Realty<br>381 South 5 Street<br>Brooklyn, NY 11211 | Xolle Demolition<br>2071 Flatbush Ave, Suite 44<br>Brooklyn, NY 11234 |
| 286 Rider Associates, LLC<br>213 Via EmailiaPalm Beach<br>Gardens, FL 33418 | |

/s/ Jason A. Nagi
Jason A. Nagi, Esq.