# Morrison Cohen LLP

Joseph T. Moldovan
Partner
(212) 735-8603
jmoldovan@morrisoncohen.com

February 21, 2022

**VIA EMAIL**

The Honorable Lisa G. Beckerman
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

> *Re*:   *In re 286 Rider Ave Acquisition LLP*, Case No. 21-11298 (LGB)

Dear Judge Beckerman:

Since the entry of your most recent order on February 11, 2022 ("**Order**"), there have been very disturbing developments that we must bring to your attention as we believe they must alter the current trajectory of this case.

Toby Moskovits has made new defamatory scurrilous public statements in multiple forums this week, directly impugning the integrity of this Court and the Court's supervision of this case, officers of this Court, and Court-retained professionals. These statements directly and unquestionably impact this Chapter 11 Case, conclusively demonstrate that Ms. Moskovits has no respect for this Court, its authority, or its process, and make crystal clear why the Court should terminate any path to the resolution of this case other than through a plan process.

I.   **Ms. Moskovits Refers to this Case as a "Fraudulent Bankruptcy" and the Professionals Involved in it as Participants in a "Criminal Conspiracy"**

   A.   **Ms. Moskovits' Social Media Post**

On February 15th, shortly after the entry of the Order, Ms. Moskovits made the attached LinkedIn post (**Attachment 1**), attacking and impugning the integrity of this Court by

The Honorable Lisa G. Beckerman
United States Bankruptcy Judge
February 21, 2022
Page 2

calling this a "fraudulent bankruptcy" case. In the same public posting, Ms. Moskovits referred to this Chapter 11 Case and Lender's actions herein as a "criminal enterprise," asserting that this alleged criminal enterprise included two court-appointed professionals, Mr. Ringel and Mr. Corbin, as well as me and my partner and co-chair of my firm, Y. David Scharf. Make no mistake, her comment does not only target officers of this Court; it also clearly implicates Your Honor as the facilitator of the criminal enterprise for allowing this "fraudulent" bankruptcy case to continue. As this Court is aware, this is not the first time Ms. Moskovits has asserted these charges in order to challenge the legitimacy of this Chapter 11 Case, this Court's decisions in this case, and the conduct of estate and other professionals in the case.[1]

### B. Ms. Moskovits has also Made the Same Patently False and Defamatory Statements to the Federal Reserve Board, the New York State Department of Financial Services, and Banks with whom the Lender has a Relationship

The same day as the LinkedIn post, Ms. Moskovits sent the attached letter to the General Counsel of Valley National Bank (**Attachment 2**) and copied, among others, the Federal Reserve Bank of New York and the New York State Department of Financial Services. In her letter, she continues to rail against the commencement of this case, asserting that it began with a "fraudulent representation" that rendered the filing of the Chapter 11 Case a "fraud." Ms. Moskovits continued that she "will pursue all rights and remedies" against those involved in the so-called fraud. Her letter expands her warped "kitchen sink" pursuit for "justice" to Bank Leumi and possibly others.

Ms. Moskovits' letter, like the LinkedIn post, requires the Court's immediate intervention—consistent with the Court's prior actions discussed below—to bring an end to this very public smear campaign that, again, smears not only members of my firm, but this Court and the integrity of the bankruptcy process supervised by this Court.

The LinkedIn post and letter contain virtually the same allegations this Court ordered struck from Ms. Moskovits' and Mr. Lichtenstein's complaint in the Florida Action [ECF No. 248] because, as the Court has time and again stated, the bankruptcy was validly filed

---

[1] Perhaps worse, Ms. Moskovits' unfounded accusations are gaining traction in the media. The attached article published six weeks ago, titled *New York Case Puts Integrity of Bankruptcy Process to Test*, (**Attachment 3**) based largely on the filings of Ms. Moskovits and Development in this case, supports the premise that the repetition of these falsehoods is damaging to the integrity of the Court and this case.

The Honorable Lisa G. Beckerman
United States Bankruptcy Judge
February 21, 2022
Page 3

and these statements about Lender are *patently false*. It is also the type of grossly unacceptable conduct this Court entered an order [ECF No. 245] to protect Mr. Ringel and his firm from on January 6, 2022.

