# ATTACHMENT 2

**Toby Moskovits**
**137-55 71st Avenue**
**Flushing, New York 11367**

February 15, 2022

Ronald H. Janis, Esq.
General Counsel
VALLEY NATIONAL BANCORP
d/b/a VALLEY NATIONAL BANK
One Penn Plaza, Suite 2930
New York, New York 10119
rjanis@valley.com

Dear Sir,

    I am a member of 286 Rider Ave Development and am writing to bring to your attention certain claims of which you might not be aware that impact Valley National Bank as it relates to Bank Leumi's US operations.

    I am a Member of Northside Partners LLC which has an interest in 286 Rider Ave Acquisition LLC. ("286 Acquisition").

    In 2018, Be-Aviv – controlled by the Harlev family – entered into a deal with 286 Acquisition ("BA Lender") to lend it money to develop properties in New York City. The initial loan (which was funded) was for $8,000,000.00 by Be-Aviv 286 Rider, LLC Bank Leumi is the A note lender.

    286 Acquisition has made claims against Be-Aviv for lender liability on the loan for which your proposed merger partner – Bank Leumi US – is the A note lender. Further, Bank Leumi as the A note lender is privy to all the actions and goings on relating to the 286 Acquisition and Be-Aviv transaction and is subject to the claims for damages. In the event the merger is completed, the claims will flow through to Valley National.

    In April of 2021, Ben Harlev of Be-Aviv – claiming a default occasioned by Be-Aviv – gave notice that Be-Aviv took 100% of the membership interest of 286 Acquisition. Instead of setting a UCC auction to sell the 286 Acquisition to pay off the loan, Be-Aviv, as the 100% member of 286 Acquisition, put 286 Acquisition into Bankruptcy seeking federal bankruptcy protection in a Chapter 11 filing.

    When Be-Aviv filed for bankruptcy protection – instead of just selling the 286 Acquisition property – it filed a Statement of Financial Affairs (SOFA) claiming to be an owner of 100% of the membership interests of 286 Acquisition and appointed a non-member as Manager of 286 Acquisition. When I pulled the bankruptcy filing, there was an affidavit attached from someone representing themselves as the Manager, asserting that Ben Harlev's company was 100% owner of the entity and thus my property. Thus, Harlev moved forward in this bankruptcy both in the position as Secured Lender (with Leumi as participant in the Loan) and as the Debtor.

    The actions of the Harlev's were recanted when they were challenged in bankruptcy Court. Be-Aviv filed a new SOFA that contradicted its first statement, to wit: that it was the 100% owner of 286 Acquisition and said that the initial owners constituted 100% of the membership of 286 Acquisition.

The documents filed in the bankruptcy raise the specter of fraud perpetrated by the Lender regarding the loan on which Bank Leumi is the A Note lender.

Ben Harlev, through Be-Aviv, has over the last 6 months pursued a bankruptcy, in which it appears Bank Leumi has been an active participant. As a long-time Lender to Ben Harlev, Daphna Aviv and their company in the US and for decades in Israel, it is clear that the Bank should have received notice of this change in ownership in April 2021, when Harlev says he took over the ownership of the borrowing entity.

It is apparent to me, and should be apparent to you, that a partner of Ben Harlev and Be-Aviv, Bank Leumi, was aware that the original bankruptcy contained a fraudulent representation when it failed to disclose that the ownership entity which filed for bankruptcy was affiliated with the purported Secured Lender (which was under the control of Ben Harlev and Be-Aviv). Notwithstanding, Bank Leumi failed to come forth on this point to the bankruptcy court and fix the record.

Even more troubling, is that four (4) months after the original bankruptcy filing - the Lending Group reversed the entire history of ownership - establishing that the original bankruptcy filing was fraud. AND STILL BANK LEUMI - the A Note Lender on this loan - FAILED TO COME FORTH TO THE BANKRUPTCY COURT.

I am writing to advise you that I intend to pursue all rights and remedies against Bank Leumi for their role in this fraud. At this time the loan has been paid off in full and Be-Aviv refuses to file a mortgage satisfaction or release the ownership shares and thus the property. This in spite of the fact that the loan and all attendant charges have been paid off.

This shall serve as notice regarding preservation of documents. I am exploring my legal options but records including all notices between Be-Aviv and Bank Leumi, all signed agreements regarding the co-Lender relationship, source and amount of all interest payments to Bank Leumi Pre and post-bankruptcy and all email communication regarding this loan must be preserved.

I intend to send a similar notice to Leumi Partners in connection with their recently announced lead on a $150 million financing into Ben Harlev's lending platform as it seems evident that through the review and documentation of that transaction, the Bank should have been aware at a granular level about the fraudulent representations made to the court regarding my property and their loan.
All rights reserved.

Respectfully,

Toby Moskovits

Cc:   Federal Reserve Bank of New York (via Michael Held, Michael.held@ny.fed.org);
N.Y. Dep't of Financial Servs. (Via Office of General Counsel, counsel@dfs.ny.gov); and Bank Leumi (via Andrew Sherman, Esq., General Counsel, asherman@leumiusa.com and Avner Mendelson, President and CEO, amendelson@leumiusa.com).Valley National Bank (Via Ira D. Robbins Chairman/President/CEO, Valley Natl Bancorp, ldrobbins@valley.com and Thomas Ladanza, President, tladanza@valley.com)