# MorrisonCohen LLP

Joseph T. Moldovan
Partner
(212) 735-8603
jmoldovan@morrisoncohen.com

February 22, 2022

**VIA EMAIL**

The Honorable Lisa G. Beckerman
United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

*Re*:    *In re 286 Rider Ave Acquisition LLP*, Case No. 21-11298 (LGB)

Dear Judge Beckerman:

In addition to the issues raised in our letter[1] dated February 21, 2022, we are compelled to raise a few more technical issues that arise from Your Honor's recent order ("**Order**") [ECF No. 293], dated February 11, 2022, and seek a conference on these issues as well in advance of this Friday's 14-day deadline for the Lender to take other actions with respect to the Order. This letter addresses paragraphs 1–3 of the Order.

**The Lender's claims in this Case.** The *only* claim Lender asserts in the Chapter 11 Case relates to its outstanding attorney's fees of $251,705.27 as of January 31, 2022, and an estimated amount of $100,000 of fees for February 2022, for a total of $351,705.27 (this amount may increase based on what additional work Lender's counsel may need to perform). Lender has no other claim in the Chapter 11 Case. Any claims Lender had, have now been satisfied by a payment outside of this case as stated by Development to redeem its Pledge. Lender accepted the amount tendered as partial payment on account of the Pledge and the prepetition loan because extant obligations remained under both the Pledge and the prepetition loan. The extant fee claim arises both under the prepetition

---

[1]    Contrary to Development's recent assertions, Lender submits this letter, as well as its letter dated February 21, 2022, as a result of the Court's past invitations to make itself available for status conferences to address open items and for further guidance. Should the Court direct Lender otherwise regarding the matters set out in its recent correspondence, Lender will do as instructed by the Court.

909 Third Avenue, New York, NY 10022-4784 • p:212.735.8600 • f:212.735.8708 • www.morrisoncohen.com

The Honorable Lisa G. Beckerman
United States Bankruptcy Judge
February 22, 2022
Page 2

loan, and under the DIP Loan.[2] As such, if the attorney's fees are reviewed at all—which for the reasons we state below, we question—we believe this review should be limited to an in camera review by the Court of the post-January 11th fees, consistent with the terms of the DIP Loan and DIP Order.

**The Court's reliance on Section 506 (Determination of Secured Status) of the Bankruptcy Code seems overbroad.** Section 506 is meant to address secured claims in existence against a debtor's estate, not to determine amounts already paid and claims no longer asserted (under any section of the Bankruptcy Code), and which are no longer before the Court. As noted, we no longer have any claim under the prepetition loan other than the very limited claim for post-January 11th fees, and do not understand what the Court is intending by the reference to section 506, if more than this.

**The text of paragraph 3(i) of the Order states "detailed time and expense records for all _requested_ professional fees and related expenses that Be-Aviv incurred " are to be provided.** _See_ **Order,¶3 (emphasis added**). As stated above, Lender is only _requesting_ fees in connection with services rendered after January 11, 2022. Lender has been voluntarily paid outside of the Chapter 11 Case by a non-debtor party and not pursuant to any order of this Court, for all other amounts it was, but no longer is, owed. Lender seeks confirmation the Court is not requiring supporting documents for fees for which it is not currently requesting payment.

**The Court has characterized the DIP Facility as fully repaid and terminated, but there are extant obligations owed to the DIP Lender by the Debtor under the DIP Agreement.** Although it is true that the amount owed Lender on account of funds loaned to the Debtor under the DIP Loan has been paid by Development, there remain continuing obligations owed by the Debtor to Lender including its attorney's fees. _See_ DIP Order, ¶G(v)—DIP Obligations include "all attorney's fees . . . in connection with . . . this Bankruptcy Case . . . ." This language does, of course, include the pending appeals and other pending motions. We request a clarification and confirmation that the Court's position is that the Debtor's obligations to Lender under the DIP Agreement have not ceased.

---

2       _See_, _Be-Aviv Rider LLC's Response to Supplement to Development's Motion to Confirm Disputed Payoff Amounts, Satisfaction of DIP Loan, and Related Relief_ ("**Lender Response**") [ECF No. 286], dated February 4, 2022, ¶¶ 26–28. Such secured claim arises under that certain: (a) _Senior Secured Super-Priority Debtor-In-Possession Loan Agreement_, dated November 22, 2021 ("**DIP Loan**"), and (b) _Final Order (I) Authorizing Debtor To (a) Obtain Postpetition Financing and Utilize Cash Collateral Pursuant to 11 U.S.C. §§ 105, 362, 363, 364(c)(1), 364(d), and 364(e) and Fed. R. Bankr. P. 2002, 4001(c), 4001(d) and 9014, (b) Granting Adequate Protection to Prepetition Secured Lender, (c) Modifying the Automatic Stay, and (d) Granting Related Relief,_ dated November 23, 2021 [ECF No. 175] ("**DIP Order**" and, with DIP Loan, "**DIP**"). For the avoidance of doubt, the pledge has not been redeemed because the lender is still owed monies.

The Honorable Lisa G. Beckerman
United States Bankruptcy Judge
February 22, 2022
Page 3

**The Court appears to be permitting Development to review and object to the Lender's pre-DIP fees based on reasonableness (*see* Order, ¶3), despite Development's failure to initiate a challenge to those fees as required under the DIP Order**.  Under the DIP, Development was required to object to Prepetition Indebtedness, which included Lender's attorney's fees, (*see* DIP Order, ¶F(I)) before the expiration of the Challenge Period (*see* DIP Order, ¶17), **but failed to do so**. We seek confirmation that the Court is not permitting Development to now review or challenge these fees.

**The Order appears to allow Development to review attorney-client and work product material found in counsel for the Lender's time records while the Lender is engaged in active litigation with Development.** The language of the Order can be read to require that to the extent the Lender is ordered to produce materials for the Court to review, it must produce these records in an unredacted form to Development. Notwithstanding the Lender's positions previewed above, and notwithstanding that the Lender believes it should not be required to submit any time records to Development for review, if the Court advises that it must, Lender should be permitted to produce only redacted time records to the parties and unredacted records only for the Court's *in camera* review, which would require the Order ¶3(i) to be modified. This is because Lender is engaged in active litigation with Development and many of these time records contains confidential or strategic information related to those matters.

If the Court determines all of Lender's fees are reviewable, and ultimately finds some of the fees to be unreasonable, the Lender seeks clarification as to the consequence of such finding. The funds were not paid to the Lender by the Debtor, and no property of the estate was involved or implicated by the private transaction between these two non-debtor entities. Lender does not believe there exists a jurisdictional nexus for the Court to order the Lender to return the funds paid from one non-debtor to another non-debtor outside of the Chapter 11 Case and not pursuant to any order of this Court and where New York law, under the Voluntary Payment Doctrine, bars Development (or whoever paid these funds to Lender) from obtaining any return of any portion of these funds.

[*Text Continued On Following Page*]

The Honorable Lisa G. Beckerman
United States Bankruptcy Judge
February 22, 2022
Page 4

We are available at the Court's convenience to answer any questions regarding this Letter
Request or other case-related matters.

Respectfully submitted,

Joseph T. Moldovan


cc:    Fred B. Ringel, Esq.
       Douglas Spelfogel, Esq.
       Jason A. Nagi, Esq.
       Joyce A. Kuhns, Esq.