

|  |
|---|
| Mayer Brown LLP |
| 1221 Avenue of the Americas |
| New York, NY 10020-1001 |
| United States of America |
| |
| T: +1 212 506 2500 |
| F: +1 212 262 1910 |
| |
| mayerbrown.com |

February 28, 2022

**Douglas E. Spelfogel**
Partner
T: +1 212 506 2151
DSpelfogel@mayerbrown.com

BY ECF & EMAIL

Judge Lisa G. Beckerman
USB Southern District of New York
One Bowling Green
New York, NY  10004-1408

Re:   In re 286 Rider Ave Acquisition LLC
      Case No.: 21-11298

Dear Judge Beckerman,

We are counsel for 286 Rider Ave Development LLC ("Development").  We write in response to the letter (the second of two improper submissions)[1] filed on February 22, 2022 by counsel for Be-Aviv 286 Rider LLC ("Be-Aviv") which once again improperly seeks, amongst other things, to litigate by letter and to reargue and/or vacate the Court's prior ruling pursuant to order dated February 11, 2022 [Dkt. No. 293] (as amended, the "Order").

Here, despite the Court determination and entry of the Order, Be-Aviv refuses to comply, improperly seeking by letter reconsideration and/or vacatur of such Order without factual or legal basis.  However, Mr. Moldovan and Mr. Ringel may not have it both ways.  If they won't provide documentation for their fees and expenses as mandated by the Court, they are not entitled to payment of any additional amounts and have no basis to block dismissal of the instant case.  As discussed in the Supplemental Motion, and below, all legitimate creditors have been paid or have arrangements to be paid outside of this bankruptcy case.  Accordingly, Development respectfully requests that this Court schedule an expedited hearing for dismissal of this case as a matter of law, as further explained below.

In addition, as to the other points, Be-Aviv raises a series of specious arguments, all of which have been considered and rejected by the Court, or are waived.  Specifically, Be-Aviv asserts that the Court lacks any power to review the reasonableness of its fees under Section 506 of the Bankruptcy Code (contrary to the Court's express ruling and the statute); argues that the DIP Order bars review of fees concerning the Pre-Petition Loan (despite the fact that the DIP Order did not include any line item for any such fees, and limited payment to reasonable fees); asserts that the Court has no jurisdiction over Be-Aviv (or its claims), even though Be-Aviv actively participated and orchestrated the instant bankruptcy filing (and affirmatively consented to such jurisdiction); argues

---

[1] Development also respectfully refers the Court to its letter Dated February 21, 2022, which is incorporated by reference.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

746472928

Judge Lisa G. Beckerman
February 28, 2022
Page 2

only now that the DIP Loan was not paid off even though the full amount of the DIP as asserted by Be-Aviv was tendered (having not raised this argument before, it is waived); argues the voluntary payment doctrine blocks court review of fees (the Court has already rejected this argument, which is inapplicable to the payments here), and argues that Be-Aviv should be able to redact all invoices unconditionally (a tactic uniformly used in this case to prevent any reasonable review of amounts charged, including to confirm the proper allocation of fees between the DIP Loan, and Pre-Petition Loan). Accordingly, Development submits that the Order is binding upon Be-Aviv.[2]

Here, despite orchestrating this bankruptcy case in violation of the operating agreement and New York law, neither Mr. Moldovan nor Mr. Ringel appear to have any intention of complying with the Bankruptcy Code requirements of full and fair disclosure of the necessity and benefit of their exorbitant fees. All other legitimate creditors have reached payment arrangements with Development and their stipulated settlements have been filed with the Court which are conditioned on dismissal of this case. The only parties that seek to keep this case from being dismissed are the professionals, but at the same time the professionals seek to hide what they have done in opposition to the clear bankruptcy rules. Accordingly, they have chosen their path to be bound by the bankruptcy rules and that path proposed precludes allowance of compensation due to their refusal to abide by such rules. Neither Development nor the estate should bear the costs for hidden fees, nor should the dismissal of the case be forestalled against the will of the creditors. Given that the professionals refuse to abide by the basic bankruptcy rules, while all legitimate creditors have been paid or have arrangement to be paid outside of the bankruptcy and want the case dismissed, the case should be dismissed as a matter of law, due to the foregoing including such latest development.

Accordingly, Development respectfully requests that this Court schedule an expedited hearing to dismiss this case as a matter of law, on the basis that all legitimate creditors request dismissal, and the professionals refusal to abide by the rules of their own bankruptcy filing. Development disputes the validity of the bankruptcy filing to begin with, but Mr. Moldovan and Mr. Ringel can certainly not refuse to abide by basic bankruptcy rules and procedures, while at the same time being the only parties insisting that the case not be dismissed, despite their own refusal to abide by any rules or basic bankruptcy procedures. Development as previously stated will pay all appropriate fees to the Office of the U.S. Trustee (as condition and subject to dismissal).

Based upon the foregoing, Development respectfully requests that this Court schedule an expedited hearing to dismiss the case as a matter of law and otherwise deny Be-Aviv's improper

---

[2] No new evidence or change in law has been asserted, let alone established to warrant the extraordinary relief sought, and Be Aviv has otherwise waived its so-called "new" arguments. Moreover, as detailed in Development's original Supplemental Motion, and as determined by the Court, the bankruptcy court has an independent power to limit fees to a reasonable amount.

Judge Lisa G. Beckerman
February 28, 2022
Page 3

letter motion. Development expressly reserves all rights to further supplement the within submissions. Development remains available for a conference at the Court's convenient.

Respectfully submitted,


*/s/ Douglas Spelfogel*


Douglas E. Spelfogel
Partner

cc:     Fred Ringel
        Joe Moldovan
        Jason Nagi
        Joyce Kuhns