UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:*<br><br>**286 Rider Ave Acquisition LLC**<br><br>Debtor. | Chapter 11<br><br>Case No. 21-11298 (LGB) |

### ORDER WITH REGARDS TO BREACH OF THE AUTOMATIC STAY

**WHEREAS**, on February 25, 2022, 286 Rider Ave Acquisition, LLC (the "Debtor") and Mr. Lee E. Buchwald, the Manager of the Debtor (the "Manager"), filed the *Motion to Reconsider Portion of Court's February 11, 2022 Order Regarding 286 Rider Ave Development, LLC's Motion to Confirm Disputed Pay-Off Amounts, Satisfaction of DIP Loan, and For Related Relief and Supplement to Same* [ECF No. 311] (the "Motion");

**WHEREAS**, on March 11, 2022, the Debtor and Manager filed a reply in support of the Motion [ECF No. 329] (the "Reply") reciting that (i) Manager, upon checking on the status of the real property owned by the Debtor (the "Property" or the "Premises"), discovered that 286 Rider Ave Development, LLC (hereafter, "Development") or persons acting on behalf of Development had improperly replaced the locks on the property, without the knowledge or consent of Manager or this Court; (ii) environmental remediation, asbestos abatement, and other construction work had been carried out on the Premises by third-parties, without the knowledge or consent of Manager or this Court; and (iii) this unauthorized work resulted in a complaint being filed with the New York City Department of Buildings;

**WHEREAS**, the Reply also contains photographs which demonstrate that there is significant damage to the roof and to the floor of the Property;

**WHEREAS**, on March 16, 2022, Development filed a surreply in opposition to the Motion [ECF No. 332] (the "Surreply") containing information about the environmental remediation and asbestos abatement work performed at the Property at Development's behest without the knowledge or consent of Manager or this Court. The Surreply states that Development contracted with Enviroscope Corporation (hereafter, "Enviroscope") for the environmental remediation and asbestos abatement which was carried out on the Premises without the knowledge or consent of Manager or this Court;

**WHEREAS**, the damage done to the building appears to have been caused by Enviroscope when it performed the unauthorized work on the Premises;

**WHEREAS**, on March 16, 2022, this Court held a hearing with respect to the Debtor's Motion during which the Court also addressed the above-described actions taken by Development and its principals, Toby Moskovits and Michael Lichtenstein (collectively the "Principals"); and

**WHEREAS**, on October 28, 2021, this Court entered an order which provided among other things that only the Manager and any employee of Buchwald Capital Advisors LLC are authorized to replace the locks with respect to the Property and take other measures with respect to the security of the Property [ECF No. 108].

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. Based on the Reply, the Surreply, and the record of the hearing held by the Court on March 16, 2022, pursuant to Bankruptcy Code Sections 105 and 362, the Court finds that

Development is in breach of the automatic stay and in contempt of this Court's prior orders as a result of its actions and the actions of its Principals, Enviroscope, and possibly other persons acting at the instruction of Development and its Principals with respect to the Property.

2. Pursuant to Bankruptcy Code Sections 105 and 362, Development, the Principals and any affiliates, employees, agents, and representatives of each such party (collectively, the "Development Parties"), are enjoined from taking any further acts with respect to the Property (except as expressly provided herein or as authorized by a further order of the Court) including, but not limited to, (i) obtaining or applying for any permits with respect to the Property on behalf of the Debtor, in the name of the Debtor, or otherwise; (ii) entering into any contracts with respect to the Property on behalf of the Debtor, in the name of the Debtor, or otherwise; (iii) making any filings with any governmental agency with respect to the Property on behalf of the Debtor, in the name of the Debtor, or otherwise; (iv) engaging in, authorizing, or contracting with any third-party to engage in, environmental remediation, asbestos abatement, or any other construction at the Premises; (v) replacing the locks and tampering with any devices utilized for security at the Premises; (vi) demolishing any existing structures at the Premises; (vii) removing or modifying any fixtures or equipment or other personal property located on the Premises; or (viii) entering the Premises or authorizing entrance to the Premises by any person other than a person authorized by Manager to enter the Premises.

3. This Court will enter a separate order (the "Initial Sanctions Order") requiring that Development and the Principals immediately pay to Manager a specified amount for (i) the cost of replacement locks, surveillance cameras, and the installation and maintenance of such systems on the Premises; and (ii) the cost of a structural engineer (a "Structural Engineer") selected by Manager who will inspect the Premises and deliver a report regarding whether the

Property is currently structurally sound and the extent to which repairs are required to make the Property structurally sound, including repairs to the damaged roof and floor. A copy of the Structural Engineer's report shall be filed with the Court and served on Development and the Principals.

4. Development, its Principals, and Enviroscope shall timely and accurately respond to any information requests from the Structural Engineer or Manager regarding the Premises.

5. This Court expressly reserves the right to order additional sanctions regarding the breach of the automatic stay and contempt of this Court's prior orders by Development, the Principals, Enviroscope, and possibly other persons or entities acting at the instruction of Development and its Principals once the report of the Structural Engineer is filed with this Court.

6. Nothing contained herein limits or otherwise impairs the authority of the Court to impose sanctions with respect to any violation of this Order or any other conduct, and to enter such other orders as it may deem necessary and appropriate.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: March 17, 2022
New York, New York

**/S/ Lisa G. Beckerman**
Hon. Lisa G. Beckerman
United States Bankruptcy Judge