ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.
875 Third Avenue
New York, New York 10022
Fred B. Ringel
Clement Yee
*Attorneys for the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| **286 RIDER AVE ACQUISITION LLC,** | Case No: 21-11298 (LGB) |
| Debtor. | |

-----------------------------------------------------------x

## MOTION FOR ENTRY OF AN ORDER AUTHORIZING ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C. AND LEE E. BUCHWALD TO REDACT CERTAIN TIME RECORDS/INVOICES IN CONNECTION WITH THEIR RESPECTIVE FEE APPLICATION AND MOTION FOR ADMINISTRATIVE EXPENSE CLAIM AND FILE SUCH UNREDACTED TIME ENTRIES UNDER SEAL

**TO THE HONORABLE LISA G. BECKERMAN,
UNITED STATES BANKRUPTCY JUDGE:**

Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("Robinson Brog") and Lee E. Buchwald ("Buchwald," and together with Robinson Brog, "Applicants"), respectfully submit this application ("Application") for an order pursuant to sections 105 of title 11 of the United States Code ("Bankruptcy Code") authorizing Applicants to file under seal certain unredacted versions of time records/invoices with respect to: (1) Robinson Brog's final fee application; and (2) Buchwald's request for allowance and payment of his administrative expense claim that contain privileged communications

(as defined herein). In support of this Application, Applicants respectfully represent as follows:

## JURISDICTION

1. The Court has subject matter jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein is section 105 of the Bankruptcy Code and New York State Law.

## PROCEDURAL BACKGROUND

3. The Debtor is the owner of the real property located at 286 Rider Avenue, Bronx, New York ("Property"). The Property is subject to a note and mortgage held by Be-Aviv 286 Rider LLC ("Be-Aviv"), which have since matured. The Debtor was in the process of pursuing a plan of reorganization that was premised on the sale of the Property pursuant to Court-approved bid procedures, however, 286 Rider Ave Development LLC ("Development") is seeking approval of its Motion to Confirm Disputed Payoff Amounts, Satisfaction of DIP Loan, and for Related Relief as supplemented and to dismiss the Chapter 11 case ("Development Motion")(ECF Doc. 218). Pursuant to various orders of this Court, the auction for the Property and confirmation of the Debtor's plan has been adjourned.

4. In connection with the Development Motion, the Court has entered an order directing Robinson Brog to file its final fee application by March 18, 2022 and for Buchwald to file his request for allowance and payment of an administrative expense

claim by March 18, 2022. Attached as exhibits to Robinson Brog and Buchwald's requests for approval of their fees and expenses are detailed time records/invoices which, among other things, contain detailed narrative of legal work done by Robinson Brog for its client, Buchwald Capital Advisors and Lee E. Buchwald, its President and well as descriptions of communications between attorney and client regarding legal advice and strategy regarding the pending bankruptcy case. Other entries reflect communications between Buchwald and/or Robinson Brog on behalf of Buchwald on the one hand and Be-Aviv and/or Be-Aviv's counsel with respect to the case and ongoing litigation that is protected by their common-interest privilege (collectively, "Privileged Communications") .

## RELIEF REQUESTED

5.       By this Application, Applicants seeks entry of an order, substantially in the form annexed hereto as **Exhibit A** ("Proposed Order") authorizing Applicants to file under seal unredacted versions of their time records/invoices to protect Privileged Communications.

