**OFFIT KURMAN, P.A.**
Jason A. Nagi, Esq.
590 Madison Avenue, 6th Floor
New York, NY 10022
Tel (212) 545-1900
Email: Jason.nagi@offitkurman.com
         and
Joyce A. Kuhns, Esq. (admitted pro hac vice)
300 East Lombard Street, Suite 2010
Baltimore, Maryland 21202
Tel (410) 209-6463
Email: Jkuhns@offitkurman.com

*Attorneys for Movants 286 Rider Ave Development LLC,*
*Toby Moskovits and Yechial Michael Lichtenstein*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

                                                         Chapter 11

286 Rider Ave Acquisition LLC,
                                                         Case No.  21-11298-lgb

                Debtor.
---------------------------------------------------------X

### OBJECTION OF 286 RIDER DEVELOPMENT LLC, TOBY MOSKOVITS AND YECHIAL MICHAEL LICHTENSTEIN TO PROOF OF ADMINISTRATIVE EXPENSE CLAIM AND REQUEST FOR PAYMENT FILED BY ROSEWOOD REALTY GROUP

      286 Rider Ave Development LLC ("**Development**"), as 100% owner of the membership interests of the Debtor, 286 Rider Ave Acquisition LLC (the "**Debtor**"), Toby Moskovits and Yechial Michael Lichtenstein, as indirect owners of the Debtor (collectively, "**Objectors**"), by undersigned counsel, hereby file this Objection (the "**Objection**") to Proof of Administrative Expense Claim and Request for Payment [ECF No. 322] ("**Administrative Claim Request**") filed by Rosewood Realty Group ("**Rosewood**" or "**Broker**") and, in support, state:

I. **INTRODUCTION**

1. Rosewood asserts an administrative expense claim based on the following insupportable and outlandish contention: Development, as an "affiliate" of the Debtor, breached Rosewood's Retention Agreement by paying off the Lender, which caused an improper delay in the Auction of the Property[1] subject to the Retention Agreement, which caused the Stalking Horse Bidder to walk away thereby depriving Rosewood of its commission on a sale that never took place. Setting aside for the moment that Development's status in this case as an equity holder and hence "affiliate" of Debtor has been hotly contested since the Petition Date and that Rosewood was retained under 11 U.S.C. Section 328 and limited its compensation to a commission due only upon closing, Rosewood's argument that Development caused a breach of contract is fatally flawed. Both the delay in the Auction, while precipitated by the $11.9 million plus payment to Lender, and the withdrawal of the Stalking Horse Bidder were the direct result of this Court's orders: its Scheduling Orders [ECF Nos. 259 and 293] on Development's Payoff Motion and Supplement [ECF No. 218 and 272] pursuant to which the Court adjourned the Auction from January 14 to February 16 and from February 16 to April 13, respectively, and its Order granting Debtor's request to terminate the Stalking Horse Purchase and Sale Agreement and refund the deposit to the Stalking Horse Bidder at its express demand [ECF Nos. 294 and 297]. Rosewood's "administrative expense claim" is therefore without any legal or factual

---

[1] Capitalized terms not defined in this Objection have the meaning ascribed to them in the Proof of Administrative Expense Claim and Request for Payment.

support based on the clear record of this case and should be summarily denied as another attempt to artificially inflate the administrative burden on this estate and Development to the exclusive benefit of the professionals and to cause Development to incur unnecessary fees.

## II.     OBJECTION TO CLAIM

2.      Rosewood, as Broker, has articulated no basis for an administrative expense claim in this Bankruptcy Case based on breach of contract. Nonetheless, it argues spuriously and contrary to the express terms of the Retention Agreement and the Bankruptcy Code that it has an administrative breach of contract claim under its Retention Agreement, dated as of July 14, 2021, against Development as an "affiliate" of the Debtor. At the time of signing of the contract and on the Petition Date, it was nominal Debtor's position as set forth in the supporting affidavits to its Petition [ECF No. 1] that Lender's affiliate, 286 Rider Lender LLC, was the *absolute owner* of the Debtor and, as such, Debtor's "affiliate" at the time of contracting.

