MorrisonCohen LLP

Joseph T. Moldovan
Partner
(212) 735-8603
jmoldovan@morrisoncohen.com

March 22, 2022

Hon. Lisa G. Beckerman
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

**Re: In re 286 Rider Ave Acquisition LLC, Case No. 21-11298 (LGB)**
**Status Conference Scheduled for March 23, 2022**

Dear Judge Beckerman,

We sincerely apologize for burdening the Court with yet another matter for the Court to consider for tomorrow's status conference, but circumstances compel us to do so. Yesterday, March 21, 2022, 286 Rider Ave Development LLC ("**Development**") filed a Verified Petition, Index No. 804332/2022E ("**Petition**"), and an Order to Show Cause with Request for Issuance of a Temporary Restraining Order ("**OSC**" and together with the Petition, "**State Court Action**") in the Supreme Court of the State of New York, Bronx County ("**State Court**"). Copies of the Complaint and OSC are attached hereto.

In sum and substance, the State Court Action seeks, *inter alia*, the following relief:

- A declaration that Development is and has been the sole and exclusive member of 286 Rider Ave Acquisition LLC ("**Debtor**");
- A declaration that any acts by or on behalf of 286 Rider Ave Lender, LLC ("**Manager**") and Be-Aviv 286 Rider LLC ("**Lender**"; together with Manager, "**Defendants**") or claims that Defendants possessed any type of membership or managerial interest in the Debtor are null and void *ab initio*;
- A declaration that Development properly and fully redeemed its entire interest in Debtor;

- An injunction enjoining and restraining Defendants from managing the Debtor or otherwise interfering with Development's management of the Debtor; and
- Reinstatement of Development as manager of the Debtor.

Much of the relief sought in the State Court Action has already been conclusively addressed by this Court. As Your Honor knows, Development sought some of the same relief when it filed a state court action in Florida ("**Florida Action**"). In the Florida Action, this Court held a hearing to address multiple pleadings, ultimately entering an order requiring Development's principals to revise and modify the complaint in the Florida Action, which Development subsequently withdrew. Similar to the Florida Action, Development in this State Court Action seeks to challenge, upset, and have the State Court judge determine matters and decisions that are the subject of final orders of this Court, as well as interfere with matters presently before this Court. We also believe that the State Court action seeks relief that would violate the automatic stay.

The OSC is not yet calendared. Once it is, we expect to advise the State Court that it cannot proceed for these reasons, and will likely come into this Court to have Your Honor enjoin Development and possibly the State Court.

Respectfully submitted,

Joseph T. Moldovan

Encls.

#11110514 v1 \029220 \0005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---X

286 RIDER AVE DEVELOPMENT LLC, Index No. -

Plaintiff, VERIFIED PETITION

-against-

286 RIDER AVE LENDER LLC and
BE-AVIV 286 RIDER LLC,

Defendants.

---X

Plaintiff 286 Rider Ave Development LLC ("Development" or "Plaintiff")), the 100% equity owner of 286 Rider Ave Acquisition LLC ("Acquisition"), as and for its complaint against Defendants 286 Rider Ave Lender LLC and Be-Aviv 286 Rider LLC (collectively, the "Defendants"), respectfully allege on knowledge of themselves and their own actions, and on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. Pursuant to its absolute right under New York law, Plaintiff, paid nearly $12 million to Defendant Be-Aviv 286 Rider LLC to redeem its 100% equity interest in Acquisition. Notwithstanding, Defendant, Be-Aviv 286 Rider LLC has improperly retained **both** the cash payment and the equity in Acquisition. In furtherance of such illegal actions, Defendants have unlawfully prevented Plaintiff Development from exercising its state law rights in and to Development's 100% equity interest. This is an urgent matter, requiring expedited relief, in the absence of which Plaintiff will lose all economic benefit of its current approximately $15,000,000 investment in a real estate development project and which would deprive Bronx residents of much needed affordable housing.

2. Plaintiff seeks a declaratory judgment that Plaintiff 286 Rider Ave Development LLC is the sole and exclusive member of 286 Rider Ave Acquisition LLC and that any claims by or acts by or on behalf of the Defendants that they possess any type of membership or managerial interest in Acquisition are null and void *ab initio* and that Acquisition's payment in full of the payment amount set forth in the payoff letter of Defendant Be-Aviv 286 Rider LLC constituted a full and complete redemption of the entirety of the membership interest in Acquisition. Plaintiff also seeks injunctive relief enjoining Defendants from taking any actions in exercising continuing control and/or dominion over Development's 100% equity interest in Acquisition, and reinstating Development as manager in accordance with the redemption under New York law.

PARTIES, JURISDICTION and VENUE

3. Development is a limited liability company organized and existing under and by virtue of the laws of the State of New York, having an address at 286 Rider Avenue, Bronx, New York.
4. Acquisition is a limited liability company organized and existing under and by virtue of the laws of the State of New York, the sole member of which is Development.
5. Defendant 286 Rider Ave Lender LLC is a limited liability company organized and existing under and by virtue of the laws of the State of Delaware, allegedly having an address of 123 Fifth Avenue, 4th Floor, New York, New York, and is not authorized to do business in the State of New York, not having filed with the New York State Department of State a certificate of authority in accordance with Limited Liability Company Law §802.
6. Defendant Be-Aviv 286 Rider Ave LLC is a limited liability company organized and existing under by virtue of the laws of the State of Delaware and authorized to do business in

the State of New York, having an office address at 41 Wooster Street, 2nd Floor, New York, New York.

