Hearing Date: March 25, 2022 at 10 a.m. ET
Objection Deadline: During Argument at Hearing

**MORRISON COHEN LLP**
909 Third Avenue
New York, New York 10022
(212) 735-8600
Joseph T. Moldovan, Esq.
David J. Kozlowski, Esq.
Heath D. Rosenblat, Esq.

*Attorneys for Be-Aviv 286 Rider LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**286 RIDER AVE ACQUISITION LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 21-11298-LGB |

**EMERGENCY MOTION IN ACCORDANCE WITH COURT'S
DIRECTION PURSUANT TO 11 U.S.C. § 105 TO COMPEL
286 RIDER AVE DEVELOPMENT LLC TO AMEND STATE COURT
PLEADINGS AND ENJOIN STATE COURT FROM PROCEEEDING**

TO THE HONORABLE LISA G. BECKERMAN,
UNITED STATES BANKRUPTCY JUDGE:

Be-Aviv 286 Rider LLC ("**Lender**" or "**Movant**"), by its undersigned counsel, hereby submits this motion ("**Motion**") pursuant to sections 105 and 362 of title 11 of the United States Code ("**Bankruptcy Code**") for an order (a) compelling 286 Rider Ave Development LLC ("**Development**") to amend its pleadings in the pending New York Lawsuit (as defined herein), and (b) enjoining the New York Lawsuit from proceeding. In support of this Motion, Lender respectfully sets forth and represents as follows:

#11112974 v3 \029220 \0005

**Preliminary Statement**

1. In a second[1] blatant attempt at forum shopping and making an end-run around decisions of this Court, Development has filed a New York state court Petition and TRO against Lender and its subsidiary ("**New York Lawsuit**") in violation of the automatic stay based on allegations that contradict and have been conclusively determined by this Court in orders entered by this Court. The TRO Development has requested on an emergency would, if granted, undermine every ruling this Court has made in this case and stop the work this Court has just ordered Mr. Buchwald, the Debtor's Manager, to perform.

2. The linchpin of Development's argument is the alleged impropriety of the Lender's actions in exercising its rights under the Pledge and the Debtor's subsequent filing for chapter 11 relief in this Court, notwithstanding that this Court has, on multiple occasions, ruled those actions to have been validly performed and effective. Development chose not to name the Debtor as a defendant in an attempt to avoid the jurisdiction of this Court—just as its principals did in the Florida Action—but this Court should see through that charade and use its inherent powers to protect the Debtor's bankruptcy filing under section 301 of the Bankruptcy Code and the

---

[1] Development, through its principals, previously attempted this tactic by filing a motion against Lenders' principals in Florida state court, prompting Lender to file its *Motion Under 11 U.S.C. § 105 to Hold Toby Moskovits and Michael Lichtenstein in Contempt for Violating Order of This Court and for Sanctions* [Docket No. 201], resulting in this Court's *Order on Motion Under 11 U.S.C. § 105 to Hold Toby Moskovits and Michael Lichtenstein in Contempt for Violating Order of This Court and for Sanctions* ("**Florida Order**") [Docket No. 248], in which this Court issued an injunction to stay the Florida proceeding, pending required modifications to the Petition therein to protect and effectuate this Court's orders.

#11112974 v3 \029220 \0005

Court's jurisdiction over the Debtor, and protect the Lender and Mr. Buchwald who are beneficiaries of findings and holdings of this Court.

3. Contrary to the statements of Development's counsel, this new action is not a simple lawsuit to have a state court adjudicate whether the Pledge has been redeemed: it is a direct assault on this Court's jurisdiction and the orders this Court has entered.

4. For the reasons stated herein, and to protect the integrity of and effectuate its own judgments and orders, the Court should compel Development to amend its Petition and OSC, and pending such amendment, enjoin the New York Lawsuit from proceeding.

