**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| *In re:*<br><br>**286 Rider Ave Acquisition LLC**<br><br>Debtor. | Chapter 11<br><br>Case No. 21-11298 (LGB) |

### ORDER STAYING IN PART STATE COURT ORDER TO SHOW CAUSE

WHEREAS, on July 15, 2021, 286 Rider Avenue Acquisition LLC (the "Debtor") filed for Chapter 11 bankruptcy protection under Title 11 of the United States Code (the "Bankruptcy Case");

WHEREAS, on August 30, 2021, the Court held a hearing on the *Motion of 286 Rider Ave Development LLC to (I) Dismiss Bankruptcy Case Pursuant to 11 U.S.C. § 105, 305 and 1112 and (II) for Turnover of Certain Membership Interests Under 11 U.S.C. § 543* (the "Motion to Dismiss"), upon which the Court ruled that, among other things, the Chapter 11 filing by the Debtor was voluntary and duly authorized and for various reasons stated on the record denied the Motion to Dismiss [ECF No. 39] (the "Order Denying Motion to Dismiss");

WHEREAS, in connection with the Motion to Dismiss, the Court held that section 5 of the pledge agreement allowed the lender or its nominee after the occurrence of an event of default to exercise (i) all voting and all equity, membership and other rights pertaining to the Membership Interests and (ii) any and all rights of conversion, exchange, and subscription and any other rights, privileges or options pertaining to such Membership Interests as if it were the absolute owner thereof.  Among other things, in connection with the Motion to Dismiss, the

Court held that the debtor's retention of Mr. Lee Buchwald as manager of the Debtor (the "Manager") was duly authorized and thus, the filing of a petition by Manager was duly authorized and voluntary;

WHEREAS, Development did not appeal the Order Denying Motion to Dismiss;

WHEREAS, on October 5, 2021, the Court held a hearing on the *Motion of Development to Alter or Amend the Judgment Under Bankruptcy Rule 9023 and Federal Rule of Civil Procedure 59(e)* [ECF No. 47] (the "Motion to Reargue") relating to the Motion to Dismiss and Order Denying Motion to Dismiss, upon which the Court for various reasons stated on the record denied the Motion to Reargue [ECF No. 69] (the "Order Denying Motion to Reargue");

WHEREAS, on October 8, 2021, 286 Rider Ave Development LLC (hereafter "Development") filed a notice appealing the Order Denying Motion to Reargue to the United States District Court for the Southern District of New York (the "District Court") under Case Number 21-cv-8812;

WHEREAS, in the appeal, appellant Development moved to supplement the record before the District Court with materials filed after the date of the Order Denying Motion to Reargue that Development described as "critical to the underlying determination whether the Bankruptcy Case was properly authorized and whether the Bankruptcy Court had jurisdiction over the Bankruptcy Case." Remand Order (as defined below), p. 1;

WHEREAS, on January 13, 2021, the District Court entered an order [ECF No. 260] (the "Remand Order"), "remand[ing] this action to the Bankruptcy Court for consideration of the additional materials, to the extent it sees fit." Remand Order, p. 2;

WHEREAS, on March 2, 2022, the Court held a status conference with regards to, among other things, the Remand Order, upon which the Court entered an order (i) scheduling supplemental briefing with respect to the Motion to Reargue consistent with the Remand Order and (ii) scheduling supplemental argument on the Motion to Reargue consistent with the Remand Order for March 25, 2022 at 2:00 p.m. (ET) [ECF No. 320];

WHEREAS, on October 28, 2021, this Court entered an Order that provided among other things that only Manager and any employee of Buchwald Capital Advisors LLC are authorized to replace the locks with respect to the real property owned by the Debtor (the "Property" or "Premises") and take other measures with respect to the security of the Property [ECF No. 108];

WHEREAS, on March 11, 2022, the Debtor and Manager filed a reply [ECF No. 329] in support of a *Motion to Reconsider Portion of Court's February 11, 2022 Order Regarding 286 Rider Ave Development, LLC's Motion to Confirm Disputed Pay-Off Amounts, Satisfaction of DIP Loan, and For Related Relief and Supplement to Same* [ECF No. 311] (the "Motion to Reconsider"), reciting that (i) Manager, upon checking on the status of the Property, discovered that Development, or persons acting on behalf of Development, had improperly replaced the locks on the Property, without the knowledge or consent of Manager or this Court; (ii) environmental remediation, asbestos abatement, and other construction work had been carried out on the Premises by third-parties, without the knowledge or consent of Manager or this Court; and (iii) this unauthorized work resulted in a complaint being filed with the New York City Department of Buildings;

WHEREAS, on March 16, 2022, Development filed a surreply in opposition to the Motion to Reconsider [ECF No. 332] (the "Surreply") containing information about the

3

environmental remediation and asbestos abatement work performed at the Property at Development's behest without the knowledge or consent of Manager or this Court. The Surreply states that Development contracted with Enviroscope Corporation for the environmental remediation and asbestos abatement which was carried out on the Premises without the knowledge or consent of Manager or this Court;

