MAYER BROWN LLP
Douglas Spelfogel
Leah Eisenberg
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Facsimile: (212) 506-1910

*Special Counsel to 286 Rider Ave Development LLC*

OFFIT KURMAN, P.A.
Jason A. Nagi
590 Madison Avenue, 6th Floor
New York, NY 10022
Tel (212) 545-1900

and

Joyce A. Kuhns, Esq. (Admitted *Pro Hac Vice*)
300 East Lombard Street, Suite 2010
Baltimore, Maryland 21202
Tel (410) 209-6463

*Attorneys for 286 Rider Ave Development LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re:* | Chapter 11 |
| **286 Rider Ave Acquisition LLC** | Case No. 21-11298 -(LGB) |
| Debtor. | |

## NOTICE OF PROPOSED ORDER

286 Rider Ave Development LLC has filed the attached draft Proposed order in connection with *Development's Motion to Confirm Disputed Payoff Amounts, Satisfaction of Dip Loan, and for Related Relief* [ECF No. 272].

747078033

|  |  |
|---|---|
| Dated: April 1, 2022<br>New York, New York | Respectfully submitted,<br><br>By: _/s/ Douglas Spelfogel_<br>Douglas Spelfogel<br>Leah Eisenberg<br>Mayer Brown LLP<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 506-2500<br>Facsimile: (212) 506-1910<br>Email: dspelfogel@mayerbrown.com<br>         leisenberg@mayerbrown.com<br><br>*Special Counsel to 286 Rider Ave Development LLC*<br><br>**OFFIT KURMAN, P.A.**<br><br>Jason A. Nagi<br>590 Madison Avenue, 6th Floor<br>New York, NY 10022<br>Tel (212) 545-1900<br>Email: jason.nagi@offitkurman.com<br><br>and<br><br>Joyce A. Kuhns, Esq. (Admitted *Pro Hac Vice*)<br>300 East Lombard Street, Suite 2010<br>Baltimore, Maryland 21202<br>Tel (410) 209-6463<br>Email: jkuhns@offitkurman.com<br><br>*Attorneys for 286 Rider Ave Development LLC* |

**PROPOSED ORDER**

747078033

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**286 Rider Ave Acquisition LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 21-11298 (LGB) |

**ORDER PURSUANT TO SECTION 1112(b) OF**
**THE BANKRUPTCY CODE DISMISSING CHAPTER 11 CASE**

WHEREAS, pursuant to this Court's February 11, 2022 order (as amended, the "Order"), regarding 286 Rider Development LLC ("Development")'s motion (the "Motion") to confirm disputed payoff amounts, satisfaction of DIP Loan, and for related relief and supplement to same; and

WHEREAS, pursuant to the Order, the Court fixed an administrative bar date, and deadline for submission of requests for compensation and verification of time charges; and

Whereas, based upon the hearing held on March 29, 2022, and upon the record of the case, the Court entered orders providing that the amounts of outstanding fees and expenses after credit and reductions as ordered by the Court is as follows:

_____, 2022, providing that the net amount due to Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("Robinson Brog"), counsel to the Debtor is $_____;

_____, 2022, providing that the net amount due to Morrison Cohen, counsel for Be-Aviv at $_____; and

_____ 2022, providing that the net amount due to Lee Buchwald, Manager, is $_____ (collectively, Robinson Brog, Morrison Cohen, and Lee Buchwald, the "Professionals"); and

WHEEREAS, stipulations have been previously filed with the Court in connection with Development's Motion, providing for the claims filed by the Creditor Parties as defined therein to

be deemed withdrawn upon the dismissal of the instant case, without the need for any further filing; *provided*, *however*, that such withdrawal is without prejudice to the Creditor Parties' ability to collect on their claims outside of this bankruptcy case as set forth in the Stipulations; and

WHERES, Claim No. 1 of the New York City Department of Finance has been satisfied and is therefore disallowed and expunged; and accordingly, there are no claims against the Debtor allowable under to Section 502 of the Bankruptcy Code; and

WHEREEAS, the amount due in US Trustee fees is $_____; and

IT IS NOW THEREFORE HEREBY ORDERED as follows:

1. As a condition to dismissal, Development must post in escrow on or before April 8, 2022 the total amount of $_____ comprising the net amounts due to the Professionals (the "Approved Amounts") as provided for above, plus the U.S. Trustee fees.

2. Upon filing by Development of a verification with the Court confirming that the Escrow has been fully funded as provided for in Paragraph 1 above, all deadlines under the Order shall be suspended permanently.

3. Upon the release of the Escrow and payment to the Professionals of the Approved Amounts and the US Trustee fees as provided or above, the within Chapter 11 case shall be and is dismissed without further action or order.  Such dismissal shall take effect immediately upon entry and shall be with prejudice to any new filing.

4. The Professionals shall hold the subject Approved Amounts paid to them by Development and shall not release such amounts until and unless this Order has become a final order, whereupon such Approved Amounts may be released.

5.      Notwithstanding dismissal of the within case, pursuant to Section 349 of the Bankruptcy Code all orders entered in the bankruptcy case shall remain in full force and effect unless otherwise expressly provided in such Order.

6.      This Order shall be effective immediately upon entry.

7.      This Order shall be binding on the Debtor, the Lender, Development, the Creditor Parties, any other parties-in-interest, any affiliates or insiders of any of the forgoing, and any of their successors and assigns.

8.      The Debtor and Development are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order and any other order of this Court entered in this chapter 11 case.

Dated: _____, 2022
       New York, New York

_____
HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE