PUNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**286 RIDER AVE ACQUISITION LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 21-11298(LGB) |

### NOTICE OF COUNTER-PROPOSED ORDER DISMISSING CHAPTER 11 CASE PURSUANT TO SECTIONS 1112(b) AND 349 OF THE BANKRUPTCY CODE AND THE COURT'S FINAL DIP ORDER

**PLEASE TAKE NOTICE** that 286 Rider Ave Development LLC ("**Development**") untimely filed a *Notice of Proposed Order* [ECF No. 384] on April 1, 2022[1] in violation of this Court's direction contained in paragraph 6 of the Court's order [ECF No. 293], dated February 11, 2022, which attached Development's proposed form of order dismissing this Case.

**PLEASE TAKE FURTHER NOTICE** that, Be-Aviv 286 Rider LLC ("**Lender**") attaches as **Exhibit A** to this notice, Lender's counter–proposed form of order ("**Lender's Proposed Dismissal Order**") dismissing this Case.

[*Text Continues On Following Page*]

---

[1] Paragraph 6 of the Court's Feb. 11 Order [ECF No. 293] required that Development file the proposed form of order by March 31, 2022 at 5 p.m. (ET), not April 1, 2022 at 3:13 p.m.

#11135053 v3 \029220 \0005

**PLEASE TAKE FURTHER NOTICE** that, Lender's undersigned counsel will be prepared to discuss the Lender's Proposed Dismissal Order at the hearing scheduled before the Court on April 4, 2022 at 10 a.m. (ET).

| | |
|---|---|
| Dated: New York, New York<br>April 3, 2022 | **MORRISON COHEN LLP**<br><br>By: /s/ Joseph T. Moldovan<br>    Joseph T. Moldovan, Esq.<br>    Heath D. Rosenblat, Esq.<br>    David J. Kozlowski, Esq.<br>909 Third Avenue<br>New York, New York 10022<br>(212) 735-8600<br>jmoldovan@morrisoncohen.com<br>hrosenblat@morrisoncohen.com<br>dkozlowski@morrisoncohen.com<br><br>*Attorneys for Be-Aviv 286 Rider LLC* |

# EXHIBIT A

21-11298-lgb    Doc 386    Filed 04/03/22    Entered 04/03/22 19:19:21    Main Document
Pg 3 of 12

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**286 RIDER AVE ACQUISITION LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 21-11298(LGB) |

### [PROPOSED] ORDER DISMISSING CHAPTER 11 CASE PURSUANT TO SECTIONS 1112(b) AND 349 OF THE BANKRUPTCY CODE AND THE COURT'S FINAL DIP ORDER

WHEREAS, this Court, having heard and considered all of the arguments and submissions of all of the parties appearing in this chapter 11 case ("**Case**"), and based upon the record in this Case as reflected on the docket (including the transcripts of all hearings, status conferences, and other appearances before this Court), has determined that it is appropriate and in the best interest of the above-captioned debtor ("**Debtor**") and all creditors to dismiss this Case (a) pursuant to Sections 1112(b) and 349 of the Bankruptcy Code and (b) consistent with the terms of this Court's *Final Order (I) Authorizing Debtor to (A) Obtain Postpetition Financing and Utilize Cash Collateral Pursuant to 11 U.S.C. §§ 105, 362, 363, 364(c)(1), 364(d), And 364(e) and Fed. R. Bankr. P. 2002, 4001(c), 4001(d) and 9014, (B) Granting Adequate Protection to Prepetition Secured Lender, (c) Modifying the Automatic Stay, and (D) Granting Related Relief* ("**Final DIP Order**") [ECF No. 175], dated November 23, 2021[1], on the terms and conditions contained herein (this "**Order**").

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Final DIP Order.

#11135053 v7 \029220 \0005

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. 286 Rider Ave Development LLC ("**Development**") shall, no later than five days from the entry of this Order on the docket in the this Case, pay:

    a. Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("**Robinson Brog**"), counsel to the Debtor, the sum of $[210,373.23 (after application of all prior payments and unapplied retainer)] on account of its legal fees and expenses, which were awarded by this Court in its order [ECF No.__], dated April __, 2022;

    b. Morrison Cohen LLP ("**MC**"), counsel to Be-Aviv 286 Rider LLC ("**Lender**"), the sum of $[_____] on account of its legal fees and expenses, which were awarded by this Court in its order [ECF No.__], dated April __, 2022; and

    c. Lee E. Buchwald ("**Manager**," and with Robinson Brog and MC, "**Professionals**," and each a "**Professional**"), manager of the Debtor, the sum of $[111,711.27] on account of his fees and expenses, which were awarded by this Court in its order [ECF No.__], dated April __, 2022.

