

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

**Douglas E. Spelfogel**
Partner
T: +1 212 506 2151
DSpelfogel@mayerbrown.com

April 11, 2022

<u>BY ECF & EMAIL</u>

Judge Lisa G. Beckerman
USB Southern District of New York
One Bowling Green
New York, NY 10004-1408

Re:    <u>**In re 286 Rider Ave Acquisition LLC**</u>
        <u>**Case No. 21-11298 (LGB)**</u>

Dear Judge Beckerman,

We are counsel for 286 Rider Ave Development LLC ("**Development**"). We write in response to today's deadline for Development to release certain funds held in escrow in connection with the Order Dismissing Case Order Pursuant to Section 1112(b) and 349 of the Bankruptcy Code Dismissing Chapter 11 Case (the "**1112 Dismissal Order**") [ECF No. 403], which, by its terms is not yet effective, and to seek an expedited conference with the Court and a tolling of such deadline based upon the Lender's actions in various state court proceedings—one of which is still stayed by this bankruptcy case, that make it impossible for Development to turn over funds to dismiss this bankruptcy case without a further ruling from the Court.

As the Court is aware, Development filed an action in Bronx County Supreme Court, on March 22, 2022, captioned *286 Rider Ave Development LLC v. 286 Rider Ave Lender LLC, et al.*, Index No. 804332/2022E (the "**Redemption Action**") pursuant to Your Honor's various statements on the record that the redemption of Development's membership interests in Debtor, upon Development's tender of nearly $12 million (the "**Redemption**") to 286 Rider Ave Lender LLC ("**Lender**"), was outside the jurisdiction of this Court. The Redemption Action seeks, amongst other things, to determine the effect of Development's redemption on Lender's alleged exercise of the pledge of membership interests in the Debtor. As the Court may also recall, on March 23, 2022, in connection with the Redemption Action, the Supreme Court, Bronx County, issued a temporary restraining order (the "**Bronx TRO**"), among other things, preventing Lender and others from controlling the Debtor, and scheduling a hearing on the TRO for today, April 11, 2022. On March 23, 2022, Lender filed an emergency motion, relying upon the bankruptcy stay, among other things, and this Court entered an order limiting the Bronx TRO. [ECF No. 361.]

On April 4, 2022, counsel for the Debtor also filed an expedited motion seeking permission to dismiss the pre-petition litigation pending against the Lender and others (which had been stayed), on behalf of the Debtor, with prejudice ("**9019 Motion**"), in action captioned *Heritage 875 4th Avenue LLC, et al. v. Aviv Arava Mgmt., LLC, et al.*, Index No 452010/21 (the "**NY Action**") before Justice Jennifer G. Schechter. [ECF No. 393.]. A hearing is scheduled for April 14, 2022 with respect to the foregoing.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Mayer Brown LLP
Judge Lisa G. Beckerman
April 11, 2022
P a g e | **2**

On April 7, 2022, this court entered the 1112 Dismissal Order [ECF No. 403], which required certain predicates to be met including wiring of $953,298.60 and payment of that money by the close of business today to the Debtor's professionals and the Lender's professionals. Development filed confirmation that such funds were wired to PNC Bank on Friday, April 8, 2022 [ECF No. 408].

However, on or about April 8, 2022, the Lender, filed an order to show cause, with a temporary restraining order (the "**NY TRO**"), in the NY Action which purported to stay the hearing that was set for today, April 11, 2022, before the Court in the Bronx. **See, Exhibit "A"**. Development's responsive letter without exhibits is annexed hereto as **Exhibit "B".**  Lender argued that, despite the pendency of the instant case (which Lender asserted was dismissed), despite the existence of the automatic stay (which was confirmed in not less than three filings by the Debtor herein), despite that the 1112 Dismissal Order expressly provides for the continuation of the Redemption Action, and despite the pending motion by the Lender controlled Debtor herein to dismiss itself from the NY Action with prejudice, the Lender argued that despite all of this, the Bronx Action should be consolidated into the NY Action and stayed.  Justice Schechter entered an order in the NY Action—which we believe is an improper order staying the Bronx TRO and adjourning today's hearing.   We have been advised by Development's state-court counsel, who attended Friday's hearing before Justice Schechter that Lender's counsel repeatedly insisted that this bankruptcy case had been dismissed.  The hearing was cancelled immediately prior to the scheduled  hearing.

