**ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**

**875 THIRD AVENUE**

**NEW YORK, NEW YORK 10022**

---

**(212) 603-6300**

---

**FAX (212) 956-2164**

April 12, 2022

Fred B. Ringel
(212) 603-6301
fbr@robinsonbrog.com

<u>**VIA ECF and email**</u>
Hon. Lisa G. Beckerman
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   <u>In re 286 Rider Ave Acquisition LLC: Case No 21-11298 (LGB)</u>

Dear Judge Beckerman,

    We represent the debtor, 286 Rider Ave Acquisition LLC ("Debtor"), in the above-referenced matter. I write in response to the letter of 286 Rider Ave Development LLC, Toby Moskovits and Michael Lichtenstein (collectively, "Development") seeking another amendment to the *Order Pursuant to Section 1112(b) and 349 of the Bankruptcy Code Dismissing Chapter 11 Case* ("1112 Dismissal Order") [ECF Doc. No. 403], beyond what was requested by Development's counsel yesterday and claiming that they will be unable to fund the payments to Professionals without their additional language.

    The Debtor vehemently objects to any further delay on the transfer of the Escrowed Funds to the Professionals. The request for a clarification was not a basis to delay the transfer of the funds in the first instance and it is not a basis for a delay in the transfer now.

    This has now gone from a simple imposition on the Court's goodwill to gamesmanship by Development and the Court should see it as such.

    The problem with Development's actions is that this account is not a true Escrow Account as envisioned by the Court whereby the funds are to be released

upon a triggering event taking place, in this case, a time and date in the 1112 Dismissal Order passing. Development is blocking the release of the funds, thereby taking this account out of the "true" escrow account and turning it into simply a bank account held by Development. This account was never meant to serve as Development's bank account but as an account in which the Professionals had a substantial interest. The Court should enforce the terms of the 1112 Dismissal Order.

Any further modification to the language in the order can be worked out after the funds have been transferred under the order.

If Development fails to comply with the 1112 Dismissal Order, the Debtor would like to remind the Court that the 1:00 p.m. deadline is particularly important for another reason. If these funds are not transferred by the Court ordered deadline, the Debtor is still prepared to proceed with the adjourned auction which is scheduled for April 13th under the February 11th order and has been advised by Rosewood that at least three interested buyers, including the former stalking horse, have been following these proceeding with interest and are prepared to come to the adjourned auction on that date.

Respectfully submitted,

/s/ Fred B. Ringel

Fred B. Ringel

Cc: Greg Zipes, Esq.
Joseph Moldovan, Esq.
Douglas Spelfogel, Esq.
Jason Nagi, Esq.
Lee E. Buchwald, Esq.