UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
In re                                                                                  :   Case No. 21-11298 (LGB)
                                                                                            :
286 RIDER AVE ACQUISITION LLC,                              :   Chapter 11
                                                                                            :
                                                                                            :
                                                        Debtor.      :
                                                                                            :
------------------------------------------------------------ x

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that upon this notice of motion, the declaration of Greg M. Zipes, and the accompanying memorandum of law, William K. Harrington, the United States Trustee for Region 2 (the "**United States Trustee**") will move this Court before the Honorable Lisa G. Beckerman, United States Bankruptcy Judge, in the United States Bankruptcy Court, One Bowling Green, Courtroom 701, New York, NY 10004-1408, on April 14, 2022 at 4:30 p.m. or as soon thereafter as counsel can be heard, for an order: (i) vacating and modifying the Order entered on April 7, 2022 dismissing the case (the "**Dismissal Order**") [ECF No. 403] pursuant to Rules 59(e) and 60(b)(1) & (6) of the Federal Rules of Civil Procedure, made applicable in Bankruptcy Cases pursuant to Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure, (ii) for such other and further relief the Court deems appropriate.

**PLEASE TAKE FURTHER NOTICE,** that any responsive papers should be filed with the Court, and personally served on the United States Trustee, at the United States Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, to the attention of Greg M. Zipes, Esq., as set by the Court.  Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the

response, and the basis for such response.

Dated: New York, New York
      April 12, 2022

                                                                             WILLIAM K. HARRINGTON,
                                                                             UNITED STATES TRUSTEE

                                                        ***By:***    ***/s/ Greg M. Zipes***
                                                                                   Greg M. Zipes
                                                                                    Tara Tiantian
                                                                                   201 Varick Street – Suite 1006
                                                                                   New York, New York 10014
                                                                                   Tel. No. (212) 510-0500
                                                                                  Fax. No. (212) 668-2255

WILLIAM K. HARRINGTON
United States Trustee for Region 2
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, New York 10014
Telephone: (212) 510–0500
By:  Greg M. Zipes,
      Tara Tiantian
      Trial Attorneys

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re

286 RIDER AVE ACQUISITION LLC,

                             Debtor.

-------------------------------------------------------x

Case No. 21-11298 (LGB)

Chapter 11

## MOTION FOR AN ORDER TO RECONSIDER

TO:    THE HONORABLE LISA G. BECKERMAN,
        UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), upon the Motion and the Declaration of Greg M. Zipes, moves this Court: (i) to vacate and modify the Order entered on April 7, 2022 dismissing the case (the "**Dismissal Order**") [ECF No. 403] pursuant to Rules 59(e) and 60(b)(1) & (6) of the Federal Rules of Civil Procedure ("**FRCP**"), made applicable in Bankruptcy Cases pursuant to Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure ("**FRBP**"), (ii) for such other and further relief the Court deems appropriate. In support thereof, the United States Trustee respectfully states:

### I. PRELIMINARY STATEMENT

The United States Trustee respectfully seeks reconsideration of the Dismissal Order. Specifically, the United States Trustee seeks reconsideration of that discrete portion of the

1

Dismissal Order, which limits Development's (as defined below) obligation to pay the statutorily mandated United States Trustee fees ("**Chapter 11 Quarterly Fees**") to the amount of $9,425.62 or such lesser amount calculated after taking into consideration the total amount of allowed legal fees and expenses as approved by the Court.  See Dismissal Order, ¶ 8.  The amount of Chapter 11 Quarterly Fees is set by statute and, except for cases under subchapter V of Chapter 11, the statutorily mandated Chapter 11 Quarterly Fees must be paid until the case is closed, converted, or dismissed.  28 U.S.C. § 1930(a)(6).  Neither the United States Trustee nor the Bankruptcy Court has the statutory authority to waive or modify the obligation to pay Chapter 11 Quarterly Fees.

