**MAYER BROWN LLP**
Douglas Spelfogel
Leah Eisenberg
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Facsimile: (212) 506-1910

*Special Counsel to 286 Rider Ave Development LLC*

**OFFIT KURMAN, P.A.**
Jason A. Nagi
590 Madison Avenue, 6th Floor
New York, NY 10022
Tel: (212) 545-1900

and

Joyce A. Kuhns, Esq. (Admitted *Pro Hac Vice*)
300 East Lombard Street, Suite 2010
Baltimore, Maryland 21202
Tel: (410) 209-6463

*Attorneys for 286 Rider Ave Development LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re:* | **Chapter 11** |
| **286 Rider Ave Acquisition LLC,** | **Case No.  21-11298 (LGB)** |
| **Debtor.** | |

### 286 RIDER AVE DEVELOPMENT LLC'S LIMITED OBJECTION TO MOTION TO APPROVE STIPULATION OF DISMISSAL PURSUANT TO FED R. BANKR. P. 9019

286 Rider Ave Development LLC ("Development"), by and through its undersigned

counsel Mayer Brown LLP and Offit Kurman, P.A., hereby submits this Limited Objection (the

"Objection") to *286 Rider Ave Acquisition LLC* (the "Debtor")'s *Motion to Approve Stipulation*

*of Dismissal Pursuant to Fed. R. Bankr. P. 9019* (the "Motion").  In support of its Objection, Development asserts as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.      The statutory bases for the relief requested herein include Fed. R. Bankr. P. 9019.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court is statutorily and constitutionally authorized to enter final orders with respect to the relief requested herein.

4.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

5.      Pursuant to Order ("Dismissal Order") dated April, 7, 2022 [ECF No. 403], this Court granted Development's Motion to Dismissal the Chapter 11 case pursuant to Section 1112(b) of the Bankruptcy Code, effective upon payment of certain claims as provided for thereunder.

6.      The Debtor also filed a motion on shortened notice pursuant to Fed. R. Bankr. P. 9019 to approve a stipulation entered between the lender-controlled Debtor and Be-Aviv, which provides for the dismissal with prejudice solely of the Debtor's pending (but stayed) claims brought against Be-Aviv and certain related parties, in action captioned *Heritage 875 4th Avenue LLC, et al. v. Aviv Arava Mgmt., LLC, et al.*, Index No 452010/21 (the "NY Action").

7.      In addition, Development filed an action in Bronx County Supreme Court, on March 22, 2022, captioned *286 Rider Ave Development LLC v. 286 Rider Ave Lender LLC, et al.*, Index No. 804332/2022E (the "Redemption Action") pursuant to the Court's various statements on the record that the redemption of Development's membership interests in Debtor, upon Development's tender of nearly $12 million (the "Redemption") to 286 Rider Ave Lender LLC

2

("Lender"), was outside the jurisdiction of this Court.  The Redemption Action seeks, amongst other things, to determine the effect of Development's redemption on Lender's alleged exercise of the pledge of membership interests in the Debtor.

8.      On March 23, 2022, in connection with the Redemption Action, the Supreme Court, Bronx County, issued a temporary restraining order (the "Bronx TRO"), among other things, preventing Be-Aviv and others from controlling the Debtor, and scheduling a hearing on the TRO for April 11, 2022.  On March 23, 2022, Be-Aviv filed an emergency motion, relying upon the bankruptcy stay, among other things, and this Court entered an order limiting the Bronx TRO. [ECF No. 361.]

9.      On or about April 8, 2022, the Be-Aviv, filed an order to show cause, with a temporary restraining order (the "NY TRO"), in the NY Action which purported to stay the hearing that was set for April 11, 2022, before the Court in the Bronx. Therein, Be-Aviv asserted that despite the pendency of the instant case (which Be-Aviv asserted was dismissed), despite the existence of the automatic stay (which was confirmed in not less than three filings by the Debtor herein), despite that the 1112 Dismissal Order expressly provides for the continuation of the Redemption Action, and despite the pending motion herein by lender-controlled Debtor to dismiss itself from the NY Action with prejudice, the Bronx Action should be consolidated into the NY Action and stayed.  Justice Schechter entered an order in the NY Action -- which Development believes is an improper order, staying the Bronx TRO and adjourning the hearing in the Redemption Action.   Thereafter, such hearing before the Bronx Court was inexplicably cancelled.

