**OFFIT KURMAN, P.A.**
Jason A. Nagi, Esq.
590 Madison Avenue, 6th Floor
New York, NY 10022
Tel (212) 545-1900
Email: Jason.nagi@offitkurman.com
     and
Joyce A. Kuhns, Esq. (admitted pro hac vice)
300 East Lombard Street, Suite 2010
Baltimore, Maryland 21202
Tel (410) 209-6463
Email: Jkuhns@offitkurman.com

*Attorneys for Objectors 286 Rider Ave Development LLC,*
*Toby Moskovits and Yechial Michael Lichtenstein*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

                                      Chapter 11

286 Rider Ave Acquisition LLC,

                                        Case No.  21-11298-lgb

                Debtor.
---------------------------------------------------------X

### OBJECTION OF 286 RIDER DEVELOPMENT LLC, TOBY MOSKOVITS AND YECHIAL MICHAEL LICHTENSTEIN TO U.S. TRUSTEE'S MOTION FOR AN ORDER TO RECONSIDER

286 Rider Ave Development LLC ("**Development**"), Toby Moskovits and Yechial Michael Lichtenstein (collectively, "**Objectors**"), by undersigned counsel, hereby file this Objection (the "**Objection**") to the Motion for an Order to Reconsider [Dkt. No. 418] (the "**Motion**") filed by the Office of the United States Trustee (the "**UST**") and, in support, state:

### INTRODUCTION

1. The UST's Motion is nothing short of a governmental over-reach in a case where the Court has previously determined that the Redemption was not a disbursement of the estate of the debtor.  There is no reason to grant the Motion; no law has changed, there is no new evidence

presented, there is no manifest error of law, and no matters or controlling decisions have been overlooked by this Court. Rather, the Motion is the government's attempt to re-litigate judicial determinations that were made months ago by this Court concerning *Development's* ability to redeem *Development's* equity interest which *Development* pledged *to the Lender* (defined below). For these reasons, the Motion should be denied.

## FACTS

2. On January 11, 2022, Development paid $11,918,974.12 (the "**Redemption**") to BeAviv 286 Rider LLC ("**Lender**"). [ECF 257.]

3. The purpose of the Redemption was to redeem a non-debtor party's interest that was controlled by a non-debtor party.

4. The Redemption was paid *to the Lender on behalf of Development*, and its purpose was specifically set forth in a notice filed with the Court. The notice attached a letter from this firm (the "**Redemption Letter**"), stating in part:

> As you are aware, *Development* is the legal owner of 100% of the equity interests in Acquisition (the "**Acquisition Equity**") and, *pursuant to the Pledge Agreement, Development pledged its interest in the Acquisition Equity* as security for Acquisition's indebtedness to the Lender under the Note.
>
> …. The *Payoff Amount has been tendered in accordance with Development's redemption rights* under N.Y. U.C.C. § 9-623, and *redeems the Acquisition Equity from the Lender*, in full and final satisfaction of all amounts owed to Lender under Note and DIP Loan Agreement.

[*Id.*] (italics added).

5. This Court has continuously found that Development's payment was a redemption issue. For example, at a hearing held on January 21, 2022, the Court stated:

> With respect to anything else, I note that Mr. Ringel is correct that at the moment, to my knowledge, there hasn't been any change in

> the governance of the debtor. Obviously, *since the transaction that took place outside my court and the issue of whether the lender is going to provide for release of the pledge or turnover, you know, any of that, is not in front of me at the moment, and probably won't be in front of me because it involves equity, you know, the equity interest and whether or not that satisfies agreements between the parties outside of it from the amount that's paid.* But even if it was going to be brought before me, it hasn't, so I really can't comment on that.

(Hearing Transcript, January 21, 2022 9: 12-23) (emphasis added).

    6.    At a hearing held on February 1, 2022, the Court found that:

> THE COURT: Okay. Well, *I agree with you that certainly the redemption is outside of my Court.*

(Hearing Transcript, February 1, 2022, 16: 13-14) (emphasis added).

