**OFFIT KURMAN, P.A.**
Jason A. Nagi, Esq.
590 Madison Avenue, 6th Floor
New York, NY 10022
Tel (212) 545-1900
Email: Jason.nagi@offitkurman.com
    and
Joyce A. Kuhns, Esq. (admitted pro hac vice)
300 East Lombard Street, Suite 2010
Baltimore, Maryland 21202
Tel (410) 209-6463
Email: Jkuhns@offitkurman.com

*Attorneys for 286 Rider Ave Development LLC,*
*Toby Moskovits and Yechial Michael Lichtenstein*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

286 Rider Ave Acquisition LLC,

            Debtor.
-----------------------------------------------------------X

Chapter 11

Case No.  21-11298-lgb

**SUPPLEMENTAL OBJECTIONS OF 286 RIDER AVE DEVELOPMENT LLC, TOBY MOSKOVITS AND YECHIAL MICHAEL LICHTENSTEIN TO THE SUPPLEMENTAL TIME AND EXPENSE RECORDS FOR BE-AVIV 286 RIDER LLC AS DIRECTED BY COURT ORDER DATED APRIL 7, 2022 FOR THE PERIOD FEBRUARY 11, 2022 THROUGH APRIL 5, 2022**

286 Rider Ave Development LLC ("**Development**"), as 100% owner of the membership interests of the debtor, 286 Rider Ave Acquisition LLC (the "**Acquisition**"), Toby Moskovits and Yechial Michael Lichtenstein, as indirect owners of the Debtor ("**Objectors**"), by undersigned counsel, hereby file these Objections ("**Supplemental Objections**") to Supplemental Time and Expense Records for Be-Aviv 286 Rider LLC as Directed by Court Order Dated April 7, 2022 for the Period February 11, 2022 through April 5, 2022 [ECF No. 412] ("**Supplemental Fee Request**") and, in support, state:

### I.     JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.     The statutory basis for the relief requested is pursuant to Section 506(b) of Title 11 of the United States Code (the "**Bankruptcy Code**").

3.     This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court is authorized to enter final orders with respect to the relief requested.

4.     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II.     PRELIMINARY STATEMENT

5.     Having billed the astounding amount of $1,636,703.10 in fees and expenses for the period April 5, 2021 through February 10, 2022, Morrison Cohen now seeks the additional sum of $576,584.50 for the period February 11, 2022 through April 5, 2022 plus an estimated $5,000.00 through the effective date for a whopping total aggregating in excess of $2.2 million or 25% of the principal of the original Note. As a further basis of comparison, Robinson Brog's Final Fee Application for the period February 11, 2022 through March 12, 2022 totaled $49,513.00 whereas Morrison Cohen's fee for the same period aggregates $194,6976.00, **four times** that of Debtor's counsel. In fact, the Payoff to Lender seems only to have accelerated the pace of Morrison Cohen's fees, without regard to reasonableness or adequate documentation as further discussed below. In the period February 11 through April 5, 2022 Morrison Cohen racked-up fees at an average of $12,280.00 per day. According to Morrison Cohen, after the Payoff, $17,000.00 remained in outstanding fees [ECF No. 383]. Thus, Morrison Cohen has incurred $930,000.00 in fees from January 12 through April 5, 2022 [ECF Nos. 345 and 383] to collect $17,000.00 or fifty-five times what it contends it was owed post-Payoff. Morrison

Cohen's Supplemental Fee Request is outrageously high and inequitable and inherently unreasonable and should be disallowed and all related fees and expenses should be borne by the Lender.

### III.     PROCEDURAL BACKGROUND

6.  On January 11, 2022, Development filed a Notice of Payoff and Confirmation of Wire in which it paid Be-Aviv 286 Rider LLC ("**Be-Aviv**") $11,918,974.12 representing all obligations owed to the Lender under that certain Promissory Note dated September 19, 2019, as amended, and the DIP Loan Agreement. [ECF No. 257]. On January 19, 2022, Development reached agreements with all creditors whereby Development expressly agreed to payment of their respective claims outside of the bankruptcy case.

