**MORRISON COHEN LLP**
909 Third Avenue
New York, New York 10022
(212) 735-8600
Joseph T. Moldovan, Esq.
David J. Kozlowski, Esq.
Heath D. Rosenblat, Esq.

*Counsel for Be-Aviv 286 Rider LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**286 RIDER AVE ACQUISITION LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 21-11298-LGB |

**BE-AVIV 286 RIDER LLC'S APPLICATION TO SHORTEN**
**NOTICE WITH RESPECT TO ITS ENFORCEMENT MOTION**

TO THE HONORABLE LISA G. BECKERMAN,
UNITED STATES BANKRUPTCY JUDGE:

Be-Aviv 286 Rider LLC ("**Lender**"), hereby submits this application ("**Application**"), for the issuance of an order, substantially in the form attached to this Application, that (a) shortens, under to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), the notice period prescribed by Bankruptcy Rule 2002 with respect Lender's *Motion to Enforce Court's Prior Orders* ("**Enforcement Motion**") filed contemporaneously with this Application; (b) scheduling a hearing on the Enforcement Motion for Monday, April 21, 2022 at 5:30 pm ET, and (c) granting such other and further relief the Court deems just and proper.

The facts and circumstances in support of this Application are set forth in the Enforcement Motion.

|  |  |
|---|---|
| Dated: New York, New York<br>April 21, 2022 | MORRISON COHEN LLP<br><br>By: /s/ Joseph T. Moldovan<br>      Joseph T. Moldovan, Esq.<br>      David J. Kozlowski, Esq.<br>      Heath D. Rosenblat, Esq.<br>909 Third Avenue<br>New York, New York 10022<br>(212) 735-8600<br>jmoldovan@morrisoncohen.com<br>dkozlowski@morrisoncohen.com<br>hrosenblat@morrisoncohen.com<br><br>*Counsel for Be-Aviv 286 Rider LLC* |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**286 RIDER AVE ACQUISITION LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 21-11298-LGB |

### ORDER APPROVING LENDER'S APPLICATION SCHEDULING HEARING ON SHORTENED NOTICE UNDER BANKRUPTCY RULE 9006

Upon the application ("**Application**"), dated April 21, 2022. of Be-Aviv 286 Rider LLC ("**Lender**"), for an order shortening the notice period and setting an expedited hearing with respect to Lender's *Motion to Enforce Court's Prior Orders* ("**Enforcement Motion**"); and after due deliberation and good cause appearing therefore and no notice being required under the circumstances; it is hereby:

ORDERED that, for good cause shown, the Application is approved;

ORDERED that a hearing is set on shortened notice, pursuant to Bankruptcy Rule 9006(c)(1) and Local Rule 9006-1(b) before this Court, Hon. Lisa G. Beckerman, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Courtroom 601, New York, New York 10004-1408, on April 21, 2022 at 5:30 pm ET, or as soon thereafter as counsel may be heard, to approve the Enforcement Motion; and it is further

ORDERED that the service of a copy of this Order, the Application, and the Enforcement Motion and the proposed order relating to the Enforcement Motion on the following parties by ECF notice and electronic mail on April 21, 2022, shall be

deemed good and sufficient notice: (i) counsel of record to 286 Rider Ave Acquisition LLC; (ii) counsel of record for 286 Rider Avenue Development LLC, Toby Moskovits, and Yechial Michael Lichtenstein; and (iii) the Office of the U.S. Trustee; and it is further

ORDERED, that responsive papers to the Enforcement Motion, if any, shall be served so as to be actually received by counsel to Lender, Morrison Cohen LLP, 909 Third Avenue, 27th Floor, New York, New York 10022, Attn: Joseph T. Moldovan, Esq., jmoldovan@morrisoncohen.com, and filed with the Court, with a copy to Chambers, no later than 9 am ET April 25, 2022.

Dated: New York, New York
      April 21, 2022

                        HONORABLE LISA G. BECKERMAN
                        UNITED STATES BANKRUPTCY JUDGE

**MORRISON COHEN LLP**
909 Third Avenue
New York, New York 10022
(212) 735-8600
Joseph T. Moldovan
David J. Kozlowski
Heath D. Rosenblat

*Attorneys for Be-Aviv 286 Rider LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **286 RIDER AVE ACQUISITION LLC,** | Case No. 21-11298-LGB |
| Debtor. | |

