UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| 286 Rider Ave Acquisition LLC, | Case No. 21-11298 (LGB) |
| Debtor. | |

### ORDER AMENDING THE ORDER PURSUANT TO SECTION 1112(B) AND 349 OF THE BANKRUPTCY CODE DISMISSING CHAPTER 11 CASE

**WHEREAS**, pursuant to this Court's February 11, 2022 *Order Regarding Development's Motion to Confirm Disputed Payoff Amounts, Satisfaction of the DIP Loan, and For Related Relief and Supplement to Same* [ECF No. 293] (as amended, the "February 11 Order"), regarding 286 Rider Development LLC's ("Development") motion (the "Motion") to confirm disputed payoff amounts, satisfaction of DIP Loan, and for related relief and supplement to same, the Court fixed an administrative bar date, and deadline for submission of requests for compensation and verification of time charges;

**WHEREAS**, on February 22, 2022, the Court entered the *Amendment To Order Regarding Development's Motion To Confirm Disputed Payoff Amounts, Satisfaction Of Dip Loan, And For Related Relief And Supplement To Same* [ECF No. 302] (the "First Amendment to the February 11 Order");

**WHEREAS**, on March 2, 2022, the Court held a status conference with regards to, among other things, the February 11 Order;

**WHEREAS**, on March 3, 2022, the Court entered the *Second Amendment to Order Regarding Development's Motion To Confirm Disputed Payoff Amounts, Satisfaction Of Dip*

*Loan, And For Related Relief And Supplement To Same* [ECF No. 319] (the "Second Amendment to the February 11 Order") directing filings by Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("Robinson Brog"), Morrison Cohen LLP ("Morrison Cohen"), and Lee Buchwald ("LB" or the "Manager") (collectively, the "Professionals");

**WHEREAS**, on March 29, 2022 and April 4, 2022, the Court held hearings to consider, among other things, the filings submitted by the Professionals;

**WHEREAS**, on April 6, 2022, the Court held a conference on the proposed order [ECF No. 398] dismissing the Case (defined below);

**WHEREAS**, on April 7, 2022, the Court entered the *Order Pursuant To Section 1112(b) And 349 Of The Bankruptcy Code Dismissing Chapter 11 Case* [ECF No. 403] (the "Dismissal Order" or the "Order Dated April 7, 2022"), providing for the allowance of reasonable fees and expenses to the Professionals;

WHEREAS, on April 11, 2022, the Court held a status conference with regards to, among other things, the Dismissal Order;

WHEREAS, on April 12, 2022, Morrison Cohen, as counsel for Be-Aviv 286 Rider LLC, filed *Time and Expense Records for Be-Aviv 286 Rider LLC As Directed By Court Order Dated April 7, 2022* [ECF No. 412] ("Morrison Cohen's Time and Expense Records");

WHEREAS, on April 13, 2022, the United States Trustee filed the *Motion for an Order to Reconsider the Dismissal Order* [ECF No. 418] (the "Motion to Reconsider");

WHEREAS, on April 21, 2022, the Court held a hearing on issues related to the Dismissal Order and the Motion to Reconsider, including the reasonableness of Morrison Cohen's Time and Expense Records and the United States Trustee's fees;

2

WHEREAS, on April 25, 2022, Morrison Cohen, as counsel for Be-Aviv 286 Rider LLC, filed additional time and expense records for the period from April 6, 2022 through April 21, 2022, attached as Exhibit A and Exhibit B to the *Letter Re: Fees from April 6, 2022 to April 21, 2022* [ECF No. 437] ("Morrison Cohen's Additional Time and Expense Records");

WHEREAS, on April 25, 2022, the Court held a hearing with regards to, among other things, the Dismissal Order, the Motion to Reconsider, and Morrison Cohen's Additional Time and Expense Records; and

WHEREAS, based upon the hearings held on March 29, 2022, April 4, 2022, April 6, 2022, April 11, 2022, April 21, 2022, and April 25, 2022, and upon the record of the above–captioned case ("Case") (including the transcripts of all hearings, status conferences, and other appearances before this Court), and the Court having heard and considered all of the arguments and submissions of all of the parties appearing in the Case, and the Court having determined that it is appropriate and in the best interest of the above-captioned debtor ("Debtor") and all creditors to dismiss the Case for cause pursuant to Sections 1112(b) and 349 of the Bankruptcy Code, and the Court having entered orders allowing fees and expenses due to Robinson Brog under Section 330 of the Bankruptcy Code, Morrison Cohen under Section 506(b) of the Bankruptcy Code, and the Manager under Section 503 of the Bankruptcy Code.

IT IS HEREBY ORDERED THAT:

1. Paragraph 3 of the Dismissal Order is amended and restated as follows:

On April 21, 2022, the Court held a hearing on Morrison Cohen's Time and Expense Records and awarded fees in the amount of $529,794.50 and expenses in the amount of $6,530.68 for the period of February 11, 2022 through April 5, 2022 pursuant to a separate order (the "Second MC Fee Order"). On April 25, 2022, the Court held a subsequent hearing on Morrison Cohen's

3

Additional Time and Expense Records and awarded fees in the amount of $150,875.00 and expenses in the amount of $294.96 for that period, plus three additional hours billed on April 25, 2022 in the amount of $3,285.00, for a total of $154,454.96, pursuant to a separate order (the "Third MC Fee Order").

2. Paragraph 4 of the Dismissal Order is amended and restated as follows:

There are additional estimated fees by Robinson Brog in the amount of $19,826.10 (the "RB Additional Estimated Fees") and the Manager in the amount of $8,200.00 (the "LB Additional Estimated Fees"). Robinson Brog and the Manager shall provide to Development and file with the Court itemized supplemental fee statements substantiating the both the RB Estimated Fees and the RB Additional Estimated Fees, and both the LB Estimated Fees and the LB Additional Estimated Fees (together, "Aggregate Estimated Fees") no later than seven (7) days after the Effective Date. In the event that Development has objections to any such fees, Development must file such objections no later than fourteen (14) days after the Effective Date and the Court shall schedule a hearing to determine the allowance of such fees. Any excess amount paid to any Professional with respect to its Aggregate Estimated Fees shall be returned by such Professional to Development within two (2) business days of the later of (a) entry of an order allowing such fees, or (b) if such fees have not been objected to by Development, three (3) days after the objection deadline.

3. Paragraph 8 of the Dismissal Order is amended and restated to provide that:

The Debtor and/or Development shall pay to the Office of the United States Trustee all United States Trustee fees due and owing by the Debtor for the period through the end of the Case. United States Trustee fees shall be calculated excluding the amount constituting Constructive Disbursements (as defined in the Motion to Reconsider).

4. Paragraph 13 of the Dismissal Order is amended and restated as follows:

4

Upon date of the completion of the actions set forth in Paragraphs 1, 2, and 3 of this Order and the payment to Morrison Cohen of the amount of legal fees and expenses allowed in the Second MC Fee Order (minus any amounts that have already been paid) and the Third MC Fee Order and the payment to Robinson Brog of the RB Additional Estimated Fees and the payment to the Manager of the LB Additional Estimated Fees (the "Effective Date"), the Case shall be and is dismissed without further action.

Dated: April 26, 2022
      New York, New York

                                                **/s/ Lisa G. Beckerman**
                                                Hon. Lisa G. Beckerman
                                                United States Bankruptcy Judge