## II.  Allowing this Case to Proceed in any Direction Other than a Plan is Contrary the Interests and Expressed Desires of the Actual Creditors in this Case

We bring these matters to the Court's attention not simply because we are disturbed by this conduct—we are, and it is libel *per se*—but because it makes clear that this Court's efforts to craft a solution to the Chapter 11 Case to satisfy Ms. Moskovits and Development are being actively undermined and are not only unappreciated, but are being spit upon.

The Court has focused on the fact that Development made a payment to Lender—something it was obligated to do two years ago. The Court has given great weight to this payment, but it no longer should. All Development did is partially pay a debt it owed, and it did so only because of this Court's decisions, which thwarted Development's continued nonpayment delay tactics. The moment this case is dismissed, Lender believes Development will challenge the legitimacy of the bankruptcy filing itself in a different forum. Respectfully, Lender believes the Court's efforts to apportion significance to this payment in crafting a conclusion to the Chapter 11 Case have extended too far. This process should and can no longer be contorted to suit Development's warped narrative.

There is no question that Development has been the loudest and most vitriolic voice in the courtroom—its principals have often interrupted the Court's discussions to hector and admonish the Court for its actions. We are where we are in the Chapter 11 Case solely because Development's failure to act even remotely honorably, let alone commercially or reasonably. Despite this, the Court is now permitting this case to travel a path that, respectfully, the Court said it would not go down, thereby rewarding Development's misdeeds and atrocious behavior. The Court is also giving great weight to the requests of parties with no economic stake in this case, instead of the parties that have very real economic stakes and who vehemently support a plan in opposition to Development's desires for dismissal.

Development is not the debtor. It is not even a creditor. It is the non-controlling equity holder of a *defaulted borrower*. It is in this position because of its own conduct and failure to satisfy the conditions of its loan agreement with the Lender. Yes, Development made a payment to Lender outside of the Chapter 11 Case with third-party funds, but only after

The Honorable Lisa G. Beckerman
United States Bankruptcy Judge
February 21, 2022
Page 4

(i) failing to pay the loan at maturity over two years ago and (ii) filing dozens of motions, objections, or other filings[2] in the Chapter 11 Case in which it was unable to convince the Court to adopt its other improper or unlawful proposals. The fact it eventually made the payment it promised to make, only as a result of this Court's decisions and after trying to avoid making such payment in every conceivable way, does not merit a reward or even a thank you. More importantly, this payment does not permit Development to circumvent the Bankruptcy Code, nor should this payment cause the Court to proceed on a course that is opposed by the senior creditors in the Chapter 11 Case, a point which the Court seems to have discounted or possibly overlooked.

As result of Development's strategy and the settlement agreements it has shown to the Court, there *are no real unsecured creditors* in the Chapter 11 Case, as all the parties who filed unsecured claims have agreed to treatment outside of the Chapter 11 Case. The same applies to the judgment creditor who has also agreed to the satisfaction if its claim outside of the Chapter 11 Case. Therefore, these entities are no longer parties here, or at the very least, should not be treated as parties or given any deference or consideration. That they "want" this case to be dismissed should be of no moment to this Court, and is irrelevant to how this Chapter 11 Case should conclude. They are not getting paid from any assets of the estate and the estate does not have to resolve their claims.[3]

Putting aside the judgment creditor, the creditors who claim to want dismissal are three entities that have asserted unsecured claims totaling $119,985.[4] ***These are not allowed***

---

[2] Development, Ms. Moskovits, and Mr. Lichtenstein have, separately or jointly, filed at least 13 substantive motions, over 20 objections, oppositions, replies, or responses, at least 15 substantive letter responses and other substantive documents, and three appeals in this otherwise relatively mundane bankruptcy case.

[3] As the Court noted, it is curious why they would want dismissal versus a plan process, under which they do better, and the Court has never actually heard from any of these creditors directly other than the judgment creditor who has also not explained why he favors dismissal, but regardless, they have made their agreements.

[4] This includes the timely claim of Titan Engineers P.C. and does not include the two late-filed claims of Titan, neither of which claims to amend its earlier claim, both of which claim to be acquired from Development's counsel, Offit Kurman P.A., and one of which omits an amount and the other of which includes an amount in excess of the $50,000 in Titan's initial claim.

The Honorable Lisa G. Beckerman
United States Bankruptcy Judge
February 21, 2022
Page 5

*claims and there is no reason at this time to assume these claims would have or will ever become allowed.*[5]

Even if the claims of these three creditors are ever allowed—which given the stipulations they and the judgment creditor have entered into with Development, will never occur— these claims *are junior* under the Bankruptcy Code to the other parties holding claims in the Chapter 11 Case.