## BASIS FOR RELIEF

6.       "There is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'" *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). Requests to seal documents are therefore carefully and skeptically reviewed to "insure that there really

is an extraordinary or compelling need" to seal documents that are publicly filed. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

7. To determine whether to seal a document, Court's balance the common law presumption of access against competing considerations, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

8. The Second Circuit has laid out a three-step inquiry that a Court must follow to determine whether the presumption of public access attaches to a particular document and bars disclosure. *See Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020). "First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (internal citation omitted). Second, if the record sought is determined to be a "judicial document," the Court "proceeds to 'determine the weight of the presumption of access' to that document." *Id.* (internal citation omitted). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (internal citation omitted). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.* (internal citation omitted)

9. In the case of Robinson Brog and Buchwald's time records, only the last

{01143132.DOCX;2 }4

step is at issue as the time records submitted with Robinson Brog's final fee request and Buchwald's request for payment of his administrative claim are clearly judicial records and the Court can plainly anticipate that they may be accorded some weight as they are more likely than not to be the subject of some dispute given the nature of this bankruptcy case and the litigious nature of Development and prior on the record comments about fees of their adversaries.[1]

10.     However, it is well settled that a "party may overcome the presumption of access by demonstrating that sealing will further other substantial interests such as . . .preservation of attorney-client privilege." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017). Numerous courts in this District have found privilege to be a compelling reason to overcome the presumption of access." *Flatiron Acquis. Vehicle, LLC v. CSE Mort. LLC*, 2021 U.S. Dist. LEXIS 187586 at *4 (Sept. 29, 2021). *See, e.g.*, *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 160 (S.D.N.Y. 2003) (preservation confidentiality of attorney-client communication is "precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records"); *EEOC v. Kelley Drye & Warren, LLP*, 2012 US Dist. LEXIS at *12 (S.D.N.Y. Mar. 2, 2012) ("The preservation of attorney-client confidentiality is a well-recognized exception to the presumption of access."); *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 145 (2d Cir. 2016) ("We have implied . . . that protection of the attorney-client privilege is a 'higher value' under the First Amendment that may

---

[1] Notably, Development has not had to disclose the cost of the four law firms it has used during this case or even if Developments or its principals are responsible for paying their bills.

rebut the presumption of access.").

11.  Generally, the existence of a privilege is to be determined by reference to state law. *Application of American Tobacco Co.*, 880 F.2d 1520, 1527 (2d Cir. 1989) "Under New York law, time records and billing statements that are "detailed in showing services, conversations, and conferences between counsel and others" to such an extent that to allow access to [the] material would disclose . . . trial strategy, and reveal the . . . legal work that has been done by the party's attorneys] are privileged." *Flatiron Acquis. Vehicle*, 2021 U.S. Dist. LEXIS 187586 *5. (internal citations and quotation omitted); *see also Bretillot v. Burrow*, 2015 U.S. Dist. LEXIS 121336, at *65 ( S.D.N.Y. June 30, 2015) ("[correspondence . . . time records which also reveal . . . the specific nature of the services provided, such as researching particular areas of the law, fall within the privilege."); *Major League Baseball Props., Inc. v. Corporación de Televisión y Microonda Rafa*, 2020 U.S. Dist. LEXIS 167640 at *10 (S.D.N.Y. Sept. 14, 2020) ("courts often review invoices and billing records in camera when calculating awards of attorneys' fees and costs").

12.  Generally, communications between an attorney and a client that are made in the presence of or subsequently disclosed to third parties are not protected by the attorney-client privilege. Under the common interest doctrine, however, an attorney-client communication that is disclosed to a third party remains privileged if the third party shares a common legal interest with the client who made the communication and the communication is made in furtherance of that common legal interest. *Ambac Assurance Corp. v. Countrywide Home Loans, Inc.*, 27 N.Y.3d 616, 620

(N.Y. 2016). In the *Ambec* case, The New York Court of Appeals confirmed, as the Court's in New York have held for over two decades that such communication made relating to pending or anticipated litigation is covered by the privilege. *Id.* at 631

13. In this case, the redactions by Robinson Brog and Buchwald pertain to Privileged Information that includes both communications between Robinson Brog and Buchwald (i.e., attorney-client) or between Robinson Brog, Buchwald and between Robinson Brog and Buchwald and Be-Aviv and its counsel regarding the conduct of the bankruptcy case in which they have a common interest. Accordingly, their communications and Privileged Communications may be redacted and is eligible to be filed under seal. Additionally, because of the current status of the Debtor's chapter 11 case and ongoing contested nature of various matters between, Development, the Debtor, Buchwald, and Be-Aviv, the release of any Privileged Communications would be detrimental to the Debtor's chapter 11 case.