3.      It is noteworthy that the only signatories to the Retention Agreement are Lee Buchwald, appointed "manger" of nominal Debtor by the Lender's affiliate, Rosewood, and Lender. There can be no breach of contract claim against Development as Development is neither a party nor a signatory to the Retention Agreement nor was an "affiliate" to the Debtor recognized as such by the parties at the time of contracting. Clearly, Development would have been opposed to any such brokerage agreement being executed. Indeed, Development formally opposed the retention of the Broker. The sole party which this Court authorized to enter into the Retention Agreement with Rosewood was the nominal Debtor, Acquisition. *See* Order Authorizing Retention of Real Estate Broker and for Related Relief [ECF No. 163]. It is noteworthy that, pursuant to the express terms of the Retention Agreement, Rosewood's role is

as "agent of the Debtor" solely and it is the nominal Debtor that agrees to be "fully responsible for all the decisions and matters as to which Rosewood's advice is sought." *See* Retention Agreement at ¶ 24. Development clearly had no role in negotiating, signing or obtaining approval of the Retention Agreement and owed no duty to any parties under the Retention Agreement at any time and, clearly, Development opposed any such brokerage agreement. *Brualdi v. IBERIA*, 79 A.D.3d 959, 960, 913 N.Y.S.2d 753, 754 (2d Dep't 2010) ("In order to maintain a cause of action alleging breach of contract, the plaintiff must establish (1) the formation of a contract between the plaintiff and the defendant, (2) performance by the plaintiff, (3) the defendant's failure to perform, and (4) resulting damages.") *Meyer v. Staten Island Univ. Hosp.*, 117 A.D.3d 920, 921, 985 N.Y.S.2d 908, 909 (2d Dep't 2014) ("The defendants established, … that, in any event, Levy was not a party to the agreement and thus could not be held personally liable for any purported breach") *cf. Borden v. Chesterfield Farms, Inc.*, 27 A.D.2d 165, 167, 277 N.Y.S.2d 494, 496 (1967) ("The breach of a contract entitles the injured *party* to compensation measured by damages reasonably contemplated *by the parties at the time of contract* and definitely related to the breach.) (emphasis added).

4.      Nonetheless, Rosewood asserts in contradiction of the record that Development, a non-party and non-signatory, caused a breach of Rosewood's Retention Agreement. Rosewood first contends that Development breached by paying off the Lender which "caused" an adjournment of the Auction. In fact, the adjournment was a direct result of entry of this Court's Scheduling Order [ECF No. 259]. Rosewood next contends that Development breached by delaying the Auction which caused the withdraw of the Stalking Horse Bidder. While the Auction was delayed by the Court's Scheduling Order, it was the Stalking Horse Bidder, in

contravention of the Bid Procedure requirement that its offer remain irrevocable until closing, which requested a return of its good-faith deposit (and premature withdrawal of its bid). *See* Bid Procedures ¶ 3 (requiring a bid to be "irrevocable until the first business day following the closing of the proposed Sale ...") [ECF No. 200-1]. The Stalking Horse Bidder's request to be released from its contract and for return of its deposit was honored by the Court in its Order Authorizing Release of Deposit [ECF No. 297].

5.  There is no legal or factual basis to argue—and it is highly inappropriate for the Broker to suggest—that the entry of court orders such as the Scheduling Orders and the Order Authorizing Release of Deposit constitute breaches of the Retention Agreement. Equally unfounded is the suggestion that the Court's orders effected a breach of contract, or that such alleged breach should be attributed to Development's exercise of its absolute right to pay off a loan. It is indeed perplexing how Development could impair a contract whose very interpretation and enforcement is within the purview of this Court pursuant to the Retention Order itself. Therefore, neither Debtor[2] nor Development, as a non-party, could as a matter of law or contract have dealt unfairly with or prevented Rosewood from receiving the benefits of the contract or interfered with Rosewood's contract rights, as Rosewood contends, in breach of paragraph 14 of the Retention Agreement, as all delays were expressly authorized by the Court.[3]

---

[2]  In fact, the Lender-controlled Debtor has consistently opposed all of Development's pleadings relating to the Payoff Motion. *See, e.g.,* ECF Nos. 234, 241, 283, and 311.

[3] To the extent Rosewood could be perceived to argue that its claim relates to a tortious interference with contractual relations—it does not make such a claim— no such claim could be raised because there was no breach of contract, here,. *NBT Bancorp Inc. v. Fleet/Norstar Fin. Grp., Inc.*, 87 N.Y.2d 614, 621 (1996) ("breach of contract has repeatedly been listed among the elements of a claim for tortious interference with contractual relations).

The cases Rosewood cited in support of its administrative claim are factually and legally inappropriate as Development had no duty, contractual or otherwise, to Rosewood and acted pursuant to court orders. There is no independent statutory basis for an administrative claim.

6. To the contrary, Rosewood's retention is predicated on Section 328 of the Bankruptcy Code, "Limitation on compensation of professional persons," which allows for employment of professional persons under Section 327 on a contingent fee basis. Rosewood blatantly ignores that its entitlement to a commission of 4.5% of the gross purchase price of the Property is contingent on a closing and is to "be **paid directly to Rosewood at closing** without further Order of the Court, **by the successful purchaser, separate from and in addition to the consideration** (for gross purchase price) **that successful purchaser pays for the Property** under paragraph 2 of the Retention Agreement." (emphasis added).

7. Thus, Rosewood's entitlement to a commission is strictly limited to the contingency in its Retention Agreement that a closing must occur for a commission to be earned and payable. As no closing has occurred, Broker's request for a speculative, unearned commission is specious at best.[4] While Development does not dispute that Broker performed certain services under the Retention Agreement, Broker's compensation is limited to a commission it has not earned under Section 328 of the Bankruptcy Code and the Retention Agreement itself.

---

[4] Incredibly, Rosewood advocates a third sale plan at paragraph 24 of its Administrative Claim Request, ignoring that the prior two plans have been uniformly rejected by all general creditors and the judgment lien creditor. *See* Dkt No. 291 (copies of executed Amended Stipulations of each remaining creditor to payment outside of the Bankruptcy Case, conditioned on its dismissal). This blatant disregard for the stated preferences of the creditors and equity for a dismissal of the case underscores that the professionals, including the Broker, have abandoned any duty to the estate and seek only to line their own pockets.

8. Broker makes the further attenuated argument at paragraph 25 of its Administrative Claim Request that because Development seeks to revest control over Acquisition upon dismissal that it has earned a "change of control" commission as Debtor's obligations survive. A plain reading of the relevant provision of the Retention Agreement demonstrates otherwise. Paragraph 2.b. expressly states:

> "If a sale, exchange or other conveyance of the Property or **ownership or control of the Property** is made or takes place **within the 'Additional Period'** after expiration of the Term **to its Prospective Purchaser** with whom Debtor had not reached an Agreement during the Term but **with whom Rosewood has negotiated** concerning the Property, or **to whose attention the Property has been brought by Rosewood**, **or who was introduced to Debtor by Rosewood during the Term, or to a credit bidder. For these proposes, a "Prospective Purchaser" shall include partnerships, joint ventures, limited liability companies, corporations, trusts or other similar entities which the prospective buyer represents, is involved with, or in which it holds an ownership, management or beneficial interest."

(emphasis added).

9. This provision is a classic tail, and not a change of control provision. It permits a commission to be earned for an additional period after expiration of the term solely if a change of control is made or takes place of the Property to a "Prospective Purchaser" whom Rosewood negotiated with or who was introduced to the Property by Rosewood or introduced to the Debtor by Rosewood with respect to the Property. None of these circumstances are remotely applicable here. Under the Amended Statement of Financial Affairs, Development is listed as 100% equity holder of Acquisition on the Petition Date, post-Petition and indisputably will be 100% equity holder, post-dismissal. *See* ECF No. 116, Part 13 Nos. 28 and 29. In no stretch of the imagination could Development be deemed to have been introduced to the Property at any time by Rosewood or by Debtor to Rosewood or deemed a "Prospective Purchaser" of the Property, post-dismissal. Section 2.b. of the Retention Agreement is simply inapplicable.

10. The law is clear that administrative expenses are limited under section 503(b)(1)(A) to the "actual, necessary costs and expenses of preserving the estate..." 11 U.S.C. § 503(b)(3)(A). Rosewood's actions have not led to any tangible benefits to the creditors, Debtor or estate. *See In re Bayou Grp., LLC*, 431 B.R. 549, 560 (Bankr. S.D.N.Y. 2010) (citations omitted); *See also In re Best Prods. Co.*, 173 B.R. 862, 866 (Bankr. S.D.N.Y. 1994) (holding efforts undertaken by creditors solely to further their own self-interest are not compensable as administrative expenses). To the contrary, in several instances, Rosewood has acted to the detriment of the estate. For example, Rosewood prematurely marketed the Property through an email blast to thousands in August 2021 (without obtaining Bankruptcy Court approval) and again in December 2021 (without advising the public that any sale was subject to Bankruptcy Court approval) thus, creating confusion in the marketplace that unduly delayed Development in obtaining exit funding. *See* Development's Objection to Bid Procedures Motion at ECF No. 190-3.

11. As Rosewood has neither pled nor can demonstrate breach of contract under New York law by Debtor or Development nor that it has earned its commission consistent with the closing prerequisite in the Retention Agreement, its request for allowance and payment of an administrative expense claim should be summarily overruled.

12. In light of the patently frivolous nature of this administrative claim, Development requests that the Court award it attorneys' fees and costs incurred in defending against Rosewood Group's wholly meritless request for allowance and payment for administrative expense claim.

WHEREFORE, Objectors request that the Court enter an Order: (i) overruling Rosewood Group's request for allowance and payment of administrative expense claim; and (ii) granting such other relief as may be just, including without limitation, imposing attorney's fees for defending against Rosewood Group's wholly meritless claim.

Dated: New York, New York
       March 18, 2022

OFFIT KURMAN, P.A.

By: /s/ Jason A. Nagi
Jason A. Nagi, Esq.
590 Madison Avenue
New York, New York 10022
(212) 545-1900
    and
Joyce A. Kuhns, Esq. (admitted pro hac vice)
300 East Lombard Street, Suite 2010
Baltimore, Maryland 21202
(410) 209-6463

*Attorneys for Movants 286 Rider Ave Development LLC, Toby Moskovits and Yechial Michael Lichtenstein*

**OFFIT KURMAN, P.A.**
Jason A. Nagi, Esq.
590 Madison Avenue, 6th Floor
New York, NY 10022
Tel (212) 545-1900
Email: Jason.nagi@offitkurman.com
     and
Joyce A. Kuhns, Esq. (admitted pro hac vice)
300 East Lombard Street, Suite 2010
Baltimore, Maryland 21202
Tel (410) 209-6463
Email: Jkuhns@offitkurman.com

*Attorneys for Movants 286 Rider Ave Development LLC,*
*Toby Moskovits and Yechial Michael Lichtenstein*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

                                              Chapter 11

286 Rider Ave Acquisition LLC,

                                              Case No.  21-11298-lgb

                    Debtor.
-------------------------------------------------------X

## **CERTIFICATE OF SERVICE**

      A copy of the Objection of 286 Rider Development LLC, Toby Moskovits and Yechial Michael Lichtenstein to Proof of Administrative Expense Claim and Request for Payment Filed By Rosewood Realty Group was served on March 18, 2022 via (i) Electronic Notice and E-Mail upon the parties listed on the attached service list as denoted with a "*"; (ii) E-mail upon the parties listed on the attached service list as denoted with a "**"; and (iii) U.S. Mail postage pre-paid upon the parties listed on the attached service list as denoted with a "***".

## **SERVICE LIST**

**VIA ELECTRONIC NOTICE AND E-MAIL (*)**

Joseph Thomas Moldovan - bankruptcy@morrisoncohen.com

Fred B. Ringel - fbr@robinsonbrog.com

United States Trustee - USTPRegion02.NYECF@USDOJ.GOV

10

**VIA E-MAIL (\*\*)**

Greg Zipes - greg.zipes@usdoj.gov

**VIA U.S. MAIL (\*\*\*)**

NYS Dept. Taxation & Finance
Bankruptcy/Special Procedures Section
P.O. Box 5300
Albany, NY 12205-0300

NYC Dept. of Finance
Office of Legal Affairs
375 Pearl Street, 30th Floor
New York, NY 10038

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

Fischer Makooi Architects
242 West 30th Street, Ste. 1102
New York, NY 1001

Wayne M. Greenwald, Esq.
JACOBS, P.C.
667 Madison Avenue - 5th Floor
New York, NY 10065

BEAM Architects D.P.C.
141 Flushing Avenue, Suite 1201
Brooklyn, NY 11205

Metropolitan Realty
381 South 5 Street
Brooklyn, NY 11211

286 Rider Associates, LLC
213 Via EmailiaPalm Beach
Gardens, FL 33418

United States Attorney's Office SDNY
Attention: Tax & Bankruptcy Unit
86 Chambers Street, Third Floor
New York, NY 10007

U.S. Securities and Exchange Commission
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281-1022

Titan Engineers PC
1331 Stuyvesant Ave.
Union, NJ 07083

Robert Newblatt
286 Rider Ave Realty LLC
286 Rider Avenue
Bronx, NY 10451

Mark S. Lichtenstein and Joshua D. Bernstein
Akerman LLP
1251 Avenue of the Americas, 37th Floor
New York, New York 10020

EBC
1808 Middle Country Road
Ridge, NY 11961

Xolle Demolition
2071 Flatbush Ave, Suite 44
Brooklyn, NY 11234

/s/ Jason A. Nagi
Jason A. Nagi, Esq.

11