7. Pursuant to CPLR 301 and 302, jurisdiction over the Defendants is proper because they are located, and regularly transact business, in the State of New York.

8. Pursuant to CPLR 501 and 503, venue is proper because Plaintiff has an office for doing business in Bronx County and the property that is the subject of this action is situated in Bronx County.

## FACTS

9. Acquisition is wholly owned by Development.

10. Acquisition owns the premises known as 286 Rider Avenue, Bronx, New York and also known as Block 2333; Lot 33, having taken title to the premises by Deed, dated September 19, 2019, by paying the total sum of $10,000,000.00.

11. Defendant Be-Aviv 286 Rider Ave LLC loaned $8,000,000.00 to Acquisition, as reflected by a Promissory Note, dated September 19, 2019 (the "Loan").

12. The $8,000,000.00 loan was secured by a Mortgage on the premises, dated September 19, 2019 from Acquisition to Defendant.

13. On September 19, 2019, in connection with the loan by Defendant Be-Aviv 286 Rider Ave LLC to Acquisition, Development signed a Pledge Agreement of its membership interest in Acquisition as further security for the repayment of the loan to Acquisition.

14. Acquisition's affairs are governed by a written Operating Agreement, dated August 15, 2019, and an Amended and Restated Operating Agreement, dated September 16, 2019, both copies of which are attached hereto and made a part hereof as EXHIBIT 1 and EXHIBIT 2, respectively.

15. Both the original Operating Agreement (Exhibit 1) and the Amended and Restated Operating Agreement (Exhibit 2) clearly and unequivocally provide that Acquisition shall be managed solely by Development, the owner of 100% of the membership interests in Acquisition.

16. On March 2, 2021, Defendant Be-Aviv 286 Rider LLC advised Acquisition that the Loan had matured on March 1, 2021 and that it was seeking all sums due it thereunder.

17. On or about June 14, 2021 Defendant Be-Aviv 286 Rider LLC purportedly appointed Defendant 286 Rider Ave Lender LLC as managing member of Acquisition.

18. Defendant 286 Rider Ave Lender LLC did not and does not have any legal authority to do business in the State of New York.

19. On or about July 1, 2021, Defendant 286 Rider Ave Lender LLC purportedly hired Lee E. Buchwald as manager of the Debtor.

20. On or about July 15, 2021, Lee E. Buchwald, purportedly acting on behalf of Acquisition, filed a petition in bankruptcy in the United State Bankruptcy Court for the Southern District of New York, under file number 21-11298-lgb.

21. While the instant action is limited to the Defendants breach of New York law concerning Development's redemption of its complete membership interest in Acquisition, it should be noted that Defendant Be-Aviv 286 Rider LLC did not take proper steps in the first place in accordance with Uniform Commercial Code Article 9 in connection with the Pledge Agreement to establish any entitlement to the appointment of Defendant 286 Rider Ave

Lender LLC or anyone else as a managing member of Acquisition nor the subsequent appointment of Lee E. Buchwald as manager of Acquisition.[1]

22. On or about January 9, 2022, Defendant Be-Aviv 286 Rider LLC sent to Development a Loan Payoff Notice, a copy of which is attached hereto and made a part hereof as EXHIBIT 3, that provided, in pertinent part,

> To satisfy the above-captioned loan, the following total payoff amount ("Payoff") must be received by wire transfer by January 12, 2022 at 2:00pm EST,

and set forth the "Grand Total" due as of January 12, 2022 as $11,918,974.12. That sum included an extra $100,000.00 that might be due, purportedly in connection with the collection of the sums secured by the loan documents.

23. On January 11, 2022, Development caused to be wired to Defendant Be-Aviv 286 Rider LLC the total sum of $11,918,974.12. A copy of the wire confirmation, which was duly accepted, is attached hereto and made a part hereof as EXHIBIT 4.

24. Despite the payment in full of $11,918,974.12, which included a $100,000.00 cushion for additional possible legal fees that might be due to Defendant Be-Aviv 286 Rider LLC, Defendants have failed to acknowledge the redemption and the termination of the Pledge Agreement and have otherwise continued to improperly assert control and dominion of Development's 100% equity interest. In response to the payoff in the full amount of the payoff letter, Defendants have improperly asserted that several hundreds of thousands of dollars in legal fees remain due and owing beyond the payoff letter amount.

[1] Litigation with respect to the dismissal of the bankruptcy case, including, whether the filing was authorized, is subject to pending proceedings in the bankruptcy court. The issue does not relate to the redemption of Developments' 100% equity interest.

25. However, it is well settled that Defendant Be-Aviv 286 Rider LLC was not entitled to condition payment of legal fees incurred after the date of repayment on the redemption, as any reimbursement of legal bills relates only to the collection of the debt, which was paid off in full on January 11, 2021, including all legal bills incurred until that date along with a $100,000 cushion. in violation of Uniform Commercial Code §§ 9-623 and 9-615(a)(1).[2]

26. The issues raised in this action are not preempted by the bankruptcy filing. In fact, the bankruptcy court judge, the Hon. Lisa G. Beckerman, USBJ, has stated the issue concerning the redemption is not within that court's jurisdiction. In Bankruptcy Court, the following transpired between Acquisition's bankruptcy counsel and the court:

Mr. Spelfogel [on behalf of Development]: We are not looking for the Court to weigh in on the redemption or any of the other issues, which again, we believe are outside of Your Honors scope and would be something that would be dealt with, if any, in a different court.

The Court: **Okay, Well, I agree with you that certainly the redemption is outside of my Court. No question about that.**

<u>See</u>, <u>EXHIBIT 5</u>, February 1, 2022 transcript, p 16, lines 9-15.

<u>AS AND FOR A FIRST CAUSE OF ACTION</u>

27. Plaintiff repeats, reiterates and realleges each and every allegation set forth herein at paragraphs 1 through 26 as if more fully set forth herein.

28. An actionable and ripe justiciable controversy exists between Plaintiff and Defendants concerning whether Defendant 286 Rider Ave Lender LLC possessed any legal authority to act in the State of New York and, in particular, on behalf of Defendant Be-Aviv 286 Rider LLC.

[2] While Development tendered the full amounts asserted pursuant to the payoff letter, Development reserves all rights to contest such. The amount of future and/or contingent legal fees is irrelevant to Development's exercise of its absolute right to redeem under New York law. The issue with respect to the amount of legal fees, if any, due is being addressed in separate proceedings in the bankruptcy court.

29. Plaintiff has no adequate remedy at law other than this form of action to have its rights determined as to the matters set forth herein.

30. Plaintiff is entitled to a judgment pursuant to CPLR 3001 declaring that Plaintiff 286 Rider Ave Development LLC is the sole and exclusive member of Plaintiff 286 Rider Ave Acquisition LLC and that any acts by or on behalf of the Defendants or claims that Defendants possess any type of membership or managerial interest in Plaintiff 286 Rider Ave Acquisition LLC are null and void *ab initio* because Defendant 286 Rider Ave Lender, LLC, a Delaware Limited Liability Company, is not authorized to do business in the State of New York.

AS AND FOR A SECOND CAUSE OF ACTION

31. Plaintiff repeats, reiterates and realleges each and every allegation set forth herein at paragraphs 1 through 30 as if more fully set forth herein.

32. An actionable and ripe justiciable controversy exists between Plaintiff and Defendants concerning Development's redemption of its complete membership interest in Acquisition, since Development paid in full the sum demanded by Defendant Be-Aviv 286 Rider LLC in its payoff letter that related to the indebtedness secured by a mortgage on the premises known as 286 Rider Avenue, Bronx, New York and the costs associated therewith.

33. Plaintiff has no adequate remedy at law other than this form of action to have its rights determined as to the matters set forth herein.

34. Plaintiff is entitled to a judgment pursuant to CPLR 3001 declaring that Development properly redeemed its entire interest in Acquisition.

AS AND FOR A THIRD CAUSEOF ACTION

35. Plaintiff repeats, reiterates and realleges each and every allegation set forth herein at paragraphs 1 through 34 as if more fully set forth herein.

36. The development of the premises known as 286 Rider Avenue, Bronx, New York would, at least in part, create much needed affordable housing for residents of Bronx County.

37. The entirety of the development project is only possible because of a Real Property Law §421a tax abatement that will result in tens of millions of dollars of tax savings during the tax exemption period contemplated by the abatement.

38. The foregoing requires that the existing structure on the premises be razed and foundation footings be constructed by June 15, 2022, or the Real Property Law §421a tax abatement will be lost.

39. Defendants actions have blocked Development from taking the necessary steps under New York law to move forward with the foregoing. In such event, any ability to construct the multi-family building that would provide much needed affordable housing to residents of Bronx County would be lost and, further, Plaintiff will effectively lose itsr entire investment into the project, which is currently approximately $15,000,000.00.

40. The development of an affordable housing project in the City of New York is not economically feasible and cannot be undertaken without the provision of the Real Property Law §421a tax abatement and exemption benefits[3].

41. Defendants have engaged in unlawful activity in an effort to steal all economic benefits Plaintiff would derive from the development of the premises by retaining both all of the cash

---

[3] Section 421a is currently subject to revision by the NYS Legislature and will be recodified under a different section number in the Real Property Law.

paid as part of the redemption, and in illegally refusing to acknowledge the redemption and turnover Development's 100% equity interest in Acquisition.

42. The foregoing has undermined Development's ability to raise funds for development of the premises, and Defendants actions have blocked Development from taking the necessary steps under New York law to move forward with the requirements for the tax abatement, which, ultimately, would provide much needed housing in the community, and has resulted in Defendants continued unlawful exercise of dominion and control over Acquisition through its usurpation of Development's 100% equity interest.

43. There is a real danger that Defendants have redirected Development's $11,918,974.12 payment to Defendant Be-Aviv 286 Rider LLC and, thus, that any monetary judgment obtained by Plaintiff against Defendants would be rendered ineffectual and, more significantly, Bronx residents will be deprived of much needed affordable housing.

44. Therefore, Plaintiff is entitled to preliminary and permanent injunctions enjoining and restraining Defendants, and all those acting in concert with them or on their behalf, from unlawfully controlling the voting rights over Acquisition, taking any actions to exercise continuing control and/or dominion over Development's 100% equity interest in Acquisition, or otherwise interfering with Development's management rights of Acquisition, and reinstating Development as manager in accordance with the redemption under New York law.

45. No prior application for the relief sought herein has been made.

WHEREFORE, Plaintiff demands the entry of judgment, as follows:

(a) On the First Cause of Action, declaring that Plaintiff 286 Rider Ave Development LLC is and has been the sole and exclusive member of 286 Rider Ave Acquisition LLC and that any

acts by or on behalf of the Defendants or claims that Defendants possessed any type of membership or managerial interest in Plaintiff 286 Rider Ave Acquisition LLC are null and void *ab initio* because Defendant 286 Rider Ave Lender, LLC, a Delaware Limited Liability Company, is not authorized to do business in the State of New York;

(b) On the Second Cause of Action, declaring that Plaintiff 286 Rider Ave Development LLC properly redeemed its entire interest in Plaintiff 286 Rider Ave Acquisition LLC;

(c) On the Third Cause of Action, that Defendants, and all those acting in concert with them or on their behalf, be preliminarily and permanently enjoined and restrained from unlawfully controlling the voting rights over Acquisition, taking any actions to exercise continuing control and/or dominion over Development's 100% equity interest in Acquisition, or otherwise interfering with Development's management rights of Acquisition, and reinstating Development as manager in accordance with the redemption under New York law;

(d) Awarding the Plaintiff its costs and expenses incurred in this action; and

(e) Awarding the Plaintiff such other and further relief as to this Court seems just and proper.

Dated: Bronx, New York
March 21, 2022

Stanley K. Schlein, Esq.
Co-Attorney for Plaintiff
481 King Avenue
Bronx, New York 10464
917-359-3186
Skschlein@gmail.com

Law Offices of Edmond J. Pryor

By: Edmond J. Pryor, Esq.
Co-Attorneys for Plaintiff
292 City Island Avenue
Bronx, New York 10464
718-829-0222
Pryor@PryorLaw.com

VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF KINGS )

TOBY MOSKOVITS, being duly sworn, deposes and says that I am a managing member of Plaintiff in this action, I have read the foregoing PETITION, know the contents thereof; and the same is true to my own knowledge, except as to those matters therein which are stated to be alleged on information and belief, and, as to those matters, I believe them to be true.

TOBY MOSKOVITS

Sworn to before me on
March 21, 2022

NOTARY PUBLIC

MOSHE SCHEPANSKY
Notary Public, State of New York
Reg. No. 01SC6327934
Qualified in Queens County
Commission Expires 10/15/2023

# EXHIBIT 1

# OPERATING AGREEMENT

# OF 286 RIDER AVE ACQUISITION LLC

This Operating Agreement (Agreement) of 286 Rider Ave Acquisition LLC is entered into as of the 15th day of August, 2019 by its sole member, 286 Rider Ave Development LLC.

1. **Name.** The name of the limited liability company formed hereby is 286 Rider Ave Acquisition LLC, (the "Company")

2. **Purpose.** The Company is formed for the purpose of purchasing 286 Rider Avenue, Bronx, NY (the "Premises") and to act on behalf of its member in connection with the renovation and operation of the Premises and engaging in any and all activities necessary or incidental to the foregoing.

3. **Term.** The Company does not have a specific date of dissolution in addition to the events of dissolution set forth by law and set forth in The Articles of Organization.

4. **Members.** The names and the business, residence, or mailing address of the sole member is:

   286 Rider Ave Acquisition LLC
   679 Driggs Avenue
   Brooklyn NY 11211

**5. Management/Powers.**

286 Rider Ave Development LLC, the sole member of the Company, shall have the sole power to do any and all acts necessary or convenient to or for the furtherance of the purposes described herein. 286 Rider Ave Development LLC shall manage the affairs of the Company, and have right, power, and authority to manage the day-to-day business, affairs, operations and activities of the Company, and to execute on behalf of the Company all documents necessary and appropriate, to obtain permits, licenses, contracts and anything necessary for the renovation of the premises, to obtain mortgage and construction financing upon the premises, including but not limited to Loan Agreements, Mortgages, Promissory Notes, Environmental Indemnities, Guarantees, Confessions of Judgment and Disclosures thereof, to manage the property as a building, rental apartments, or hotel, to collect rents, to sign leases, to evict tenants, to operate the bank account of the company, and shall have the power to do any and all acts necessary or convenient to or for the furtherance of the purposes described herein, including all powers, statutory or otherwise, possessed by members under the Limited Liability Company Law of the State of New York (the "LLCL").

**6. Profits, Losses and Expenses of the Company**

(a) All profits realized by the Company shall be: a) first utilized to pay off debt and b) then distributed to its sole member per its Membership Interests.

(b) All expenses (including interest payments on any debt owed by the Company) incurred by the Company in running its daily operations shall be paid by the sole member based on its proportionate share of Membership Interests it own.

(c) All losses realized by the Company (which losses shall be deemed to have been realized after the Initial Capital Investments and Operating Accounts have been depleted) shall be borne by the sole member based on its proportionate share of profits it is entitled to.

7. **Membership Interests.**

286 Rider Ave Development LLC 100%

8. **Books and Records.** The books and records of the Company shall be kept at: 679 Driggs Avenue, Brooklyn NY 11211.

9. **Liability of Member.** The Members shall not have any liability for the obligations or liabilities of the Company except to the extent provided in the LLCL and as provided herein.

10. **Governing Law.** This Agreement shall be governed by, and construed under, the laws of the State of New York, all rights and remedies being governed by said laws.

**IN WITNESS WHEREOF,** the undersigned, intending to be legally bound hereby, have duly executed this Operating Agreement as of the day and year written above.

SOLE MEMBER:

286 Rider Ave Development LLC

By its Manager:
286 Rider Ave Holdings LLC

By: ____________________
Name: Yechial Michael Lichtenstein
Title: Manager/Member

# EXHIBIT 2

**AMENDED AND RESTATED
LIMITED LIABILITY COMPANY
OPERATING AGREEMENT
OF
286 RIDER AVE ACQUISITION LLC**

This First Amended and Restated Limited Liability Company Operating Agreement (this "Agreement") of 286 Rider Ave Acquisition LLC (the "Company") is entered into as of September 16, 2019 by 286 Rider Ave Development LLC, a New York limited liability company (the "Member"), pursuant to the terms of the New York Limited Liability Company Law (the "Law") and this Agreement.

**WHEREAS**, the Company has been formed as limited liability company pursuant to, and in accordance with, the Law; and

**WHEREAS**, the Company commenced on January 22, 2019, the date that the Articles of Organization (the "Articles") were filed in the Office of the Secretary of State of the State of New York (the "Secretary") in accordance with the Law and shall continue in perpetuity unless dissolved in accordance with the terms of the Law. The Members shall take any and all other actions reasonably necessary to perfect and, except as otherwise provided in this Agreement, to maintain the status of the Company as a limited liability company under the laws of the State of New York.

**WHEREAS**, the Member desires to amend and restate the Operating Agreement of the Company dated as of August 15, 2019 in its entirety on the terms herein:

**NOW, THEREFORE**, in consideration of the promises and the mutual covenants contained herein and other good and valuable consideration, receipt and sufficiency of which are acknowledged, the parties hereto set forth their agreement as follows:

1. **Name.** The name of the limited liability company formed hereby is 286 Rider Ave Acquisition LLC, (the "Company")

2. **Purpose.** The Company is formed for the purpose of purchasing 286 Rider Avenue, Bronx, NY (the "Premises") and to act on behalf of its member in connection with the renovation and operation of the Premises and engaging in any and all activities necessary or incidental to the foregoing.

3. **Term.** The Company does not have a specific date of dissolution in addition to the events of dissolution set forth by law and set forth in The Articles of Organization.

4. **Members.** The names and the business, residence, or mailing address of the sole member is:

   286 Rider Ave Acquisition LLC
   679 Driggs Avenue
   Brooklyn NY 11211

**5. Management/Powers.**

286 Rider Ave Development LLC, the sole member of the Company, shall have the sole power to do any and all acts necessary or convenient to or for the furtherance of the purposes described herein. 286 Rider Ave Development LLC shall manage the affairs of the Company, and have right, power, and authority to manage the day-to-day business, affairs, operations and activities of the Company, and to execute on behalf of the Company all documents necessary and appropriate, to obtain permits, licenses, contracts and anything necessary for the renovation of the premises, to obtain mortgage and construction financing upon the premises, including but not limited to Loan Agreements, Mortgages, Promissory Notes, Environmental Indemnities, Guarantees, Confessions of Judgment and Disclosures thereof, to manage the property as a building, rental apartments, or hotel, to collect rents, to sign leases, to evict tenants, to operate the bank account of the company, and shall have the power to do any and all acts necessary or convenient to or for the furtherance of the purposes described herein, including all powers, statutory or otherwise, possessed by members under the Limited Liability Company Law of the State of New York (the "LLCL").

**6. Profits, Losses and Expenses of the Company.**

(a) All profits realized by the Company shall be: a) first utilized to pay off debt and b) then distributed to its sole member per its Membership Interests.

(b) All expenses (including interest payments on any debt owed by the Company) incurred by the Company in running its daily operations shall be paid by the sole member based on its proportionate share of Membership Interests it own.

(c) All losses realized by the Company (which losses shall be deemed to have been realized after the Initial Capital Investments and Operating Accounts have been depleted) shall be borne by the sole member based on its proportionate share of profits it is entitled to.

**7. Membership Interests.**

286 Rider Ave Development LLC 100%

**8. Books and Records.** The books and records of the Company shall be kept at: 679 Driggs Avenue, Brooklyn NY 11211.

**9. Liability of Member.** The Members shall not have any liability for the obligations or liabilities of the Company except to the extent provided in the LLCL and as provided herein.

**10. Governing Law.** This Agreement shall be governed by, and construed under, the laws of the State of New York, all rights and remedies being governed by said laws.

**11. Interests and Certificates.**

a. Interests. Each limited liability company interest in the Company shall constitute and shall remain a "security" within the meaning of and governed by (i) Article 8 of the Uniform Commercial Code (including Section 8-102(a)(15) thereof) as in effect from time

to time in the State of New York and (ii) the Uniform Commercial Code of any other applicable jurisdiction that now or hereafter substantially includes the 1994 revisions to Article 8 thereof as adopted by the American Law Institute and the National Conference of Commissioners on Uniform State Laws and approved by the American Bar Association on February 14, 1995 and each limited liability company interest in the Company shall be treated as such a "security" for all purposes, including, without limitation perfection of the security interest therein under Article 8 of each applicable Uniform Commercial Code and the Company hereby "opts in" to such provisions. Notwithstanding any provision of this Agreement to the contrary, to the extent that any provision of this Agreement is inconsistent with any non-waivable provision of Article 8 of the Uniform Commercial Code as in effect in the State of New York (the "UCC"), such provision of Article 8 of the UCC shall be controlling.

     b.    Certificates.

     (i)    Upon the issuance of limited liability company interests in the Company to any Person in accordance with the provisions of this Agreement or with respect to any limited liability company interests that have already been issued by the Company and are currently outstanding and owned by any Person, without any further act, vote or approval of any Member, Officer or any Person, the Company shall issue one or more non-negotiable certificates in the name of such Person substantially in the form of Exhibit A attached hereto (a "Certificate"), which evidences the ownership of the limited liability company interests in the Company of such Person. Each such Certificate shall be denominated in terms of the percentage of the limited liability company interests in the Company evidenced by such Certificate and shall be signed by an Officer or "authorized person" on behalf of the Company.

     (ii)    Without any further act, vote or approval of any Member, Officer or any Person, the Company shall issue a new Certificate in place of any Certificate previously issued if the holder of the limited liability company interests in the Company represented by such Certificate, as reflected on the books and records of the Company:

     (A)    makes proof by affidavit, in form and substance satisfactory to the Company, that such previously issued Certificate has been lost, stolen or destroyed;

     (B)    requests the issuance of a new Certificate before the Company has notice that such previously issued Certificate has been acquired by a purchaser for value in good faith and without notice of an adverse claim;

     (C)    if requested by the Company, delivers to the Company a bond, in form and substance satisfactory to the Company, with such surety or sureties as the Company may direct, to indemnify the Company against any claim that may be made on account of the alleged loss, destruction or theft of the previously issued Certificate; and

     (D)    satisfies any other reasonable requirements imposed by the Company.

(iii)     Upon a Member's transfer in accordance with the provisions of this Agreement of any or all limited liability company interests in the Company represented by a Certificate, the transferee of such limited liability company interests in the Company shall deliver such Certificate to the Company for cancellation (executed by such transferee on the reverse side thereof), and the Company shall thereupon issue a new Certificate to such transferee for the percentage of limited liability company interests in the Company being transferred and, if applicable, cause to be issued to such Member a new Certificate for that percentage of limited liability company interests in the Company that were represented by the canceled Certificate and that are not being transferred.

c.      Filing Of Certificate of Division.

The filing of a certificate of division, adoption of a plan of division, amending of any organizational documents, or any other actions taken, permitted, or consented to in order to divide a Company into two or more Companies pursuant to a plan of division such as contemplated under the Delaware Limited Liability Company Act or any other similar requirement of law in any jurisdiction is prohibited.

(Signature on the next page)

**IN WITNESS WHEREOF**, the undersigned, intending to be legally bound hereby, have duly executed this Operating Agreement as of the day and year written above.

SOLE MEMBER:

286 Rider Ave Development LLC

By its Manager:
286 Rider Ave Holdings LLC

By: ______________________
Name: Yechial Michael Lichtenstein
Title: Manager/Member

# EXHIBIT 3



January 09, 2022

286 Rider Ave Development LLC

C/O: Toby Moskovits

679 Driggs Avenue

Brooklyn, NY 11211

Loan Payoff Notice

To satisfy the above-captioned loan, the following total payoff amount ("Payoff") must be received by wire transfer by January 12, 2022 at 2:00pm EST.

| | As of 12/31/2021 | As of 01/12/2022 | |
|---|---|---|---|
| Outstanding Principal Amount | $8,000,000.00 | $8,000,000.00 | |
| Accrued and Unpaid Regular Interest | $842,308.21 | $870,430.88 | |
| Accrued and Unpaid Default Interest | $708,548.88 | $736,426.21 | |
| Exit Fee | $80,000.00 | $80,000.00 | |
| Legal Fees and Expenses | $1,376,957.93 | $1,477,004.48 | *1 |
| Total excluding DIP | $11,007,815.02 | $11,163,861.57 | |
| | | | |
| DIP Loan | $340,901.17 | $750,000.00 | *2 |
| DIP Loan Interst | $3,476.15 | $5,112.55 | |
| Total DIP | $344,377.32 | $755,112.55 | |
| | | | |
| Grand Total | $11,352,192.34 | $11,918,974.12 | |

*1 Includes estimate of Legal fees Jan 1-12th of $100,000.00

*2 Assuming DIP lender would fund up to $750,000

**Be advised that if there are any pending actions or litigation matters, including any appeals in the Bankruptcy Case, *In re 286 Rider Acquisition, LLC*, 21-11298-lgb, between or among the Lender or any of its officers, directors, employees, or agents, and the Borrower, 286 Rider Development LLC, Toby Moskovits, Yechial Michael Lichtenstein, or any of their agents, involving or relating to in any way 286 Rider Ave Acquisition, LLC ("Borrower") (collectively, "Actions") that have not been dismissed or withdrawn with prejudice at the time the Payoff is received, then the Lender is not obligated to accept the Payoff or if it elects to accept the Payoff, the amount received may be, at Lender's sole discretion, considered only a partial payment and the Lender's liens against the Borrower and control of the Membership Interest pledged by 286 Rider Ave Development LLC, shall be unaffected by the Payoff and shall continue to serve as security to secure the Lender's right to payment of any legal fees and costs incurred in connection with any of the Actions.**

Wiring Instructions:

Account Name: Be-Aviv 286 Rider LLC
Account Address: 123 5th Avenue, 4th Floor
New York, NY 10003
Account Number: 9434771900
Bank Name: Bank Leumi USA
Bank Swift Address: LUMIUSN
Bank ABA/Routing #: 026002794





Please note in additional info: RE: Loan Payoff

This loan payoff statement is subject to final verification by the note holder. The note holder reserves the right to adjust these figures and refuse or accept any funds which are insufficient to satisfy the full indebtedness for any reason. If the funds received for payoff are not sufficient to satisfy the full indebtedness of the above-captioned loan, any remaining balance will be deducted from the escrow/impound amount (if applicable). If funds are still not sufficient to satisfy the full indebtedness, the payoff funds will be returned. This delay will cost you (the borrower) additional interest, as interest continues to accrue on the indebtedness until the total amount required for payoff is received. In accordance with the terms of the applicable loan documentation, late charges will continue to be assessed in the event the loan is not current.

The present escrow/impound balance, if any, is subject to any required disbursement to be paid on or before receiving your loan payment in full. Amounts remaining in the escrow/impound will be refunded to the borrower.

Any escrow/impound balance or overpayment of the outstanding loan balance will be mailed to you (the borrower) within thirty (30) business days after the receipt and processing of the funds required to pay the above-captioned loan in full. If the loan to be repaid is a revolving line of credit, the issuance of this loan payoff statement signifies that any available balance under such revolving line of credit is and shall be frozen effective as of the date hereof. Any in- clearing items presented on or after the date hereof will be returned unpaid. Any payments made on or after the date hereof will be processed and any overpayments will be refunded within thirty (30) days of receipt and processing of the funds required to pay the above-captioned loan in full. If you decide to cancel this request, you are required to send written notification (see address above) requesting the reinstatement of your line of credit if applicable. In addition, please make sure all signors of the original note endorse this request. Please provide us with any changes of your (the borrower's) mailing address where the executed release/reconveyance documents should be sent. For any additional questions, please contact Joseph T. Moldovan at Morrison Cohen LLP, 212.735.8603.

# EXHIBIT 4

**From:** Collins, Michael <michael.collins@offitkurman.com>
**Sent:** Tuesday, January 11, 2022 11:53 AM
**To:** Kuhns, Joyce <jkuhns@offitkurman.com>; Nagi, Jason <Jason.Nagi@offitkurman.com>
**Subject:** RE: 286 Rider Wiring Instructions

Here it is:

--

ent: 1/11/2022 11:44:54 AM

A Wire Payment has posted to your M&T Bank account. Please refer to the following Wire confirmatior

OUTGOING WIRE PAYMENT CONFIRMATION

ACCOUNT NUMBER -*************5259

```
OUTGOING MONEY TRANSFER                         $11918974.12
  REF1                          : 220111003265000
  REF2                          : 20220111B2Q8921C000835
  WIRE PAYMENT TYPE    : FEDWIRE
  FGN BANK REF NUM     : DG399N0002523301

  SENDER                      : *************5259
                                  : OFFIT KURMAN PA-IOLTA ATTORNEY TRUS

  RECEIVING  BANK        : 026002794
                                  : BANK LEUMI USA

  BENEFICIARY              : *************1900
                                  : Be-Aviv 286 Rider LLC
  ORDER CUSTOMER       : 9864865259
                                  : OFFIT KURMAN PA-IOLTA ATTORNEY TRUS
                                  : T FOR THE STATE
                                  : 300 E LOMBARD ST SUITE 2010
                                  : BALTIMORE MD 21202

  PAYMENT DETAIL         : Loan Payoff on behalf of
                                 : 286 Rider Development LLC
                                 : Toby Moskovits
                                 : Yechial Michael Lichtenstein

  VALUE DATE                 : 220111
  TIME                             : 11:44:53
  CURRENCY CODE         : USD
  FED REFERENCE          : 00835
```

# EXHIBIT 5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | . | Case No. 21-11298(LGB) |
| | . | |
| | . | Chapter 11 |
| 286 RIDER AVENUE, | . | |
| ACQUISITION LLC | . | 1 Bowling Green |
| | . | New York, NY 10004 |
| | . | |
| | . | |
| Debtor. | . | February 1, 2022 |
| . . . . . . . . . . . . . | . | 9:03 a.m. |

TRANSCRIPT OF STATUS CONFERENCE
BEFORE HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY COURT JUDGE

TELEPHONIC APPEARANCES:

| | |
|---|---|
| For 286 Rider Ave Development, LLC, Toby Moskovits, Yechial Michael Lichtenstein: | Offit Kurman, P.A.<br>By: JOYCE A. KUHNS. ESQ.<br>590 Madison Avenue, 6th Floor<br>New York, NY 10022 |
| | Mayer Brown LLP<br>By: DOUGLAS E. SPELFOGEL, ESQ.<br>1221 Avenue of the Americas<br>New York, NY 10020 |
| For 286 Rider Ave Acquisition, LLC: | Robinson Brog Leinwand Greene Genovese & Gluck, P.C.<br>By: FRED B. RINGEL, ESQ.<br>875 Third Avenue, 9th Floor<br>New York, NY 10022 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

---

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@jjcourt.com**

**(609) 586-2311 Fax No. (609) 587-3599**

that was part of the payoff that was paid. We believe that that is not for Your Honor to decide today, we believe that that amount should occur with anything through the date of the payoff and the amounts after are not appropriate once the payment has been made. But notwithstanding, we are looking to get an accounting and the information with respect to both the DIP fees and any fees associated with the pre-petition. And then, to the extent that can't be resolved, to have Your Honor review that. We are not looking for the Court to weigh in on the redemption or any of the other issues, which again, we believe are outside of Your Honors scope and would be something that would be dealt with, if any, in a different court.

THE COURT: Okay. Well, I agree with you that certainly the redemption is outside of my Court. No question about that. Obviously, Mr. Moldovan's client's allowed claim against the debtor is, or is not, outside of my Court. I think it's within my Court's perspective. But if all you're asking me to do with respect to their claim is weigh in on the legal cost amount, that is certainly something and the reasonableness of it that I can do under 506. I don't think there's any question about that.

I do think that technically the fees would need to be apportioned between the DIP and the pre-petition just because of the priorities associated with them. Technically, as strange as that is, but because we have a, you know, a DIP that

*Fax: 1-718-829-0032*
*E-mail: Skschlein@gmail.com*
*Pryor@PryorLaw.com*

At a Special Commercial Part ____ of the Supreme Court, Bronx County, located at 851 Grand Concourse, Bronx, New York 10451 on March ___, 2022.

PRESENT: ________________________________, Justice

-----------------------------------------------------------------------X

286 RIDER AVE DEVELOPMENT LLC,

Plaintiffs,

-against-

286 RIDER AVE LENDER LLC and BE-AVIV 286 RIDER LLC,

Defendants.

-----------------------------------------------------------------------X

Index No.

ORDER TO SHOW CAUSE

Upon the accompanying Verified Petition, verified on March 21, 2022 and the exhibits annexed thereto and upon all prior papers and proceedings had herein,

LET Respondents show cause at a Special Commercial Part ____ of this Court to be held at Supreme Court, Bronx County, 851 Grand Concourse, Bronx, N.Y. 10451, in Courtroom _____, on the ____ day of ________ , 2022 at ____ o'clock in the a.m./p.m. why an Order should not be issued as follows:

a. Declaring that Plaintiff 286 Rider Ave Development LLC is and has been the sole and exclusive member of Plaintiff 286 Rider Ave Acquisition LLC and that any acts by or on behalf of the Defendants or claims that Defendants possessed any type of membership or managerial interest in Plaintiff 286 Rider Ave Acquisition LLC are null and void *ab initio* because Defendant 286 Rider Ave Lender, LLC, a Delaware Limited Liability Company, is not authorized to do business in the State of New York;

b. Declaring that Plaintiff 286 Rider Ave Development LLC properly and fully redeemed its entire interest in Plaintiff 286 Rider Ave Acquisition LLC;

c. Enjoining and restraining Defendants, and all those acting in concert with them or on their behalf, from unlawfully managing Acquisition or otherwise interfering with Development's management of Acquisition; and

d. For such other and further relief as this court deems just and proper.

SUFFICIENT REASON APPEARING THEREFOR, IT IS HEREBY

ORDERED that pending the hearing of this motion for a preliminary injunction, Defendants, and all those acting in concert with them or on their behalf, be and hereby are enjoined and restrained from unlawfully managing 286 Rider Ave Acquisition LLC or otherwise interfering with 286 Rider Ave Development LLC's management of 286 Rider Ave Acquisition LLC, and it is further

ORDERED that a copy of this Order to Show Cause together with the papers upon which it is granted shall be served upon Defendants by personal delivery or certified mail on Defendant 286 Rider Ave Lender, LLC, 123 Fifth Avenue, 4th Floor, New York, New York 10160, and on Defendant Be-Aviv 286 Rider LLC, 41 Wooster Street, 2nd Floor, New York, New York 10013, on or before the ______ day of ________ 2022 and be deemed good and sufficient service.

ENTER:

____________________________
, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------------X

286 RIDER AVE DEVELOPMENT LLC,

Plaintiff,

-against-

286 RIDER AVE LENDER LLC and BE-AVIV 286 RIDER LLC,

Defendants.

---------------------------------------------------------------------X

Index No.

202.7(f) Affirmation

WILLIAM G. FORERO, ESQ., an attorney duly admitted to practice law in the State of New York, and mindful of the penalties for perjury, hereby affirms:

1. I am one of the counsel representing plaintiff ("Plaintiff"), in the above-captioned matter and, as such, am fully familiar with the facts stated herein based upon my review of the file maintained by my office and conversations with the client.

2. I submit this affirmation in support of Plaintiff's order to show cause for a declaratory judgment and *ex parte* temporary restraining order.

3. I affirm that I served notice, pursuant to 22 NYCRR 202.7(f), advising that this office intended to file an Order to Show Cause on March 21, 2022 seeking a temporary restraining order via the e-file system for the Bronx County Supreme Court, located at 851 Grand Concourse, Room 217, Bronx, New York 10451, with counsel to be heard as soon as the Court directs, on the attorneys for Respondents 286 Rider Ave Lender LLC and Be-Aviv 286 Rider LLC, Morrison Cohen LLP, 909 Third Avenue, New York, New York 10022, Attention: Joseph Moldovan, Esq., via e-mail at jmoldovan@morrisoncohen.com on March 21, 2022.

4. A true and accurate copy of the notice sent on March 21, 2022 is attached hereto as EXHIBIT 6.

Dated: Bronx, New York
March 21, 2022

William G. Forero

**From:** forero@pryorlaw.com
**To:** jmoldovan@morrisoncohen.com
**Cc:** "Stanley Schlein"; "Ted Pryor"
**Subject:** 286 Rider Ave Development LLC v. 286 Rider Ave Lender LLC and Be-Aviv 286 Rider LLC (new lawsuit to be filed today)
**Date:** Monday, March 21, 2022 5:10:48 PM

---

Dear Mr. Moldovan,

I write pursuant to 22 NYCRR 202.7(f) to advise you that we plan to file an Order to Show Cause, which seeks, in part, a temporary restraining order in an action to be filed today in the Supreme Court, Bronx County by 286 Rider Ave Development LLC against 286 Rider Ave Lender LLC and Be-Aviv 286 Rider LLC.

We will be presenting an Order to Show Cause, to be filed electronically today. We anticipate that the time and method of the appearance will be within the discretion of the court.

Please advise if you wish to participate in Court arguments in this action, so we can be guided accordingly.

William G. Forero, Esq.
Associate Attorney
Law Offices of Edmond J. Pryor
292 City Island Avenue
Bronx, New York 10464
718-829-0222
FAX 718-829-0032
forero@pryorlaw.com

Confidentiality Notice
This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.
IMPORTANT PRIVACY NOTICE
By choosing to use e-mail to communicate with me, you understand and agree to the following: The use of e-mail poses risks to the confidentiality of your information. The Internet is an open network and provides no inherent protection for confidential information. You accept these risks. E-mail must not be the primary means of communication with me. In particular, you must contact me by telephone or in person about critical or time-sensitive issues. There will be times when I will not have access to e-mail. Be sure to contact my office by telephone when necessary.