## Jurisdiction and Venue

5. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

6. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7. This Court has jurisdiction to enforce its own rulings and orders under Bankruptcy Code § 105(a) and the All Writs Act (28 U.S.C. § 1651). The Court has jurisdiction over Development as equity holder of the Debtor who has submitted itself to the jurisdiction of the Court, and is represented at each hearing by counsel.

## Background

8. The facts in this case are well known to this Court, and Movant will not recite them again here. Rather, for general background, Movant relies on the various submissions to this Court by Debtor and Lender outlining the relevant background and subsequent post-petition activities in this case.

9. Specific to this Motion, on March 22, 2022, Development filed a Verified Petition, Index No. 804332/2022E ("**Petition**"), and an Order to Show Cause with Request for Issuance of a Temporary Restraining Order ("**OSC**"; together with the Petition, "**New York Lawsuit**") against Lender and its subsidiary, the manager of the Debtor ("**Manager**"). Upon receipt of the New York Lawsuit, Lender filed a letter with the Court to apprise the Court of the filing and to inform the Court that it may need to seek emergency relief ("**Letter**") [Docket No. 353]. A copy of the Letter with the New York Lawsuit annexed as an exhibit thereto is attached as **Exhibit A**.

10. As Lender informed the Court during a status conference today, March 23, 2022, although the OSC is not yet scheduled, Judge Fidel Gomez was appointed to the case today and a hearing on Development's request for a temporary restraining order in the OSC may be scheduled at any time this week, or entered ex parte before a hearing on the OSC can occur. Accordingly, the matter is now an emergency and Lender brings this motion on an emergency basis as directed by the Court.

11. The Petition alleges a variety of misdeeds by the Defendants,[2] ultimately charging three causes of action, generally challenging, directly or indirectly, the legitimacy of the Debtor's bankruptcy filing, and by clear implication, the prior (non-appealable) decisions of this Court.

12. The Petition alleges, *inter alia*, that:

- Lender did not properly exercise the Pledge and thus everything subsequent thereto—including the appointment of Mr. Buchwald as Independent Manager and the filing of this Chapter 11 case—was improper (Petition ¶24); and

- Acts by Lender or Manager are null and void *ab initio* (Petition ¶30).

The Petition seeks, *inter alia*:

- that Lender, Manager, and anyone acting on their behalf be enjoined from "unlawfully controlling the voting rights over Acquisition" (Petition ¶44); and

- that Development be reinstated as manager of the Debtor (Petition ¶44).

The OSC requests, *inter alia*, a declaration:

- that any acts by or on behalf of Lender or Manager or claims that either possessed any type of membership or managerial interest in the Debtor are null and void *ab initio* (OSC ¶a); and

---

[2] This Motion will not address Development's *ad hominem* attacks, such as the assertion that Lender and Manager "engaged in unlawful activity in an effort to steal all economic benefits" from Development. Petition ¶41.

#11112974 v3 \029220 \0005

5

- an injunction enjoining and restraining Lender or Manager from managing the Debtor or otherwise interfering with Development's management of the Debtor (OSC ¶c).

Most urgently, the OSC contains a request that the State Court immediately enter a temporary restraining order, pending a hearing on the OSC, enjoining and restraining Lender, Manager, and "all those acting in concert with them or on their behalf . . . from unlawfully managing [the Debtor] or otherwise interfering with [Development's] management of [the Debtor]. (OSC p.2). Development seeks this relief *ex parte*. (Affirmation of William Forero, dated March 21, 2022, ¶ 2) ("I submit this affirmation in support of [Development's] order to show cause for a declaratory judgment and ex parte temporary restraining order.").

13. As this Court and Development are unquestionably aware, explicitly in the Court's orders ("**Dismissal Orders**") [Docket Nos. 39 and 165] denying the motions to dismiss brought by Development [Docket No. 17] and by Development and its principals [Docket No. 111] ("**Dismissal Motions**"), and implicitly in the Florida Order—each of which is a final order—this Court has held that the Bankruptcy Case was properly commenced, that the actions of Lender were appropriate, and that Lender had the legal right to exercise the Pledge. *See generally*, citations to Transcript from hearing on August 30, 2021 ("**8/30/21 Transcript**"), Transcript from hearing on November 16, 2021 ("**11/16/21 Transcript**"), and Transcript from hearing on January 5, 2022 ("**1/5/22 Transcript**"), *infra*.

## Relief Requested

14. Movant requests that the Court compel Development to amend the Petition and OSC in the New York Lawsuit, which are based upon claims Development knows are false and that have been fully and finally adjudicated by, or are currently pending in front of, this Court, to be consistent with the judgments and orders of this Court. Alternatively, Movant requests that this Court enjoin Development from prosecuting the New York Lawsuit, and require that it withdraws the New York Lawsuit.[3]

## Basis for Relief

### A. Development Should Be Compelled to Modify its Pleadings in the New York Lawsuit

15. This Court already found that the borrower defaulted under the Pledge, the Pledge was valid, Lender's exercise of the Pledge was proper, the appointment of the manager was proper, and the filing of Debtor's bankruptcy petition was valid. *See generally*, 8/30/21 Transcript; 11/16/21 Transcript, 1/5/22 Transcript. In bringing the New York Lawsuit, Development—in another forum—is challenging a core and essential ruling of this Court that is central and inextricably bound to this Court's jurisdiction and supervision, and administration of this case.

16. In the Petition and OSC, Development makes various statements and allegations implicating the Pledge, Lender's execution under the Pledge, the

---

[3] Movant also notes the pattern of flagrant violations of this Court's authority and the concomitant damage to the Debtor's estate by needlessly and perniciously increasing the administrative costs of this case.

appointment of Mr. Buchwald as manager, and the filing of this case. These statements, detailed below, are incorporated by reference and relied upon for every count included in the Petition (*see*, Petition ¶¶ 27, 31, and 35):

    a. Manager "*purportedly* hired Lee E. Buchwald as manager of the Debtor" (Petition ¶19) (emphasis added);

    b. Mr. Buchwald "*purportedly* acting on behalf of [Debtor], filed a petition in bankruptcy" (Petition ¶20) (emphasis added);

    c. Lender "did not take proper steps . . . to establish . . . the appointment of Lee E. Buchwald as manager of [Debtor]" (Petition ¶21); and

    d. Lender and Manager have "continued to *improperly* assert control and dominion of Development's 100% equity interest" (Petition ¶24) (emphasis added).

17. To be clear, the New York Lawsuit is premised on the notion that Lender's exercise of the Pledge was improper and, as a result, Lender could not assign management interests to Manager, which could not retain Mr. Buchwald as Independent Manager, who could not authorize the bankruptcy filing and; thus, everything determined by this Court to date and all the actions taken by the Debtor in this case are void *ab initio*. The problem for Development is that this Court has already determined that the Pledge was properly and validly exercised.

18. Each action noted above was considered and approved by this Court. The Court found:

a. "The lender properly obtained a pledge of the membership interest at the time that the loan was made under the pledge agreement, the certificate, and assignment of interest." 8/30/21 Transcript, p. 66:12–15.

b. "[T]he Court finds that Section 5(a) of the pledge agreement . . . allows the lender, . . . by exercising its pledge rights, its right under the pledge agreement, to take over the membership interest[s] . . . that were held by Development, because of the events of default having occurred and been continuing, that the lender, then, had all voting, all equity, membership, and other rights pursuing to the membership interest." 8/30/21 Transcript, pp. 71:19–25 to 72:1–2.

c. "[L]ender . . . steps into certain rights contractually under the pledge agreement of the membership and with respect to the membership interest and then has the right contractually, because the parties have agreed to it, in this pledge agreement to take certain actions, and that's what occurred here and that's what my decision says." 11/16/21 Transcript, p. 17:19–25.

d. Because Lender "had such a right to act as the manager, because it was the member, and obviously the party it assigned those rights to could then, therefore, also act in that role . . . ." 8/30/21 Transcript, p. 73:16.

e. "So the pledge agreement itself in 5(a) basically says that if an event of default shall be continuing, occur and be continuing, then all membership interests may be registered in the name of the lender or its

nominee. And the lender has the rights to exercise all voting, equity in membership, and other rights pertaining to the membership interest. So I'm finding that that has occurred, that there's an event of default that's occurred and then continuing, and that the lender has the right or its nominee to exercise all voting equity in membership and other rights pertaining to the membership interest." 8/30/21 Transcript, p. 75:13–22.

    f.   "The debtor chose to file for Chapter 11. The Court finds that this is a voluntary filing and not an involuntary filing under Section 303." 8/30/21 Transcript, p. 18–20.

Put very plainly, and speaking directly to Ms. Moskovitz who was interrupting the Court repeatedly, this Court stated: "You are not the Debtor. You are the equity holder of the Debtor. You don't control the Debtor because of that pledge." 1/5/22 Transcript, p. 89:11–13.

    19.    All relevant orders in this case are final, and the 14 day period to appeal under Bankruptcy Rule 8002(a)(1) expired for each. Only one relevant appeal was filed—that from the *Order Denying Motion of 286 Rider Ave Development LLC to Alter or Amend the Judgment under Bankruptcy Rule 9023 and Federal Rule of Civil Procedure 50(e)* ("**Appeal**") [Docket No. 69]. The Appeal has been remanded to this Court for the limited purpose of considering two documents. The hearing on that

limited remand is pending and expected to be heard on March 25, 2022.[4] Development should not be permitted to continue to prosecute the New York Lawsuit premised on claims dispositively ruled on in this case, and should be compelled to amend its pleadings and be enjoined from prosecuting the New York Lawsuit.

20.     The Bankruptcy Code explicitly permits the Court to enforce its orders, providing:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). This provision is used to support the proposition that, among other things, the Bankruptcy Court always has authority to enforce its rulings. *See*, *In re Millenium Seacarriers, Inc.*, 419 F.3d 83, 97 (2d Cir. 2005) (*citing In re Petrie Retail, Inc.*, 304 F.3d 223, 230 (2d Cir. 2002)) ("Bankruptcy courts retain jurisdiction to enforce and interpret their own orders."); *see also*, *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151, 129 S.Ct. 2195, 174 L.Ed.2d 99 (2009) ("[A]s the Second Circuit recognized . . . the Bankruptcy Court plainly ha[s] jurisdiction to interpret and enforce its own prior orders.") (citation omitted).

21.     This Circuit has long held that "[t]he equitable power conferred on the bankruptcy court by section 105(a) is the power to exercise equity in carrying out the

---

[4] Lender again notes that the Appeal is not of the dismissal order, only of the order denying Development's motion to alter or amend judgment.

#11112974 v3 \029220 \0005

11

provisions of the Bankruptcy Code . . . ." *New England Dairies Inc. v. Dairy Mart Convenience Stores Inc.* (*In re Dairy Mart Convenience Stores Inc.*), 351 F.3d 86, 92 (2d Cir. 2003). Here, section 105 of the Bankruptcy Code relates to this Court's core and essential finding that this case was validly commenced under section 301 of the Bankruptcy Code, which provides: "A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter." 11 U.S.C. § 301(a). This finding was upheld twice by this Court when it **denied**: (a) each of Development's dismissal motions; (b) Development's motion for the appointment of a Trustee; and (c) Development's motion to terminate exclusivity, as well as, basically by all the orders entered by the Court in this case to date.

22.  This Court has considered similar jurisdictional issues in the Florida Action, where the same orders were being circumvented by the principals of Development on substantially the same grounds. There, the Court noted:

> [T]he Constitution makes clear that bankruptcy matters are before the Bankruptcy Court . . . . So I have jurisdiction over bankruptcy matters. If there is an issue about false and fraudulent filings in a bankruptcy case, that is not something for the State Court to be ruling upon. That is not within the State Court's jurisdiction. The State Court doesn't have any jurisdiction whatsoever over anything having to do with filings in the bankruptcy, or the filing itself of a bankruptcy.

1/5/22 Transcript, p.77:16–77:3. This Court added: "I have issued an order in a motion to dismiss where I clearly determined that the bankruptcy was voluntary and not involuntary. And that order is on appeal. So the District Court has to be able to rule

#11112974 v3 \029220 \0005

on the validity, or lack of validity of my decision. I don't think that's appropriate for the State Court to be deciding." 1/5/22 Transcript, p. 79:2–9.

23.    It is also clear that this Court's orders govern—including the order on appeal until the Appeal is decided—and can issue orders concerning the issues that interfere with this Court's process. 1/5/22 Transcript, p. 82:6–12 ("But right now, my order is what governs this court, this case, subject to the District Court's right to reverse me. And therefore, this case has to proceed in an appropriate way. And this Court does have the right to issue orders that have to do with the process and issues that interfere with the process before this Court").

24.    Development is thumbing its nose at this Court hoping for a more favorable decision in another forum. It is clearly abusing the judicial process and overtly and contemptuously challenging orders and decisions of this Court. This Court should utilize its jurisdiction and enforce its own rulings to compel Development to amend its pleadings in the New York Lawsuit, or prevent Development from continuing to prosecute the New York Lawsuit, relying in either instance on this Court's power under section 105(a) of the Bankruptcy Code to compel compliance and compel the withdrawal of the New York Lawsuit. *See, e.g., Matter of Carroll*, 850 F.3d 811, 815 (5th Cir. 2017) (holding that federal courts have authority under Section 105 and the All Writs Act to "enjoin vexatious litigants" in a case where "the bankruptcy court determined that "the Carrolls' true motives [were] to harass the trustee and thereby delay the proper administration of the estate in the hope that they would be able to retain their assets, or make pursuit of the assets so unappealing

#11112974 v3 \029220 \0005

13

that the trustee would be compelled to settle on terms favorable to the [appellants]");

*In re Kristan*, 395 B.R. 500, 511 (1st Cir. B.A.P. 2008) (same).

## B. Alternatively, This Court Should Enjoin, Under the Court's Inherent Powers, the New York Lawsuit From Proceeding

25.     There is no question, the New York Lawsuit is another direct assault on the integrity of this Court's decisions and orders. The ability of a bankruptcy court, or indeed, any federal court, to protect the integrity of and prevent abuse of its process has been recognized for hundreds of years, including under the prior Bankruptcy Act, today through section 105 of the Bankruptcy Code, and through the All Writs Act embodied in 28 U.S.C. § 1651.

26.     Title 28 of the United States Code, at section 2283, provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court ***except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.***

28 U.S.C. § 2283 (emphasis added). This provision makes it clear that this Court has authority to enjoin the New York Lawsuit under section 105 of the Bankruptcy Code or the All Writs Act, which are within the injunction exceptions noted 28 U.S.C. § 2283 as "expressly authorized by Act of Congress" and where necessary "to protect or effectuate its judgments." The two relevant "Act[s] of Congress" providing the Court's authority are examined below.

27.     First, section 105 of the Bankruptcy Code allows a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code." 11 U.S.C. § 105; *see, e.g., In re Michael*

*Bahary & Steven Bahary P'ship*, 528 B.R. 763, 775 (Bankr. N.D.Ill. 2015). As noted above, utilization of section 105 of the Bankruptcy Code is appropriate to protect this Court's finding of jurisdiction under section 301(a) of the Bankruptcy Code and the Dismissal Orders.

28. Second is the All Writs Act, which permits federal courts to ". . . issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Despite the express "aid of … jurisdiction," language, the All Writs Act allows the issuance of injunctions to protect that court's judgments. *Wesch v. Folsom*, 6 F.3d 1465, 1470 (11th Cir. 1993); *Ward v. Pennsylvania New York Cent. Transp. Co.*, 456 F.2d 1046, 1048 (2d Cir. 1972); *Olin Corp. v. Insurance Co. of North America*, 807 F. Supp. 1143, 1152 (S.D.N.Y. 1992).

29. Moreover, and relevant here, the All Writs Act permits federal courts "to safeguard not only ongoing proceedings, but potential future proceedings, as well as already-issued orders and judgments." *Klay v. United Healthgroup, Inc.*, 376 F.3d, 1092, 1099 (11th Cir. 2004) (*citing, inter alia, ITT Community Development Corp. v. Barton*, 569 F.2d 1351, 1359–60 (5th Cir. 1978) (the All Writs Act permits a federal court to issue any order "necessary to enable the court to try the issues [in a pending case] to final judgment" and "develop the material issues and to bring them to a complete resolution"); *Heckler v. Redbud Hosp. Dist.*, 473 U.S. 1308, 1313 (1985) (a court may issue an injunction under the All Writs Act to "preserve the status quo while administrative proceedings are in progress . . . to prevent impairment of the

#11112974 v3 \029220 \0005

15

effective exercise of appellate jurisdiction"); *United States v. New York Tel. Co.*, 434 U.S. 159, 171 (1977) (the Supreme Court has "repeatedly recognized the power of a federal court to issue such commands under the All Writs Act as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued"). The judgments necessary of protection are the rulings and orders on the Dismissal Motions and preservation of the integrity of this Court's own judicial process.

30.    This Court should invoke its authority under 28 U.S.C. § 2283 by way of 11 U.S.C. § 105 or the All Writs Act to protect or effectuate its Dismissal Orders and section 301 of the Bankruptcy Code, and enjoin the New York Lawsuit from proceeding. *See, In re Zimmermann*, 66 F.2d 397, 399 (2d Cir. 1933) ("No doubt the court in bankruptcy or equity may enjoin proceedings elsewhere in order to protect its decrees").

**Notice**

31.    Movant will provide notice of this Motion via email to the following parties and/or their respective counsel, as applicable: (i) the Debtor, (ii) the Office of the United States Trustee for the Southern District of New York, (iii) Toby Moskovits and Michael Lichtenstein (and their counsel in both this bankruptcy case and the Florida Lawsuit), (iv) 286 Rider Ave Development, LLC, and (v) any such other party entitled to notice pursuant to Rule 9013–1(b) of the Local Bankruptcy Rules for the Southern District of New York or that requests notice pursuant to Bankruptcy Rule 2002. In light of this Court's direction at the status conference on March 23, 2022,

#11112974 v3 \029220 \0005

that this matter be brought on an expedited basis to be heard the next day, Movant submits that no other or further notice need be given.

## Local Rule 9013–1(a) Statement

32. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, Movant submits that this Motion satisfies Local Rule 9013–1(a).

## No Prior Request

33. No prior request for the relief sought herein has been made to this Court or any other court.

## Consent to Jurisdiction

34. Movant hereby consents to the entry of a final judgment or order in connection with this Motion if it is determined that this Court cannot—absent the consent of the parties—enter such final judgment or order consistent with Article III of the United States Constitution.

[*remainder of page intentionally left blank*]

#11112974 v3 \029220 \0005

**WHEREFORE,** Movant respectfully requests that the Court (a) compel Development to amend its Petition and OSC to be consistent with this Court's judgments and orders, (b) enjoin the New York Lawsuit from proceeding, and (c) grant such other and further relief as the Court deems just and proper.

Dated: New York, New York  
      March 23, 2022

MORRISON COHEN LLP

By: /s/ Joseph T. Moldovan
    Joseph T. Moldovan, Esq.
    David J. Kozlowski, Esq.
    Heath D. Rosenblat, Esq.
    909 Third Avenue
    New York, New York 10022
    (212) 735-8600
    jmoldovan@morrisoncohen.com
    dkozlowski@morrisoncohen.com
    hrosenblat@morrisoncohen.com

*Attorneys for Be-Aviv 286 Rider LLC*