WHEREAS, on March 17, 2022, this Court entered an Order finding Development in breach of the automatic stay and enjoining Development, the Principals and any affiliates, employees, agents, and representatives (collectively, the "Development Parties") of each such party from taking any further acts with respect to the Property, except as expressly provided herein or as authorized by a further order of the Court [ECF No. 335];

WHEREAS, on March 21, 2022, Development filed a Verified Petition, Index No. 804332/2022E (the "State Court Petition") and a proposed Order to Show Cause (the "OSC," and together with the State Court Petition, the "State Court Proceeding") seeking, *inter alia*, the issuance of a temporary restraining order against Be-Aviv 286 Rider LLC (the "Lender") and 286 Rider Ave Lender LLC (together with the Lender, the "Defendants") with respect to the management of the Debtor, as more fully set forth in the State Court Proceeding, in the Supreme Court of the State of New York, Bronx County (the "State Court");[1]

WHEREAS, on March 23, 2022, the State Court entered the OSC, a copy of which is attached as **Exhibit A** hereto, ordering the Defendants to show cause why an order should not be issued (i) declaring that Development is and has been the sole and exclusive member of the

---

[1] Copies of the State Court Petition and proposed OSC are attached in **Exhibit A** to the Emergency Motion (as defined below).

4

Debtor and that any acts by or on behalf of the Lender or claims that Lender possessed any type of membership or managerial interest in the Debtor are null and void ab initio because Lender's subsidiary is not authorized to do business in the State of New York; (ii) declaring that Development properly and fully redeemed its entire interest in the Debtor; and (iii) enjoining and restraining the Lender, and all those acting in concert with them or on their behalf, from unlawfully managing the Debtor or interfering with Development's management of the Debtor;

WHEREAS, among other things, the OSC states in the first ordered paragraph that "pending the hearing of this motion for a preliminary injunction, Defendants, and all those acting in concert with them or on their behalf, be and hereby are enjoined and restrained from unlawfully managing 286 Rider Ave Acquisition LLC or otherwise interfering with 286 Rider Ave Development LLC's management of 286 Rider Ave Acquisition LLC;" OSC, p. 2 (the "TRO on Management of the Debtor");

WHEREAS, on March 23, 2022, the Lender filed the *Emergency Motion under 11 U.S.C. § 105 and § 362 to Compel Development to Amend State Court Proceedings and to Enjoin State Court from Proceeding* [ECF No. 358] (the "Emergency Motion") seeking for this Court to enjoin the State Court Proceeding from proceeding with respect to the potential entry of the OSC and otherwise;

WHEREAS, 28 U.S.C. § 2283 provides that, "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283;

5

WHEREAS, the Court has jurisdiction over the Debtor, the Debtor's estate, all property of the Debtor's estate and the Bankruptcy Case pursuant to the United States Bankruptcy Code, applicable federal law, and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012;

WHEREAS, the TRO on Management of the Debtor appears to be in conflict with prior rulings of this Court in the Bankruptcy Case including, but not limited to, decisions by the Court regarding the Motion to Dismiss, the Motion to Reargue, and violations of the automatic stay by the Development Parties;

WHEREAS, on March 24, 2021, the Court held a hearing with respect to Lender's Emergency Motion;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. Pursuant to 11 U.S.C. § 105 and 28 U.S.C. § 2283, the TRO on Management of the Debtor which consists of the first ordered paragraph of the OSC is stayed with respect to (i) the administration of the Bankruptcy Case, (ii) decisions of the Court, including orders issued by the Court, with respect to matters before the Court in the Bankruptcy Case and any decisions and orders issued by an appellate court with respect to any appeals of decisions rendered and orders issued by the Court, (iii) prior to (a) determination by the State Court as to whether there has been a complete redemption of the membership interests in the Debtor and (b) if the State Court determines that the membership interests have been fully redeemed, determination by the State Court as to Lender's continuing rights if any under the pledge agreement with respect to the membership interests, decisions and actions by Lender or its nominee with respect to management of the

Debtor, and (iv) decisions and actions of Manager with respect to management of the Debtor, the Debtor's estate, property of the Debtor's estate, and the Bankruptcy Case, including compliance with orders issued by the Court.

2. The Court finds that such stay is necessary in aid of the Court's jurisdiction which extends over the Debtor, its estate, all property of the Debtor's estate, and the Bankruptcy Case and in order to protect and effectuate orders of this Court, as well as any appeals that have been and may be taken thereof and any subsequent orders.

3. For the avoidance of doubt, the provisions of this Order enjoin the State Court Proceeding solely to the extent of the stay of the TRO on Management of the Debtor.

4. Nothing contained herein limits or otherwise impairs the authority of this Court to enter further orders with respect to the relief sought in the Emergency Motion as it may deem necessary and appropriate.

5. This Court shall retain jurisdiction to alter or amend this Order and to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

6. Lender shall promptly provide notice of the entry of this Order to the State Court.

Dated: March 25, 2022
New York, New York

**/s/ Lisa G. Beckerman**
Hon. Lisa G. Beckerman
United States Bankruptcy Judge