2. Development shall, no later than five days from the entry of this Order on the docket in this Case, escrow ("**Professional Fees Escrow**") with the Debtor's counsel, Robinson Brog, the following sums on account the Professionals' estimated legal fees and expenses ("**Professional Estimations**") to be incurred until this Case is fully and finally administered and dismissed:

    a. $[_____] on account of Robinson Brog;
    b. $[_____ on account of MC; and
    c. $[_____] on account of Manager.

The Professional Estimations will be held in escrow by the Debtor's counsel. Robinson Brog shall, within 15 days of entry of this Order, file a supplemental fee application on presentment, with a hearing to be held only in the event an objection is filed by a

#11135053

2

party in interest. MC and Manager shall, within 15 days of entry of this Order, file supplemental fee statements that shall be deemed approved and allowed in the amounts indicated therein, unless an objection is filed by a party–in–interest within five days of the filing of such fee statement. If any objection is filed as indicated in this paragraph 2, the Court shall hold a hearing to determine the allowance of fees, and responsive papers of the Professional subject to the objection will be due three days before the hearing. Any fees allowed pursuant to such process will be paid from the Professional Fees Escrow no later than five days from the entry of such order approving fees. For the avoidance of doubt, any amounts not used to satisfy the Court-approved Professional Estimations will be returned to Development no later than five days after payment of fees of all Professionals.

3.  Development shall, no later than five days from the entry of this Order on the docket in this Case, pay the U.S. Trustee the sum of $[_____].

4.  No later than seven days from the entry of this Order on the docket in this Case, Development's counsel shall file, subject to the penalties of perjury, with this Court a *Certificate of Payment* that all amounts set forth above in paragraphs 1 through 3 of this Order have been paid or delivered as order herein.

5.  Development shall by certification of its counsel subject to the penalties of perjury, notify the Court, no later than five days from the entry of this Order on the docket of this Case, that each creditor with whom Development entered into payment arrangements outside of this Case ("**Creditor Party**"), as more fully described and identified in *First Amended Stipulations Concerning Treatment* [ECF

#11135053

3

No. 291] dated February 9, 2022, (a) has been fully paid on account of its claim or claims against the Debtor or has otherwise agreed to terms of payment outside of this Case, which terms are not currently in default, and (b) has authorized Development to represent that each Creditor Party withdraws and waives any claim *with prejudice* it had or has against the Debtor, the Manager, Lender, or the Professionals ("**Development Creditor Obligations**"). For the avoidance of doubt, by entry of this Order each such Creditor Party is *forever barred and enjoined* from asserting any claim against the Debtor, the Manager, the Lender, or the Professionals on account of any obligation owed by the Debtor to each such Creditor Party or claim held arising prior to and during the pendency of this Case.

6.  Upon submission of a statement by the New York City Department of Finance ("**NYCDF**") that Claim No. 1 of NYCDF has been satisfied by either the NYCDF or by submission of Development's counsel certifying under penalty of perjury that Development is authorized to make that representation, Claim No. 1 shall be deemed expunged.

7.  No later than five days from the entry of this Order on the docket in this Case, Development's counsel shall file, subject to the penalties of perjury with this Court, a *Certificate of Satisfaction* that all requirements set forth above in paragraphs. 3, 5, and 6 of this Order have been satisfied.

8.  All orders entered in this Case and all transactions implemented by the Debtor during the pendency of this Case from the petition date, July 15, 2021, through the Effective Date (defined below) of this Order shall survive and remain

#11135053

4

effective and in full force after the dismissal of this Case and this Court shall retain exclusive jurisdiction to interpret, implement, enforce, and support all such orders, including this Order, *provided, however*, Sections 349(b)(1) and (b)(2) of the Bankruptcy Code shall not apply in connection with the dismissal of this Case.

9. For the avoidance of doubt, the Final DIP Order and the injunction contained therein remains in full force and effect and is binding on the Debtor, Development, each Creditor Party, the Principals (defined below), and all parties–in–interest, who, among other things provided in the Final DIP Order, are **permanently enjoined** from:

> challenging the validity, enforceability, priority, or extent of the Prepetition Indebtedness, the Prepetition Loan Documents, or the Prepetition Secured Lender's liens on the Prepetition Collateral or (b) otherwise asserting or prosecuting any action for preferences, fraudulent conveyances, other avoidance power claims, subordination, recharacterization, or any other claims, counterclaims, or causes of action, objections, contests, or defenses (collectively, "Claims and Defenses") against the Prepetition Secured Lender or any of its respective affiliates, representatives, attorneys, or advisors in connection with matters related to the Prepetition Indebtedness, the Prepetition Loan Documents, the Prepetition Collateral, or the Prepetition Secured Lender's liens on the Prepetition Collateral, as applicable (such adversary proceeding or Claims and Defenses.

And, as further provided in paragraph 17 of the Final Dip Order:

> If no such properly authorized adversary proceeding or contested matter is timely filed, then (x) to the extent not theretofore indefeasibly repaid, the Prepetition Indebtedness and all related obligations of the Debtor shall constitute allowed claims not subject to counterclaim, setoff, recoupment, subordination, recharacterization, defense, or avoidance, for all purposes, in the Case and any subsequent chapter 7 case, (y) the Prepetition Secured Lender's liens on the Prepetition Collateral shall be deemed to have been, as of the Petition Date, and to be legal, valid, binding, and perfected liens not subject to defense, counterclaim,

#11135053

5

recharacterization, subordination, or avoidance, and (z) the Prepetition Indebtedness, the Prepetition Loan Documents, and the liens of the Prepetition Secured Lender on the Prepetition Collateral shall not be subject to any other or further challenge by the Debtor, any committee, or any party in interest, including, without limitation, any successor thereto (including, without limitation, any estate representative or a chapter 7 or chapter 11 trustee appointed or elected for the Debtor with respect thereto).

As provided in paragraph 17 of the Final DIP Order, the binding stipulations and injunction remain permanently in full force and effect notwithstanding the dismissal set out in this Order.

10. Consistent with (a) the Final DIP Order, (b) the release provided for in section 10 of that certain *First Amendment to Promissory Note* ("**Note Amendment**"), by and among, the Debtor, Lender, and the principals of Development, Toby Moskovits and Michael Lichtenstein ("**Principals**"), dated September 18, 2020, and (c) paragraphs 8 and 9 of this Order, the Debtor is authorized and directed to immediately execute and file the *Stipulation Of Dismissal - Discontinuance With Prejudice With Respect To Plaintiffs 286 Rider Ave Acquisition LLC* ("**Stipulation of Dismissal**") attached to this Order as **Exhibit A**, in case Index No.: 452010/2021, pending in the Supreme Court of the State of New York ("**First State Court Action**"), no later than five days from entry of this Order on the docket in this Case.

11. [Consistent with (a) the Final DIP Order, (b) the release provided for in section 10 of that certain Note Amendment, and (c) paragraphs 8 through 10 of this Order, the Principals shall file, no later than five days from the entry of this Order

#11135053

6

on the docket in this Case, a voluntary notice of discontinuance or dismissal **_with prejudice_** in the First State Court Action.]

12. To the extent that any motion, application, notice, pleading, action, statement, appeal, or other unresolved matter in connection with, arising from, arising in, or related to this Case, by any party, remains unadjudicated, stayed, *sub judice*, or pending any judicial determination or action of any party, or otherwise, each and all hereby are, by entry of this Order, withdrawn, overruled, deemed moot, or dismissed with prejudice on the merits based on the record before this Court, as applicable. No later than five days from the entry of this Order on the docket in this Case, Development's counsel shall file with this Court, subject to the penalties of perjury, a *Certificate of Withdrawal and Dismissal* of all pending appeals from any orders entered in this Case.

13. This Order shall be binding on the Debtor, Lender, Development, each Creditor Party, the Principals, any other parties-in-interest, any affiliates, subsidiaries, or insiders of any of the forgoing, and any of their successors and assigns.

14. This Order will be effective upon the later of (a) completion of Development's obligations set forth in this Order, (b) the dismissal **_with prejudice_** by Development and its Principals of the action *286 Rider Ave. Development LLC v. 286 Rider Ave Lender LLC and Be-Aviv 286 Rider LLC*, Index No.: 804332/2022, pending in the Supreme Court of the State of New York, Bronx County, or ( c) 14 days

#11135053

from entry of this Order on the docket in this Case, whichever occurs last ("**Effective Date**").

15. On the Effective Date, the Manager is directed and authorized, as the case may be, to close all accounts, return all documents, terminate all policies and contracts, and to execute and deliver any and all documents or instruments and take any and all other actions that are necessary or desirable to wind down his role and obligations as Manager to the Debtor and to effectuate the purposes of this Order, without further notice or application to or order of this Court. To the extent that, under applicable nonbankruptcy law, any of these actions otherwise would require the consent or approval of a party-in-interest, this Order constitutes such consent and approval.

16. On the Effective Date, management and control of the Debtor and all collateral provided by the Debtor, Development, or its Principals are returned to and revested in Development, and the Debtor's obligations under (a) the that certain *Promissory Note*, executed by the Debtor, dated September 19, 2019, and (b) that certain *Mortgage and Security Agreement*, dated September 19, 2019, by and between Lender and the Debtor, are both deemed satisfied.

17. This Court shall retain jurisdiction over all matters arising from or related to the interpretation, implementation, and enforcement of this Order, including, without limitation, the enforcing of the injunction, claims, liens, and security interests awarded by the Final DIP Order. Any action needed to enforce any term or condition of this Order, the prevailing party shall be entitled to its actual

#11135053

8

attorney's fees and expenses, which, until paid, shall be a lien on the Property without the need of any filing.

**SO ORDERED** by the Court this _____ day of April, 2022

_____
**HONORABLE LISA G. BECKERMAN
UNITED STATES BANKRUPTCY JUDGE**

#11135053