Due to these questionable and highly irregular actions, Development is concerned that, in connection with the 9019 Motion and the NY TRO, the NY Action will be dismissed in its entirety, which would include a dismissal of the Redemption Action, leaving Development in a legal purgatory with no way to enforce its Redemption.  As a result, Development believes that a further order from this Court is required to clarify that the Redemption is separate from any issues before the bankruptcy court, and that a dismissal of this bankruptcy case and the NY Action is unrelated to and will have no effect on the Redemption.  Development requests this order so that there will be absolute clarity that if this Court grant's the Debtor's pending 9019 Motion, any order granting the pending 9019 Motion cannot, and should not be read to suggest, require or otherwise result in a dismissal of the Redemption issue as part of the NY Action, or otherwise.

Development further requests that, until this Court clarifies these issues, the Court toll the April 11, 2022 deadline in the 1112 Dismissal Order to pay the Professionals pending an expedited conference.

Respectfully submitted,

*/s/ Douglas E. Spelfogel*

Douglas E. Spelfogel

cc:  Fred Ringel
       Joe Moldovan
       Jason Nagi
       Joyce Kuhns

**<u>Exhibit A</u>**

At Part 54 of the Supreme Court of the State of New York, held in and for the County of New York, at the Courthouse located at 60 Centre Street, New York, New York 10007, on the 8th day of April, 2022.

PRESENT: Hon. Jennifer G. Schecter, J.S.C.

| | |
|---|---|
| HERITAGE 875 4TH AVENUE LLC, HERITAGE 286 RIDER AVE LLC, 875 4TH AVENUE ACQUISITION LLC, 286 RIDER AVENUE ACQUISITION LLC, TOBY MOSKOVITS, and MICHAEL LICHTENSTEIN,<br><br>        Plaintiffs,<br><br>    -against-<br><br>AVIV ARAVA MANAGEMENT, LLC, BE-AVIV 4TH AVENUE MORTGAGE LENDER, LLC, BE-AVIV 286 RIDER LLC, BE-AVIV 4TH AVENUE LENDER LLC, BEN HARLEV, and EYAL EPSTEIN,<br><br>        Defendants. | Index No. 452010/2021<br><br>Mot. Seq. No. 2<br><br>Hon. Jennifer G. Schecter<br><br><br>ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING ORDER/STAY |

Upon the reading and filing of the accompanying Emergency Affirmation of Latisha V. Thompson and the exhibits annexed thereto, the Memorandum of Law, and upon all of the papers and proceedings heretofore had and filed herein,

LET Plaintiffs Heritage 875 4th Avenue LLC, Heritage 286 Rider Ave LLC, 875 4th Avenue Acquisition LLC, 286 Rider Avenue Acquisition LLC, Toby Moskovits, and Michael Lichtenstein (collectively, "Plaintiffs") and 286 Rider Ave Development LLC ("Development"), show cause before Part 54 of this Court, 60 Centre Street, Room 228, New York, New York 10007, on April 18, 2022 at 9:30 a.m., ON PAPERS ONLY, why an order should not be made and issued

granting (i) Defendant Be-Aviv 286 Rider, LLC's ("Defendant") motion to consolidate the above-captioned matter with *286 Rider Ave Development LLC v. 286 Rider Ave Lender LLC, et al.*, Index No. 804332/2022E (pending in Supreme Court, Bronx County) ("New Action") pursuant to CPLR 602; (ii) fixing venue of the consolidated actions in this Court pursuant to CPLR 602; (iii) staying the New Action pursuant to CPLR 2201; and (iv) granting such other and further relief as the Court deems just and proper; and it is further

ORDERED that sufficient reason being alleged, pending the decision of this motion, the New Action is stayed pursuant to CPLR 2201, and it is further

ORDERED that service of a copy of this Order to Show Cause, together with the papers on which it is based, upon the parties' counsel by email, by April 8, 2022, shall be deemed good and sufficient service; and it is further

ORDERED that answering papers, if any, shall be e-filed by April 13, 2022, and reply papers, if any, shall be e-filed by April 15, 2022.

ENTER:

_____

Jennifer G. Schecter, JSC

2

**<u>Exhibit B</u>**

# GOLDBERG LAW GROUP PLLC

14 Wall Street - Suite 2064
New York, New York 10005
Tel: (212) 697-3250
Fax: (212) 227-4533

April 8, 2022

**VIA NYSCEF**

Hon. Jennifer Schecter, Justice
Supreme Court, New York County,
Commercial Division, Part 54
60 Centre Street, Room 626
New York, NY 10007

Re: **Heritage 875 4th Avenue LLC et al v. Aviv Arava Management, LLC et al
Index No.- 452010/2021**

Dear Justice Schecter:

This firm represents the Plaintiffs in the above-referenced action. This letter is being filed in accordance with Your Honor's rules in opposition to Defendant Be Aviv 286 Rider, LLC's ("Lender") request for a TRO.

Lender's motion is a clear and improper attempt at forum shopping in an action that is stayed by virtue of the pending Bankruptcy case of 286 Rider Ave Acquisition LLC ("Acquisition") and, accordingly, the Court may not act upon the motion before it. Indeed, while an order of dismissal was entered in the Bankruptcy case, the order is not effective until April 14, 2022 at the earliest. What is more, the Petitioner in the Bronx proceeding, 286 Rider Development LLC ("Development"), is not a party in the New York action before Your Honor and, moreover, the Bankruptcy Court expressly confirmed that the Bronx proceeding may proceed to determine the limited issue of redemption of its ownership interest in Acquisition by virtue of its nearly $12,000,000.00 payment to Lender in January 2022 in what Development maintains was in full satisfaction of its indebtedness to Be-Aviv. That Lender may now dispute the completeness of the payment is not relevant to any issue before this Court. To be clear, there are no common questions of law or fact between this New York action, which the Plaintiffs sought to withdraw in January 2022, and the Bronx proceeding that involves the very limited issue of redemption and, thus, consolidation would be improper. See, CPLR 602.

By email, dated January 17, 2022, bankruptcy counsel for Development , Ms. Moskovits and Mr. Lichtenstein, forwarded executed stipulations of discontinuance without prejudice to Morrison Cohen. Morrison Cohen has refused to sign those stipulations. A copy of the email and the executed stipulations are annexed hereto as **Exhibit A.**

On Monday April 4, 2022, counsel for the Lender-controlled Acquisition filed an emergency motion in the Bankruptcy court, seeking permission to dismiss this very action, with

prejudice. The Bankruptcy court scheduled a hearing on April 14, 2022 at 4:30 PM.  Copies of the Bankruptcy filings are annexed hereto as **Exhibit B.**

Accordingly, it is clear that the Defendants do not actually want to litigate the within action, but, instead, are using this Order to Show Cause to consolidate to remove a proceeding that was properly brought in Bronx County regarding a Bronx property to New York County and, as a result, impermissibly forum shop.  Further, Lender's motion by Order to Show Cause in this Court asks, in essence, for your Honor to act as an Appellate Court and reverse the stay issued by a court of coordinate jurisdiction in the Bronx proceeding to prevent that Court from hearing the motion it calendared for argument on April 11, 2022. It is submitted that the request to have this Court review and stay a court of coordinate jurisdiction is improper

As set forth above, Development paid nearly $12 million to Lender (the "Payment") to redeem Development's 100% interest in Acquisition. Instead of returning Development's interest in Acquisition upon being paid in full, Lender sought to retain its interest in Acquisition and the Payment.

Consequently, with the imprimatur of the Bankruptcy Court, on March 22, 2022, Development filed the Bronx proceeding against 286 Rider Ave Lender LLC and Be-Aviv 286 Rider LLC seeking a declaratory judgment that Development is the sole member of Acquisition. Development also seeks injunctive relief enjoining the Defendants from taking any actions in exercising continuing control and/or dominion over Development's 100% equity interest in Acquisition, and reinstating Development as manager in accordance with the redemption under New York law.  The Bronx Court scheduled a hearing on Development's Order to Show Cause for the injunctive relief on April 11, 2022. A copy of the OSC and Petition in the Bronx Action are annexed hereto as **Exhibit C.**

The Order to Show Cause signed by the Bronx Court provided in pertinent part:

> pending the hearing of this motion for a preliminary injunction, Defendants, and all those acting in concert with them or on their behalf, be and hereby are enjoined and restrained from unlawfully managing 286 Rider Ave Acquisition or otherwise interfering with 286 Rider Ave Development LLC's management of 286 Rider Ave Acquisition LLC .

Upon Defendants' emergency application, the Bankruptcy Court issued an Order staying in part the Bronx Order to Show Cause.  See **Exhibit X** to Lender's application.

While Lender's request for a stay is fatally flawed for the reasons discussed herein, Lender has also utterly failed to demonstrate why the Bronx proceeding should be further stayed or curtailed.  The only reason Lender offers for the urgency of its application is the hearing date in the Bronx proceeding.  However, Lender's improper motion to this Court and the likely delay in resolving the limited issue of redemption in the Bronx proceeding is jeopardizing a development project that will provide much needed affordable housing in the Bronx community.

For the foregoing reasons there is no basis for a TRO and ultimately no rationale for consolidation. The Court should decline to sign the TRO and decline to sign the Order to Show Cause for the reasons stated in the letter.

Thank you for your consideration.

Respectfully submitted,

**GOLDBERG LAW GROUP, PLLC**

*s/ Israel Goldberg*

By:  Israel Goldberg, Esq.


LAW OFFICES OF EDMOND J. PRYOR

*s/ Edmond J. Pryor*

By:  Edmond J. Pryor
*Attorney for Development in the Bronx proceeding*

CC:    Counsel of record via NYSCEF and e-mail