The amount of Chapter 11 Quarterly Fees is determined by the disbursements, which are made during a particular calendar quarter.  While "disbursements" is not defined in the statute, courts routinely define "disbursements" as all payments by or on behalf of the debtor.

Here, as admitted and acknowledged by the Development in the Payoff Letter (as defined below) and the Dismissal Motion (as defined below), the redemption payment made by Debtor's equity holders to the Lender was made to satisfy the Debtor's obligations "owed under the Note and DIP Loan Agreement" (the "**Constructive Disbursement**"). Moreover, the Debtor's case has not been closed, dismissed, or converted and may not be closed for several months.

Accordingly, as the Bankruptcy Court failed to take in to account the Constructive Disbursement and set the Chapter 11 Quarterly Fee at a time when the case was not closed, dismissed, or converted, the United States Trustee respectfully requests that the Dismissal Order be altered or amended to avoid a manifest error of law or fact.

## II. FACTUAL BACKGROUND

**A. General Background**

1. On July 15, 2021 (the "Petition Date"), the Debtor (the **"Debtor"** or **"Development"**) commenced this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code. ECF Dkt. No. 1.

2. On September 19, 2019, Development, as a prepetition borrower, entered into a mortgage loan (the "Loan") in the original principal amount of $8,000,000.00 with Be-Aviv 286 Rider LLC (the "Lender"). Contemporaneously, Development granted the Lender a mortgage and security interest in Borrower's interest in 286 Rider Avenue, Bronx, New York 10451 ("Property"), and pledged its one hundred percent (100%) of the membership interests in Borrower to Lender.

3. On April 27, 2021, the Lender asserts that it exercised its rights in connection with the Loan to, among other things, secure and marshal its collateral pursuant to that certain Membership Interest Pledge Agreement dated as of September 19, 2019.

4. On November 23, 2021, this Court entered the Final Order Authorizing the Debtor to Obtain Postpetition Financing and Utilize Cash Collateral (the "**DIP Order**"), which, inter alia, authorized the Debtor to enter into debtor-in-possession financing in the aggregate amount of $750,000 plus interest, fees, and other expenses to be provided by the Lender (the "**DIP Facility**"). ECF No. 175.

5. The U.S. Trustee did not appoint an Official Committee of Unsecured Creditors.

6. On December 29, 2021, Development filed the Motion for Entry of an Order Pursuant to Sections 105(a) and 541 of the Bankruptcy Code Confirming Disputed Payoff Amounts, Satisfaction of Dip Loan, and for Related Relief (the "**Dismissal Motion**"). ECF No. 218.

3

7. On January 11, 2022, Development filed the Notice of Payoff and Confirmation of Wire ("**Payoff Letter**") that confirmed that $11,918,974.12 was wired from Offit Kurman PA's IOLTA account to Bank of Leumi U.S.A. (the "**Payoff Amount**") "in full and final satisfaction of all amounts owed to Lender under Note and DIP Loan Agreement." See Zipes Decl. Ex. A.

8. The Court held a hearing on January 12, 2022 and during that hearing, the Court directed Development to file a supplement to the Payoff Motion. On January 26, 2022. Development filed the Supplement to the Payoff Motion ("**Supplement**"). ECF No. 272.

9. In the Dismissal Motion and the Supplement, Development requested that the Court fix the claims against the Debtor, confirm that DIP facility had been terminated, find the Stipulations between Development and creditor parties to be in good form, deem the creditor parties' claims withdrawn upon dismissal, and dismiss the bankruptcy case upon payment of the allowed administrative claims. See ECF Nos. 272, 276.

10. On February 4, 2022, the United States Trustee filed his Objection to the Payoff Motion and its Supplement (the "**Objection to the Payoff Motion**"). ECF No. 284.

11. In the Objection to the Payoff Motion, the United States Trustee noted that the relief requested in Development's Payoff Motion ran afoul of the Bankruptcy Code and the Court's direction to file a simple plan to avoid the procedural and substantive issues with a dismissal of the case. The United States Trustee also noted that the procedure of dismissing the case was already rejected by the Court in the order denying the Structured Dismissal Motion. Id.

12. On February 11, the Court entered an Order (the "**Scheduling Order**") providing, inter alia,

> The hearing with respect to the remaining relief requested in the Payoff Motion and Supplement, specifically Development's request for dismissal of this case, shall be adjourned to April 4, 2022 at 10:00 a.m. (ET). Development shall file a further

4

> proposed form of order with respect to the dismissal request by no later than March 31, 2022 at 5:00 p.m.

See Zipes Decl. Ex. B. ECF No. 293 at ¶ 6.

> If this Court enters an order granting the request to dismiss the case set forth in the Payoff Motion and Supplement, the amount of …. any unpaid U.S. Trustee fees including estimated U.S. Trustee fees through April 15, 2022 must be fully funded into the Escrow Account (as defined in the Scheduling Order) by no later than April 8, 2022 at 3:00 p.m. (ET).

Id. at ¶ 7.

13. The Scheduling Order referred to DIP financing provided by the Lender and provided that it is paid off based on the Payoff Letter. "The DIP Facility (as defined in the Final DIP Order) has been fully repaid and has terminated." See Zipes Decl. Ex. B, ¶ 2.

14. On April 7, The Court entered the Dismissal Order. ECF No. 403.

15. Paragraph 8 of the Dismissal Order provides, "Development shall pay the United States Trustee fees in the amount of $9,425.62 or such lesser amount calculated after taking into consideration the total amount of allowed legal fees and expenses in the Second MC Fee Order." See Dismissal Order at ¶ 8.

## ARGUMENT

**A. Standards for Motion for Reconsideration**

Rule 9023, which incorporates FRCP 59, governs motions to alter or amend a judgment. Under Rule 59, courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice; the rule covers a broad range of motions. ING Global v. United Parcel Serv. Oasis Supply Corp., 757 F.3d 92, 96 (2d Cir 2014). Rule 59(a) specifically permits the Court to "open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." Fed. R. Civ. P. 59(a)(2).

5

A motion to alter or amend a judgment pursuant to FRCP 59 may be based upon "(1) an intervening change in the controlling law, (2) the availability of new evidence, (3) to correct manifest errors of law or fact upon which the judgment is based, or (4) to prevent manifest injustice." In re Enron Creditors Recovery Corp., 378 B.R. 54, 56–57 (Bankr. S.D.N.Y. 2007). Rule 59 is properly invoked "when the ruling court overlooked matters or controlling decisions which, had it considered such matters, might reasonably have impacted its decision. Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant),190 B.R. 185, 187 (Bankr. S.D.N.Y. 1996). However, Rule 59 is not to be used to re-litigate factual matters that have already been decided or to present new legal theories based upon evidence that was available to be used during the first trial. Wallace v. Brown, 485 F. Supp. 77, 78 (S.D.N.Y.1979).

Local Rule 9023-1 provides that a motion for reconsideration "shall set forth concisely the matters or controlling decisions which counsel believes the Court has not considered." U.S. Bankr. Ct. 124 S.D.N.Y., Local Rule 9023-1.

**B. Chapter 11 Quarterly Fees**

Quarterly fees must be paid to the U.S. Trustee under 28 U.S.C. § 1930(a)(6) until the case is converted or dismissed, whichever comes first.  The amount of the quarterly fees payable under § 1930(a)(6) varies depending on the total "disbursements" made each quarter. For calendar quarters beginning April 1, 2021 (relevant here), the maximum fee is 0.8% of quarterly disbursements but not more than $250,000 for each quarter in which disbursements total at least $1 million.[1]

While "disbursements" is not defined in the statute, courts routinely define "disbursements" as all payments by or on behalf of the debtor. Further, courts have interpreted the word in accordance with its "ordinary, contemporary, common meaning." In re Genesis

---

[1] The fee schedule can be found on the United States Trustee website at: https://www.justice.gov/ust/chapter-11-quarterly-fees.

6

Health Ventures, Inc., 402 F.3d 416, 421 (3d Cir. 2005) (citing Perrin v. United States, 444 U.S. 37, 42 (1979). "Disbursements" of the debtor need not come from the Debtor. They could include the payment of debtor obligations through third parties. Id. In In re Flatbush Assocs., 198 B.R. 75, 78 (Bankr. S.D.N.Y. 1996), the Court held that payment made by the debtor's tenant for the purpose of offsetting an expense of the estate is a disbursement for the purpose of section 1930. In In re Central Copters, Inc., 226 B.R. 447, 449–50 (Bankr.D.Mont.1998), the buyer of the debtor's property in 363 sale gave the proceeds directly to the secured creditor who had a lien on the property sold. The court concluded that a payment by the purchaser of the debtor's property pursuant to a 363 sale was a disbursement by the debtor for the purpose of United States Trustee fees because the payment was made in satisfaction of an obligation of the debtor. The court in In re Hays Builders, Inc., 144 B.R. 778, 780 (Bankr.W.D.Tenn.1992), similarly stated "the ordinary, plain meaning of the statutory language requires that all disbursements, whether direct or through a third party, be included in the calculation of fees due the trustee under § 1930(a)(6)."

To the knowledge of the United States Trustee, no reported decision exists which provides authority for an equitable waiver of a debtor's obligation to pay Chapter 11 Quarterly Fees. Indeed, the United States Trustee only located three cases that address the issue and none of them found a basis for such a waiver. See In re Kroy (Europe) Ltd., 244 B.R. 816 (D. Ariz. 2000) (rejecting the debtor's request for equitable waiver of obligation to pay post-confirmation Chapter 11 Quarterly Fees; "there is no language in section 1930(a)(6) indicating that Congress intended to create an 'inequitable' exception to payment of the fees"); see also In re Kerley, 2011 WL 5330667, *2 (Bankr. N.D. Ala. November 4, 2011) (no basis to relieve the debtors of their obligation to pay post-confirmation Chapter 11 Quarterly Fees: "[w]hile sympathetic with the Debtors regarding the

7

expense of chapter 11 cases, it is up to Congress, and not this Court, to fashion the rules regarding what fees are due and when those fees may be waived"); see also In re Belcher, 410 B.R. 206, 218 (Bankr. W.D. Va. 2009) (court denied individual debtors' request for waiver of Chapter 11 Quarterly Fees pursuant to Section 1930(f)(3); "the Court concludes that it does not have the authority under § 1930(f)(3) to waive such fees"). As set forth in Kroy, Kerley, and Belcher, there is no authority to grant the debtor a waiver of its obligation to pay Chapter 11 Quarterly Fees.

Here, as the Debtor has not filed its latest monthly operating report, litigation is ongoing,[2] and the case may not be dismissed or closed for several months, the final amount of the debtor's disbursements for this quarter or future quarters are not yet known. Furthermore, in setting the amount of the Chapter 11 Quarterly Fees, the Bankruptcy Court failed to properly consider the Payoff Amount in calculating her estimate of the Chapter 11 Quarterly Fees, as the Payoff amount represented a constructive disbursement made to satisfy an obligation of the Debtor to the Lender.

Accordingly, the Dismissal Order must be amended or vacated to avoid a manifest error of law or fact and injustice to the United States Trustee. While the Bankruptcy Court need not resolve the merits of Chapter 11 Quarterly Fees amount at this juncture, the Debtor must demonstrate that it can pay all Chapter 11 Quarterly Fees as and when due. The Dismissal Order should be modified to remove any cap on Chapter 11 Quarterly Fees.

---

[2] Development has filed several appeals.

8

## IV. CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order granting this motion and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
April 12, 2022

                                  Respectfully submitted,

                                  WILLIAM K. HARRINGTON
                                  UNITED STATES TRUSTEE, REGION 2

*By:*    */s/ Greg M. Zipes*
          Greg M. Zipes
          Tara Tiantian
          Trial Attorneys