## ARGUMENT

10.      Due to these questionable and highly irregular actions, Development is concerned that, in connection with the instant 9019 Motion (and the NY TRO), the NY Action will be

747288076.1

dismissed in its entirety, which would include a dismissal of the Redemption Action, leaving Development in a legal purgatory with no way to enforce its Redemption.  In furtherance of such, Development requested a Court conference, to clarify the Dismissal Order, which was subsequently clarified in part by order dated April 12, 2022.

11.     While the Court provided certain clarifying language with respect to the Dismissal Order, the foregoing did not address clarification of the proposed order approving the 9019 settlement herein.  As a result, Development objects to approval of the 9019 Motion in its present form absent express language in any order approving the instant 9019 Motion that the Redemption is separate from any issues before the bankruptcy court, and that a dismissal of the NY Action is unrelated to and will have no effect on the Redemption.  Development requests this language be added to the 9019 order so that there will be absolute clarity that if this Court grant's the Debtor's pending 9019 Motion, any order granting the pending 9019 Motion cannot, and should not be read to suggest, require or otherwise result in a dismissal of the Redemption issue as part of the NY Action, or otherwise.

12.     Specifically, Development requests that any order approving the 9019 Motion herein include as follows:

> Notwithstanding the entry of this Order, the dismissal of the pending pre-petition litigation against Be-Aviv and others on behalf of the Debtor, in action captioned *Heritage 875 4th Avenue LLC, et al. v. Aviv Arava Mgmt., LLC, et al.*, Index No 452010/21 (the "**NY Action**"), is expressly limited to the claims brought by the Debtor only, and shall not affect the claims of any other party to the NY Action, and shall not be deemed to effect in any way any claims outside of the NY Action, including the pending action in Bronx County Supreme Court captioned *286 Rider Ave Development LLC v. 286 Rider Ave Lender LLC, et al.*, Index No. 804332/2022E ("**Redemption Action**"), and dismissal of the NY Action is unrelated to and shall not constitute, require, nor otherwise result in a dismissal of the Redemption Action or have preclusive effect upon any issue thereunder, which rights and claims shall be and are expressly preserved;

4

## CONCLUSION

13.     In light of the foregoing, Development respectfully requests this Court grant the

Limited Objection, and direct modifications to the proposed order consistent with the foregoing,

and grant any further relief as the Court deems just and proper.

WHEREFORE Development respectfully requests that the Court grant the relief requested

herein and such other and further relief as it deems just and proper.

Dated:  April 13, 2022
    New York, New York               Respectfully submitted,

              By:  _/s/ Douglas E. Spelfogel_
              Douglas Spelfogel
              Leah Eisenberg
              Mayer Brown LLP
              1221 Avenue of the Americas
              New York, New York 10020
              Telephone:  (212) 506-2500
              Facsimile:   (212) 506-1910
              Email:        dspelfogel@mayerbrown.com
                        leisenberg@mayerbrown.com

              *Special Counsel to 286 Rider Ave Development LLC*

              **OFFIT KURMAN, P.A.**
              Jason A. Nagi
              590 Madison Avenue, 6th Floor
              New York, NY 10022
              Tel (212) 545-1900
              Email: jason.nagi@offitkurman.com

              and

              Joyce A. Kuhns, Esq. (Admitted *Pro Hac Vice*)
              300 East Lombard Street, Suite 2010
              Baltimore, Maryland 21202
              Tel (410) 209-6463
              Email: jkuhns@offitkurman.com

              *Attorneys for 286 Rider Ave Development LLC*

5