    7.    And again, at a hearing held on March 16, 2022, the Court stated:

> THE COURT: Just for a second. I think when you all determined to make this payoff and then there would be the issue about whether the pledge -- I'll just use that generically for the moment -- *the pledge and the rights under the pledge that the Lender had, whether that had been an equity -- a redemption of the equity or not, that that's all an issue for somebody else to decide, because it doesn't involve an asset of the Debtor's estate*, as you noted yourself, many times before me. It's the equity.
>
> So that doesn't change anything here. *It may change whether or not you have an argument that after the equity redemption that the Lender should have relinquished its pledge or the pledge was somehow terminated.* Those are issues that would have to be determined outside of the proceeding, the way you decided to proceed here, not before me, because it doesn't involve me.
>
> What I have is that, obviously, some other court determines that the pledge is no longer valid or that the Lender is compelled to release it or something else. I understand that's going to be a different circumstance. *But because you decided not to go through this Court and just to make a payment with respect to the equity of redemption, which makes sense, because the equity isn't an asset, as we noted, of the Estate or before me, I -- I think those issues are going to have to be determined elsewhere. I don't think they are issues for me.*

(Hearing Transcript, March 16, 2022; 57-58: 19-18) (emphasis added).

## ARGUMENT

8.      The UST cites four cases for the proposition that the government has the right to tax a payment that was made outside of the bankruptcy process, by a non-debtor, to a non-debtor, and which this Court has determined was not an asset of the estate. None of those cases are applicable, primarily because each of those cases concerns a payment that was made on behalf of the debtor. *See ,e.g., In re Genesis Health Ventures, Inc.*, 402 F.3d 416, 421 (3d Cir. 2005) (payment at issue was a "disbursement[] of the owing debtor and should be included in calculating its quarterly fees"); *In re Flatbush Assocs.*, 198 B.R. 75, 78 (Bankr. S.D.N.Y. 1996), ("rents were property of the estate used to pay an expense of the estate; therefore, the payment by the debtor's subtenants directly to the Co-op were payments 'from a fund' within the plain meaning of the word 'disbursements.'"); *In re Central Copters, Inc.*, 226 B.R. 447, 449–50 (Bankr.D.Mont.1998) (Debtor's sale of assets, which was property of the estate, to its secured creditor was a disbursement to be used in calculating US Trustee fees); *In re Hays Builders, Inc.*, 144 B.R. 778, 780 (Bankr.W.D.Tenn.1992) (rejecting debtor's argument that "money disbursed by parties other than the debtor, even an agent of the debtor, cannot be included in calculating fees" and further finding "this would mean that debtor must physically draw the disbursement check in order for the disbursements to be subject to the quarterly fee, thereby, creating an opportunity to avoid paying the fees by setting up third party disbursing arrangements.").

9.      Here, as the Court has found, and as was explicitly stated in Development's notice to the Court [ECF 257], the Redemption was made to redeem Development's interest in the

4

Debtor and concerned an asset that was not property of the estate. Importantly, the Redemption was the obligation of Development, i.e., the *pledgor*, and not an obligation of the Debtor.

10. In contrast to the UST's cases which are inapposite to the present matter, *In re Betwell Oil & Gas Co.*, 191 B.R. 954 (Bankr. S.D. Fla. 1996), supports the Court's various findings concerning the Redemption and the Court's determination that the Redemption is not a disbursement. In *Betwell*, the Bankruptcy Court refused to consider pass-through revenue as a debtor's disbursement because "beneficial interests in the gas revenues passing through the … Account were not property of the estate. The Court … finds that the payments made from the … Account were, therefore, not 'disbursements.'" *Id.* at 957. The *Betwell* Court's determination demonstrates that no controlling decisions have been overlooked by this Court and that reconsideration is not appropriate.

11. This Court has consistently held that the Redemption is an issue between Development and the Lender, which exists pursuant to an agreement between Development and the Lender, and is therefore, an issue that exists outside of the bankruptcy estate and the bankruptcy case. In the same way that the payments in *Betwell* were not disbursements of the debtor there, the Redemption was not a disbursement of the Debtor here.

12. Because no law has changed, there is no new evidence presented, there is no manifest error of law, and no matters or controlling decisions have been overlooked by this Court, the Motion must be denied.

WHEREFORE, Objectors request that the Court enter an Order: (i) denying the UST's Motion; and (ii) granting such other relief as may be just.

Dated: New York, New York  
      April 14, 2022

OFFIT KURMAN, P.A.

By: /s/ Jason A. Nagi  
Jason A. Nagi, Esq.  
590 Madison Avenue  
New York, New York 10022  
(212) 545-1900

and

Joyce A. Kuhns, Esq. (admitted pro hac vice)  
300 East Lombard Street, Suite 2010  
Baltimore, Maryland 21202  
(410) 209-6463

*Attorneys for Objectors 286 Rider Ave Development LLC, Toby Moskovits and Yechial Michael Lichtenstein*

**OFFIT KURMAN, P.A.**
Jason A. Nagi, Esq.
590 Madison Avenue, 6th Floor
New York, NY 10022
Tel (212) 545-1900
Email: Jason.nagi@offitkurman.com
　　　and
Joyce A. Kuhns, Esq. (admitted pro hac vice)
300 East Lombard Street, Suite 2010
Baltimore, Maryland 21202
Tel (410) 209-6463
Email: Jkuhns@offitkurman.com

*Attorneys for Objectors 286 Rider Ave Development LLC,*
*Toby Moskovits and Yechial Michael Lichtenstein*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
　In re:

　　　　　　　　　　　　　　　　　　　　Chapter 11

　286 Rider Ave Acquisition LLC,
　　　　　　　　　　　　　　　　　　　　Case No.  21-11298-lgb

　　　　　　　　　　Debtor.
-------------------------------------------------------X

## CERTIFICATE OF SERVICE

　　　A copy of the Objection of 286 Rider Development LLC, Toby Moskovits and Yechial Michael Lichtenstein to Motion for an Order to Reconsider filed by the United States Trustee was served on April 13, 2022 via (i) Electronic Notice and E-Mail upon the parties listed on the attached service list as denoted with a "*"; (ii) E-mail upon the parties listed on the attached service list as denoted with a "**"; and (iii) U.S. Mail postage pre-paid upon the parties listed on the attached service list as denoted with a "***".

## SERVICE LIST

**VIA ELECTRONIC NOTICE AND E-MAIL (*)**

Joseph Thomas Moldovan - bankruptcy@morrisoncohen.com

Fred B. Ringel - fbr@robinsonbrog.com

United States Trustee - USTPRegion02.NYECF@USDOJ.GOV

**VIA E-MAIL (\*\*)**

Greg Zipes - greg.zipes@usdoj.gov

**VIA U.S. MAIL (\*\*\*)**

| | |
|---|---|
| NYS Dept. Taxation & Finance<br>Bankruptcy/Special Procedures Section<br>P.O. Box 5300<br>Albany, NY 12205-0300 | United States Attorney's Office SDNY<br>Attention: Tax & Bankruptcy Unit<br>86 Chambers Street, Third Floor<br>New York, NY 10007 |
| NYC Dept. of Finance<br>Office of Legal Affairs<br>375 Pearl Street, 30th Floor<br>New York, NY 10038 | U.S. Securities and Exchange Commission<br>New York Regional Office<br>Brookfield Place<br>200 Vesey Street, Suite 400<br>New York, NY 10281-1022 |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Titan Engineers PC<br>1331 Stuyvesant Ave.<br>Union, NJ 07083 |
| Fischer Makooi Architects<br>242 West 30th Street, Ste. 1102<br>New York, NY 1001 | Robert Newblatt<br>286 Rider Ave Realty LLC<br>286 Rider Avenue<br>Bronx, NY 10451 |
| Wayne M. Greenwald, Esq.<br>JACOBS, P.C.<br>667 Madison Avenue - 5th Floor<br>New York, NY 10065 | Mark S. Lichtenstein and Joshua D. Bernstein<br>Akerman LLP<br>1251 Avenue of the Americas, 37th Floor<br>New York, New York 10020 |
| BEAM Architects D.P.C.<br>141 Flushing Avenue, Suite 1201<br>Brooklyn, NY 11205 | EBC<br>1808 Middle Country Road<br>Ridge, NY 11961 |
| Metropolitan Realty<br>381 South 5 Street<br>Brooklyn, NY 11211 | Xolle Demolition<br>2071 Flatbush Ave, Suite 44<br>Brooklyn, NY 11234 |
| 286 Rider Associates, LLC<br>213 Via EmailiaPalm Beach<br>Gardens, FL 33418 | |

/s/ Jason A. Nagi
Jason A. Nagi, Esq.

4877-6334-4411, v. 3