7.  On January 26, 2022, Development filed its *Supplement to Development's Motion to Confirm Disputed Payoff Amounts, Satisfaction of DIP Loan, and for Related Relief* [ECF No. 272].

8.  On February 11, 2022, the Court entered the *Order Regarding Development's Motion to Confirm Disputed Payoff Amounts, Satisfaction of DIP Loan, and for Related Relief and Supplement to Same* [ECF No. 293] (the "**February 11 Order**").

9.  After a status hearing held on March 2, 2022, the Court entered the *Second Amendment to Order Regarding Development's Motion to Confirm Disputed Payoff Amounts, Satisfaction of DIP Loan, and For Related Relief and Supplement to Same* [ECF No. 319], through which the Court modified paragraph 3 of the February 11 Order requiring Be-Aviv to file detailed time expenses by no later than March 18, 2022 at 5:00 p.m. (ET).

10. On March 18, 2022, Be-Aviv filed its *Time and Expense Records for Be-Aviv 286 Rider LLC as Directed by Court Order Dated March 3, 2022*, requesting the amount of

$1,272,468.92 for three separate time periods in connection with the Debtor's chapter 11 case through February 10, 2022 ("**Be-Aviv Billing Records**") [ECF No. 345].

11. On March 28, 2022, Development filed its *Omnibus Objection to the Be-Aviv Billing Records* (the "**Omnibus Objections**") [ECF No. 369].

12. On April 1, 2022, Morrison Cohen filed a letter with the Court attempting to further explain actual amounts paid to Lender [ECF No. 383].

13. Following a hearing on April 4, 2022, the Court entered an Order on April 7, 2022 (the "**Dismissal Order**") [ECF No. 403], which among other things, directed Development to escrow the sum of $141,302.28 to Morrison Cohen as counsel for Lender plus the sum of $358,697.72 for actual or paid fees and expenses from February 11, 2022 through April 5, 2022 (the "**Escrowed Amount**"). The Dismissal Order further provided that the balance of Morrison Cohen's actual fees and expenses from February 11, 2022 through April 5, 2022, in the then estimated amount of $224,904.38 plus $5,000.00 ("**MC Estimated Fees**") on account of Morrison Cohen's estimated fees and expenses through the effective date of the Dismissal Order, would not be part of the Escrowed Amount, but would be subject to a determination of reasonableness under Section 506(b) on submission of further documentation .

14. The Dismissal Order provided that Morrison Cohen would file itemized supplemental fee statements substantiating the amount of legal fees and expenses for the period of February 11, 2022 through April 5, 2022 and MC Estimated Fees by no later than April 12, 2022 at 12:00 p.m. The deadline for Objections to such fees was set for April 14, 2022 at 12:00 p.m., with a hearing on the reasonableness of such fees under Section 506(b) of the Bankruptcy Code to be held on April 14, 2022 at 4:30 p.m. The Court is to enter a separate order on the amount of such legal fees and expenses it finds are reasonable (the "**Second MC Fee Order**").

15. A supplemental order further clarifying certain provisions of the Dismissal Order was entered on April 12, 2022 which required the wiring of Escrowed Amount on April 12, 2022 by 1:00 p.m. ET [ECF No. 411] (the "**April 12 Supplemental Order**").

16. On April 12, 2022, Development wired Morrison Cohen the sum of $500,000.00 in accordance with the April 12, 2022 Supplemental Order [ECF No. 421].

17. On April 12, 2022, Morrison Cohen filed its Supplemental Fee Request in the amount of $576,584.50 which exceeded its original estimate by over $350,000.00 [ECF No. 412].

### IV.    SUPPLEMENTAL OBJECTIONS

18. These Supplemental Objection incorporate, as if fully set forth herein, the Omnibus Objections, including without limitation, the argument on prohibition on allowance of "fees on fees" as well as fees for efforts expended in collecting attorney's fees, and all referenced cases cited with respect thereto in the Omnibus Objections.

(i) *Morrison Cohen's Excessive, Duplicative and Unreasonable Fees Should be Disallowed*.

19. It is well-established that applications for the awards of fees may be reduced for billing that are "excessive, redundant or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (cited by *Kovalesky v. Carpenter*, 1997 U.S. Dist. LEXIS 16731 at *16-17 (S.D.N.Y. 1997). Moreover, "[i]n cases where the time entry is too vague or insufficient to allow for a fair evaluation of the work done and the reasonableness and necessity for such work, the court should disallow compensation for such services." *In re Bennett Funding, Grp.*, 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997). "The court should be able to determine from the time entries themselves the legal issues involved, the difficulties of the issues, and the resolution or the results obtained." *In re D'Amico*, 2009 WL 2982987, at *3 (Bankr. N.D.N.Y. Sept. 14, 2009). Conferences, meetings, correspondence, and telephone calls should identify the participants and

the substance of the communication. *See In re Poseidon Pools of Am., Inc.*, 180 B.R. 718, 730–31 (Bankr. E.D.N.Y. 1995). Similarly, when compensation is sought for legal research, the specific issues researched should be identified so that the court may assess its relevancy and necessity to the case. *See In re Hirsch*, No. 1–02–17966–dem, 2008 WL 5234057, at *7 (Bankr. E.D.N.Y. Dec. 11, 2008).

20. Objectors have attached highlighted versions of Morrison Cohen's Exhibit A – the itemized time entries for the period February 11, 2022 through April 5, 2022 – divided into the following objectionable categories: **Exhibit 1** – Duplicative/Excessive Time Entries shaded in orange, totaling $461,753.50; **Exhibit 2** – Lumping/Vague time entries shaded in yellow, totaling $431,095.50; and **Exhibit 3** – time entries referring to work performed with inadequate/vague descriptions attributable to some sort of "fee" review with the word "fee" shaded in green each time the word "fee" appears, totaling $184,681.00.

21. The records reflect a pervasive practice of duplicative and excessive billing among the following timekeepers as reflected on the shaded time entries on **Exhibit 1**: David Kozlowski, Joseph T. Moldavan, Heath D. Rosenblat, Y. David Scharf. In addition, there is a pervasive practice as highlighted on **Exhibit 2** and shaded for each time entry of lumping/vague time entries throughout the period by the following timekeepers: David Kozlowski, Joseph T. Moldavan, and Heath D. Rosenblat. A particularly egregious example is the Joseph T. Moldavan's time entry on 3/30/22 billed at 8.2 hours totaling $8,979.00 in fees: "Team meeting re prep of brief required by court re fees; **discussions re same throughout day**; review revise response to Lift Stay Motion; revise for fees argument." (emphasis added).

22. The time records also reflect the objectionable and pervasive practice of almost daily conferences among timekeepers David Kozlowski, Joseph T. Moldavan, Heath D.

Rosenblat and Y. David Scharf as reflected on **Exhibit 1**, with no explanation as to why daily conferences among so many timekeepers were necessary or appropriate. Contrary to the representations made in Court, an average of five to six timekeepers performed work almost daily during this period with inadequate explanations as to the task performed as highlighted on Exhibit 2 (Lumping/Vague) making it virtually impossible to determine the reasonableness of these fees.

23. In addition, the following lumped time entries were attributable to review of an "examiner report" apparently from another case as there was no examiner report in this bankruptcy case and, therefore, this time should be disallowed in its entirety:

| 3/1/22 | Knox, Tukisha | $220.00 | .5 | **Download and circulate Examiner's Report and response to client in affiliated case** |
|---|---|---|---|---|
| 3/1/22 | Kozlowski, David | $2628.00 | 4 | **Review Examiner's report in case with Moskovits and Lichtenstein**; correspondence and meeting with clients and professionals; review hearing prep materials and prepare for hearing; internal correspondence re same |
| 3/1/22 | Rosenblat, Heath D. | $2,025.00 | 2.7 | **Conference call with team regarding Examiner Report and upcoming status conference**; conference call with client re ▇; review of case materials and prepare summary outline for status conference. |
| 3/1/22 | Scharf, Y. David | $875.00 | .7 | **EXAMINERS REPORT AND REVIEW OF SAME; EMAILS WITH TEAM RE: DEBTORS RESPONSE TO EXAMINERS REPORT AND REVIEW AND COMMENT OF SAME**, WSJ ARTICLE AND REVIEW OF SAME; **EMAILS WITH MOLDAVAN RE: EXAMINERS REPORT/CLAWBACK**; EMAILS WITH G. PELEG RE: ▇; EMAILS WITH B HARLEX RE ▇. |

These entries also raise the disturbing concern whether other "vague" entries actually relate to other bankruptcy cases and not this one.

24. It is also perplexing and problematic why someone at an hourly billable rate of $1,250.00 would be reviewing the Rosewood Realty administrative expense claim as opposed to an associate at a much lower rate, raising the concern whether Morrison Cohen made any attempt

7

to allocate work to a biller with the appropriate hourly rate for the task during this period. *See e.g.,* Exhibit 1, time entry:

| 3/4/22 | Scarf, Y. David | $1,000.00 | .8 | EMAILS WITH TEAM RE: TRANSCRIPT FROM STATUS CONFERENCE AND REVIEW OF SAME, **REVIEW ROSEWOOD REALTY PROOF OF ADMINISTRATIVE EXPENSES** |

25. In sum, the extraordinarily high fees being requested are attributable to the pervasive, objectionable and apparently widely-encouraged practice of duplicative, vague, lumped time entries, "ongoing conversations throughout the day" with no reasonable time limitation, and daily multi-party conferences with no explanation for their necessity – in other words, a classic "fee dump". It appears Morrison Cohen has made no attempt to exercise billing judgment at all.

(ii) *Whether Expenses were Actual, Necessary and Compensable.*

26. The expenses incurred generally appear consistent with the work performed but whether the work performed warranted incurring these expenses is disputed. Moreover, Exhibit B to the Supplemental Fee Request, attached hereto as **Exhibit 4**, fails to conform with General Order M-477 by containing non-itemized entries for "multiple transcripts" on 3/9/22 in the amount of $1,439.90 and on 3/31/22 in the amount of $3,194.40 . In addition, Morrison Cohen has billed for "traveling/parking", a non-compensable category: on 3/9/22 in the amount of $33.00; on 3/9/22 in the amount of $50.00; and on 3/31/22 in the amount of $70.00. These "traveling/parking" amounts aggregate $153.00 and should be disallowed. Moreover, back-up should be provided to ensure these expenses were incurred in connection with this case.

## V.    CONCLUSION

The Supplemental Fee Request reflects no exercise of billing judgment whatsoever and no attempt to document in a manner that would enable a reviewer to determine the

8

reasonableness of time entries for the reasons stated above. The extraordinarily high request is inherently unreasonable under Section 506(b) of the Bankruptcy Code and, therefore, should be disallowed.

**WHEREFORE**, 286 Rider Ave Development LLC, Toby Moskovits and Yechial Michael Lichtenstein request that the Court enter an Order: (i) disallowing the Supplemental Fee Request; and (ii) granting such other relief as may be just.

Dated: New York, New York
April 14, 2022

OFFIT KURMAN, P.A.

By: Jason A. Nagi
Jason A. Nagi, Esq.
590 Madison Avenue
New York, New York 10022
(212) 545-1900

and

Joyce A. Kuhns, Esq. (admitted pro hac vice)
300 East Lombard Street, Suite 2010
Baltimore, Maryland 21202
(410) 209-6463
Jkuhns@offitkurman.com

*Attorneys for 286 Rider Ave Development LLC, Toby Moskovits and Yechial Michael Lichtenstein*

**OFFIT KURMAN, P.A.**
Jason A. Nagi, Esq.
590 Madison Avenue, 6th Floor
New York, NY 10022
Tel (212) 545-1900
Email: Jason.nagi@offitkurman.com
    and
Joyce A. Kuhns, Esq. (admitted pro hac vice)
300 East Lombard Street, Suite 2010
Baltimore, Maryland 21202
Tel (410) 209-6463
Email: Jkuhns@offitkurman.com

*Attorneys for 286 Rider Ave Development LLC,*
*Toby Moskovits and Yechial Michael Lichtenstein*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

286 Rider Ave Acquisition LLC,

                   Debtor.
-----------------------------------------------------------X

Chapter 11

Case No.  21-11298-lgb

## CERTIFICATE OF SERVICE

     A copy of the Supplemental Objections of 286 Rider Ave Development LLC, Toby Moskovits and Yechial Michael Lichtenstein to Supplemental Time and Expense Records for Be-Aviv 286 Rider LLC as Directed by Court Order Dated April 7, 2022 for the Period February 11, 2022 through April 5, 2022 was served on April 14, 2022 via (i) Electronic Notice and E-Mail upon the parties listed on the attached service list as denoted with a "*"; (ii) E-mail upon the parties listed on the attached service list as denoted with a "**"; and (iii) U.S. Mail postage pre-paid upon the parties listed on the attached service list as denoted with a "***".

## SERVICE LIST

**VIA ELECTRONIC NOTICE AND E-MAIL (*)**

Joseph Thomas Moldovan - bankruptcy@morrisoncohen.com

Fred B. Ringel - fbr@robinsonbrog.com

United States Trustee - USTPRegion02.NYECF@USDOJ.GOV

**VIA E-MAIL (**)**

Greg Zipes on behalf of United States Trustee - greg.zipes@usdoj.gov

10

**VIA U.S. MAIL (\*\*\*)**

NYS Dept. Taxation & Finance
Bankruptcy/Special Procedures Section
P.O. Box 5300
Albany, NY 12205-0300

NYC Dept. of Finance
Office of Legal Affairs
375 Pearl Street, 30th Floor
New York, NY 10038

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

Fischer Makooi Architects
242 West 30th Street, Ste. 1102
New York, NY 1001

Wayne M. Greenwald, Esq.
JACOBS, P.C.
667 Madison Avenue - 5th Floor
New York, NY 10065

BEAM Architects D.P.C.
141 Flushing Avenue, Suite 1201
Brooklyn, NY 11205

Metropolitan Realty
381 South 5 Street
Brooklyn, NY 11211

286 Rider Associates, LLC
213 Via EmailiaPalm Beach
Gardens, FL 33418

United States Attorney's Office SDNY
Attention: Tax & Bankruptcy Unit
86 Chambers Street, Third Floor
New York, NY 10007

U.S. Securities and Exchange Commission
New York Regional Office
Brookfield Place
200 Vesey Street, Suite 400
New York, NY 10281-1022

Titan Engineers PC
1331 Stuyvesant Ave.
Union, NJ 07083

Robert Newblatt
286 Rider Ave Realty LLC
286 Rider Avenue
Bronx, NY 10451

Mark S. Lichtenstein and Joshua D. Bernstein
Akerman LLP
1251 Avenue of the Americas, 37th Floor
New York, New York 10020

EBC
1808 Middle Country Road
Ridge, NY 11961

Xolle Demolition
2071 Flatbush Ave, Suite 44
Brooklyn, NY 11234

                                              _Jason A. Nagi_
                                              Jason A. Nagi, Esq.