**EMERGENCY MOTION TO ENFORCE COURT'S PRIOR ORDERS**

Be-Aviv 286 Rider LLC ("**Be-Aviv**"), by its undersigned counsel, hereby files this motion ("**Motion**") for the Court to enforce its prior rulings and orders including, *inter alia*, its *Order Staying in Part State Court Order to Show Cause* ("**Stay Order**") [Docket No. 361] and its *Order Pursuant to Section 1112(b) and 349 of the Bankruptcy Code Dismissing Chapter 11 Case* ("**Dismissal Order**") [Docket No. 403]. In support of this Motion, Be-Aviv respectfully sets forth and represents as follows:

**Preliminary Statement**

1.     It has been obvious for months that 286 Rider Ave Development LLC ("**Development**") and its principals have nothing but contempt for this Court and its orders. Despite recent overtures at a global resolution, while Be-Aviv and its counsel

#11188721 v3 \029220 \0005

21-11298-lgb    Doc 432    Filed 04/21/22    Entered 04/21/22 16:11:39    Main Document
Pg 6 of 12

were before this Court, Development's advocacy in state court resulted in an order violative of, among other things, this Court's prior orders.

2. On April 20, 2022, while Be-Aviv and Development were exchanging draft stipulations in furtherance of a consensual resolution, Development's state court counsel in an action pending in Bronx, New York ("**Bronx Action**") was attempting to proceed with the Bronx Action, notwithstanding a state court stay of the Bronx Action and the ongoing resolution discussions. Copies of letters sent by Development's counsel and a response from the court are annexed as **Exhibit A**.

3. On April 21, 2022, shortly before a 9 a.m. hearing ("**April 21st Hearing**") to approve a settlement, Development's counsel abruptly withdrew from settlement discussions and confirmed with Be-Aviv's counsel that it expected all previously scheduled matters to proceed at the April 21st Hearing.

4. During argument at the April 21st Hearing, a Justice of the Supreme Court in the Bronx Action—not Justice Cohen, who is assigned to this case—entered an *Interim Order* ("**State Court Order**") [NYSCEF Doc. No. 22].[1] To obtain the State Court Order, Development's counsel not only approached Justice Cohen again, but apparently also approached a different Justice, Justice Gonzalez (who issued the original improper order, then had nothing to do with this case), without notifying the Lender or the Debtor. The State Court Order purports to continue the TRO enjoined

---

[1] In fact, Justice Cohen, to whom the case is assigned, refused to enter any order in the face of Justice Schecter's order concerning this Court's order

#11188721 v3 \029220 \0005

by this Court's Stay Order. The State Court Order provides in relevant part as follows:

> ORDERED that notwithstanding, defendants remain enjoined and restrained from unlawfully managing 286 Rider Ave Acquisition LLC or otherwise *interfering with 286 Rider Ave Development LLC's management of 286 Rider Ave Acquisition LLC* pending the hearing and determination of this order to show cause by the Hon. Andrew J. Cohen. (*Emphasis added*.)

A copy of the State Court Order is annexed as **Exhibit B**.

5. This State Court Order is remarkable in that it was made by a judge not assigned to the action, appears to continue a TRO expressly stayed by this Court and following the assigned State Court Judge's repeated admonition to Development that the Bronx action was stayed and as such no action would be taken in the matter.

6. This decretal paragraph enjoins and restrains Be-Aviv and its nominee—286 Rider Ave Lender LLC and therefore by extension Lee Buchwald ("**Manager**")—from managing the Debtor, and Robinson Brog from acting as counsel for the Debtor. The Interim Order also expressly enjoins Be-Aviv or the Manager from interfering with *Development's* management of the Debtor. Based on numerous orders of this Court, this decretal paragraph is violently at odds with numerous decisions and findings of this Court and states that if the Lender continues exercising the rights this Court has held it has, it will be acting "***unlawfully***."

7. Development is not the manager or in control of the Debtor today. Until there is an order of a court of competent jurisdiction that the Pledge has been redeemed and therefore that Development is revested in management and control of

#11188721 v3 \029220 \0005

the Debtor, this Court's orders make crystal clear that pursuant to this Court's orders that are final, the Lender remains in control and management of 286 Rider Acquisition LLC. Any order to the contrary by any court other than this Court or a federal district court, is clearly in violation of this Court's orders.

8. Notwithstanding this Court's clear rulings throughout the Case that Debtor is properly managed by the Manager and not Development, and despite a clear order explicitly enjoining Development from asserting management over the Debtor and another order explicitly providing that such injunction remains valid and in place, Development has sought and received the State Court Order effectively removing Manager and placing Development in control of the Debtor. The harm to Be-Aviv by improperly putting management of the Debtor—and therefore control of the collateral securing Be-Aviv's obligations under the loan documents—in the hands of Development is potentially significant.

9. Accordingly, Be-Aviv asks that this Court first modify the Stay Order to confirm that until the pledge is determined to be redeemed by a court of competent jurisdiction, Be-Aviv or its nominee remain in control, and second, modify the Dismissal Order to provide that the Dismissal Order is not effective until all fees owed Be-Aviv, including the fees accrued since Be-Aviv's last fee statement, which the Court referenced at April 21st Hearing, are paid.

**Jurisdiction and Venue**

10. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States*

#11188721 v3 \029220 \0005

4

*District Court for the Southern District of New York,* dated January 31, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

11. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

12. This Court has jurisdiction to enforce its own rulings and orders under Bankruptcy Code § 105(a), and explicitly reserved its jurisdiction to interpret and enforce the Stay Order and Dismissal Order (Stay Order ¶5; Dismissal Order ¶16), and to enter further orders with respect to the relief sought in the Emergency Motion (which gave rise to the Stay Order) (Stay order ¶4).

## Relevant Background

13. On March 25, 2022, the Court entered the Stay Order, which, *inter alia*, held that "the TRO on Management of the Debtor . . . is stayed with respect to . . . decisions and actions by [Be-Aviv] or its nominee with respect to management of the Debtor" before a determination has been made in the State Court[2] with respect to whether there has been a complete redemption of the membership interests. Stay Order ¶1. The Court made it clear that the injunction of the State Court Proceeding extends "to the extent of the stay of the TRO on Management of the Debtor. *Id.* at ¶3.

14. On April 7, 2022, the Court entered its Dismissal Order which confirmed that the Stay Order is vacated only upon the Effective Date of the Dismissal Order (Dismissal Order ¶5), defined as the completion of certain actions and payment to

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Stay Order.

#11188721 v3 \029220 \0005

5

Morrison Cohen of the amount of legal fees and expenses allowed in the Second MC Fee Order (as defined therein) (Dismissal Order ¶13), which was the subject of a hearing on April 21, 2022, and for which no order has been entered.

15. On April 21, 2022, the State Court Order was issued, purporting to enjoin and restrain Be-Aviv and 286 Rider Ave Lender LLC (Be-Aviv's subsidiary; and through it, the Manager) from "unlawfully managing [Debtor] or otherwise interfering with 286 Rider Ave Development LLC's management of [Debtor] . . . ." State Court Order p.1.

### Argument

16. Although the Dismissal Order has been entered, it is not yet effective and does not become effective until certain conditions are satisfied. Moreover, the Dismissal Order explicitly provides that all prior orders of this Court remain in place and remain effective (Dismissal Order ¶10), identifying the Stay Order by name (*id.* at ¶5). In the Stay Order, as this Court has expressed multiple other times and in other orders, are express findings that until the Pledge is redeemed, Be-Aviv remains in management and voting control of the Debtor.

17. The entry of ***any*** order by ***any*** state court purporting to enjoin Be-Aviv from continuing to control and manage the Debtor is a direct violation of this Court's orders.

18. Accordingly, the Stay Order should be modified to confirm that until there is a final determination by a court of competent jurisdiction that the pledge has been redeemed, this Court's orders finding and holding that the Be-Aviv remains in

#11188721 v3 \029220 \0005

management and voting control of the Debtor remain in place, and that any order to the contrary is prohibited, void, and improper.

19. Moreover, as the Court acknowledged at the April 21st Hearing, Morrison Cohen has incurred (and continues to incur) fees and expenses for which Morrison Cohen expects to file a fee statement for approval by the Court at a date to be determined. As this future fee claim is secured by the Debtor's property, the injunction in the Stay Order needs to remain in effect until such fees are paid. To that end, the definition of "Effective Date" in the Dismissal Order should be modified to provide the Effective Date does not occur until all of Morrison Cohen's, Debtor's counsel's, and Manager's fees, as ordered or to be ordered by this Court, are paid. This will ensure the injunction remains until dismissal of the Bankruptcy Case is actually effective.

[*remainder of page intentionally left blank*]

WHEREFORE, Be-Aviv respectfully requests that the Court (a) enforce its orders by modifying the Stay Order and the Dismissal Order as provided herein, and (b) grant such other and further relief as is just and proper.

Dated: New York, New York  
      April 21, 2022

MORRISON COHEN LLP

By: /s/ Joseph T. Moldovan  
    Joseph T. Moldovan, Esq.  
    David J. Kozlowski, Esq.  
    Heath D. Rosenblat, Esq.

909 Third Avenue  
New York, New York 10022  
(212) 735-8600  
jmoldovan@morrisoncohen.com  
dkozlowski@morrisoncohen.com  
hrosenblat@morrisoncohen.com

*Attorneys for Be-Aviv 286 Rider LLC*