The actual creditors in the Chapter 11 Case are: the Lender, the Debtor's professionals, Mr. Buchwald, and the State of New York. These parties hold superior claims aggregating approximately $700,000. These are the parties who are relevant and deserve to be recognized and heard. These are the parties who have—with Your Honor—moved this case forward following the rules and procedures in the face of constant obstacles by Development and insults from Development's principals, to have an organized process and bring an orderly resolution to this matter. These creditors, holding claims senior in priority under the Bankruptcy Code to general unsecured creditors, have *all* requested the conclusion of the Chapter 11 Case through the plan process, a process that harms no one and that any rational actor would support.[6] Moreover, a process that no one opposing this relief has ever articulated any, let alone, a coherent, reason to oppose. The only conceivable reason to oppose a plan process is because Development believes it may disadvantage them in their stated determination to continue to litigate with the Lender and will prejudice their ability to perpetuate the false narrative that this case was not properly commenced and properly prosecuted.

Development wants to avoid finality because as its principals have stated over and over, they are not done litigating this case. They want latitude to argue that everything about this case was wrong, including the way the Court conducted the case. This is what they

---

[5] For example, the claim of Titan Engineers P.C. may arise from an alleged contract entered into after the commencement of the Chapter 11 Case between Titan and Mr. Lichtenstein, not the Debtor. Moreover, only one of the claims was filed with any supporting documentation, and Lender believes Debtor's counsel has not been provided with any documents substantiating the work allegedly performed.

[6] For example, it is inconceivable why 286 Rider Associates LLC ("**Associates**") favors dismissal. In its stipulation [ECF No. 291], it agrees to "payments" (plural), implying payments over time (although it is impossible to tell with certainty, since the underlying agreement has not been filed), not secured by collateral. Whereas, if the plan were to go forward, Associates would be paid in full with interest immediately upon the effective date of the plan, either from money supplied by Development, or from sale of the Property, against which Associates claims a perfected lien.

The Honorable Lisa G. Beckerman
United States Bankruptcy Judge
February 21, 2022
Page 6

have been arguing in the court of public opinion. With only a dismissal, rather than the finality of a confirmed plan, their abuse of the legal system will continue unabated.

It is also worth noting that although this case has been called "unusual," and though there are unusual aspects, the case itself should have been fairly ordinary; mundane even. What is unusual is the head-scratching conduct of Development and its principals. The Chapter 11 Case should have been simple and routine. But Development abused the process. And, from Lender's perspective, abused the Court. Development's abuse should no longer be tolerated. Lender has always done the right thing. Development has not, beginning with its defaulting on its obligations to Lender. It has violated the Court's orders, admonished the Court in open session, and called this entire process a "fraudulent bankruptcy" case.

Stated directly, the type of conduct evidenced in Ms. Moskovits' post and in her and Mr. Lichtenstein's conduct at the last hearing clearly demonstrates that, for the sake of all involved parties, the *only* way to conclude the Chapter 11 Case is through the tried and true traditional path of plan confirmation. Candidly, there is no way to know how far Development will go in its perverted quest to seek its version of " justice," which is what Ms. Moskovits stated she is looking for at the last hearing. What is known is that there appears to be no line Ms. Moskovits or Mr. Lichtenstein will not cross, and no orders that Your Honor can enter that they will not violate.[7]

The Debtor has exclusivity. Equity and fairness dictate that the Debtor be authorized to file and seek confirmation of the Plan presented to the Court and the parties in its *Debtor's Response to 286 Rider Ave Development LLC's Supplement to Its Motion to Confirm Disputed Payoff Amounts and for Related Relief* [ECF No. 283] on an expedited basis. The Court can quickly determine and dispense with any notice issues and the Chapter 11 Case can be over before several of the deadlines in the Order are close. Anything else rewards a bad actor for its continuing bad conduct, and punishes those parties who have properly conducted themselves in the Chapter 11 Case. A confirmed plan will also make clear and confirm for all that the Court's determinations that the Chapter 11 Case was properly commenced,

---

[7] It should not be lost on the Court that Development violated this Court's January 12, 2022 Scheduling Order [ECF No. 259] when it failed to fund the escrow (or even create an escrow), just as when it violated the Rule 2004 discovery orders by deciding not to provide documents requested; yet it suffered no adverse consequences in either instance.

The Honorable Lisa G. Beckerman
United States Bankruptcy Judge
February 21, 2022
Page 7

properly executed and handled, and properly concluded, and end once and for all the attacks on the Court and the parties-in-interest by Development and its principals.

### III.   *The Court Needs to Address the District Court's Very Limited Remand Question*

Ms. Moskovits' statements all derive from her claim that the Court was misled by the Debtor and Lender, and that Your Honor actually believed the Lender "owned" the membership interest in the Debtor. Ms. Moskovits' basis for this ridiculous argument is that when the Debtor filed its SOFA—which occurred long after the Court had denied both Development's Motion to Dismiss and its Motion to Alter or Amend the Judgment, and after the notice of appeal was filed.[8] The SOFA listed the new managing member of the Debtor as the owner of the equity, then days later, the Debtor filed an Amended SOFA, correcting this error and confirming that Development owned the equity in the Debtor. Notwithstanding that Your Honor already addressed this issue on the record at the hearing on November 16, 2021, noting that the issues concerning the ownership of the equity interest were raised, and you considered and found that "the lender has the right or its nominee to exercise all voting equity and membership and other rights pertaining to the membership interest" (11/16/21 Transcript at 15:22–24), the District Court issued a limited remand order so that Your Honor could consider whether the fact of the SOFA filing and the Amendment to the SOFA would alter this Court's denial of the Motion to Alter or Amend the Judgment.

There appears to be no way to stop Ms. Moskovits or Mr. Lichtenstein from smearing the Court, the Lender and its counsel, and the Estate professionals, and her crusade to have this case declared a fraud so long as this issue remains alive. Consequently, we request that the Court address the remand issue promptly. Doing so should formally dispose of the improper and false assertions Ms. Moskovits feels empowered to make, because the Court will put them to bed once and for all. Moreover, we believe that not dealing with the remand issue (and Ms. Moskovits' statements) simply allows Ms. Moskovits to continue her reprehensible conduct. Addressing the remand will also remove the Sword of Damocles this Court has unintentionally placed above the Lender's and the Debtor's heads.

---

[8]   The Motion to Dismiss [ECF No. 17] was filed on August 5, 2021; the Order Denying the Motion to Dismiss [ECF No. 39] was entered on August 30, 2021; the Motion to Alter/Amend [ECF No. 47] was filed on September 13, 2021; the Order Denying the Motion to Alter/Amend [ECF No. 69] was entered on October 5, 2021; the Appeal from the Order Denying the Motion to Alter/Amend [ECF No. 75] was filed on October 8, 2021. The original Statement of Financial Affairs [ECF No. 97] was filed on October 25, 2021—more than two weeks *after* the appeal was filed. The Statement of Financial Affairs was amended days later, on November 5, 2021 [ECF No. 116]. It is ***temporally impossible*** for the Court to have been misled by the SOFA at any stage of the process.

The Honorable Lisa G. Beckerman
United States Bankruptcy Judge
February 21, 2022
Page 8

In the Order, Your Honor proposes to address Development's latest motion to dismiss *after* all of the other requirements of the Order have been satisfied. This Order requires significant work on the part of the Debtor, the Lender, and the Court, all of which is rendered for naught if the Court were to inexplicably grant this motion to dismiss at the end of this case despite having denied a virtually identical motion to dismiss at the beginning of this case.

By determining the remand issue now, and deciding, we hope, that upon consideration of the issue remanded, the Court stands by its original determination, the effect will be that the appeal of the Motion for Reconsideration that is the subject of Development's appeal will be denied, and the Court's decision denying Development's original motion to dismiss will be left untouched. This will perforce require a dismissal of the second motion to dismiss on *res judicata*, collateral estoppel, and law of the case grounds. And then, one can only hope that Development's and Ms. Moskovits' misguided and abusive crusade will end.

IV.     *Request for Status Conference*

Lender requests a status conference to discuss the issues raised in this letter. We are available at the Court's convenience to answer any questions regarding this Letter Request or other case-related matters. The Lender also expects to file a second letter tomorrow seeking clarification of certain provisions in the Order.

Respectfully submitted,

Joseph T. Moldovan

cc:     Fred B. Ringel, Esq.
        Douglas Spelfogel, Esq.
        Jason A. Nagi, Esq.
        Joyce A. Kuhns, Esq.