14. Thus, for the reasons set forth herein, Applicants respectfully request authority to file their respective Privileged Culminations under seal.

## NOTICE

15. Pursuant to Bankruptcy Rule 9018, no notice of this Application is required and, in light of the nature of the relief requested herein, no other or further notice is necessary.

## NO PRIOR REQUEST

16. No prior request for the relief requested herein has been made by Applicants to this or any other Court.

{01143132.DOCX;2 }7

## CONCLUSION

**WHEREFORE,** Applicants respectfully request that this Court enter the Proposed Order, substantially in the form annexed hereto as **Exhibit A**, authorizing Applicants to file their Privileged Communications under seal, and granting such other and further relief as may be just and proper.

Dated:  New York, New York
        March 18, 2022

                                               ROBINSON BROG LEINWAND
                                                 GREENE GENOVESE & GLUCK P.C.
                                               *Attorneys for the Debtor*
                                               875 Third Avenue, 9th Floor
                                               New York, New York 10022
                                               Tel. No.: 212-603-6300


                                               By: /s/ Fred B. Ringel
                                                     Fred B. Ringel

# EXHIBIT A

## Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                                                    Chapter 11

**286 RIDER AVE ACQUISITION LLC,**                Case No: 21-11298 (LGB)

                                          Debtor.
-------------------------------------------------------------X

ORDER AUTHORIZING ROBINSON
BROG LEINWAND GREENE GENOVESE & GLUCK
P.C. AND LEE E. BUCHWALD TO REDACT CERTAIN TIME
RECORDS/INVOICES IN CONNECTION WITH THEIR RESPECTIVE
FEE APPLICATION AND MOTION FOR ADMINISTRATIVE EXPENSE
CLAIM AND FILE SUCH UNREDACTED TIME ENTRIES UNDER SEAL

This matter having come before the Court on the *ex parte* application, dated March 18, 2022 ("Application") of Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("Robinson Brog") and Lee E. Buchwald ("Buchwald," and together with Robinson Brog, "Applicants"), seeking entry of an order, pursuant to sections 105 of the Bankruptcy Code and applicable state law, authorizing Applicants to redact certain time records/invoices in connection with their respective final fee application and motion for allowance and payment of administrative expense claim and file under seal the unredacted records that the Applicants assert constitute privileged information under the attorney-client or common-interest privilege (collectively, "Privileged Communications"); and this Court having jurisdiction over the Application and the relief requested therein under 28 U.S.C. §§ 157 and 1334; and venue being proper in this District under 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding

under 28 U.S.C. § 157(b); and it appearing that no further notice of this Order need be given; and after due deliberation; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is **GRANTED**.

2. Robinson Brog is authorized to redact Privileged Communications in connection with its final fee application and file same under seal.

3. Buchwald is authorized to redact Privileged Communication in connection with his motion for allowance and payment of administrative expense claim and file same under seal.

4. Except upon further order of the Court, the Privileged Communications shall remain under seal and shall not be made available to any other person or party without the express written consent of the Debtor, Robinson Brog, and Buchwald, except that copies of Robinson Brog's unredacted final fee application and Buchwald's unredacted motion for allowance and payment of administrative expense claim shall be provided to (a) the Court, (b) the United States Trustee, and (c) the Debtor.  The United States Trustee shall not disclose or otherwise disseminate any unredacted information in either Robinson Brog's final fee application or Buchwald's motion for allowance and payment of administrative expense claim to any other person or party without the express written consent of  the Debtor, Robinson Brog, and Buchwald

5.   This Court shall retain exclusive jurisdiction to hear and determine any disputes related to or arising from the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2022
       New York, New York

_____
HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE